E-FILED
Monday, 16 September, 2019  03:07:06 PM
Clerk, U.S. District Court, ILCD

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
## CENTRAL DISTRICT OF ILLINOIS



**FILED**

SEP 16 2019

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL ANTHONY CLARK

_____
*Petitioner*

v.

Case No. 19-1305
*(Supplied by Clerk of Court)*

FREDERICK ENTZEL

_____
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:  Michael Anthony Clark
    (b) Other names you have used:  Mike

2.  Place of confinement:
    (a) Name of institution:  Federal Correctional Instution-Pekin
    (b) Address:  Post Office Box 5000
    Pekin, Illinois 61555
    (c) Your identification number:  Register No. 28321-039

3.  Are you currently being held on orders by:
    ☒ Federal authorities      ☐ State authorities      ☐ Other - explain:

    _____

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
    (a) Name and location of court that sentenced you:  UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION
    (b) Docket number of criminal case:  05-80810
    (c) Date of sentencing:  **November 02, 2006**
    ☐ Being held on an immigration charge
    ☒ Other *(explain)*:  Continuing Criminal Enterprise, Wiretap, and Felon-In-
    Possession Charges or Convictions

    _____

Page 2 of 10

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.  What are you challenging in this petition:

❑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

❑ Pretrial detention

❑ Immigration detention

❑ Detainer

XX The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❑ Disciplinary proceedings

XX Other *(explain)*: **I am actually innocent of 18 U.S.C. § 922(g) under the new statutory interpretation of the Supreme Court ruling in recently Opined case: Rehaif v U.S., Sup. Ct. No. 17-9560,___ S.ct.___ 2019**

6.  Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:  **UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

(b)  Docket number, case number, or opinion number:  **05-80810**

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:  **2 Counts of Felon-In-Possession 18 U.S.C. § 922(g)**

(d)  Date of the decision or action:  **November 02, 2006**  .

## Your Earlier Challenges of the Decision or Action

7.  **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

XX Yes          ❑ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:  **The Sixth Circuit Court Of Appeals 100 East 5th Street; Room 540; Cincinnati, Ohio 45202**

(2)  Date of filing:  **March 02, 2007**

(3)  Docket number, case number, or opinion number:  **07-1310**

(4)  Result:  **Drug Conspiracies were vacated and remanded for resentence**

(5)  Date of result:  **December 29, 2011**

(6)  Issues raised:  **CCE and Conspiracies challenges, wiretap challenges, and Felon-In-Possession challenges, Fourth Amendment Challenges of the Search Warrants, and Fortfietures challenges.**

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal:

8.   **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☒ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:   **Supreme Court Of The United States**

(2) Date of filing:  July 05, 2012

(3) Docket number, case number, or opinion number:   14-6050

(4) Result:  Denied

(5) Date of result: October 06, 2014

(6) Issues raised:  CCE Challenges, Wiretaps Challenges, Felon-In-Possession challenges, Search Warrant and Fourth Amendment Challenges

(b) If you answered "No," explain why you did not file a second appeal:

9.   **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☒ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: THE SIXTH CIRCUIT COURT OF APPEALS

(2) Date of filing: September 05, 2017

(3) Docket number, case number, or opinion number:   17-2048. 2:14-cv-10183

(4) Result:  All issues were denied for C.O.A.

(5) Date of result:  July 20, 2018

(6) Issues raised:  Franks hearing challenge, Fourth Amendment Challenge, Felon-In-Possession Challenge and Continuing Criminal Enterprise Challenges

(b) If you answered "No," explain why you did not file a third appeal:

10.  **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☒ Yes                    ☐ No

If "Yes," answer the following:

(a)  Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☒ Yes                    ☐ No

If "Yes," provide:

(1) Name of court:  **U.S. District Court In Eastern District Of Michigan, Southern Div.**

(2) Case number:  **2:14-cv-10183**

(3) Date of filing:  **January 15, 2014**

(4) Result:  **All Issues Were Denied.**

(5) Date of result:  **February 21, 2017 but See attachedment**

(6) Issues raised:  **See Attachehed Pages**

(b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes                    ☒ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

## (Claims Raised)
### 2255

1. Motion fo liberal construction  of Pleadings drafted by a prisoner.

2. Ineffective assistance of counsel's for failure to competently challenge veracity of search warrant affidavit for wiretaps.

3. Ineffective assistance of counsel for failure to competently challenge veracity of search warrant affidavit for 7559 Prairie St. and 8843 Livernois Ave., Detroit, Michigan.

4. Motion to take judicial notice of author of warrant affidavit pursaunt to Fed. R. Evid.§ 201(b), of prosecuting attorney Karen Kristina Plants who plead guilty in Wayne County Circuit Court for falsifying warrant affidavit that included language of "duffel bag" scenario, case no. 10-010881-01 FH and misconduct of office.

5. Ineffective of assistance of counsel for failure to object to materially misleading statements of facts to which was prejudical to defendant and denied defendant due process and a right to a fair trial.

6. Ineffective assistance of counsel for failure to object to invalid superseding indictment, duplicity of indictment , prosecutorial misconduct to selective and vindictive prosecution.

7. Ineffective assistance of counsel for failure to raise a severance of his trial proceeding due to atagonistic defense.

8. Defendant motion for appointment of counsel.

9. ineffective assistance of counsel for failure to object to the Government failure to adduce sufficient evidence of defendant acting "in concert with five or more person" while engaging in a "series" of at least three "drug transactions" whereby deriving "substanial income or resources" and there exist some relation to the charged activities thereto defendant

10. Defendant motion for Discovery and Inspection

11. Defendant motion for reduction of sentence for the two-level reduction for all drugs

12. Ineffective assistance of counsel for failure to object to defendant "use" of a firearm in furtherance of drug trafficking offense as defendant rights to posse and/or ownfirearms were restored

13. Ineffective assistance of counsel for failure to investigated charges against defendant.

14. Ineffective assistance of cousel for failure to object to an drug trafficking crime existing in relation to a firearm

(Claims Raised)
con't

15. Ineffective assistance of counsel for failure to object to the courts abuse of discretion

16. Ineffective of assistance of counsel for failure to raise speedy trial issue

17. Ineffective assistance of counsel for failure to call exculpatory defense witnesses during trial proceedings.

18. Conflict of counsel due payment issues

19. Ineffective assistance of counsel for failure to object to the jury failure to specify to the "three specific" acts thatwas in "relation" to Continuing Criminal Enterprise charge.

20. Defendant motion to have an evidentiary hearing.

(2 of 2)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                Plaintiff-Respondent,         Hon. SEAN F. COX
                                            Hon. MONA K. MAJZOUB

    -vs-

                                          CRIMINAL NO. 05-80810
                                        CIVIL NO. 14-10183

D-1 MICHAEL ANTHONY CLARK,

                Defendant-Petitioner.

_____/


## THE UNITED STATES' COMBINED BRIEF AND RESPONSE
## IN OPPOSITION TO DEFENDANT'S SECTION 2255 MOTION

### Procedural History

Defendant-Petitioner Michael Anthony Clark was charged with conspiracies to distribute marijuana, cocaine and cocaine base as well as a continuing criminal enterprise (CCE) with respect to the marijuana and cocaine conspiracies, felon in possession of a firearm, money laundering, money laundering conspiracy, and several counts of unlawful use of a communication facility.   (R. 259-2: Superseding Indictment, Pg ID 1623-61)   Clark proceeded to trial, and the jury convicted him on all

of the drug counts and felon in possession counts, but acquitted him of money laundering, money laundering conspiracy, and some of the communication facility counts.  (R. 351: Verdict Form, Pg ID 2477-84)   On February 22, 2007, the trial judge, the Honorable Lawrence P. Zatkoff, sentenced Clark to concurrent sentences of 600 months, 480 months, 120 months and 48 months.  (R. 455: Judgment, Pg ID 2832-37)   Clark appealed, raising the following issues:   the trial court erred in not granting motions to suppress the wiretap and search warrants; the trial court should have granted a mistrial due to prosecutorial misconduct; there was insufficient evidence to support the CCE count; the convictions for felon in possession violated the Ex Post Facto clause; entry of judgment for both CCE and the underlying drug conspiracies violated the protection against double jeopardy; and failure to discuss statutory sentencing factors rendered sentences procedurally unreasonable.

The Sixth Circuit affirmed Clark's convictions, except the marijuana and cocaine conspiracies which the court found to be double jeopardy in relation to the CCE conviction.   The court also found that the trial court did not properly reference the sentencing factors of 18 U.S.C. § 3553(a) and remanded for resentencing.   *United*

2

*States v. Clark,* 454 Fed. Appx. 435, 2011 WL 6881788 (6th Cir. 2011)(unpublished).

Clark appealed to the Supreme Court, but certiorari was denied on October 1, 2012.

(R. 590: Letter from Supreme Court)   On January 15, 2013, Judge Zatkoff

re-sentenced Clark to essentially the same sentence he received originally, but omitting

a concurrent 480 months.   (R. 601: Amended Judgment, Pg ID 7407-13)   On January

15, 2014, Clark filed a motion to vacate his sentence under 28 U.S.C. § 2255.   (R.

627: Motion to Vacate, Pg ID 7580-95)   On July 8, 2014, Clark filed a brief in support

of his 2255 motion.   (R. 651: Brief in Support of Motion to Vacate, Pg ID 7717-96)

On August 28, 2015, Clark filed an amended motion to vacate.   (R. 655: Amended

Motion, Pg ID 7800-54)   He filed another supplemental motion to vacate on October

5, 2015.   (R. 663: Supplemental Motion, Pg ID 7885-92)   His motion should be

denied for the following reasons.

## Argument

Title 28, United States Code, Section 2255 provides a remedy only when:

> the sentence was imposed in violation of the Constitution or
> laws of the United States, or that the court was without
> jurisdiction to impose such sentence, or that the sentence

3

was in excess of the maximum authorized by law, or is
otherwise subject to collateral attack.

Section 2255, however, "does not encompass all claimed errors in conviction and
sentencing."   *United States v. Addonizio*, 442 U.S. 178, 185 (1978).   An error of law
in sentencing must rise to the level of a "fundamental defect which inherently results in
a complete miscarriage of justice" before section 2255 relief is appropriate.   *Id.*; *Hill v.
United States*, 368 U.S. 424, 428 (1961); *Mars v. United States*, 615 F.2d 704, 706 (6th
Cir. 1980).

Clark claims that his trial and appellate counsel were constitutionally ineffective.
To succeed on a true ineffective assistance of counsel claim, a defendant must show that
his attorney "made errors so serious that counsel was not functioning as the 'counsel'
guaranteed the defendant by the Sixth Amendment" and that this worked "to deprive the
defendant of a fair trial, a trial whose result is reliable."   *Strickland v. Washington*, 466
U.S. 668, 687 (1984).   In order to establish that he was prejudiced within the meaning
of *Strickland*, Clark must demonstrate "that the decision reached would reasonably
likely have been different absent the [alleged] errors."   *Id.* at 696; *Chandler v. Jones*,
813 F.2d 773, 781 (6th Cir. 1987).   He has not even begun to make such a showing.

4

Clark merely asserts, in a conclusory fashion, that he was prejudiced when his attorneys failed to do the following:

1. Litigate claim of actual innocence on FIP counts;
2. Appeal sufficiency of 924(c) conviction;
3. Challenge CCE charge;
4. Appeal sufficiency of CCE conviction;
5. Move to suppress evidence;
6. Pursue receipt of *Brady* information;
7. Move for a *Franks* hearing;
8. Move for mistrial at jury selection;
9. Ensure Speedy Trial rights;
10. Appeal denial of Speedy Trial motion;
11. Seek severance from other defendants;
12. Withdraw due to a conflict of interest.
13. Challenge government use of perjured statements;
14. Conduct pretrial investigation;
15. Appeal admission of 404(b) evidence.

(R. 627, 651, 655 & 663: Motion to Vacate, Brief, Amended, and Supplemental) Clark's shotgun approach to claiming ineffective assistance of counsel is not appropriate and should not be countenanced by this Court. The fact is that Clark has not established, through citations to the record or otherwise, that any of the above alleged actions and choices of his attorneys was an error, let alone that the result of his trial would reasonably likely have been different absent the error.

5

While the government is not in a position to prove a negative with respect to every random and unsubstantiated argument Clark makes, quite a number of Clark's claims are patently false, based upon incorrect assumptions and/or meritless on their face.   A review of the record reveals that Clark's attorneys vigorously represented him and many of the things he says his attorneys did not do, they actually did do.

### 1.  Motion to Dismiss FIP Counts

Clark argues that his attorney failed to competently litigate his innocence relative to the felon in possession counts because his rights had been restored at the time of his firearm possession.   (R. 627: Motion to Vacate, Pg ID 7591; R. 651: Brief in Support of Motion to Vacate, Pg ID 7728)   He also complains that his attorney failed to competently investigate the facts and law pertaining to his FIP counts.   (R. 655: Amended Motion to Vacate, Pg ID 7801-06)   In fact, however, his attorney did move to dismiss these counts, (R. 156: Motion to Dismiss Counts 41 and 42), and his appellate counsel continued to argue the issue on appeal.   However, the Sixth Circuit considered and rejected this argument.   *United States v. Clark,* 454 Fed. Appx. at 444-45.   "'It is well settled that a § 2255 motion may not be employed to re-litigate an

issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law.'" *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)(quoting *Giraldo v. United States*, 54 F.3d 776 (6th Cir. 1995)(unpublished)).   No intervening change in the law has occurred relative to Clark's arguments.

### 2.   Clark Was Not Charged With 18 U.S.C. § 924(c)

Clark also bizarrely claims that his appellate counsel was deficient in not raising the issue of the sufficiency of the evidence to sustain his 924(c) convictions.   (R. 655: Amended Motion, Pg ID 7811-13)   However, he was never charged with or convicted of section 924(c).

### 3.   Motion for Judgment of Acquittal on CCE Charge

Clark next falsely accuses his counsel of not properly challenging his conviction for carrying on a Continuing Criminal Enterprise (CCE).   (R. 627: Motion to Vacate, Pg ID 7591-92; R. 651: Brief in Support of Motion to Vacate, Pg ID 7728-29; R. 663: Supplemental Motion, Pg ID 7885-92) The truth is that his attorney did file a motion challenging the sufficiency of the evidence on the CCE charge.   The motion was

rejected in a well-reasoned opinion by Judge Zatkoff, *United States v. Clark*, 2006 WL

3253232 (E.D. Mich. 2006)(unpublished), and this ruling was affirmed on appeal.

*Clark,* 454 Fed. Appx. at 443-44.

### 4. Motions to Suppress Evidence

Clark's contention that his counsel failed to protect his Fourth Amendment rights

by challenging searches and seizures made by the police is also unfounded.   In fact,

his attorneys moved to suppress evidence from search warrants executed at 8843

Livernois (R. 169: Motion to Suppress, Pg ID 764-86), and at 7559 Prairie (R. 149:

Motion to Suppress, Pg ID 524-56), in addition to two suppression motions targeting

the wiretap intercepts.   (R. 157: Motion to Suppress, Pg ID 610-32; R. 159: Motion to

Suppress, Pg ID 635-46)   Judge Zatkoff denied these motions in two detailed opinions.

*United States v. Clark*, 2006 WL 1983220 (E.D. Mich. 2006)(unpublished); *United*

*States v. Clark*, 2006 WL 2008511 (E.D. Mich. 2006)(unpublished).

### 5. Pursuit of *Brady* and Impeachment Material

Clark is similarly factually wrong when he states that his counsel failed to pursue

the receipt of all *Brady* (exculpatory) and impeachment material from the government.

8

To the contrary, Clark's attorneys repeatedly and vigorously sought all discoverable information as well as information which was not discoverable.   On June 6, 2006, counsel filed a request for all discoverable information required by the Federal Rules of Criminal Procedure, the Jencks Act and *Brady*.   (R. 155: Discovery Request, Pg ID 595-96)   Counsel also moved for law enforcement officers to retain their rough notes (R. 150: Motion to Retain Notes, Pg ID 557-63), for disclosure of impeaching information (R. 152: Motion for Disclosure, Pg ID 571-80), for disclosure of Federal Rules of Evidence 404(b) and 609 evidence (R. 151: Motion for 404(b) and 609 Disclosure, Pg ID 564-70) and for un-redacted copies of wiretap and search warrant affidavits, which might have revealed the identity of confidential informants.   (R. 167: Motion for Discovery, Pg ID 739-46)   Judge Zatkoff denied the motions in docket numbers 151 and 152, relying upon the fact that the government had already provided all discoverable information.   (R. 211: Opinion and Order, Pg ID 1285-86) Similarly, in the same opinion in which he overruled Clark's challenge to the wiretap, Judge Zatkoff denied Clark access to un-redacted affidavits, reasoning that "[d]efendants have failed in their burden to show a sufficient need for this information

9

and the Court believes that the release of such information may compromise the identity of the confidential informants in this case." *United States v. Clark*, 2006 WL 2008511, at 3-4 (E.D. Mich. 2006)(unpublished)("Criminal defendants do not have a broad constitutional right to discovery.").

### 6. *Franks* Hearing

In a related complaint, Clark argues that his attorneys should have sought a *Franks* hearing to uncover false statements made in the Title III wiretap affidavit, and in the search warrant affidavits justifying the searches of 8843 Livernois and 7559 Prairie. But Clark misapprehends what is necessary to obtain a *Franks* hearing.  It is far from automatic.  In order to be entitled to a *Franks* hearing, a defendant must "make[] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).  *See also United States v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008)(quoting *United States v. Graham*, 275 F.3d 490, 505 (6th Cir. 2001)).  Clark makes conclusory allegations of falsehood in his

2255 motion and does not specify what statements are allegedly false or whether he related the falsehoods to his attorney.   Nor does Clark even begin to show how the removal of those statements would undercut the court's finding of probable cause – the second prerequisite to a *Franks* hearing.   At one point Clark argues that references to him committing murders within the affidavits were included to "excite prejudice" against him without "due process."   Assuming that Clark denied committing murders to his attorney, his counsel reasonably could have concluded that it would not be in Clark's best interest to testify and be subject to cross-examination by the government about uncharged murders, without a grant of immunity, in an effort to make a preliminary showing.   This is particularly true given that, whether or not Clark committed uncharged murders, this information was superfluous to establishing probable cause that Clark was engaged in drug trafficking utilizing a particular telephone.   *Strickland* counsels courts to be highly deferential in assessing the reasonableness of an attorney's strategy and performance:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. . . . [A] court must indulge

> in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . . A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.

*Strickland*, 466 U.S. at 689-90.

### 7.   Jury Selection

Clark also claims that his counsel should have moved for a mistrial when a juror stated during *voir dire* that a family member had been killed by someone with the name of Michael Anthony Clark and the judge (the Honorable Paul V. Komives) brought up previous charges against Clark in front of the jury pool.   Once again, Clark cites no record references to substantiate his contention.   Government counsel has reviewed 378 pages of transcript encompassing the entire jury selection process and was unable to find the statements alleged by Clark.   To the contrary, the transcript reflects an ordinary and proper jury selection with nothing unusual or untoward occurring.   (Voir Dire Transcript, Vol. 1, October 6, 2006; Voir Dire Transcript, Vol. 2, October 10, 2006).   Government counsel also telephoned Clark's attorney, David Steingold, to inquire whether he remembered any of the alleged statements occurring during *voir*

*dire.* Mr. Steingold did not remember those statements occurring during jury selection.

### 8. Speedy Trial

Clark also contends that he was denied his right to a speedy trial because of the ineffective assistance of his trial and appellate counsel. Specifically, Clark argues that the time period from his arraignment on October 17, 2005 (R. 52: Acknowledgment of Indictment, Pg ID 132) until his counsel moved for a dismissal of the case based upon speedy trial (R. 162: Motion to Dismiss, Pg ID 657-63) on June 5, 2006 were not excludable delay under the STA. (R. 655: Amended Motion to Vacate, Pg ID 7818)

But Clark fails to appreciate that the motion filed by his counsel was frivolous. Defendant was the lead defendant in a 15-defendant, 45-count drug conspiracy indictment. The Speedy Trial Act clearly provided for excludable delay "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). The Sixth Circuit has interpreted this provision as meaning "where [] multiple defendants are charged together and no severance has been granted, one speedy trial clock governs."

13

*United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002).   In this case, until May 25, 2006, three of Clark's co-defendants were fugitives and had not yet been arraigned. Co-defendant Treyvan Agee was arraigned on May 25, 2006, ten days before Clark's motion to dismiss.   (R. 137: Acknowledgment of Indictment, Pg ID 453)   Judge Zatkoff denied the motion on this very basis.   (R. 203: Opinion and Order, Pg ID 1244-47)   It is thus not surprising that Clark's appellate counsel did not waste her time on this meritless argument.

### 9. Severance

In a related issue, Clark next complains that his counsel should have sought a severance from the other defendants.   But this also would have failed.   As it turned out, only two defendants proceeded to trial: Clark and James Jackson.   Under Federal Rule of Criminal Procedure 8(b), co-defendants Clark and Jackson were charged in a single indictment because they are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."   (R. 3: Indictment, Pg ID 5-44)   When defendants are joined in an indictment, the Supreme Court has noted:

14

> There is a preference in the federal system for joint trials of defendants who are indicted together.   Joint trials "play a vital role in the criminal justice system." *Richardson v. Marsh*, 481 U.S. 200, 209 (1987). They promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.* at 210.

*Zafiro v. United States*, 506 U.S. 534, 537 (1993).   When defendants are properly joined under Rule 8(b), they should be severed for trial "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."   *Id.* at 539.   Indeed, defendants carry a "heavy burden of showing specific and compelling prejudice from having a joint trial."   *United States v. Tocco*, 200 F.3d 401, 413 (6th Cir. 2000) (internal citation omitted).

Even when there is a risk of prejudice from a joint trial, a severance is not mandated; rather, "less drastic measures, such as limiting instruction, will often suffice to cure any risk of prejudice."   *Zafiro*, 506 U.S. at 537.   Even mutually antagonistic defenses do not automatically require severance.   *Id.* at 538.

In *United States v. Mahar*, 801 F.2d 1477, 1502 (6th Cir. 1986), the Sixth Circuit

reiterated the heavy burden that a defendant claiming prejudicial joinder must bear:

> In order to establish that the trial court abused its discretion, a defendant "must make a strong showing of prejudice" and "must demonstrate an inability by the jury to separate and treat distinctively evidence that is relevant to each particular defendant on trial."

The Sixth Circuit has found joinder not to be prejudicial where the jury is "properly instructed to give separate, personal consideration to the case of each individual defendant," *United States v. Stull*, 743 F.2d 439, 447 (6th Cir. 1984), and is cautioned not to use evidence admitted solely against other defendants. *United States v. Swift*, 809 F.2d 320, 323 (6th Cir. 1987). That is exactly what occurred in this case.

## 10.  Conflict of Interest

Clark also argues that he received ineffective assistance of counsel at trial because his attorney was laboring under an actual conflict of interest. Specifically, Clark attached a letter his attorney, David Steingold, wrote to him after the trial asking that his legal fee be paid. That is the entirety of Clark's evidence of a conflict.

To establish ineffective assistance based upon a conflict of interests, Clark must "demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). As the Sixth Circuit

16

has further explained:

> We will not find an actual conflict unless appellants can point to *specific instances* in the record to suggest an actual conflict or impairment of their interests. . . . *Appellants must make a factual showing of inconsistent interests and must demonstrate that the attorney made a choice between possible alternative courses of action,* such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other. If he did not make such a choice, the conflict remained hypothetical. . . . *There is no violation where the conflict is irrelevant or merely hypothetical;* there must be an actual significant conflict.

*United States v. Hall,* 200 F.3d 962, 965-66 (6th Cir. 2000)(emphasis added).  Unless Clark shows "that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Sullivan,* 446 U.S. at 350.

With respect to the nonpayment of legal fees, the circuit courts of appeal have uniformly held that this merely creates the possibility of a conflict rather than an actual conflict.  "Although a `defendant's failure to pay fees may cause some divisiveness between attorney and client,' courts generally presume that counsel will subordinate his or her pecuniary interests and honor his or her professional responsibility to a client.'" *United States v. Taylor,* 139 F.3d 924, 932 (D.C. Cir. 1998)(quoting *United States v. O'Neil,* 118 F.3d 65, 71 (2d Cir. 1997)("we never have held that failure to pay fees or

an attorney's motion to withdraw for his client's failure to pay, without more, gives rise

to a conflict of interest").   *See also Caderno v. United States*, 256 F.3d 1213, 1218-19

(11th Cir. 2001)(attorney's post-trial letter expressing frustration over not being paid did

not indicate an actual conflict of interest); *United States v. Wright*, 845 F. Supp. 1041,

1073 n.35 (D.N.J.)("[N]onpayment of legal fees . . . does not establish a conflict of

interest of the type which would establish ineffective assistance; lawyers are required to

provide zealous advocacy regardless of a criminal defendant's failure to a pay legal

fees."), *aff'd*, 46 F.3d 1120 (3d Cir. 1994)(table).

### 11.  False Statements Before Grand Jury and at Sentencing

Clark also argues that his counsel was ineffective for failing to challenge false

statements allegedly made before the magistrate judge, before the grand jury and at his

sentencing.   These allegations, like Clark's other complaints, are specious.

First of all, anything occurring before a magistrate judge must have involved

pretrial bond and detention issues and would have had no effect upon Clark's trial.

Second, because Clark's case was remanded by the Sixth Circuit for re-sentencing, his

original sentence was vacated.   At Clark's re-sentencing, no testimony of any kind was

presented.   (Sentencing Transcript, January 15, 2013)   Accordingly, no false

18

testimony could have been presented. Finally, even assuming *arguendo* that some of the testimony before the grand jury was inaccurate, the Supreme Court has made clear that a guilty verdict after a trial free from reversible error makes irregularities occurring before the grand jury harmless. *United States v. Mechanik*, 475 U.S. 66, 70-72 (1986)("Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt."); *see also United States v. Oguaju*, 234 F.3d 1270, op. at 5 (6th Cir. 2000)(unpublished)(applying *Mechanik* harmless error analysis to false testimony).

## 12. Other Issues

Clark raises several other complaints which are so vague that the government cannot intelligently respond. First, Clark argues that a tractor-trailer was unlawfully searched and that his attorney failed to challenge the search and the admission of evidence from it. He is apparently referencing a tractor-trailer seized on May 30, 2005, containing frozen broccoli surrounding 1156 pounds of marijuana. (R. 477: Caldwell, October 12, 2006, at 19-20) The tractor-trailer was searched based upon intercepted conversations between Clark and co-defendant Penuales. Clark was not in possession of the tractor-trailer when it was searched and the government is unaware of

19

what standing he could have established to challenge the search.

Second, Clark contends that his appellate counsel failed to appeal the admission of FRE 404(b) evidence.   It is true that Clark's trial counsel moved to preclude the use of 404(b) evidence after requesting and receiving notice of possible 404(b) evidence from the government.   (R. 273: Motion to Prevent Admission of 404(b) Evidence, Pg ID 1827-33)   Judge Zatkoff declined to make a blanket prohibition on the use of 404(b) evidence, preferring to rule in the context of the trial as the evidence was offered.   It is unclear what specific evidence Clark complains should not have been admitted.   If it was Kevin Youngblood's testimony that Clark had a murder contract out on him and two other individuals or the government's identification of his prior felony, this was the subject of a motion for mistrial and was fully litigated before the Sixth Circuit by Clark's appellate counsel.   *See Clark*, 454 Fed. Appx. at 441-42.

Clark has failed to establish any errors by his trial or appellate counsel, let alone the type of serious error which reasonably likely would have changed the result of his trial or appeal.   As the Sixth Circuit observed in ruling upon his appeal:

> [T]he evidence against Clark stands as quite strong.   For example, multiple witnesses, including co-defendants, testified that Clark supervised and participated in a multi-person drug network that brought marijuana and cocaine into Detroit using tractor-trailers, distributed the

drugs, and collected money.  The wiretaps turned up conversations specifically documenting Clark's activities with and in this organization. Officers intercepted one shipment of over 1000 pounds of marijuana and overheard Clark, in an intercepted call just after the interception, lamenting that "all [his] weed" had been in the truck.

*Clark*, 454 Fed. Appx. at 442-43.  His arm chair critique of his trial and appellate

counsel, each of whom fought quite vigorously for him at every stage, cannot alter this

conclusion.

## Conclusion

For all of the foregoing reasons, Michael Clark's section 2255 petition should be

**DENIED.**

Respectfully submitted,

BARBARA L. MCQUADE
United States Attorney

KENNETH R. CHADWELL
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI   48226
(313) 226-9698

Dated: December 21, 2015

21

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2015, I served a copy of the foregoing brief and motion by mailing a copy addressed to:

>Michael Anthony Clark
>Inmate No. 28321-039
>FCI Tucson
>Federal Correctional Institution
>P.O. Box 23811
>Tucson, Arizona 85734

>*s/ Kenneth R. Chadwell*
>KENNETH R. CHADWELL
>Assistant United States Attorney
>211 West Fort Street, Suite 2001
>Detroit, Michigan   48226
>313-226-9698
>ken.chadwell@usdoj.gov

---

**UNITED STATES OF AMERICA, Plaintiff/Respondent, v. MICHAEL ANTHONY CLARK,**
**Defendant/Petitioner.**
**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN**
**DIVISION**
**2017 U.S. Dist. LEXIS 38684**
**CRIMINAL CASE NO. 05-cr-80810-1,CIVIL ACTION NO. 14-cv-10183**
**February 21, 2017, Decided**
**February 21, 2017, Filed**

---

**Editorial Information: Subsequent History**

Adopted by, Post-conviction relief denied at, Motion denied by, Motion denied by, As moot United States v. Clark, 2017 U.S. Dist. LEXIS 38521 ( E.D. Mich., Mar. 17, 2017)Adopted by, Objection overruled by, Post-conviction relief denied at, Motion denied by, As moot United States v. Clark, 2017 U.S. Dist. LEXIS 125595 ( E.D. Mich., Aug. 9, 2017)

**Editorial Information: Prior History**

United States v. Clark, 2015 U.S. Dist. LEXIS 54259 ( E.D. Mich., Apr. 27, 2015)

**Counsel** {2017 U.S. Dist. LEXIS 1}For United States of America, Plaintiff (2:05-cr-80810-SFC-MKM): Kenneth R. Chadwell, Leonid Feller, Steven P. Cares, U.S. Attorney's Office, Detroit, MI.

Michael Anthony Clark, Petitioner (2:14-cv-10183-SFC), Pro se.

**Judges:** MONA K. MAJZOUB, UNITED STATES MAGISTRATE JUDGE. DISTRICT JUDGE SEAN F. COX.

Opinion

**Opinion by:** MONA K. MAJZOUB

Opinion

## REPORT AND RECOMMENDATION

Petitioner **Michael Anthony Clark** is currently incarcerated at the Federal Correctional Institution in Tucson, Arizona. Before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 and his Brief in Support. (Docket nos. 627 and 651.) Petitioner has also filed an Amended Motion to Vacate (docket no. 655), a Second Amended Motion to Vacate (docket no. 659 at 2-11), and a Supplemental Motion to Vacate (docket no. 663), all of which appear to be supplements to Petitioner's original Motion. Respondent United States of America filed a Response to Petitioner's Motion and Brief, in which it also addressed Petitioner's Amended Motion and Supplemental Motion (docket no. 669), and Petitioner replied to Respondent's Response (docket no. 673). Petitioner has also filed a Motion for Evidentiary Hearing (docket no. 649), three Motions for Discovery{2017 U.S. Dist. LEXIS 2} and Inspection (docket nos. 650, 672, and 681), a Motion for Appointment of Counsel (docket no. 658), and two Motions for the Liberal Construction of Pleading (docket nos. 659 at 1 and 674). The motions have been referred to the undersigned for

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

determination. (Docket nos. 630, 654, 657, 661, 664, 675, and 682.) Because the record in this case conclusively shows that Petitioner is not entitled to relief under 28 U.S.C. § 2255, an evidentiary hearing is not required to resolve the merits of this action. 28 U.S.C. § 2255(b). Therefore, the undersigned issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## I. RECOMMENDATION

For the reasons stated herein, it is recommended that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket no. 627), Amended Motion to Vacate (docket no. 655), Second Amended Motion to Vacate (docket no. 659 at 2-11), Supplemental Motion to Vacate (docket no. 663), Motion for Evidentiary Hearing (docket no. 649), and Motions for Discovery and Inspection (docket nos. 650, 672, and 681) be **DENIED**. It is also recommended that Petitioner's Motion for Appointment of Counsel (docket no. 658), and Motions for the Liberal Construction of Pleading1 (docket nos. 659 at 1 and 674) be **DENIED{2017 U.S. Dist. LEXIS 3}** as moot.

## II. REPORT

### A. Facts and Procedural History

On September 8, 2005, Petitioner and fourteen others were named in an indictment, in which the government alleged that Petitioner directed a large-scale drug distribution and money laundering conspiracy from 1996 to 2005, and brought charges against Petitioner related to that conduct; Petitioner was subsequently arrested in October of 2005. (Docket nos. 3 and 4.) In the Superseding Indictment, Petitioner was ultimately charged with Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana under 21 U.S.C. §§ 846 and 841(a)(1); Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine under 21 U.S.C. §§ 846 and 841(a)(1); Continuing Criminal Enterprise (CCE) under 21 U.S.C. § 848; seven counts of Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances under 21 U.S.C. § 843(b); two counts of Conspiracy to Launder Monetary Instruments under 18 U.S.C. §§ 1956(a)(1)(A)(I) and (a)(1)(B)(I) and 1957(a) and (h)(6); two counts of Felon in Possession of a Firearm under 18 U.S.C. § 924; Criminal Forfeiture under 21 U.S.C. § 853(a); and Criminal Forfeiture under 18 U.S.C. § 982(a)(1). (Docket no. 259-2; docket no. 271-2.) Petitioner and one other defendant proceeded to trial on the charges filed against them; the other thirteen defendants{2017 U.S. Dist. LEXIS 4} elected to plead guilty. On November 2, 2006, a jury convicted Petitioner on the drug charges, the felon-in-possession charges, and five of the communication facility charges, but acquitted him on the money laundering charges and two of the communication facility charges. (Docket no. 351.) District Judge Lawrence P. Zatkoff subsequently sentenced Petitioner to 480 months of incarceration on the marijuana charge, 600 months on the cocaine charge, 600 months on the CCE charge, 48 months on the communication facility charges, and 120 months on the felon-in-possession charges, all to run concurrently. (Docket no. 447.)

Petitioner appealed his conviction and sentence to the Sixth Circuit Court of Appeals alleging that (1) the district court erred in denying his motion to suppress evidence obtained from a Title III wiretap; (2) the district court erred in denying his motion to suppress evidence seized from his residence and vehicles; (3) the district court abused its discretion by denying his motion for a mistrial; (4) the evidence failed to sufficiently establish Petitioner's supervision of five or more criminally involved persons, which was necessary to convict him on the CCE charge; (5){2017 U.S. Dist. LEXIS 5} the entry of judgment against him for both the CCE charge and the underlying drug conspiracy charges violated the protection against double jeopardy; (6) his felon-in-possession convictions violate the Ex Post Facto Clause; (7) the district court imposed a procedurally and substantively unreasonable sentence; and (8) his sentence violates due process. *United States of America v. **Michael Anthony Clark***, 454 Fed. Appx. 435 (6th Cir. 2011).2 The Sixth Circuit found that the entry of judgment

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

28321039

against Petitioner for both the CCE charge and the drug conspiracy charges violated the protection against double jeopardy and vacated Petitioner's drug conspiracy convictions. *Id.* at 14. It also vacated Petitioner's sentence and remanded for resentencing, as the parties agreed that the district court sentenced Petitioner in a procedurally unreasonable manner by failing to discuss the 18 U.S.C. § 3553(a) factors at the sentencing hearing. *Id.* at 17. The Sixth Circuit affirmed Petitioner's conviction on all other counts. *Id.* at 23. Based on the Sixth Circuit's mandate, Judge Zatkoff resentenced Petitioner to 600 months on the CCE charge, 48 months on the communication facility charges, and 120 months on the felon-in-possession charges. (Docket **{2017 U.S. Dist. LEXIS 6}** no. 601.)

## B. Petitioner's Motions for Discovery and Inspection

Pending before the court are Petitioner's three Motions for Discovery and Inspection (docket nos. 650, 672, and 681). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Davis v. United States*, No. 2:07-cr-20042-STA, 2015 U.S. Dist. LEXIS 40234, 2015 WL 1467071, at *5 (W.D. Tenn. Mar. 30, 2015), *certificate of appealability denied* (Oct. 20, 2015) (quoting and applying *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997) in the context of a § 2255 motion). Rule 6(a) of the Section 2255 Rules provides, in pertinent part, that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rules Governing § 2255 Proceedings, Rule 6, 28 U.S.C. foll. § 2255. But a party requesting discovery must provide reasons for the request and include any proposed interrogatories, requests for admission, or requests for production of documents with the request. *Id.* While Petitioner's Motions for Discovery include proposed document requests, they do not include reasons for those requests. Thus, Petitioner's Motions for Discovery and Inspection should be denied.

## C. Petitioner's § 2255 Claims

Petitioner filed his **{2017 U.S. Dist. LEXIS 7}** Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on January 15, 2014, claiming that he is entitled to relief because he received ineffective assistance of counsel where:

1. Counsel failed to file for or pursue a *Franks* hearing;

2. Counsel failed to ensure protection of Petitioner's speedy trial rights and failed to adequately seek severance from Petitioner's codefendants;

3. Counsel failed to protect Petitioner's Fourth Amendment rights and failed to move to suppress evidence obtained through an unconstitutional search and seizure;

4. Counsel failed to file a motion to suppress evidence obtained from the search and seizure of a tractor-trailer;

5. Counsel failed to pursue the receipt of all *Brady* materials withheld by the government;

6. Counsel failed to competently litigate a claim of actual innocence;

7. Counsel failed to challenge the CCE charge;

8. Counsel failed to challenge the prosecution's use of false and misleading statements and perjured testimony about Petitioner's alleged involvement in numerous murders and drug dealing;

9. Counsel failed to protect Petitioner's due process rights; and

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

10. Counsel failed to move for a mistrial concerning statements made before the jury.(Docket no. 627.){**2017 U.S. Dist. LEXIS 8**} Respondent asserts that Petitioner has not established, through citations to the record or otherwise, that his attorneys acted erroneously, or that the result of his trial would have been different absent the alleged errors. (Docket no. 669 at 5.)

## D. Standard

A petitioner who files a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 must demonstrate that there was an error of constitutional magnitude, the sentence was imposed outside the statutory limits, or there was an error of fact or law so fundamental as to render the entire proceeding invalid. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citation omitted). To prevail on a motion to vacate, set aside, or correct sentence alleging constitutional error, the petitioner must show that the error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993).

## E. Analysis

The Sixth Amendment right to counsel and the corollary right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 684-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To establish ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defense. *Id.* at 687. These two components are mixed questions of law and fact. *Id.* at 698. Further "there is no{**2017 U.S. Dist. LEXIS 9**} reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. That is, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[Petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (citations and internal quotation marks omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. With respect to the prejudice prong of the *Strickland* test, the ultimate inquiry is "whether there is a reasonable probability that, absent [counsel's] errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. Stated differently, Petitioner must show that "there is a reasonable probability that,{**2017 U.S. Dist. LEXIS 10**} but for counsel's unprofessional errors, the result . . . would have been different." *Id.* at 694.

*1. Claims 1, 2, 3, 5, and 7*

Petitioner alleges that counsel was ineffective for failing to challenge the information contained in the wiretap and search warrant affidavits, failing to ensure protection of Petitioner's right to a speedy trial, failing to seek Petitioner's severance from his co-defendant, failing to pursue the receipt of all *Brady* materials held by the government, and failing to challenge the sufficiency of the evidence necessary to prove the CCE charge. (Docket no. 627 at 10-11, 12, 12-13; docket no. 655 at 18-22, 27-28; docket no. 659 at 8-11; docket no. 663.)

In fact, Petitioner's attorneys filed two motions to suppress the wiretap evidence (docket nos. 157 and 159) and two motions to suppress the evidence obtained through the search warrants executed

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

at 8843 Livernois Avenue and 7559 Prairie Street in Detroit (docket nos. 149 and 169). Petitioner's attorneys also moved to dismiss the case against Petitioner for violation of the Speedy Trial Act (docket no. 162), and filed oral and written motions for severance from Petitioner's co-defendant (docket no. 342). Additionally, Petitioner's{2017 U.S. Dist. LEXIS 11} attorneys moved for the disclosure of information within the meaning of Federal Rule of Criminal Procedure 16(a)(1) and any exculpatory evidence within the meaning of *Brady* (docket no. 155); for an order compelling the government agents and law enforcement officers involved in the matter to retain their rough notes (docket no. 150); for the disclosure of any evidence that the government intended to introduce pursuant to Federal Rules of Evidence 404(b) and 609 (docket no. 151); for the disclosure of impeaching information (docket no. 152); and for unredacted copies of the wiretap and search warrant affidavits (docket no. 167). Moreover, Petitioner's counsel moved for an acquittal based, in part, on the government's failure to establish the elements of the CCE charge, and his appellate counsel also argued the issue on appeal. (Docket no. 343 at 4-5; *United States of America v.* **Michael Anthony Clark**, 454 Fed. Appx. 435.)

Petitioner does not acknowledge or address the motions filed by counsel in any meaningful manner, if at all. Notably, Petitioner does not make any argument regarding if, how, or why the motions were deficient. Although Judge Zatkoff denied these motions on various grounds, the fact that Petitioner's attorneys did not prevail{2017 U.S. Dist. LEXIS 12} on the motions does not mean that they rendered ineffective assistance. *See Kittka v. Franks*, No. 10-11582, 2012 U.S. Dist. LEXIS 86091, 2012 WL 2367162, at *9 (E.D. Mich. June 21, 2012), *aff'd*, 539 F. App'x 668 (6th Cir. 2013) (citation omitted) ("[T]he term 'effective' assistance of counsel does not necessarily mean the same as 'successful.'").

And to the extent that Petitioner believes that his attorney should have continued to argue on appeal that his right to a speedy trial was violated or that his case should have been severed from that of his co-defendant, Petitioner has not met his burden under *Strickland*. It is well settled that an "attorney is not required to raise a non-meritorious claim." *Jalowiec v. Bradshaw*, 657 F.3d 293, 321-22 (6th Cir. 2011) (citing *Wilson v. Mitchell*, 498 F.3d 491, 514-15 (6th Cir. 2007)). Moreover, a criminal defendant "does not have a constitutional right to have his counsel press nonfrivolous points if counsel decides as a matter of professional judgment not to press those points." *Coleman v. Mitchell*, 244 F.3d 533, 541 (6th Cir. 2001) (citing *Jones v. Barnes*, 463 U.S. 745, 750-51, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983)); *see also Knowles v. Mirzayance*, 556 U.S. 111, 123, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009) (explaining that the "[Supreme] Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success" to avoid a finding of deficient performance under *Strickland*).

Petitioner also alleges that counsel was ineffective in failing to file for or pursue a *Franks* hearing with regard to the wiretap and search warrant affidavits. (Docket{2017 U.S. Dist. LEXIS 13} no. 627 at 10; docket no. 651 at 36.) "Under *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), a defendant is entitled to an evidentiary hearing on the veracity of the statements in the affidavit only if 1) there is a substantial preliminary showing that specified portions of the affiant's averments are deliberately or recklessly false and 2) a finding of probable cause would not be supported by the remaining content of the affidavit when the allegedly false material is set aside." *United States v. Frazier*, 423 F.3d 526, 538 (6th Cir. 2005). "Warrant affidavits carry with them 'a presumption of validity,' and 'the challenger's attack must be more than conclusory' and must allege 'deliberate falsity or reckless disregard [on the part] *of the affiant*, not of any nongovernmental informant.'" *United States v. Stuart*, 507 F.3d 391, 396 (6th Cir. 2007) (quoting *Franks*, 438 U.S. at 171) (emphasis added in *Stuart*). The allegations of deliberate falsity and reckless disregard "must be accompanied by an offer of proof[,] [t]hey should point out specifically the portion of the warrant

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

affidavit that is claimed to be false[,] and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Franks*, 438 U.S. at 171.

Petitioner's allegations in this regard are wholly conclusory.**{2017 U.S. Dist. LEXIS 14}** In the brief filed in support of his Motion to Vacate, Petitioner summarizes the substance of the affidavits, namely the statements made by the affiants and the confidential sources, and then he generally states that those statements were uncorroborated, made with a reckless disregard for the truth, and "were knowingly and intentionally made with the intent to excite prejudice against [Petitioner] without due process." (Docket no. 651 at 25-36.) Petitioner does not specify whether he is challenging the statements made by the affiants, by the confidential sources, or both. And Petitioner's allegations are not accompanied by any offer of proof or statement of reasons regarding the material falsity of the statements. Petitioner has failed to show that he was entitled to a *Franks* hearing. Consequently, Petitioner has failed to show that counsel's failure to request a *Franks* hearing was erroneous or that he suffered prejudice as a result.

*2. Claim 4*

Petitioner alleges that counsel was ineffective for failing to file a motion to suppress the evidence obtained from the search and seizure of a tractor-trailer. (Docket no. 627 at 11.) According to Petitioner, the evidence seized from the tractor-trailer**{2017 U.S. Dist. LEXIS 15}** was obtained in violation of the Fourth Amendment because there was no probable cause to search the vehicle, and "the information gained from that search was in violation of an unlawfully obtained warrant from a wiretap." (*Id.*) Respondent argues that Petitioner's claim in this regard is vague, but after a review of the trial transcript, Respondent presumes that Petitioner is referring to a tractor-trailer containing 1156 pounds of marijuana surrounded by broccoli that was searched and seized on May 30, 2005. (Docket no. 669 at 19 (citing docket no. 477 at 19-20).) Respondent argues that Petitioner was not in possession of the tractor-trailer at the time of the search, thus, it is unaware of what standing Petitioner has to challenge the search. (*Id.* at 19-20.) Indeed, Petitioner fails to establish that he has standing to challenge the search and has therefore failed to demonstrate that counsel erred in failing to file a motion to suppress the evidence obtained from that search.

*3. Claim 6*

Petitioner argues that his counsel was ineffective because he failed to competently litigate a claim for actual innocence, presumably with regard to the felon-in-possession charges, because his right to own a firearm had been restored**{2017 U.S. Dist. LEXIS 16}** under Michigan and federal law. (Docket no. 627 at 12.) As Respondent points out and Petitioner seemingly concedes, however, Petitioner's trial counsel moved to dismiss the felon-in-possession charges on the basis that Petitioner's right to possess firearms had been restored under Michigan law (docket no. 156), and his appellate counsel continued to argue the matter on appeal, which argument was ultimately rejected by the Sixth Circuit. But Petitioner argues that his counsel failed to competently investigate and present all of the facts surrounding the restoration of his firearm rights, and had they done so, the felon-in-possession counts would have been dismissed. (Docket no. 655 at 2-7; docket no. 673 at 1-2.)

Specifically, Petitioner argues that had counsel completed a proper investigation, they would have learned and been able to present evidence that (1) four separate firearms charges previously brought against Petitioner in both federal and state court had been dismissed because Petitioner's right to possess firearms had been restored; and (2) Petitioner applied to the Oakland County Concealed Weapon Licensing Board for restoration of his firearms rights on October 12, 2001. (**{2017 U.S. Dist. LEXIS 17}***Id.*) To support his argument in this regard, Petitioner submitted copies of court documents

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

28321039

which demonstrate that either the previous firearms charges had been dismissed without prejudice or that he had been acquitted of the charges at trial. (Docket no. 655 at 34-46.) Not one of these documents, however, provides any reason for the dismissals or acquittals, thus, they do not establish that the dismissals or acquittals were based on Petitioner's asserted fact that his right to possess firearms had been restored. Petitioner also submitted a copy of an October 12, 2001 letter sent to the Oakland County Concealed Weapon Licensing Board by attorney S. Allen Early on behalf of Petitioner, to which letter Petitioner's Application for Restoration of Firearms Rights was purportedly attached, as well as a copy of a certificate generated by the National Rifle Association (NRA), which was awarded to Petitioner on September 21, 2001 for the successful completion of an NRA home protection course. (Docket no. 651-1 at 26-27.) Again, neither of these documents establishes that Petitioner's right to possess firearms had been restored. And Petitioner has not produced any evidence that his Application**{2017 U.S. Dist. LEXIS 18}** for Restoration of Firearms Rights was ever granted. Accordingly, Petitioner has not demonstrated that counsel failed to conduct a reasonable investigation into the restoration of his firearms rights, or that a different result would have occurred absent the alleged error.

Petitioner also asserts that his appellate counsel failed to argue that the evidence was insufficient to convict Petitioner on the felon-in-possession charges under 18 U.S.C. § 924(c)(1). (Docket no. 655 at 12-14.) Petitioner continues that while weapons were seized from his business and residences pursuant to search warrants, "the entire trial court record is completely devoid of any evidence adduced during the prosecution's case-in-chief of any instances of [Petitioner's] actual 'use' or 'active employment' within the meaning of 18 U.S.C. § 924(c)(1) in relation to any drug trafficking activities." (*Id.* at 12.) Petitioner misconstrues the requirements of 18 U.S.C. § 924(c)(1). In fact, 18 U.S.C. § 924(c)(1) provides that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . *uses* or *carries* a firearm, or who, in furtherance of any such crime, *possesses* a firearm" will be sentenced to an additional term of years in addition to the punishment for the underlying crime.**{2017 U.S. Dist. LEXIS 19}** 18 U.S.C. § 924(c)(1) (emphasis added): Petitioner does not dispute that he was in possession of multiple firearms. Petitioner's argument fails.

*4. Claims 8 and 10*

Petitioner alleges that counsel rendered ineffective assistance when he failed to challenge the prosecution's use of false and misleading statements before the grand jury and at Petitioner's sentencing hearing. (Docket no. 627 at 13.) Petitioner, however, does not identify the alleged false and misleading statements used against him, and has therefore provided no basis on which the court may analyze this claim.

Petitioner also asserts that counsel was ineffective because he failed to challenge perjured testimony given by Kevin Youngblood regarding Petitioner's alleged involvement in numerous murders and drug dealing. (*Id.*) Petitioner fails to identify with any specificity the portion of Mr. Youngblood's testimony that was allegedly perjured. Nevertheless, the Court has conducted its own review of Mr. Youngblood's direct examination and presumes that Petitioner is referring to Mr. Youngblood's testimony that Petitioner had entered into contracts to have Mr. Youngblood and two others killed. (Docket no. 485 at 141.) Contrary to Petitioner's allegations,**{2017 U.S. Dist. LEXIS 20}** Petitioner's counsel immediately objected to the prosecution's line of questioning, argued that it violated Federal Rules of Evidence 403, 404(b), and 405, and moved to strike Mr. Youngblood's testimony. (*Id.* at 142-154.) Judge Zatkoff sustained counsel's objection and advised that he would not permit any further questioning of Mr. Youngblood regarding Petitioner's propensity for violence, but he declined to give a curative instruction to the jury because the jury had been out to lunch for an hour, and he did not believe that the jury would remember the question and answer. (*Id.* at 155.) Judge Zatkoff also advised Petitioner's counsel that he could propose a jury instruction if he so desired. (*Id.*)

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

28321039

Petitioner's counsel subsequently moved for a mistrial on the bases that the prosecution improperly elicited 404(b) testimony from a government agent and from Mr. Youngblood, that the testimony was highly prejudicial to Petitioner, and that no limiting jury instruction could cure the harm caused. (Docket no. 341.) The motion was subsequently denied; however, the record evidence shows that Petitioner's counsel aptly challenged the prosecution's elicitation of Mr. Youngblood's testimony. Petitioner does not explain what else trial counsel should or could **{2017 U.S. Dist. LEXIS 21}** have done, and he has failed to demonstrate that counsel's performance was deficient in this regard.

Petitioner alleges that his appellate counsel's performance was ineffective because she failed to raise this issue on direct appeal. (Docket no. 655 at 15-17.) Petitioner is incorrect. On appeal, appellate counsel argued that the trial court abused its discretion by denying Petitioner's motion for a mistrial. Petitioner's argument here fails.

Petitioner also alleges that counsel failed to move for a mistrial when the trial judge brought up previous charges concerning Petitioner. (Docket no. 627 at 14.) Petitioner does not cite to any point in the record at which Judge Zatkoff brought up previous charges. Thus, Petitioner's claim fails on this basis alone. To the extent that Petitioner is referring to the testimony that Petitioner had previously been convicted of armed robbery, which the government elicited from a government agent at trial, Petitioner's claim fails. As stated above, the agent's testimony was a subject of counsel's aforementioned motion for a mistrial. (*See* docket no. 341.)

Next, Petitioner alleges that counsel should have moved for a mistrial because a potential juror spoke **{2017 U.S. Dist. LEXIS 22}** in front of the jury pool about a family member who had been killed by someone with the same name of Petitioner. (Docket no. 627 at 14.) Petitioner continues this argument in his Reply brief by arguing that there were only three African-American jurors in the entire jury pool, that he would not have challenged the last two African-American jurors for cause unless it was something outrageous, and that just because a juror says that a tragedy happens in their family isn't a reason to challenge a reasonably good juror of the pool. (Docket no. 673 at 13.) Petitioner's claim is ambiguous and internally contradictory. Petitioner's purported basis for a mistrial is not readily apparent; it is not clear whether Petitioner alleges that the juror should have been seated, should not have been seated, or if Petitioner alleges something else entirely. Furthermore, as Respondent asserts, a review of the *voir dire* transcript reveals that there is nothing in the record to indicate that such a statement was ever made. (*See* docket no. 669 at 12-13.) Petitioner has failed to show that counsel was deficient and has failed to demonstrate any prejudice in this regard.

*5. Claim 9*

Petitioner claims that counsel **{2017 U.S. Dist. LEXIS 23}** failed to protect his Due Process rights by failing to properly investigate uncorroborated information and material misstatements that Petitioner was known to have murdered several individuals, which information was presented to the magistrate judge and the grand jury and was used in the government's case-in-chief and at sentencing. (Docket no. 627 at 13-14; docket no. 651 at 37.) Petitioner's claim in this regard is disjointed; however, from what the Court can discern, Petitioner is challenging the statements made by the confidential informants in the wiretap affidavit. (*See* docket no. 651 at 37-38; docket no. 655 at 8-11.) Petitioner's argument lacks merit. As discussed above, Petitioner's attorneys filed two motions to suppress the wiretap evidence, in which they challenged the credibility of the confidential informants. (Docket nos. 157 and 159.) They also sought unredacted copies of the wiretap and search warrant affidavits, which would have revealed the identities of the confidential informants and enabled counsel to conduct further investigation into the confidential informants' statements. (Docket no. 167.) As previously stated, the fact that counsel's motions were denied does **{2017 U.S. Dist. LEXIS 24}** equate to a finding of ineffective assistance. *See Kittka, supra.*

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

28321039

*6. Petitioner's Other Claims*

Petitioner makes additional claims in his supplemental motions and briefs. First, Petitioner argues that trial counsel rendered ineffective assistance when he failed to interview and call exculpatory witnesses Kenny Moore, Eddie Kendricks, and Jeff Riley at trial. (Docket no. 655 at 23-24, 30.) "A defense counsel has no obligation to call or even interview a witness whose testimony would not have exculpated the defendant." *Millender v. Adams*, 376 F.3d 520, 527 (6th Cir, 2004) (citation omitted). Petitioner argues that counsel should have called Mr. Moore and Mr. Kendricks to rebut testimony elicited during the government's case-in-chief that the terms "C.C." and "DVD" are code words for illicit substances. (Docket no. 655 at 23-24.)

A review of the jury transcripts revealed the following testimony regarding the content of the wiretap evidence, which Petitioner's trial counsel elicited from a government agent on cross-examination:

**Q.** And when you hear things that are called something else, for instance, DVDs or whatever items they choose to be talking about, often times you assume that these are code words for drugs, correct?

**A.** Correct.

**Q.** There was, in fact,{2017 U.S. Dist. LEXIS 25} a call where there was a discussion about DVDs, correct?

**A.** Correct.

**Q.** And you assumed that they were referencing an amount of drugs, correct?

**A.** I believe at that time, yes.

**Q.** Sometimes, though, DVDs, for instance, being discussed might mean DVDs, right?

**A.** Correct.

**Q.** In fact, when you searched Mr., that house, that house on Prairie where Mr. clerk [sic] was at you saw DVDs on the table, didn't you?

**A.** I don't remember.

**Q.** You got all of the pictures we saw from the search. You don't remember the bootleg DVDs on the table?

**A.** No, sir. But they are in the pictures.

**Q.** And sometimes you will hear something, do you remember hearing a reference to CC?

**A.** Yes.

**Q.** Did you put in some affidavit that CC was code for cocaine, C, and then you skipped an O and then C again. That means cocaine, correct?

**A.** Correct.

**Q.** But you since learned there is a person named CC, correct?

**A.** Yes.

**Q.** Sometimes CC might be CC, not cocaine, correct?

**A.** Correct.(Docket no. 477 at 91-92.) Counsel's decision to not call Mr. Moore and Mr. Kendricks

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

to testify to alternate meanings of the terms "C.C." and "DVD" does not constitute ineffective assistance where counsel elicited testimony on the matter from the government agent.**{2017 U.S. Dist. LEXIS 26}** See Strickland, 466 U.S. at 690. ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.")

Mr. Riley was purportedly a confidential informant who stated that he had seen a large amount of cash in a secret compartment of Petitioner's vehicle, which statement was included in the wiretap affidavit. (See docket no. 655 at 24, docket no. 651 at 44, docket no. 479 at 63.) In cross-examining the government's agents, Petitioner's trial counsel elicited testimony that called Mr. Riley's credibility into question. (Docket no. 477 at 124-26; docket no. 479 at 63-64.) In Strickland, the Supreme Court stated that "scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. Petitioner must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. Here, Petitioner has failed to overcome the presumption that his trial attorney's decision to challenge Mr. Riley's credibility through a cross-examination of the government's agents rather than by calling Mr. Riley to testify was sound trial strategy. Petitioner has not carried his burden of establishing that his trial**{2017 U.S. Dist. LEXIS 27}** attorney was ineffective in this regard.

Next, Petitioner argues that his trial counsel labored under an actual conflict of interest because he engaged in numerous disputes and arguments with his counsel throughout the trial proceedings, including disputes about attorney fees. (Docket no. 655 at 25-26.) "An 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance." McElrath v. Simpson, 595 F.3d 624, 631 (6th Cir. 2010) (quoting Mickens v. Taylor, 535 U.S. 162, 172 n.5, 122 S. Ct. 1237, 152 L. Ed. 2d 291 (2002)). To establish an "actual conflict," Petitioner must "'point to specific instances in the record to suggest an actual conflict or impairment of [his] interests' and 'demonstrate that the attorney made a choice between plausible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other.'" McElrath v. Simpson, 595 F.3d 624, 631 (6th Cir. 2010) (quoting United States v. Hall, 200 F.3d 962, 965-66 (6th Cir. 2000)); see also United States v. Stotts, Nos. CV. 01-1001, CR. 96-10015, 2002 U.S. Dist. LEXIS 13829, 2002 WL 1477214, at *13 (W.D. Tenn. July 2, 2002) ("To establish an actual conflict of interest, the defendant must show that (1) the attorney could have pursued a plausible alternative defense strategy, and (2) the alternative strategy was inherently in conflict with or not undertaken due to the attorney's other interest or loyalties.") (citing United States v. Soldevila-Lopez, 17 F.3d 480, 486 (1st Cir. 1994)). Petitioner's sole allegation in this**{2017 U.S. Dist. LEXIS 28}** regard is that the conflict "adversely affected counsel's performance at trial." (Docket no. 655 at 25.) This conclusory allegation is insufficient to establish an actual conflict under the legal principles cited above.

Moreover, the "prima facie evidence" that Petitioner submitted to support this argument belies his assertion of a conflict. The evidence submitted is a post-trial letter from Petitioner's trial counsel in which he implores Petitioner to respond to his communication attempts; is apologetic for the result of the trial; expresses his wish that Petitioner would have allowed him to follow his suggested trial strategy, which would have enabled him to obtain the information that he believes would have made a difference in the result on the cocaine and CCE charges; reminds Petitioner of the unpaid legal fee balance; and sets forth his "more important concern" that he may have to withdraw from further representation of Petitioner if Petitioner continued to refuse to talk to him about sentencing and Petitioner's legal options going forward. (Docket no. 655-1 at 2-3.)

Furthermore, as Respondent points out, circuit court precedent does not support Petitioner's assertion of an actual**{2017 U.S. Dist. LEXIS 29}** conflict. (See docket no. 669 at 17-18 (citing

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

28321039

*United States v. Taylor*, 139 F.3d 924, 932, 329 U.S. App. D.C. 231 (D.C. Cir. 1998) ("Although a 'defendant's failure to pay fees may cause some divisiveness between attorney and client,' courts generally presume that counsel will subordinate his or her pecuniary interests and honor his or her professional responsibility to a client." (quoting *United States v. O'Neil*, 118 F.3d 65, 71 (2d Cir. 1997) ("we never have held that failure to pay fees or an attorney's motion to withdraw for his client's failure to pay, without more, gives rise to a conflict of interest"); *Caderno v. United States*, 256 F.3d 1213, 1218-19 (11th Cir. 2001) (attorney's post-trial letter expressing frustration over not being paid did not indicate an actual conflict of interest; and *United States v. Wright*, 845 F. Supp. 1041, 1073 n.35 (D.N.J.) ("[N]onpayment of legal fees . . . does not establish a conflict of interest of the type which would establish ineffective assistance; lawyers are required to provide zealous advocacy regardless of a criminal defendant's failure to a pay legal fees."), *aff'd*, 46 F.3d 1120 (3d Cir. 1994) (table)).)

Finally, Petitioner claims that counsel's performance was deficient because he failed to challenge the validity of the Superseding Indictment. (Docket no. 659 at 2-7.) According to Petitioner, the fact that the Superseding Indictment says that it was handed down by a grand jury does not mean that it actually was, because there is **{2017 U.S. Dist. LEXIS 30}** no record evidence that a grand jury was reconvened for such a purpose. Petitioner's argument in this regard is conclusory and it sounds in speculation. Petitioner cannot meet his burden under *Strickland* where his argument has no chance of success. *See United States v. Carter*, 355 F.3d 920, 924 (6th Cir. 2004) ("Failing to make a motion . . . that had no chance of success fails both prongs [of *Strickland*]. First, counsel cannot be said to be deficient for failing to take frivolous action, particularly since a frivolous effort takes attention away from non-frivolous issues. Second, it is evident that failing to make a motion with no chance of success could not possibly prejudice the outcome"). Petitioner has failed to demonstrate that he was deprived of the effective assistance of counsel.

**F. Conclusion**

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket no. 627), Amended Motion to Vacate (docket no. 655), Second Amended Motion to Vacate (docket no. 659 at 2-11), Supplemental Motion to Vacate (docket no. 663), Motion for Evidentiary Hearing (docket no. 649), and Motions for Discovery and Inspection (docket nos. 650, 672, and 681) should be **DENIED**. Petitioner's Motion for Appointment **{2017 U.S. Dist. LEXIS 31}** of Counsel (docket no. 658), and Motions for the Liberal Construction of Pleading (docket nos. 659 at 1 and 674) should also be **DENIED**, as moot. The court may, at its discretion, determine whether an application for a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c).

**III. NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

28321039

*precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate{**2017 U.S. Dist. LEXIS 32**} to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 21, 2017

/s/ Mona K. Majzoub

MONA K. MAJZOUB

UNITED STATES MAGISTRATE JUDGE

### Footnotes

1

The Court is fully aware of its responsibility to liberally construe the pleadings of *pro se* parties and hold them to a less stringent standard than similar pleadings drafted by attorneys, and it has done so here. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

2

The Court takes judicial notice of the proceedings in *United States of America v. **Michael Anthony Clark***, 454 Fed. Appx. 435, conducted in the Sixth Circuit Court of Appeals. ("[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) (citations and internal quotation marks omitted).)

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

28321039

---

**United States of America, Plaintiff/Respondent, v. <u>Michael Anthony Clark</u>, Defendant/Petitioner.**
**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**
**2017 U.S. Dist. LEXIS 38521**
**Case No. 05-80810**
**March 17, 2017, Decided**
**March 17, 2017, Filed**

---

**Editorial Information: Prior History**

United States v. Clark, 2017 U.S. Dist. LEXIS 38684 ( E.D. Mich., Feb. 21, 2017)

**Counsel**            {2017 U.S. Dist. LEXIS 1}For United States of America, Plaintiff: Kenneth R. Chadwell, Leonid Feller, Steven P. Cares, U.S. Attorney's Office, Detroit, MI.
**Judges:** Honorable Sean F. Cox, United States District Judge. Magistrate Judge Mona K. Majzoub.

**Opinion**

**Opinion by:**        Sean F. Cox

**Opinion**

---

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

Currently before the Court is Petitioner Michael Anthony Clark's ("Petitioner") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 627), Amended Motion to Vacate (Doc. # 655), Second Amended Motion to Vacate (Doc. # 659 at 2-11), Supplemental Motion to Vacate (Doc. # 663), Motion for Evidentiary Hearing (Doc. # 649), Motions for Discovery and Inspection (Doc. # 650, 672, and 681), Motion for Appointment of Counsel (Doc. # 658), and Motions for Liberal Construction of Pleading (Doc. # 659 at 1, 674). Petitioner's motions have subsequently been referred to Magistrate Judge Mona K. Majzoub. (Doc. # 630, 654, 657, 661, 664, 675, and 682) pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).

On February 21, 2017, Magistrate Judge Majzoub issued a Report and Recommendation ("R&R"), wherein she recommended that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 627), Amended Motion to Vacate (Doc. # 655), Second Amended{2017 U.S. Dist. LEXIS 2} Motion to Vacate (Doc. # 659 at 2-11), Supplemental Motion to Vacate (Doc. # 663), Motion for Evidentiary Hearing (Doc. # 649), and Motions for Discovery and Inspection (Doc. # 650, 672, and 681) be **DENIED**. (Doc. # 683, R&R at 2). In light of Magistrate Judge Majzoub's recommendations, she concluded that Petitioner's remaining motions-Motion for Appointment of Counsel (Doc. # 658) and Motions for the Liberal Construction of Pleading (Doc. # 659 at 1 and 674)-should be **DENIED as moot**. (*Id.*).

Pursuant to 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id.*

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

28321039

Here, the time for filing objections to the R&R has expired and the docket reflects that neither party has filed objections to the R&R. The Court hereby **ADOPTS** the February 21, 2017 R&R. **IT IS FURTHER ORDERED** that Petitioner's 28 U.S.C. § 2255 Motions to Vacate (Doc. # 627, 655,{**2017 U.S. Dist. LEXIS 3**} 659, and 663) are **DENIED**.

**IT IS SO ORDERED**.

Dated: March 17, 2017

/s/ Sean F. Cox

Sean F. Cox

U.S. District Judge

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

28321039

> **UNITED STATES OF AMERICA, Plaintiff/Respondent, v. MICHAEL ANTHONY CLARK, Defendant/Petitioner.**
> **UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**
> **2015 U.S. Dist. LEXIS 54259**
> **CRIMINAL CASE NO. 05-cr-80810-1,CIVIL ACTION NO. 14-cv-10183**
> **April 27, 2015, Decided**
> **April 27, 2015, Filed**

**Editorial Information: Subsequent History**

Post-conviction proceeding at, Magistrate's recommendation at United States v. Clark, 2017 U.S. Dist. LEXIS 38684 ( E.D. Mich., Feb. 21, 2017)

**Editorial Information: Prior History**

United States v. Jackson, 454 Fed. Appx. 435, 2011 U.S. App. LEXIS 26041 (6th Cir.), 2011 FED App. 886N (6th Cir.) (6th Cir. Mich., Dec. 29, 2011)

| | |
|---|---|
| **Counsel** | {2015 U.S. Dist. LEXIS 1}For United States of America, Plaintiff (2:05-cr-80810-LPZ-MKM): Julie A. Beck, Karen M. Gibbs, LEAD ATTORNEY, U.S. Attorney's Office (Detroit), Detroit, MI; Leonid Feller, Steven P. Cares, U.S. Attorney's Office, Detroit, MI. |
| | **Michael Anthony Clark**, Petitioner (2:14cv10183), Pro se. |

**Judges:** MONA K. MAJZOUB, UNITED STATES MAGISTRATE JUDGE. DISTRICT JUDGE SEAN F. COX.

**Opinion**

**Opinion by:**    MONA K. MAJZOUB

**Opinion**

### OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR EVIDENTIARY HEARING [624], MOTION FOR DISCOVERY AND INSPECTION [625], AND MOTIONS TO ENLARGE TIME [626], [631], [634], AND [635]

Defendant **Michael Anthony Clark** filed a Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 on January 15, 2014. (Docket no. 627.) This matter is before the Court on six motions filed by Defendant related to his Motion to Vacate: (1) Motion for Evidentiary Hearing (docket no. 624); (2) Motion for Discovery and Inspection (docket no. 625); (3) Motion to Enlarge Time to File Brief and Appendix (docket no. 626); (4) Motion to Enlarge Time to File Brief and Appendix (docket no. 631); (5) Motion to Extend Time for Enlargement to File Brief and Appendix (docket no. 634); and (6) Motion to Enlarge Time to File Appendix and Memorandum of{2015 U.S. Dist. LEXIS 2} Law (docket no. 635). Plaintiff United States of America has not responded to Defendant's motions. The motions have been referred to the undersigned for consideration. (Docket nos. 630 and 639.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

U.S.C. § 636(b)(1)(A).

## I. Motion for Evidentiary Hearing [624]

Defendant filed a Motion for Evidentiary Hearing contemporaneously with his Motion to Vacate. (Docket no. 624.) "A prisoner who files a motion under Section 2255 challenging a federal conviction is entitled to 'a prompt hearing' at which the district court is to 'determine the issues and make findings of fact and conclusions of law with respect thereto.'" *Smith v. U.S.*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting 28 U.S.C. § 2255). "The hearing is mandatory unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* (citing *Fontaine v. U.S.*, 411 U.S. 213, 215, 93 S. Ct. 1461, 36 L. Ed. 2d 169 (1973)) (internal quotation marks omitted). In determining whether a hearing is warranted, the court "must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7." Rules Governing § 2255 Proceedings, Rule 8, 28 U.S.C. foll. § 2255. Here, Defendant has not yet submitted his brief in support of his Motion{2015 U.S. Dist. LEXIS 3} to Vacate, and the Court has not yet ordered a response from the Government. Defendant's motion is, therefore, premature. The Court will order an evidentiary hearing if it is appropriate under Rule 8 after considering Defendant's brief, the Government's response, and any other relevant materials. Accordingly, the Court will deny Defendant's Motion for Evidentiary Hearing without prejudice.

## II. Motion for Discovery and Inspection [625]

Defendant also filed a Motion for Discovery and Inspection contemporaneously with his Motion to Vacate. (Docket no. 625.) A party seeking leave to conduct discovery in furtherance of a motion to vacate filed pursuant to 28 U.S.C. § 2255 must provide reasons for the discovery request. Rules Governing § 2255 Proceedings, Rule 6, 28 U.S.C. foll. § 2255. The party must also include any proposed interrogatories, requests for admission, or requests for production of documents with the request. *Id.* While Defendant's Motion for Discovery includes proposed document requests, it does not include reasons for those requests. Thus, the Court will deny Defendant's Motion for Discovery and Inspection.

## III. Motions to Enlarge Time to File Brief and Appendix [626], [631], [634], and [635]

The third motion that Defendant filed contemporaneously{2015 U.S. Dist. LEXIS 4} with his Motion to Vacate is a Motion to Enlarge Time to File Brief and Appendix. (Docket no. 626.) In this motion, Defendant asks the Court to give him until May 14, 2014 to file a brief and appendix in support of his Motion to Vacate. (*Id.*) Since then, Defendant has filed three similar motions. On May 16, 2014, Defendant filed a Motion to Enlarge Time to extend the deadline for filing a supporting brief and appendix to September 14, 2014. (Docket no. 631.) On September 15, 2014, Defendant filed a Motion to Extend Time for Enlargement to File Brief and Appendix, requesting that he have until December 9, 2014 to file such items. (Docket no. 634.) Finally, on November 24, 2014, Defendant filed a Motion to Enlarge Time to File Appendix and Memorandum of Law, in which he requested an extension until March 16, 2015.1 To date, Defendant has not filed a supporting brief or appendix, and he has not filed any further Motions to Enlarge Time. Because the requested deadlines in each of Defendant's Motions have passed, the Court will deny the Motions as moot. The Court will, however, permit Defendant to file a brief in support of his Motion to Vacate by June 30, 2015. Any brief filed by Defendant{2015 U.S. Dist. LEXIS 5} after this deadline will be considered untimely and will be stricken from the record.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Evidentiary Hearing [624] is **DENIED** without prejudice; Defendant's Motion for Discovery and Inspection [625] is **DENIED**; and Defendant's Motions to Enlarge Time to File Brief and Appendix [626], [631], [634], and [635] are

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant may file a brief in support of his Motion to Vacate no later than June 30, 2015. This deadline will not be extended.

<u>**NOTICE TO THE PARTIES**</u>

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 27, 2015

/s/ Mona K. Majzoub

MONA K. MAJZOUB

UNITED STATES MAGISTRATE JUDGE

### Footnotes

1

In this Motion, Defendant requests an extension of time from November 16, 2014 to March 16, 2014. The Court assumes that March 16, 2014 is a typographical error and will construe the date requested by Defendant to be March 16, 2015.

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

28321039

> **United States of America, Plaintiff/Respondent, v. <u>Michael Anthony Clark</u>, Defendant/Petitioner.**
> **UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**
> **2017 U.S. Dist. LEXIS 125595**
> **Case No. 05-80810**
> **August 9, 2017, Decided**
> **August 9, 2017, Filed**

**Editorial Information: Prior History**

United States v. Clark, 2017 U.S. Dist. LEXIS 38684 ( E.D. Mich., Feb. 21, 2017)

**Counsel**            {2017 U.S. Dist. LEXIS 1}For United States of America, Plaintiff: Kenneth R. Chadwell, Designation: U.S. Attorney, Designation: U.S. Attorney, U.S. Attorney's Office, Detroit, MI.

**Judges:** Honorable Sean F. Cox, United States District Judge. Magistrate Judge Mona K. Majzoub.

**Opinion**

**Opinion by:**        Sean F. Cox

**Opinion**

### ORDER ACCEPTING & ADOPTING REPORT AND RECOMMENDATION

Currently before the Court is Petitioner Michael Anthony Clark's ("Petitioner") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 627), Amended Motion to Vacate (Doc. # 655), Second Amended Motion to Vacate (Doc. # 659 at 2-11), Supplemental Motion to Vacate (Doc. # 663), Motion for Evidentiary Hearing (Doc. # 649), Motions for Discovery and Inspection (Doc. # 650, 672, and 681), Motion for Appointment of Counsel (Doc. # 658), and Motions for Liberal Construction of Pleading (Doc. # 659 at 1, 674). Petitioner's motions have subsequently been referred to Magistrate Judge Mona K. Majzoub. (Doc. # 630, 654, 657, 661, 664, 675, and 682) pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).

On February 21, 2017, Magistrate Judge Majzoub issued a Report and Recommendation ("R&R"), wherein she recommended that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 627), Amended Motion{2017 U.S. Dist. LEXIS 2} to Vacate (Doc. # 655), Second Amended Motion to Vacate (Doc. # 659 at 2-11), Supplemental Motion to Vacate (Doc. # 663), Motion for Evidentiary Hearing (Doc. # 649), and Motions for Discovery and Inspection (Doc. # 650, 672, and 681) be **DENIED.** (Doc. # 683, R&R at 2). In light of Magistrate Judge Majzoub's recommendations, she concluded that Petitioner's remaining motions-Motion for Appointment of Counsel (Doc. # 658) and Motions for the Liberal Construction of Pleading (Doc. # 659 at 1 and 674)-should be **DENIED as moot**. (*Id.*).

Petitioner was permitted to file late objections to the Magistrate Judge's R&R, (Doc. # 688), which he did on May 5, 2017. (Doc. # 690, Pet.'s Objs.). The Government has not responded to Petitioner's objections and the time to do so has passed. The Court finds Petitioner's objections to be improper and without merit. Therefore, the Court shall **ACCEPT AND ADOPT** the R&R in its entirety.

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. Fed. R. Civ. P. 72(b)(2). Objections must "(A) specify the part of the order, proposed findings, **{2017 U.S. Dist. LEXIS 3}** recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. Mich. LR 72.1(d).

Objections are not "a second opportunity to present the argument already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004). Moreover, the district court should not consider arguments that have not first been presented to the magistrate judge. *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011).

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**ANALYSIS**

The Court notes that Petitioner's objections are difficult to discern and that they are not numbered in any logical order. Keeping that in mind, the Court will do its best to sort and address Petitioner's objections.

Petitioner's first objection relates to his motions for discovery and inspection. In his objection, Petitioner provides reasons for the requests. This objection is improper because Petitioner never presented these reasons to the Magistrate Judge. The Court will not consider arguments that were not previously made before, and considered **{2017 U.S. Dist. LEXIS 4}** by, the Magistrate Judge. Petitioner's first objection is overruled.

Petitioner's next objection relates to his underlying § 2255 motions. Petitioner argues that his § 2255 claims require an evidentiary hearing. Petitioner makes no mention of the Magistrate Judge's R&R. Nor does Petitioner point to any specific deficiency in Magistrate Judge Majzoub's reasoning as to this issue. As such, this objection is overruled.

In his third objection, Petitioner appears to reassert arguments made in his underlying § 2255 motions. Specifically, Petitioner argues that he was entitled to a *Franks* hearing with regard to wiretap and search warrant affidavits. (Pet.'s Objs. at p. 3). Magistrate Judge Mazjoub has already rejected this argument, noting that:

> Petitioner also alleges that counsel was ineffective in failing to file for or pursue a *Franks* hearing with regard to the wiretap and search warrant affidavits. (Docket no. 627 at 10; docket no. 651 at 36). "Under *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), a defendant is entitled to an evidentiary hearing on the veracity of the statements in the affidavit only if 1) there is a substantial preliminary showing that specified portions of the affiant's averments are deliberately or recklessly false and 2) a finding of probable cause **{2017 U.S. Dist. LEXIS 5}** would not be supported by the remaining content of the affidavit when the allegedly false material is set aside." *United States v. Frazier*, 423 F.3d 526, 538 (6th Cir. 2005). "Warrant affidavits carry with them 'a presumption of validity,' and 'the challenger's attack must be more than conclusory' and must allege 'deliberate falsity or reckless disregard [on the part] *of the affiant*, not of the any nongovernmental informant.'" *United States v. Stuart*, 507 F.3d 391, 396 (6th Cir. 2007) (quoting *Franks*, 438 U.S. at 171) (emphasis added in *Stuart*). The allegations of

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

28321039

deliberate falsity and reckless disregard "must be accompanied by an offer of proof[,] [t]hey should point out specifically the portion of the warrant affidavit that is claimed to be false[,] and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Franks*, 438 U.S. at 171.

Petitioner's allegations in this regard are wholly conclusory. In the brief filed in support of his Motion to Vacate, Petitioner summarizes the substance of the affidavits, namely the statements made by the affiants and the confidential sources, and then he generally states that those statements were uncorroborated, made with a reckless disregard for the truth, and "were knowingly**{2017 U.S. Dist. LEXIS 6}** and intentionally made with the intent to excite prejudice against [Petitioner] without due process." (Docket no. 651 at 25-36). Petitioner does not specify whether he is challenging the statements made by the affiants, by the confidential sources, or both. And Petitioner's allegations are not accompanied by any offer of proof or statement of reasons regarding the material falsity of the statements. Petitioner has failed to show that he was entitled to a *Franks* hearing. Consequently, Petitioner has failed to show that counsel's failure to request a *Franks* hearing was erroneous or that he suffered prejudice as a result.(R&R at pp. 9-10). To the extent that Petitioner objects to the R&R, he fails to point to any specific deficiency in the Magistrate Judge's reasoning. Moreover, the Court agrees with Magistrate Judge Mazjoub's resolution of this issue. Petitioner's objection is overruled.

Petitioner's next objection is titled "Claim No. 6 Felon In Possession of Firearms Issue." (Pet.'s Objs. at p. 3). Petitioner appears to be arguing that his trial attorney was ineffective for failing to provide the court with documentation that would have led to the dismissal of Petitioner's felon-in-possession charges. Petitioner concludes**{2017 U.S. Dist. LEXIS 7}** that the documents submitted by him to support his ineffective assistance claim were all he had access to at the time. (*Id.* at p. 4).

Petitioner's objection is conclusory and fails to point to any specific deficiency in the Magistrate Judge's R&R. Morever, Magistrate Judge Mazjoub has already addressed this argument and the Court agrees with her analysis:

> But Petitioner argues that his counsel failed to competently investigate and present all of the facts surrounding the restoration of his firearm rights, and had they done so, the felon-in-possession counts would have been dismissed. (Docket no. 655 at 2-7; docket no. 673 at 1-2).

> . . . .

> To support his argument in this regard, Petitioner submitted copies of court documents which demonstrate that either the previous firearms charges had been dismissed without prejudice or that he had been acquitted of the charges at trial. (Docket no. 655 at 34-46.). Not one of these documents, however, provides any reason for the dismissals or acquittals, thus, they do not establish that the dismissals or acquittals were based on Petitioner's asserted fact that his right to possess firearms had been restored. Petitioner also submitted a copy of an October 12, 2001**{2017 U.S. Dist. LEXIS 8}** letter sent to the Oakland County Concealed Weapon Licensing Board by attorney S. Allen Earl on behalf of Petitioner, to which letter Petitioner's Application for Restoration of Firearms Rights was purportedly attached, as well as a copy of a certificate generated by the National Rifle Association (NRA), which was awarded to Petitioner on September 21, 2001 for the successful completion of an NRA home protection course. (Docket no. 651-1 at 26-27.) Again, neither of these documents establishes that Petitioner's rights to possess firearms had been restored. And petitioner has not produced any evidence that his Application for Restoration of Firearms Rights was ever granted. Accordingly, Petitioner has not

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

28321039

demonstrated that counsel failed to conduct a reasonable investigation into the restoration of his firearms rights, or that a different result would have occurred absent the alleged error.(R&R at pp. 11-12). To the extent that Petitioner argues now that the documents provided to the Magistrate Judge in support of his § 2255 were all that he had at the time, this does not save Petitioner's claim. Petitioner's fourth objection is overruled.

Petitioner's fifth objection is titled "Ineffective Assistance Claim{**2017 U.S. Dist. LEXIS 9**} regarding Counsel's Failure to Challenge the Warrant Affidavit for Search at 7559 Prairie street and Livernois Avenue in Detroit." (Pet.'s Objs. at p. 4). This objection is without merit. As Magistrate Judge Mazjoub correctly notes, Petitioner's trial attorneys filed two motions to suppress evidence obtained through the search warrants executed at 8843 Livernois Avenue and 7559 Prairie Street in Detroit. (R&R at p. 7). Petitioner fails to acknowledge these motions and he makes no argument that the motions are deficient. As such, this objection is overruled.

In his next objection, Petitioner "contends that the motions were deficient in nature and that counsel's performance was deficient by his filing of a suppression motion before motions to challenge the warrant Affidavit first." (Pet.'s Objs. at p. 4). This objection is improper and without merit. Again, Petitioner fails to point to any deficiency in the Magistrate Judge's R&R. As such, this objection is overruled. Moreover, to the extent Petitioner's objection relates to the motions to suppress evidence obtained through search warrants, Petitioner's argument is misplaced. The motions to suppress filed by Petitioner's trial attorney necessarily attack the sufficiency of the affidavits.

Next, Petitioner argues that{**2017 U.S. Dist. LEXIS 10**} his trial attorney "never argued that Petitioner's right to Speedy Trial had been violated." (Pet.'s Objs. at p. 5). Petitioner appears to take issue with the Magistrate Judge's statement that attorneys are not required to raise non-meritorious claims. Petitioner argues that his right to speedy trial is a constitutional right and can "never" be viewed as non-meritorious. Petitioner's argument in this regard is misplaced and conclusory. Petitioner does not explain, for example, how the speedy trial argument would have been meritorious. As such, Petitioner cannot establish that he was prejudiced by his trial attorney's alleged failure to make it. Petitioner's objection is overruled.

Petitioner next objection relates to the sufficiency of the wiretap warrant affidavit. (Pl.'s Objs. at p. 5). Petitioner states that his trial attorney should have attacked the affidavit for the warrant for wiretaps prior to a suppression motion. Again, this argument was already rejected by the Magistrate Judge. (*See* R&R at pp. 9-10). The Court agrees with the Magistrate Judge's reasoning. This objection is overruled.

Petitioner's next objection relates to evidence regarding a tractor trailer. (Pet.'s Objs. at p. 5). Petitioner claims his trial attorney was ineffective{**2017 U.S. Dist. LEXIS 11**} for failing to challenge the evidence because the tractor trailer was not in Petitioner's possession. This objection is improper and is without merit. Magistrate Judge Majzoub was aware that the tractor trailer was not in Petitioner's possession, which is why she correctly noted that Petitioner failed to establish that he has standing to challenge the search and had therefore failed to demonstrate that his trial attorney erred in failing to file a suppression motion. As such, this objection is overruled.

Next, Petitioner argues that he asked for information regarding Attorney S. Allen Early. (Pet.'s Objs. at p. 6). Petitioner's objection is vague, conclusory and fails to reference the R&R in any concrete manner. The Court overrules this objection.

Petitioner's next objection similarly fails to reference any deficiency in the R&R's reasoning. As such, this objection is overruled.

In his last objection, Petitioner argues that his attorneys were ineffective for failing to challenge the

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

28321039

Government's use of false and misleading statements before the Grand Jury and at sentencing. Petitioner's argument fails for the reasons stated in the R&R: Petitioner does not specifically identify the alleged{**2017 U.S. Dist. LEXIS 12**} false and misleading statements and therefore has provided no basis on which the Court may analyze this claim. (R&R at p. 13). As such, this objection is overruled.

**CONCLUSION & ORDER**

For the foregoing reasons, the Court shall **ADOPT AND ACCEPT** the February 21, 2017 R&R. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 627), Amended Motion to Vacate (Doc. # 655), Second Amended Motion to Vacate (Doc. # 659 at 2-11), Supplemental Motion to Vacate (Doc. # 663), Motion for Evidentiary Hearing (Doc. # 649), and Motions for Discovery and Inspection (Doc. # 650, 672, and 681) are **DENIED**. Petitioner's remaining motions-Motions for Appointment of Counsel (Doc. # 658, 691) and Motions for the Liberal Construction of Pleading (Doc. # 659 at 1 and 674)-are **DENIED as moot**. (*Id.*).

**IT IS SO ORDERED**.

Dated: August 9, 2017

/s/ Sean F. Cox

Sean F. Cox

U. S. District Judge

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

---

**United States of America, Plaintiff, v. <u>Michael Anthony Clark</u>, Defendant.**
**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**
**2017 U.S. Dist. LEXIS 180090**
**Case No. 05-80810**
**October 31, 2017, Decided**
**October 31, 2017, Filed**

---

**Editorial Information: Subsequent History**

Petition denied by Clark v. United States, 2018 U.S. App. LEXIS 20358 (6th Cir., July 20, 2018)

**Counsel**               {2017 U.S. Dist. LEXIS 1}For United States of America, Plaintiff: Kenneth R. Chadwell, Leonid Feller, Steven P. Cares, U.S. Attorney's Office, Detroit, MI.

**Judges:** Sean F. Cox, United States District Judge.

**Opinion**

**Opinion by:**          Sean F. Cox

**Opinion**

### <u>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND DENYING MOTION FOR LIBERAL CONSTRUCTION OF THE PLEADING</u>

On August 9, 2017, the Court issued an order adopting the February 21, 2017 Report and Recommendation of Magistrate Judge Majzoub and denying Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 692). Petitioner now seeks a certificate of appealability (Doc. # 695) and has filed a motion for liberal construction of that pleading (Doc. # 697).

A certificate of appealability must issue before Petitioner may appeal the Court's denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue only if Petitioner makes a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

The Court{2017 U.S. Dist. LEXIS 2} concludes that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. Therefore, the Court declines to issue a certificate of appealability. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. The Court also ORDERS that Petitioner's Motion for Liberal Construction is DENIED as moot.

IT IS SO ORDERED.

Dated: October 31, 2017

/s/ Sean F. Cox

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

28321039

Sean F. Cox

U. S. District Judge

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

> **MICHAEL ANTHONY CLARK, Petitioner-Appellant, v. UNITED STATES OF AMERICA, Respondent-Appellee.**
> **UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**
> **2018 U.S. App. LEXIS 20358**
> **No. 17-2048**
> **July 20, 2018, Filed**

**Editorial Information: Prior History**

United States v. Clark, 2017 U.S. Dist. LEXIS 180090 ( E.D. Mich., Oct. 31, 2017)

**Counsel**    {2018 U.S. App. LEXIS 1}Michael Anthony Clark, Petitioner - Appellant, Pro se, Tucson, AZ.

For United States of America, Respondent - Appellee: Kenneth Ray Chadwell Jr., Assistant U.S. Attorney, United States Attorneys Office, Detroit, MI.

**Judges:** Before: ROGERS, KETHLEDGE, and NALBANDIAN, Circuit Judges.

**Opinion**

ORDER

**Michael Anthony Clark**, a federal prisoner proceeding pro se, petitions for rehearing of this court's order of March 9, 2018, denying his application for a certificate of appealability. The application for a certificate of appealability arose from the district court's order denying Clark's motion to vacate his sentence, filed pursuant to 28 U.S.C. § 2255.

Clark argues that this court erred in denying a certificate of appealability on his claims that: (1) trial counsel performed ineffectively by failing to request a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), to determine the veracity of statements made in wiretap and search warrant affidavits; (2) trial counsel performed ineffectively by failing to move to suppress evidence seized from a residence at 7559 Prairie Street and a car wash and detail shop at 8843 Livernois Avenue; (3) trial counsel performed ineffectively by failing to argue that Clark could not be convicted of possessing a firearm as a convicted{2018 U.S. App. LEXIS 2} felon because his right to possess firearms had been restored; and (4) trial and appellate counsel performed ineffectively by failing to argue that there was insufficient evidence to support his conviction for engaging in a continuing criminal enterprise.

Upon review, we conclude that the court did not act under any misapprehension of law or fact in denying Clark's application for a certificate of appealability. *See* Fed. R. App. P. 40(a)(2). Accordingly, the petition for rehearing is **DENIED**.

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c)  Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: **A Federal Prisoner can invoke the "Savings Clause" of § 2255 and resort to a 28 U.S.C. § 2241 petition to bring claims related to his or her criminal conviction if a § 2255 motion is "inadequate or in effective" for the challenge, under 28 U.S.C. § 2255(e). (§ 2255 is inadequate or ineffective where "a party [] claims that he is factually or legally innocent as a result of a previously unavailable statutory interpretation").** (and he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion.

11.  **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes        ☒ No

If "Yes," provide:

(a)  Date you were taken into immigration custody: _____

(b)  Date of the removal or reinstatement order: _____

(c)  Did you file an appeal with the Board of Immigration Appeals?

☐ Yes            ☐ No

If "Yes," provide:

(1)  Date of filing: _____

(2)  Case number: _____

(3)  Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____

(d)  Did you appeal the decision to the United States Court of Appeals?

☐ Yes            ☐ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Date of filing: _____

(3)  Case number: _____

(4) Result:

(5) Date of result:

(6) Issues raised:

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

XX Yes                    ❒ No

If "Yes," provide:

(a) Kind of petition, motion, or application:   **Appealed  28 U.S.C. § 2255 Motion for(COA)**

(b) Name of the authority, agency, or court:   **United States Court Of Appeals For The Sixth Circuit**

(c) Date of filing:   **November 2017**

(d) Docket number, case number, or opinion number:   **17-2048**

(e) Result:   **All Issues Were Denied**

(f) Date of result:   **July 20, 2018**

(g) Issues raised:   **All Issues were ineffective assistance of counsel claims for not requesting for a Franks Hearing, Search and Seizure challenges, Felon-In-Possession challegnes, and Continuing Criminal Enterprise challenges.**

**Grounds for Your Challenge in This Petition**

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE: PETITIONER"S CURRENT DETENTION IS ILLEGAL BECAUSE HIS CONVICTION IS PREDICATED UPON THE FEDERAL AUTHORITIES IMPERMISSIBLE USE OF MISINTERPRETED USE OF THE STATUTORY ELEMENTS THAT CRIMINALIZE OTHERWISE INNOCENT CONDUCT UNDER 18 U.S.C. § 922(g) AND § 924 (a)(2).**

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

Petitioner was indicted and convicted following a February 12, 2005; search warrant to search the premises of the Petitioner's residence at 7559 Prairie Street, in Detroit,  Michigan. Upon the search Petitioner was found to have stored various of firearms in the residence, by Federal, State and Local law enforcement agencies. Petitioner (stipulated) that he had an felony conviction and that he purchased the firearms legally as he is have been off parole for over eights years now.

(b) Did you present Ground One in all appeals that were available to you?   **See:**   **Memorandum Of Law**

XXYes                    No

**GROUND TWO**: Petitioner's current detention is illegal because his conviction is predicated upon Federal Authorities Impermissible use of misinterpreted use of the statutory elements that criminalize otherwise innocent conduct under 18 U.S.C. § 922 (g)  and § 924 (a)(2).

(a) Supporting facts *(Be brief. Do not cite cases or law.):* Petitioner was approached by Detroit Police department while crouch possessing an broken firearm, which Petitioner had informed the officer, on May 05, 2005.  The case was dismissed in Detroit 3rd. Circuit Court by Judge Kennedy.  Subsequently Petitioner was indicted and convicted for being a Felon-In-Possesion.  Petitioner (Stipulates) that he has a felony conviction, and that the firearm was purchased legally and that he was never put on notice that he belonged to a relevant category of persons barred from possessing firearms under federal law as Petitioner was never convicted in Federal Jurisdiction.

(b) Did you present Ground Two in all appeals that were available to you?   **See:**   **Memorandum Of Law**

XYes                    X No

**GROUND THREE**: _____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

_____
_____
_____
_____
_____
_____
_____

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes                    ☐ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _____

_____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b) Did you present Ground Four in all appeals that were available to you?

❏ Yes                ❏ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did

not:    Applicable precedents was not susceptible to debate and

foreclosed to both grounds One and Two.

_____

_____

**Request for Relief**

15. State exactly what you want the court to do:  Petitioner Respectfully prays that this COurt

Reverse and Vacate his counts of 922 (g), as they were prejudical to

Petitioner's proceedings and Remand for New Trial. Also grant any such

other relief that it may appear to be bothe justified and equitable.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**Declaration Under Penalty Of Perjury**

If you are incarcerated, on what date did you place this petition in the prison mail system:

I Placed the petiton in the mail on September *11* , 2019

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:    September *11* , 2019    *Michael Anthony Clark*

_Signature of Petitioner_

_Signature of Attorney or other authorized person, if any_

CLERK OF THE COURT

U.S. DISTRICT COURT FOR

CENTRAL DISTRICT OF ILLINOIS

100 N.E. MONOE STREET

PEORIA, ILLINOIS 61602

DATED: *September 11, 2019*

CASE NO.: _____

NEW FILING

ORIG. CASE NO. 05-80810

E.D. MICHIGAN , SOUTHERN DIVISION

Re:   MICHAEL ANTHONY CLARK V. WARDEN F.C.I.  PEKIN

Dear Clerk:

Please find enclosed for filing the following:

01.)          Petition For A Writ Of Habeas Corpus Under 28 U.S.C. §2241

02.)          Memorandum Of Law In Support Of 28 U.S.C. §2241 Petition.

03.)          $ 5.00 Filing Fee (Institutional Money-Order)

I would like to thank you in advance for your time and assistance
in the aforementioned matter.  Please advise me of the case number
that you are assigning to this matter.

RESPECTFULLY SUBMITTED,

*Michael Anthony Clark*

MICHAEL ANTHONY CLARK

REGISTER NO. 28321-039

FEDERAL CORRECTIONAL INST.—PEKIN

POST OFFICE BOX 5000

PEKIN,, ILLINOIS 61555

cc:  enclosures



Clerk Of The Court Office
Federal Building
100 NE Monroe ST
Peoria, IL 61602
United States

PRIORITY MAIL



28321-038<>
Federal Building
Clerk Of The Court Office
100 NE Monroe ST
Peoria, IL 61602
United States

2 of 2

Legal Mail

U.S. POSTAGE PAID
$0.00

PRIORITY MAIL
United States Postal Service