UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

MICHAEL ANTHONY CLARK,

      Petitioner

V.

WARDEN, Frederick Entzel

      F.C.I.—PEKIN

      Respondent

Case No. 19-1305

Orig. Case No.: 05—80810
U.S.D.C. E.D. MICHIGAN,
SOUTHERN DIVISION

FILED

SEP 16 2019

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## MEMORANDUM OF LAW IN SUPPORT OF PETITION
## FOR A WRIT OF HABEAS CORPUS PURSUANT
## TO 28 U.S.C. § 2241

      **Comes Now,** Michael Anthony Clark, (hereinafter Petitioner) hereby respectfully files his Memorandum of Law in Support of the accompanying petition for writ of habeas corpus pursuant ot 28 U.S.C. § 2241 and the "Saving Clause" of 28 U.S.C. § 2255(e).

## MOTION FOR THE COURT PROTECTION
## UNDER THE LIBERAL CONSTRUCTION
## OF PLEADING BY A PRISONER

      Petitioner, Michael Anthony Clark, invokes the Court's protection under **Haines v. Kerner,** 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

      As petitioner is a layman who has absolutely no expertise in legal matters, which his legal pleadings must be construed liberally by the court.

      As he is one person, Pro Se litigant, and in support Clark would respectfully submit the following for the Court's consideration:

# I. JURISDICTION

This Honorable Court has jurisdiction to entertain the present Petition for a Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and the "saving clause" of 28 U.S.C. § 2255(e). This Court has the power of jurisdiction to adjudicate the claim of a federal prisoner, like Petitioner Clark, when the remedy afforded under § 2255 is "inadequate" or "ineffective" to test the legality of the detention under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first § 2255 motion. **In re Davenport**, 147 F. 3d 605, 611 (7th Cir. 1998). **Thus**, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circum-stances: specifically, only upon showing "(1) that he relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section §2255 motion,' (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceedings, and (3) that the error is 'grave enough....to be deemed a miscarriage of justice corrigible therefore in habeas corpus proceeding, 'such as one resulting in 'a conviction for a crime of which he was innocent'" **Montana v. Cross**, 829 F. 3d 775, 783 (7th Cir. 2016), cert. denied sub nom. **Montana v. Werlich**, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017)(**citing** **Brown v. Rios**, 696 F. 3d 638, 64 (7th Cir. 2012)). **Also**, "a rule is said to be new when it was not

(02)

'dictated by precedent existing at the time the defendant's conviction became final.' **Chaidez v. United States**, 655 F.3d 684, 688 (7th Cir. 2011) (**quoting Teague**, 489 U.S. at 301 (emphasis in original)).  A rule was dictated by precedent when the outcome was not susceptible to debate among reasonable minds.  **Id. (citing Butler v. McKellar**, 494 U.S. 407, 415, 110 S, Ct. 1212 108 L. Ed. 2d 347 (1990)).

## II. BACKGROUND

This is Petitioner, Michael Anthony Clark's, petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, from his jury convictions and sentences.

Petitioner Clark, trial proceedings occurred in the Eastern District of Michigan, Southern Division.

On Febrary 08, 2005 there was application made to the Court for an order authorizing the interception of wire communication's under 18 U.S.C. § 2518, with respect to the telephone's.

On Febrary 12, 2005 a warrant was obtained to search the premises of petitioner's residence at 7559 Prairie Street in Detroit, Michigan; that derived from the wire communications.

On Febrary 13, 2005 in the early hour of the morning (3:15 or 4:00am) a search warrant was executed and deriving from the search was numberous of firearms and related firearms paraphernalia at petitioner's residence. (which were purchased legally or attained legally, no firearms were stolen or had obliverated serial numbers).

On May 05, 2005; Petitoner was in possession of said broken/disable firearm. (registered legally firearm)

On September of sometime of 2005, a serch warrant was obtained to search Petitioner's business's at 8843 Livernois Ave., 14440 Plymouth Rd. and 17026 Plynouth Rd. all of which were in the city of Detroit, Michigan.

On September of sometime in 2005, a search warrant was executed and deriving from the search was numberous of firearms and related firearms paraphernalia at petitioner's businesses.**1/**

Petitioner was originally indicted with 14 other persons in October of 2005, on various drug, firearms, wiretap and money laundering and tax invasions cahrges. Petitioner Clark, proceeded to trial on 16 of the 44 count Superseding Indictment. **(see indictment/superseding indictment)(attached)**

Petitioner was charged in the Superseding Indictment with Conspiracy to possess with intent to distribute and to distribute 1000 kilograms or more of Marijuana 21 U.S.C. § 846 and § 841 (a)(1) (count 1); Conspiracy to possess with intent to distribute and to distribute cocaine, 21 U.S.C. § 846 and § 841 (a)(1) (count 2); Operating a Continuing Criminal Enterprise 21 U.S.C. 848 (count 4); Unlawful Use of Communication Facilities, 21 U.S.C. § 843 (b) (count 5-7,9,11,13,33); Conspiracy to Launder Money Instruments, 18 U.S.C. § 1956 (count 35); Money Laundering, 18 U.S.C. § 1956 and § 1957 (count 36); Felon-In-Possession Of A Firearm, 18 U.S.C. § 922 (g), all in violation of 924(c) (counts 41 and 42)**2/** and Criminal Forfeiture(counts 43 and 44).

Petitioner was convicted of the Marijuana and Cocaine conspiracies (counts 1 and 2); also of Continuing Criminal Enterprise (count 4); Six counts of Using a Communication facility(counts 5,7,11,13,33); Felon-In-Possession of a Firearm (counts 41,42);**3/** and in a separate proceeding,

---

1/ all firearms charged were infact purchased and or attained legally, no firearm were stolen or had obliverated serial numbers or used in any kind of criminal aspect. 2/The Superseding Indictment described counts 41&42 as violations of 18 U.S.C. §924. This error was never brought back in front of the Grand Jury to charge 18 U.S.C. 922(g). See jury verdicted (attached) 3/ All other firearms found in search of Petitioner's other businesses were not charged to petitioner.

41

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

```
JUDGE : Zatkoff, Lawrence P.
DECK  : Det/AA Judge Crim Deck
DATE  : 09/08/2005 @ 16:25:05
CASE NUMBER : 2:05CR80810
SEALED MATTER
```

**UNITED STATES OF AMERICA,**

Plaintiff,

vs.

**D-1  MICHAEL ANTHONY CLARK,**
  a.k.a. "Mike Nitty," a.k.a. "Mike,"
**D-2  KEVIN LENARD YOUNGBLOOD, a.k.a."Kev"**
**D-3  CHARLES RILEY GADSON, a.k.a. "Chuck,"**
**D-4  JAMES JACKSON, a.k.a. "Ziggy,"**
**D-5  FNU LNU, a.k.a. "Tio,"**
**D-6 TODD DUANE BENALLY, a.k.a. "T," a.k.a. "Roberto Jose Garcia," a.k.a. "Rojo,"**
**D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble,"**
**D-8 BESSIE BLOUNT HOWARD,**
**D-9 ALISSA CANTY,**
**D-10 STEPHANIE HELENE BAXTER,**
**D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut,"**
**D-12 JERRY L. SEXTON, a.k.a. "J,"**
**D-13 LEE H. GILMORE, a.k.a. "Crazy Lee,"**
**D-14 LEON JOHNSON, Jr., a.k.a. "Nick,"**
**D-15 FELIX PEDRO BETANCO,**

Defendants.

VIO: 21 U.S.C. §§ 841(a)(1) & 846
      21 U.S.C. §843(b)
      21 U.S.C. §848
      18 U.S.C. §§1956 & 1957
      18 U.S.C. §924(c)

MAGISTRATE JUDGE MONA K. MAJZOUB

FOR: 21 U.S.C. §853(a)
      18 U.S.C. §982(a)(1)

_____/

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE

**(21 U.S.C. §§846 and 841(a)(1) - Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana)**

**D-1  MICHAEL ANTHONY CLARK,**
  a.k.a. "Mike Nitty," a.k.a. "Mike,"
**D-2  KEVIN LENARD YOUNGBLOOD, a.k.a."Kev"**
**D-3  CHARLES RILEY GADSON. a.k.a. "Chuck,"**

GADSON, a.k.a. "Chuck," did act as the "right hand man," to defendant D-1 MICHAEL

ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," and as his first lieutenant, and did act as

a high level manager and leader of the drug distribution organization.

In furtherance of the conspiracy, defendant D-3 CHARLES RILEY GADSON, a.k.a.

"Chuck," did collect and coordinate the collection of drug proceeds obtained from the distribution

of the narcotics by the organization headed by defendant D-1 MICHAEL ANTHONY CLARK,

a.k.a. "Mike Nitty," a.k.a. "Mike."

In furtherance of the conspiracy, defendant D-5 FNU LNU, a.k.a. "Tio," was one of the

suppliers of marijuana which the organization distributed.  Defendants D-5 FNU LNU, a.k.a. "Tio"

and Shanita Garcia, a.k.a. "Sandy," were responsible for obtaining quantities of marijuana from

Mexican and Arizona suppliers of marijuana, storing these quantities of marijuana in Arizona, and

for coordinating the shipments of marijuana to the Eastern District of Michigan.

As part of his role and in furtherance of the conspiracy, defendant D-6 TODD DUANE

BENALLY, a.k.a. "T," a.k.a. "Roberto Jose Garcia," a.k.a. "Rojo," was responsible for transporting

the monies needed to purchase the quantities of marijuana, and the proceeds from the illegal drug

distribution from defendant D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a.

"Mike," to defendant D-5 FNU LNU, a.k.a. Tio;" and was responsible for recruiting individuals to

transport the narcotics from the Western United States and elsewhere to the Eastern District of

Michigan for distribution.

As part of his role and in furtherance of the conspiracy, defendant D-4 JAMES JACKSON,

a.k.a. "Ziggy," was responsible for delivering the monies needed to purchase the quantities of

4

marijuana to the couriers who transported the narcotics from the Western United States and elsewhere, to the Eastern District of Michigan and elsewhere for distribution, and to obtain the quantities of marijuana delivered by the couriers to the Eastern District of Michigan for distribution, and to provide it to D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.ka. "Mike" for distribution in the Eastern District of Michigan and elsewhere.

As part of his role and in furtherance of conspiracy, defendant, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did solicit D-9 ALISSA CANTY, who agreed and did store and conceal quantities of marijuana, and proceeds from the sale of the illegal narcotics, in her home, and to provide her car as a means to transport quantities of marijuana to be stored in her home, and in other locations throughout the Eastern District of Michigan and elsewhere.

As part of his role and in furtherance of conspiracy, defendant, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did solicit defendant D-10 STEPHANIE HELENE BAXTER, who agreed and did store and conceal quantities of marijuana, and proceeds from the sale of the illegal narcotics, in her home, and to provide her car as a means to transport quantities of marijuana to be stored in her home, and in other locations throughout the Eastern District of Michigan and elsewhere.

As part of his role an in furtherance of the conspiracy, defendant, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did solicit D-9 BESSIE BLOUNT HOWARD, who agreed and did store and conceal proceeds from the sale of the illegal narcotics, in her home.

In furtherance of the conspiracy, defendant D-15 FELIX PEDRO BETANCO, did transport approximately 578 kilograms or more of marijuana from Arizona to Detroit, Michigan, where the marijuana was seized.

5

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

### (21 U.S.C. §§846 and 841(a)(1) - Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine)

D-1   MICHAEL ANTHONY CLARK,
     a.k.a. "Mike Nitty," a.k.a. "Mike,"
D-2   KEVIN LENARD YOUNGBLOOD, a.k.a."Kev"
D-7   TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble,"
D-8   BESSIE BLOUNT HOWARD,
D-9   ALISSA CANTY,
D-10  STEPHANIE HELENE BAXTER,
D-11  RAMANDO ANTONE WELLONS, a.k.a. "Donut,"
D-12  JERRY L. SEXTON, a.k.a. "J,"
D-14  LEON JOHNSON, Jr., a.k.a. "Nick,"

That between in or about February 2005 and July 2005, said dates being approximate, in

the Eastern District of Michigan, Southern Division, and elsewhere defendants, D-1 MICHAEL

ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," D-2 KEVIN LENARD

YOUNGBLOOD, a.k.a."Kev" D-7 TREYVAN AGEE, a.k.a. "James Clark, " a.k.a. "C-Pebble,"

D-8 BESSIE BLOUNT HOWARD, D-9 ALISSA CANTY, D-10 STEPHANIE HELENE

BAXTER, D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut," D-12 JERRY L. SEXTON,

a.k.a. "J," and D-14 LEON JOHNSON, Jr., a.k.a. "Nick,"defendants herein, did knowingly,

intentionally and unlawfully combine, conspire, confederate and agree with each other and with

other persons whose names are both known and unknown to the grand jury to commit an offense

against the United States, that is, to possess with intent to distribute and to distribute a mixture or

substance containing a detectable amount of cocaine, that being approximately 11 kilograms or

more of cocaine, a Schedule II Controlled Substance, contrary to Title 21, United States Code,

6

Section 841(a)(1).

### Manner and Means

In furtherance of the conspiracy, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," enlisted others to assist him in overseeing the drug distribution activities and collection of drug proceeds for the organization and to further its operation through recruitment of other members of the conspiracy to sell the drugs and assist in the collection of drug proceeds.

As part of his role and in furtherance of the conspiracy, defendant D-3 CHARLES RILEY GADSON, a.k.a. "Chuck," did act as the "right hand man," to defendant D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," and as his first lieutenant, and did act as a high level manager and leader of the drug distribution organization.

In furtherance of the conspiracy, defendant D-3 CHARLES RILEY GADSON, a.k.a. "Chuck," did collect and coordinate the collection of drug proceeds obtained from the distribution of the narcotics by the organization headed by defendant D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike."

In furtherance of the conspiracy, defendant D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," recruited and caused others to enlist many subordinate associates to store the cocaine in their homes, and in stash-houses, to prevent detection by law enforcement authorities, and to distribute the marijuana throughout the Eastern District of Michigan, and elsewhere.

In furtherance of the conspiracy, defendant D-2 KEVIN LENARD YOUNGBLOOD" a.k.a. "Kev," enlisted others to assist him in overseeing the drug distribution activities and

7

collection of drug proceeds for the organization and to further its operation through recruitment of other members of the conspiracy to sell the drugs and assist in the collection of drug proceeds.

In furtherance of the conspiracy, defendant D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did utilize defendant, D-12 JERRY SEXTON, a.k.a. "J," as a source of supply of multiple kilogram quantities of cocaine for distribution.

In furtherance of the conspiracy, defendant D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did utilize defendant, D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble," as a source of supply of multiple kilogram quantities of cocaine for distribution.

As part of his role and in furtherance of conspiracy, defendant, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did solicit D-9 ALISSA CANTY, who agreed and did store and conceal quantities of marijuana, and proceeds from the sale of the illegal narcotics, in her home, and to provide her car as a means to transport quantities of the narcotics to be stored in her home, and in other locations throughout the Eastern District of Michigan and elsewhere.

As part of his role and in furtherance of conspiracy, defendant, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did solicit defendant D-10 STEPHANIE HELENE BAXTER, who agreed and did store and conceal quantities of narcotics, and proceeds from the sale of the illegal narcotics, in her home, and to provide her car as a means to transport quantities of the narcotics to be stored in her home, and in other locations throughout the Eastern District of Michigan and elsewhere.

As part of his role an in furtherance of the conspiracy, defendant, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did solicit D-8 BESSIE BLOUNT HOWARD, who agreed and

8

did store and conceal proceeds from the sale of the illegal narcotics, in her home.

All in violation of Title 21, United States Code, Section 846.

## COUNT THREE

### (21 U.S.C. §841(a)(1) - Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine Base ("Crack Cocaine"))

**D-2   KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"**
**D-7   TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble"**
**D-12 JERRY L. SEXTON, a.k.a. "J"**

That from on or about February 2005 through July 2005, said dates being approximate, in

the Eastern District of Michigan, Southern, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble," and JERRY L.

SEXTON, a.k.a. "J," defendants herein, did knowingly, intentionally and unlawfully combine,

conspire, confederate and agree with each other and with other persons whose names are both

known and unknown to the grand jury to commit an offense against the United States, that is, to

possess with intent to distribute and to distribute cocaine base   "crack cocaine" – a Schedule II

Controlled Substance, contrary to Title 21, United States Code, Section 841.

All in violation of 21 U.S.C. §846.

## COUNT FOUR

### (21 U.S.C. §848 - Continuing Criminal Enterprise)

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**

That in or about the year 1996, said date being approximate, and continuing thereafter up

to including the date of this indictment, in the Eastern District of Michigan, Southern Division,

9

and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike,"
defendant herein, did knowingly, intentionally, and unlawfully engage in a continuing criminal
enterprise in that he unlawfully, willfully, intentionally and knowingly did violate, Title 21,
United States Code, Sections 841(a)(1), 843 (b) and 846 on three or more occasions, which was a
continuing series of violations wherein he served as the principal organizer and leader of the
criminal enterprise set forth in Counts One and Two of this Indictment, to wit: Conspiracy to
Possess with Intent to Distribute and to Distribute Marijuana and Cocaine, Schedule I and II
Controlled Substances, in violation of 21 U.S.C. §§841(a)(1) and 846, and did obtain substantial
income and resources from such violations.

All in violation of 21 U.S.C. §848.

### COUNT FIVE

**(Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))**

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**
**D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"**

That on or about February 10, 2005, said date being approximate, in the Eastern District
of Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a.
"Mike Nitty," a.k.a. "Mike," and D-2 KEVIN LENARD YOUNGBLOOD, defendants herein,
did unlawfully use T-Mobile and Sprint PCS Communications Cellular Services, both
communication facilities, to commit an act or acts constituting a felony, to wit, conspiracy to
possess with intent to distribute and to distribute controlled substances, contrary to the provisions
of Title 21, United States Code, section 841(a)(1).

10

All in violation of 21 U.S.C. §843(b).

## COUNT SIX

**(21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)**

**D-1 MICHAEL ANTHONY CLARK, a.k.a."Mike Nitty," a.k.a. "Mike"**

That on or about February 21, 2005, said date being approximate, in the Eastern District

of Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a.

"Mike Nitty," a.k.a. "Mike," defendant herein, did unlawfully use T-Mobile Cellular Services,

both communication facilities, to commit an act or acts constituting a felony, to wit, conspiracy

to possess with intent to distribute and to distribute controlled substances, contrary to the

provisions of Title 21, United States Code, section 841(a)(1).

## COUNT SEVEN

**(Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances  - 21 U.S.C. §843(b))**

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**
**D-3 CHARLES RILEY GADSON, a.k.a. "Chuck"**

That on or about April 20, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike

Nitty," a.k.a. "Mike," and D-3 CHARLES RILEY GADSON, a.k.a. "Chuck," defendants herein,

did unlawfully use T-Mobile, Nextel Communications and Nextel Communications Cellular

Services, both communication facilities, to commit an act or acts constituting a felony, to wit,

conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to

11

the provisions of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT EIGHT

**(21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)**

### D-3 CHARLES RILEY GADSON, a.k.a. "Chuck"

That on or about February 10, 2005, said date being approximate, in the Eastern District

of Michigan, Southern Division, and elsewhere, D-3 CHARLES RILEY GADSON, a.k.a.

"Chuck," defendant herein, did unlawfully use Nextel Communications Cellular Services, a

communication facility, to commit an act or acts constituting a felony, to wit, conspiracy to

possess with intent to distribute and to distribute controlled substances, contrary to the provisions

of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT NINE

**(Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))**

### D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"
### D-4 JAMES JACKSON, a.k.a. "Ziggy"

That on or about April 15, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike

Nitty," a.k.a. "Mike," and D-4 JAMES JACKSON, a.k.a. "Ziggy,"defendants herein, did

unlawfully use Nextel Communications and Cingular Wirelss Cellular Services, both

12

communication facilities, to commit an act or acts constituting a felony, to wit, conspiracy to

possess with intent to distribute and to distribute controlled substances, contrary to the provisions

of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TEN

### (21 U.S.C. §843(b) -- Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-4 JAMES JACKSON, a.k.a. "Ziggy"**

That on or about April 3, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-4 JAMES JACKSON, a.k.a. "Ziggy," defendant

herein, did unlawfully use Nextel Communications and Cingular Wireless Cellular Services, a

communication facility, to commit an act or acts constituting a felony, to wit, conspiracy to

possess with intent to distribute and to distribute controlled substances, contrary to the provisions

of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT ELEVEN

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**
**D-5 FNU LNU, a.k.a. "Tio"**

That on or about May 31, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike

13

Nitty," a.k.a. "Mike," and D-5 FNU LNU, a.k.a. "Tio,"defendants herein, did unlawfully use

Nextel Communications and T-Mobile Cellular Services, both communication facilities, to

commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute

and to distribute controlled substances, contrary to the provisions of Title 21, United States Code,

section 841(a)(1).

    All in violation of 21 U.S.C. §843(b).

## COUNT TWELVE

**(21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)**

**D-5 FNU LNU, a.k.a. "Tio"**

    That on or about May 27, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-5 FNU LNU, a.k.a. "Tio," defendant herein, did

unlawfully use T-Mobile Cellular Services, a communication facility, to commit an act or acts

constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute

controlled substances, contrary to the provisions of Title 21, United States Code, section

841(a)(1).

    All in violation of 21 U.S.C. §843(b).

14

## COUNT THIRTEEN

**(Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances  - 21 U.S.C. §843(b))**

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**
**D-6 TODD DUANE BENALLY, a.k.a. "T," a.k.a. "Roberto Jose Garcia," a.k.a. "Rojo"**

That on or about June 25, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike

Nitty," a.k.a. "Mike," and "D-6 TODD DUANE BENALY, a.k.a. "T," a.k.a. "Roberto Jose

Garcia," a.k.a. "Rojo" defendants herein, did unlawfully use Nextel Communications Cellular

Services, both communication facilities, to commit an act or acts constituting a felony, to wit,

conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to

the provisions of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT FOURTEEN

**(21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)**

**D-6 TODD DUANE BENALLY, a.k.a. "T," a.k.a. "Roberto Jose Garcia," a.k.a. "Rojo"**

That on or about June 19, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-6 TODD DUANE BENALLY, a.k.a. "T," a.k.a.

"Roberto Jose Garcia," a.k.a. "Rojo" defendant herein, did unlawfully use Nextel

Communications Cellular Services, a communication facility, to commit an act or acts

constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute

15

controlled substances, contrary to the provisions of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT FIFTEEN

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

**D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"**
**D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble"**

That in or about April 20, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," and "D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble," defendants herein, did unlawfully use Sprint PCS and Nextel Communications Cellular Services, both communication facilities, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT SIXTEEN

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble"**

That on or about May 31, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-7 TREYVAN AGEE, a.k.a. "James Clark,"

a.k.a. "C-Pebble" defendant herein, did unlawfully use Nextel Communications Cellular

Services, a communication facility, to commit an act or acts constituting a felony, to wit,

conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to

the provisions of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT SEVENTEEN

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

### D-2  KEVIN LENARD YOUNGBLOOD
### D-8 BESSIE BLOUNT HOWARD

That on or about April 20, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," and D-8 BESSIE BLOUNT HOWARD, defendants herein, did unlawfully use Sprint

PCS and Nextel Communications Cellular Services, both communication facilities, to commit an

act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to

distribute controlled substances, contrary to the provisions of Title 21, United States Code,

section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT EIGHTEEN

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

### D-8 BESSIE BLOUNT HOWARD

That on or about April 23, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-8 BESSIE BLOUNT HOWARD, defendant

herein, did unlawfully use Nextel Communications Cellular Services, a communication facility,

to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to

distribute and to distribute controlled substances, contrary to the provisions of Title 21, United

States Code, section 841(a)(1).

   All in violation of 21 U.S.C. §843(b).

## COUNT NINETEEN

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

### D-2   KEVIN LENARD YOUNGBLOOD
### D-9 ALISSA CANTY

   That on or about June 27, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," and D-9ALISSA CANTY, defendants herein, did unlawfully use Sprint PCS and Nextel

Communications Cellular Services, both communication facilities, to commit an act or acts

constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute

controlled substances, contrary to the provisions of Title 21, United States Code, section

841(a)(1).

   All in violation of 21 U.S.C. §843(b).

18

## COUNT TWENTY

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-9 ALISSA CANTY**

That on or about May 21, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-9 ALISSA CANTY, defendant herein, did

unlawfully use Nextel Communications Cellular Services, a communication facility, to commit

an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to

distribute controlled substances, contrary to the provisions of Title 21, United States Code,

section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-ONE

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances  - 21 U.S.C. §843(b))

**D-2  KEVIN LENARD YOUNGBLOOD**
**D-10 STEPHANIE HELENE BAXTER**

That on or about April 18, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," and D-10 STEPHANIE HELENE BAXTER, defendants herein, did unlawfully use Sprint

PCS and Nextel Communications Cellular Services, both communication facilities, to commit an

act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to

distribute controlled substances, contrary to the provisions of Title 21, United States Code,

19

section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTYTWO

**(21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)**

**D-10 STEPHANIE HELENE BAXTER**

That on or about May 25, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-10 STEPHANIE HELENE BAXTER, defendant

herein, did unlawfully use Nextel Communications Cellular Services, a communication facility,

to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to

distribute and to distribute controlled substances, contrary to the provisions of Title 21, United

States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-THREE

**(Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances  - 21 U.S.C. §843(b))**

**D-2  KEVIN LENARD YOUNGBLOOD**
**D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut"**

That on or about May 25, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," and D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut," defendants herein, did

unlawfully use Sprint PCS Cellular Services, both communication facilities, to commit an act or

acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-FOUR

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

### D-11 RAMANDO WELLONS, a.k.a. "Donut"

That on or about April 28, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut," defendant herein, did unlawfully use Sprint PCS Cellular Services, a communication facility, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-FIVE

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances  - 21 U.S.C. §843(b))

### D-2  KEVIN LENARD YOUNGBLOOD
### D-12 JERRY L. SEXTON, a.k.a. "J"

That on or about April 16, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

21

"Kev," and D-12 JERRY L. SEXTON, a.k.a. "J," defendants herein, did unlawfully use Sprint

PCS and Verizon Wireless Cellular Services, both communication facilities, to commit an act or

acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute

controlled substances, contrary to the provisions of Title 21, United States Code, section

841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-SIX

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-12 JERRY L. SEXTON, a.k.a. "J"**

That on or about June 13, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-12 JERRY L. SEXTON, a.k.a. "J," defendant

herein, did unlawfully use Verizon Wireless Cellular Services, a communication facility, to

commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute

and to distribute controlled substances, contrary to the provisions of Title 21, United States Code,

section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-SEVEN

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

**D-2   KEVIN LENARD YOUNGBLOOD**
**D-13  LEE H. GILMORE, a.k.a. "Crazy Lee"**

That on or about June 28, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," and D-13 LEE H. GILMORE, a.k.a. "Crazy Lee," defendants herein, did unlawfully use

Sprint PCS and T-Mobile Cellular Services, both communication facilities, to commit an act or

acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute

controlled substances, contrary to the provisions of Title 21, United States Code, section

841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-EIGHT

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-13 LEE H. GILMORE, a.k.a. "Crazy Lee"**

That on or about June 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-13 LEE H. GILMORE, a.k.a. "Crazy Lee,"

defendant herein, did unlawfully use T-Mobile Cellular Services, a communication facility, to

commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute

and to distribute controlled substances, contrary to the provisions of Title 21, United States Code,

section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-NINE

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

### D-2  KEVIN LENARD YOUNGBLOOD
### D-14 LEON JOHNSON, Jr. a.k.a. "Nick"

That on or about April 5, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," and D-14 LEON JOHNSON, Jr. a.k.a. "Nick," defendants herein, did unlawfully use

Sprint PCS and Cingular Wireless Cellular Services, both communication facilities, to commit an

act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to

distribute controlled substances, contrary to the provisions of Title 21, United States Code,

section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT THIRTY

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

### D-14 LEON JOHNSON, Jr. a.k.a. "Nick"

That on or about June 25, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-14 LEON JOHNSON, Jr. a.k.a. "Nick,"

defendant herein, did unlawfully use Cingular Wireless Cellular Services, a communication

facility, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to

24

distribute and to distribute controlled substances, contrary to the provisions of Title 21, United

States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT THIRTY-ONE

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

**D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"**
**D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble"**

That on or about April 9, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Mike "Kev," and D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble" defendants

herein, did unlawfully use Sprint PCS and Nextel Communications Cellular Services, both

communication facilities, to commit an act or acts constituting a felony, to wit, conspiracy to

possess with intent to distribute and to distribute controlled substances, contrary to the provisions

of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT THIRTY-TWO

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble"**

That on or about May 11, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-7 TREYVAN AGEE, a.k.a. "James Clark,"

25

a.k.a. "C-Pebble" defendant herein, did unlawfully use Nextel Communications Cellular

Services, a communication facility, to commit an act or acts constituting a felony, to wit,

conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to

the provisions of Title 21, United States Code, section 841(a)(1).

### COUNT THIRTY-THREE

#### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

### D-1  MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"
### D-15 FELIX PEDRO BETANCO

That in or about May 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike

Nitty," a.k.a. "Mike," and D-15 FELIX PEDRO BETANCO, defendants herein, did unlawfully

use T-Mobile and Nextel Communications Cellular Services, both communication facilities, to

commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute

and to distribute controlled substances, contrary to the provisions of Title 21, United States Code,

section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

### COUNT THIRTY-FOUR

#### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

### D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"

That in or about April 2005, said date being approximate, in the Eastern District of

26

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a,

"Kev," defendant herein, did unlawfully use Sprint PCS Cellular Services, communication

facilities, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent

to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United

States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT THIRTY-FIVE

### (18 U.S.C. §§ 1956(a)(1)(A)(i); (a)(1)(B)(i) and (ii); 1957(a) and (h)(6) - Conspiracy to Launder Monetary Instruments)

### D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"
### D-3 CHARLES RILEY GADSON, a.k.a. "Chuck"

That beginning in or about December 2004 through the date of this indictment, said dates

being approximate, defendant, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a.

"Mike," D-3 CHARLES RILEY GADSON, a.k.a. "Chuck," and others both known and

unknown to the grand jury, did knowingly, intentionally, and unlawfully combine, confederate

and agree with one another and with other persons, both known and unknown to the grand jury,

to commit an offense against the United States, that is, the laundering of monetary instruments in

violation of Title 18, United States Code, Sections 1956 (a)(1)(A)(i); (a)(1)(B)(i) and (ii) and

1957(a).

Specifically, these defendants, knowing that the property involved represented the

proceeds of some form of unlawful activity, as defined in Title 18, United States Code, Section

1956(c)(1), that is, a conspiracy to distribute controlled substances, a felony under Title 21,

27

United States Code, Sections 846 and 841(a)(1), did conspire and agree to conduct and to cause

to be conducted financial transactions affecting interstate or foreign commerce which involved

the proceeds of said unlawful activity, (1) with the intent to promote the carrying on of specified

unlawful activity; (2) knowing that the transactions were designed in whole or in part to conceal

or disguise the nature, location, source, ownership and control of the proceeds of such unlawful

activity; and (3) to avoid reporting requirements under federal law.

### Manner and Means

As part of the unlawful conspiracy, from on or about 1998 through the date of this

indictment, said dates being approximate, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike

Nitty," a.k.a. "Mike, defendant herein, did purchase the following six properties for the following

listed purchase prices:

1. 1289 Hunter Court, Milford, Michigan ($545,000)

2. 7559 Prairie Street, Detoit, Michigan ($42,000)

3. 8843 Livernois Avenue, Detroit, Michigan ($49,000)

4. 8867 Livernois Avenue, Detroit, Michigan ($20,000)

5. 14440 Plymouth Road, Detroit, Michigan ($35,000)

6. 17026 Plymouth Road, Detroit, Michigan ($40,000)

7. 10075 Elmira, Detroit, Michigan ($

As part of the unlawful conspiracy, from on or about 1998 through the date of this

indictment, said dates being approximate, D-1 MICHAEL ANTHONY CLARK, a.k.a.

28

"Mike Nitty," a.k.a. "Mike, defendant herein, did purchase the following 12 automobiles for the following listed purchase prices:

1. 2003 MERCURY MARAUDER - VIN: 2MEHM75V23X602214

2. 1998 RANGE ROVER - VIN: SALPV1449WA378929

3. 2000 CHEVROLET VENTURE VAN - VIN: 1GNDX13E8YD253279

4. 1996 CHEVROLET IMPALA - VIN: 1G1BL52P0TR126021

5. 1997 BMW M3 - VIN: WBSBG9329VEY75151

6. 1969 BUICK CONVERTIBLE - VIN: 484679H322299

7. 1995 HARLEY DAVIDSON - VIN: 1HD1BNL16SY022751

8. 2000 SUZUKI MOTORCYCLE - VIN: JS1GW71A5Y2107116

9. 2002 GMC PICKUP - VIN: 1GTHK29102E136879

10. 2004 DODGE VIPER - VIN: 1B3JZ65Z04V101358

11. 2003 DODGE VIPER - VIN: 1B3JR65Z03V501869

12. 2003 GM HUMMER - VIN: 5GRGN23633H117330

As part of the unlawful conspiracy, from on or about 1994 through the date of this indictment, said dates being approximate, D-3 CHARLES RILEY GADSON, a.k.a. "Chuck" defendant herein, did expend approximately $4.5 million (U.S. currency) at the Greektown Casinos, Detroit, Michigan.

All in violation of Title 18, United States Code, Section 1956(h)(6).

## COUNT THIRTY-SIX

### (18 U.S.C. §§1956(a)(1)(A)(i);(a)(1)(B)(i) and 1957(a) - Laundering Monetary Instruments)

### D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"

That beginning in 1998 and continuing through the date of this indictment, said dates being approximate, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike" defendant herein, did, knowing that the property involved represented the proceeds of some form of unlawful activity, as defined in Title 18, United States Code, Section 1956(c)(1), that is, a conspiracy to distribute controlled substances, a felony under Title 21, United States Code, Sections 846 and 841(a)(1), conduct and to cause to be conducted a financial transaction affecting interstate or foreign commerce, to wit: purchase of the following 12 vehicles:

1. 2003 MERCURY MARAUDER - VIN: 2MEHM75V23X602214

2. 1998 RANGE ROVER - VIN: SALPV1449WA378929

3. 2000 CHEVROLET VENTURE VAN - VIN: 1GNDX13E8YD253279

4. 1996 CHEVROLET IMPALA - VIN: 1G1BL52P0TR126021

5. 1997 BMW M3 - VIN: WBSBG9329VEY75151

6. 1969 BUICK CONVERTIBLE - VIN: 484679H322299

7. 1995 HARLEY DAVIDSON - VIN: 1HD1BNL16SY022751

8. 2000 SUZUKI MOTORCYCLE - VIN: JS1GW71A5Y2107116

9. 2002 GMC PICKUP - VIN: 1GTHK29102E136879

10. 2004 DODGE VIPER - VIN: 1B3JZ65Z04V101358

11. 2003 DODGE VIPER - VIN: 1B3JR65Z03V501869

12. 2003 GM HUMMER - VIN: 5GRGN23633H117330

which involved the proceeds of said unlawful activity, (1) with the intent to promote the

carrying on of specified unlawful activity, (2) knowing that the transactions were

designed in whole or in part to conceal or disguise the nature, location, source, ownership

and control of the proceeds of such unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i),

(a)(1)(B)(i) and 1957(a).

## COUNT THIRTY-SEVEN

### (18 U.S.C. §§1956(a)(1)(A)(i); (a)(1)(B)(i) and (ii), and 1957(a) - Laundering Monetary Instruments)

**D-3 CHARLES RILEY GADSON, a.k.a. "Chuck"**

That from in or about 1996 through the date of this indictment, said dates being

approximate, D-3 CHARLES RILEY GADSON, a.k.a. "Chuck,"defendant herein, did,

knowing that the property involved represented the proceeds of some form of unlawful

activity, as defined in Title 18, United States Code, Section 1956(c)(1), that is, a

conspiracy to distribute controlled substances, a felony under Title 21, United States

Code, Sections 846 and 841(a)(1), conduct and to cause to be conducted financial

transactions affecting interstate or foreign commerce, to wit: expended approximately

$4.5 million dollars at the Greektown Casino, Detroit, Michigan, which involved the

31

proceeds of said unlawful activity, (2) knowing that the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership and control of the proceeds of such unlawful activity, and (3) to avoid reporting requirements under federal law.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i) and (ii) and 1957(a).

## COUNT THIRTY-EIGHT

### (21 U.S.C. §841(a)(1) - Possession with Intent to Distribute Marijuana)

### D-15 FELIX PEDRO BETANCO

That on or about May 31, 2005, in the Eastern District of Michigan, Southern Division, D-15 FELIX PEDRO BETANCO, defendant herein, did knowingly, intentionally and unlawfully possess with intent to distribute 578 kilograms or more of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THIRTY-NINE

### (21 U.S.C. §841(a)(1) - Possession with Intent to Distribute Marijuana)

### D-2 KEVIN LENARD YOUNGBLOOK, a.k.a. "Kev"
### D-9 ALISSA CANTY

That on or about June 28, 2005, in the Eastern District of Michigan, Southern Division, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," and D-9 ALISSA CANTY, defendants herein, did knowingly, intentionally and unlawfully possess with intent to distribute 57.5 kilograms or more of marijuana, a Schedule I Controlled

32

Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FORTY

### (21 U.S.C. §841(a)(1) - Possession with Intent to Distribute Marijuana)

### D-2 KEVIN LENARD YOUNGBLOOK, a.k.a. "Kev"

That on or about June 28, 2005, in the Eastern District of Michigan, Southern Division, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," defendant herein, did knowingly, intentionally and unlawfully possess with intent to distribute five kilograms or more of marijuana, a Schedule 1 Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FORTY-ONE

### (18 U.S.C. §924 - Felon in Possession of a Firearm)

### D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"

That on or about February 12, 2005, in the Eastern District of Michigan, Southern Division, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," defendant herein, did knowingly, intentionally and unlawfully possess, having been previously convicted of Robbery, a felony crime punishable by imprisonment for a term exceeding one year, possess the following firearms: one S.W.D. Inc., model M-11, 9mm pistol, (Serial No. 890041513); one Sig Sauer, model P220, .45 caliber pistol, (Serial No. G137440); one Taurus International, Model PT945, .45 caliber pistol, (Seial No. NWB35841); one Norinco, model M90 Sport, 7.62 x 39 mm rifle, (Serial No. 30494); one Hi Point, Model 995, 9mm carbine rifle, (Serial No. A39318); one Davis Industries,

33

model D Series, .32 caliber derringer, (Serial No. 276259); and one Beretta, model 92FS,. .45 caliber pistol, (Serial No. E88162Z), said firearms having been shipped or transported in interstate or foreign commerce, contrary to the provisions of Title 18, United States Code, section 922(g)(1).

     All in violation of 18 U.S.C. §924(c).

## COUNT FORTY-TWO

### (18 U.S.C. §924 - Felon in Possession of a Firearm)

### D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"

     That on or about May 5, 2005, in the Eastern District of Michigan, Southern Division, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," defendant herein, did knowingly, intentionally and unlawfully possess, having been previously convicted of Robbery, a felony crime punishable by imprisonment for a term exceeding one year, possess a Bushmaster, semi-automatic rifle (.223), model #XM15-#25 (Serial No. BFI417573), said firearm having been shipped or transported in interstate or foreign commerce, contrary to the provisions of Title 18, United States Code, section 922(g)(1).

     All in violation of 18 U.S.C. §924(c).

## COUNT FORTY-THREE

### (21 U.S.C. §853(a) - Criminal Forfeiture)

### D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"

i.    Upon conviction of one or more of the controlled substance violations of Title 21,

United States Code, Sections 841(a)(2) and 846 alleged in Counts One and Two

of this Indictment, Defendant MICHAEL ANTHONY CLARK, a.k.a. "Mike

Nitty," a.k.a. "Mike," shall forfeit to the United States, pursuant to 21 U.S.C. §

853(a): (a) any property, real or personal, constituting or derived from any

proceeds obtained, directly or indirectly, as a result of such violations; and (b) any

property, real or personal, used, or intended to be used, in any manner or part, to

commit, or to facilitate the commission of such violations.

ii.     Property subject to forfeiture to the United States pursuant to Title 21, United

States Code, Section 853 (Controlled Substance) includes, but is not limited to,

the following:

(a)     The real property commonly known as 8867 Livernois Avenue, Detroit,

Michigan, dba "Mike's Detailing," with a legal description as follows:

W. LIVERNOIS 1030 EXC LIVERNOIS AVE AS WD STOEPELS GREENFIELD
HIGHLANDS SUB L31 PI PLATS, W C R 16/197 30 X 88.

(b) The real property commonly known as 14440 Plymouth Road, Detroit,

Michigan, dba "Mike's Detailing II," with a legal description as follows:

LOTS 59, 60 and 61, NEW PLYMOUTH ROAD SUBDIVISION OF LOTS 7, 8, 9, 10,
11, 12, 25, 26, 27, 28, 29 AND 30 OF FRISCHKORN'S GRAND RIVER FARMS
SUBDIVISION, ACCORDING TO THE PLAT RECORDED IN LIBER 46, PAGE 93
OF PLATS, WAYNE COUNTY RECORDS.

(c)     The real property commonly known as 17026 Plymouth Road, Detroit,

Michigan, dba "Mike's Detailing III," with a legal description as follows:

N. PLYMOUTH 398 & 399 FRISCHKORNS GRAND RIVER VIEW SUB L48 P72 PLATS W
C R 22/207 40 x 110.

35

(d)     The real property commonly known as 1289 Hunter Court, Milford,

Michigan, with a legal description as follows:

T2N, R7E, SEC 22  OAKLAND COUNTY CONDIMINIUM PLAN NO 758
BERWYCK PLACE UNIT 1 L 125 4-23-92 FR 300-005.

(e) The real property commonly known as 7559 Prairie Street, Detroit, Michigan

with a legal description as follows:

Lot 492, Dovercourt Park Subdivision, as recorded in Liber 34, Page 89, of plats, Wayne
County Records.

(f)     The real property commonly known as 8843 Livernois Avenue,

Detroit, Michigan, dba "The Penthouse Lounge," with a legal description as follows:

Lots 1026, 1027 & 1028 STOEPELS GREENFIELD HIGHLANDS SUB., WAYNE COUNTY
RECORDS.

(g)     The following automobiles:

1. 2003 MERCURY MARAUDER - VIN: 2MEHM75V23X602214

2. 1998 RANGE ROVER - VIN: SALPV1449WA378929

3. 2000 CHEVROLET VENTURE VAN - VIN: 1GNDX13E8YD253279

4. 1996 CHEVROLET IMPALA - VIN: 1G1BL52P0TR126021

5. 1997 BMW M3 - VIN: WBSBG9329VEY75151

6. 1969 BUICK CONVERTIBLE - VIN: 484679H322299

7. 1995 HARLEY DAVIDSON - VIN: 1HD1BNL16SY022751

8. 2000 SUZUKI MOTORCYCLE - VIN: JS1GW71A5Y2107116

9. 2002 GMC PICKUP - VIN: 1GTHK29102E136879

10. 2004 DODGE VIPER - VIN: 1B3JZ65Z04V101358

36

11. 2003 DODGE VIPER - VIN: 1B3JR65Z03V501869

12. 2003 GM HUMMER - VIN: 5GRGN23633H117330

### COUNT FORTY-FOUR

#### (18 U.S.C. §982(a)(1) - Criminal Forfeiture)

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**

i.    Upon conviction of one or more of the controlled substance violations of Title 18,
      United

States Code, Sections 1956 and 1957 alleged in Counts THIRTY-SIX and THIRTY-

SEVEN of this Indictment, Defendant MICHAEL ANTHONY CLARK, a.k.a. "Mike

Nitty," a.k.a. "Mike," shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a): (a)

any property, real or personal, constituting or derived from any proceeds obtained,

directly or indirectly, as a result of such violations; and (b) any property, real or personal,

used, or intended to be used, in any manner or part, to commit, or to facilitate the

commission of such violations.

ii.    Property subject to forfeiture to the United States pursuant to Title 21, United

       States Code, Section 853 (Controlled Substance) includes, but is not limited to,

       the following:

       (a)  The real property commonly known as 8867 Livernois Avenue, Detroit,

       Michigan, dba "Mike's Detailing," with a legal description as follows:

W. LIVERNOIS 1030 EXC LIVERNOIS AVE AS WD STOEPELS GREENFIELD
HIGHLANDS SUB L31 P1 PLATS, W C R 16/197 30 X 88.

       (b)  The real property commonly known as 14440 Plymouth Road, Detroit,

37

Michigan, dba "Mike's Detailing II," with a legal description as follows:

LOTS 59, 60 and 61, NEW PLYMOUTH ROAD SUBDIVISION OF LOTS 7, 8, 9, 10, 11, 12, 25, 26, 27, 28, 29 AND 30 OF FRISCHKORN'S GRAND RIVER FARMS SUBDIVISION, ACCORDING TO THE PLAT RECORDED IN LIBER 46, PAGE 93 OF PLATS, WAYNE COUNTY RECORDS.

    (c)  The real property commonly known as 17026 Plymouth Road, Detroit,

Michigan, dba "Mike's Detailing III," with a legal description as follows:

N. PLYMOUTH 398 & 399 FRISCHKORNS GRAND RIVER VIEW SUB L48 P72 PLATS W C R 22/207 40 x .110.

    (d)  The real property commonly known as 1289 Hunter Court, Milford,

Michigan, with a legal description as follows:

T2N, R7E, SEC 22  OAKLAND COUNTY CONDIMINIUM PLAN NO 758 BERWYCK PLACE UNIT 1 L 125 4-23-92 FR 300-005.

    (e) The real property commonly known as 7559 Prairie Street, Detroit, Michigan

with a legal description as follows:

Lot 492, Dovercourt Park Subdivision, as recorded in Liber 34, Page 89, of plats, Wayne County Records.

    (f)  The real property commonly known as 8843 Livernois Avenue,

Detroit, Michigan, dba "The Penthouse Lounge," with a legal description as follows:

Lots 1026, 1027 & 1028 STOEPELS GREENFIELD HIGHLANDS SUB., WAYNE COUNTY RECORDS.

N. PLYMOUTH 398 & 399 FRISCHKORNS GRAND RIVER VIEW SUB L48 P72 PLATS W C R 22/207 40 x 110.

    (g)  The following automobiles:

        1. 2003 MERCURY MARAUDER - VIN: 2MEHM75V23X602214

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        vs.

**D-1   MICHAEL ANTHONY CLARK,**
      a.k.a. "Mike Nitty," a.k.a. "Mike,"
**D-2   KEVIN LENARD YOUNGBLOOD,** a.k.a."Kev"
**D-3   CHARLES RILEY GADSON.** a.k.a. "Chuck,"
**D-4   JAMES JACKSON,** a.k.a. "Ziggy,"
**D-5   FNU LNU,** a.k.a. "Tio,"
**D-6 TODD DUANE BENALLY,** a.k.a. "T," a.k.a. "Roberto Jose Garcia," a.k.a. "Rojo,"
**D-7   TREYVAN AGEE,** a.k.a. "James Clark," a.k.a. "C-Pebble,"
**D-8   BESSIE BLOUNT HOWARD,**
**D-9   ALISSA CANTY,**
**D-10  STEPHANIE HELENE BAXTER,**
**D-11  RAMANDO ANTONE WELLONS,** a.k.a. "Donut,"
**D-12  JERRY L. SEXTON,** a.k.a. "J,"
**D-13  LEE H. GILMORE,** a.k.a. "Crazy Lee,"
**D-14  LEON JOHNSON, Jr.,** a.k.a. "Nick,"
**D-15  FELIX PEDRO BETANCO,**

        Defendants.

**'05 - 80810**

CRIMINAL NO.

VIO: 21 U.S.C. §§841(a)(1) & 846
     21 U.S.C. §843(b)
     21 U.S.C. §848
     18 U.S.C. §§1956 & 1957
     18 U.S.C. §924(c)

FOR: 21 U.S.C. §853(a)
     18 U.S.C. §982(a)(1)

FILED
06 SEP 21 A9 21
U.S. DISTRICT CLERK
EAST DIST MICH

---

## SUPERCEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE

(21 U.S.C. §§846 and 841(a)(1) - Conspiracy to Possess with Intent to Distribute
and to Distribute Marijuana)

**D-1   MICHAEL ANTHONY CLARK,**
      a.k.a. "Mike Nitty," a.k.a. "Mike,"
**D-2   KEVIN LENARD YOUNGBLOOD,** a.k.a."Kev"
**D-3   CHARLES RILEY GADSON.** a.k.a. "Chuck,"

D-4  JAMES JACKSON, a.k.a. "Ziggy,"
D-5  FNU LNU, a.k.a. "Tio,"
D-6  TODD DUANE BENALLY, a.k.a. "T," a.k.a. "Roberto Jose Garcia," a.k.a. "Rojo,"
D-7  TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble,"
D-8  BESSIE BLOUNT HOWARD,
D-9  ALISSA CANTY,
D-10 STEPHANIE HELENE BAXTER,
D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut,"
D-12 JERRY L. SEXTON, a.k.a. "J,"
D-13 LEE H. GILMORE, a.k.a. "Crazy Lee,"
D-14 LEON JOHNSON, Jr., a.k.a. "Nick,"
D-15 FELIX PEDRO BETANCO,

That beginning in or about 1996 and continuing through the date of this indictment, said dates being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," D-3 CHARLES RILEY GADSON. a.k.a. "Chuck," D-4 JAMES JACKSON, a.k.a. "Ziggy," D-5 FNU LNU, a.k.a. "Tio," D-6 TODD BENALLY, a.k.a. "Roberto Jose Garcia," a.k.a. "Rojo," D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble," D-8 BESSIE BLOUNT HOWARD, D-9 ALISSA CANTY, D-10 STEPHANIE HELENE BAXTER, D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut," D-12 JERRY L. SEXTON, a.k.a. "J," D-13 LEE H. GILMORE, a.k.a. "Crazy Lee," D-14 LEON JOHNSON, Jr., a.k.a. "Nick," D-15, and D-15 FELIX PEDRO BETANCO, defendants herein, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other and with other persons whose names are both known and unknown to the grand jury to commit an offense against the United States, that is, to possess with intent to distribute and to distribute 1,000 kilograms or more of marijuana, a Schedule I Controlled Substance, contrary to Title 21, United States Code, Section 841.

2

## Manner and Means

That as part of the unlawful conspiracy, the defendant, Michael Anthony Clark, a.k.a. "Mike Nitty," a.k.a. "Mike," did operate a large drug distribution organization which involved the delivery of marijuana from the Western United States, and elsewhere, to the Eastern District of Michigan, and elsewhere for distribution.

As part of their roles in the organization, and in furtherance of the conspiracy, defendants D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," and D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev,"recruited and caused others to enlist many subordinate associates to assist in the transportation of the marijuana from the Western United States of America, and elsewhere, to the Eastern District of Michigan, and elsewhere, for distribution, as well as to assist in the transportation of monies in payment for the controlled substances.

In furtherance of the conspiracy, defendant D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," recruited and caused others to enlist many subordinate associates to store the marijuana in their homes, and in stash-houses, to prevent detection by law enforcement authorities, and to distribute the marijuana throughout the Eastern District of Michigan, and elsewhere.

In furtherance of the conspiracy, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," enlisted others to assist him in overseeing the drug distribution activities and collection of drug proceeds for the organization and to further its operation through recruitment of other members of the conspiracy to sell the drugs and assist in the collection of drug proceeds.

As part of his role and in furtherance of the conspiracy, defendant D-3 CHARLES RILEY

3

GADSON, a.k.a. "Chuck," did act as the "right hand man," to defendant D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," and as his first lieutenant, and did act as a high level manager and leader of the drug distribution organization.

In furtherance of the conspiracy, defendant D-3 CHARLES RILEY GADSON, a.k.a. "Chuck," did collect and coordinate the collection of drug proceeds obtained from the distribution of the narcotics by the organization headed by defendant D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike."

In furtherance of the conspiracy, defendant D-5 FNU LNU, a.k.a. "Tio," was one of the suppliers of marijuana which the organization distributed. Defendants D-5 FNU LNU, a.k.a. "Tio" and Shanita Garcia, a.k.a. "Sandy," were responsible for obtaining quantities of marijuana from Mexican and Arizona suppliers of marijuana, storing these quantities of marijuana in Arizona, and for coordinating the shipments of marijuana to the Eastern District of Michigan.

As part of his role and in furtherance of the conspiracy, defendant D-6 TODD DUANE BENALLY, a.k.a. "T," a.k.a. "Roberto Jose Garcia," a.k.a. "Rojo," was responsible for transporting the monies needed to purchase the quantities of marijuana, and the proceeds from the illegal drug distribution from defendant D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," to defendant D-5 FNU LNU, a.k.a. Tio;" and was responsible for recruiting individuals to transport the narcotics from the Western United States and elsewhere to the Eastern District of Michigan for distribution.

As part of his role and in furtherance of the conspiracy, defendant D-4 JAMES JACKSON, a.k.a. "Ziggy," was responsible for delivering the monies needed to purchase the quantities of

4

marijuana to the couriers who transported the narcotics from the Western United States and elsewhere, to the Eastern District of Michigan and elsewhere for distribution, and to obtain the quantities of marijuana delivered by the couriers to the Eastern District of Michigan for distribution, and to provide it to D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.ka. "Mike" for distribution in the Eastern District of Michigan and elsewhere.

As part of his role and in furtherance of conspiracy, defendant, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did solicit D-9 ALISSA CANTY, who agreed and did store and conceal quantities of marijuana, and proceeds from the sale of the illegal narcotics, in her home, and to provide her car as a means to transport quantities of marijuana to be stored in her home, and in other locations throughout the Eastern District of Michigan and elsewhere.

As part of his role and in furtherance of conspiracy, defendant, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did solicit defendant D-10 STEPHANIE HELENE BAXTER, who agreed and did store and conceal quantities of marijuana, and proceeds from the sale of the illegal narcotics, in her home, and to provide her car as a means to transport quantities of marijuana to be stored in her home, and in other locations throughout the Eastern District of Michigan and elsewhere.

As part of his role an in furtherance of the conspiracy, defendant, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did solicit D-9 BESSIE BLOUNT HOWARD, who agreed and did store and conceal proceeds from the sale of the illegal narcotics, in her home.

In furtherance of the conspiracy, defendant D-15 FELIX PEDRO BETANCO, did transport approximately 578 kilograms or more of marijuana from Arizona to Detroit, Michigan, where the marijuana was seized.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

### (21 U.S.C. §§846 and 841(a)(1) - Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine)

D-1 MICHAEL ANTHONY CLARK,
    a.k.a. "Mike Nitty," a.k.a. "Mike,"
D-2 KEVIN LENARD YOUNGBLOOD, a.k.a."Kev"
D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a."C-Pebble,"
D-8 BESSIE BLOUNT HOWARD,
D-9 ALISSA CANTY,
D-10 STEPHANIE HELENE BAXTER,
D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut,"
D-12 JERRY L. SEXTON, a.k.a. "J,"
D-14 LEON JOHNSON, Jr., a.k.a. "Nick,"

That beginning in or 1996 through July 2005, said dates being approximate, in the

Eastern District of Michigan, Southern Division, and elsewhere defendants, D-1 MICHAEL

ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," D-2 KEVIN LENARD

YOUNGBLOOD, a.k.a."Kev" D-7 TREYVAN AGEE, a.k.a. "James Clark, " a.k.a. "C-Pebble,"

D-8 BESSIE BLOUNT HOWARD, D-9 ALISSA CANTY, D-10 STEPHANIE HELENE

BAXTER, D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut," D-12 JERRY L. SEXTON,

a.k.a. "J," and D-14 LEON JOHNSON, Jr., a.k.a. "Nick,"defendants herein, did knowingly,

intentionally and unlawfully combine, conspire, confederate and agree with each other and with

other persons whose names are both known and unknown to the grand jury to commit an offense

against the United States, that is, to possess with intent to distribute and to distribute a mixture or

substance containing a detectable amount of cocaine, that being approximately 11 kilograms or

more of cocaine, a Schedule II Controlled Substance, contrary to Title 21, United States Code,

Section 841(a)(1).

## Manner and Means

In furtherance of the conspiracy, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," enlisted others to assist him in overseeing the drug distribution activities and collection of drug proceeds for the organization and to further its operation through recruitment of other members of the conspiracy to sell the drugs and assist in the collection of drug proceeds.

As part of his role and in furtherance of the conspiracy, defendant D-3 CHARLES RILEY GADSON, a.k.a. "Chuck," did act as the "right hand man," to defendant D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," and as his first lieutenant, and did act as a high level manager and leader of the drug distribution organization.

In furtherance of the conspiracy, defendant D-3 CHARLES RILEY GADSON, a.k.a. "Chuck," did collect and coordinate the collection of drug proceeds obtained from the distribution of the narcotics by the organization headed by defendant D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike."

In furtherance of the conspiracy, defendant D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," recruited and caused others to enlist many subordinate associates to store the cocaine in their homes, and in stash-houses, to prevent detection by law enforcement authorities, and to distribute the marijuana throughout the Eastern District of Michigan, and elsewhere.

In furtherance of the conspiracy, defendant D-2 KEVIN LENARD YOUNGBLOOD" a.k.a. "Kev," enlisted others to assist him in overseeing the drug distribution activities and

7

collection of drug proceeds for the organization and to further its operation through recruitment of other members of the conspiracy to sell the drugs and assist in the collection of drug proceeds.

In furtherance of the conspiracy, defendant D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did utilize defendant, D-12 JERRY SEXTON, a.k.a. "J," as a source of supply of multiple kilogram quantities of cocaine for distribution.

In furtherance of the conspiracy, defendant D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did utilize defendant, D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble," as a source of supply of multiple kilogram quantities of cocaine for distribution.

As part of his role and in furtherance of conspiracy, defendant, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did solicit D-9 ALISSA CANTY, who agreed and did store and conceal quantities of marijuana, and proceeds from the sale of the illegal narcotics, in her home, and to provide her car as a means to transport quantities of the narcotics to be stored in her home, and in other locations throughout the Eastern District of Michigan and elsewhere.

As part of his role and in furtherance of conspiracy, defendant, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did solicit defendant D-10 STEPHANIE HELENE BAXTER, who agreed and did store and conceal quantities of narcotics, and proceeds from the sale of the illegal narcotics, in her home, and to provide her car as a means to transport quantities of the narcotics to be stored in her home, and in other locations throughout the Eastern District of Michigan and elsewhere.

As part of his role an in furtherance of the conspiracy, defendant, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did solicit D-8 BESSIE BLOUNT HOWARD, who agreed and

did store and conceal proceeds from the sale of the illegal narcotics, in her home.

All in violation of Title 21, United States Code, Section 846.

## COUNT THREE

### (21 U.S.C. §841(a)(1) - Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine Base ("Crack Cocaine"))

**D-2  KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"**
**D-7  TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble"**
**D-12 JERRY L. SEXTON, a.k.a. "J"**

That from on or about February 2005 through July 2005, said dates being approximate, in

the Eastern District of Michigan, Southern, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble," and JERRY L.

SEXTON, a.k.a. "J," defendants herein, did knowingly, intentionally and unlawfully combine,

conspire, confederate and agree with each other and with other persons whose names are both

known and unknown to the grand jury to commit an offense against the United States, that is, to

possess with intent to distribute and to distribute cocaine base – "crack cocaine" – a Schedule II

Controlled Substance, contrary to Title 21, United States Code, Section 841.

All in violation of 21 U.S.C. §846.

## COUNT FOUR

### (21 U.S.C. §848 – Continuing Criminal Enterprise)

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**

That in or about the year 1996, said date being approximate, and continuing thereafter up

to including the date of this indictment, in the Eastern District of Michigan, Southern Division,

9

and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike,"

defendant herein, did knowingly, intentionally, and unlawfully engage in a continuing criminal

enterprise in that he unlawfully, willfully, intentionally and knowingly did violate, Title 21,

United States Code, Sections 841(a)(1), 843 (b) and 846 on three or more occasions, which was a

continuing series of violations wherein he served as the principal organizer and leader of the

criminal enterprise set forth in Counts One and Two of this Indictment, to wit: Conspiracy to

Possess with Intent to Distribute and to Distribute Marijuana and Cocaine, Schedule I and II

Controlled Substances, in violation of 21 U.S.C. §§841(a)(1) and 846, and did obtain substantial

income and resources from such violations.

All in violation of 21 U.S.C. §848.

### COUNT FIVE

**(Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to
Distribute Controlled Substances - 21 U.S.C. §843(b))**

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**
**D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"**

That on or about February 10, 2005, said date being approximate, in the Eastern District

of Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a.

"Mike Nitty," a.k.a. "Mike," and D-2 KEVIN LENARD YOUNGBLOOD, defendants herein,

did unlawfully use T-Mobile and Sprint PCS Communications Cellular Services, both

communication facilities, to commit an act or acts constituting a felony, to wit, conspiracy to

possess with intent to distribute and to distribute controlled substances, contrary to the provisions

of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT SIX

**(21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)**

**D-1 MICHAEL ANTHONY CLARK, a.k.a."Mike Nitty," a.k.a. "Mike"**

That on or about February 21, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," defendant herein, did unlawfully use T-Mobile Cellular Services, both communication facilities, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United States Code, section 841(a)(1).

## COUNT SEVEN

**(Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))**

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**
**D-3 CHARLES RILEY GADSON, a.k.a. "Chuck"**

That on or about April 20, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," and D-3 CHARLES RILEY GADSON, a.k.a. "Chuck," defendants herein, did unlawfully use T-Mobile, Nextel Communications and Nextel Communications Cellular Services, both communication facilities, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to

11

the provisions of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT EIGHT

**(21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)**

### D-3 CHARLES RILEY GADSON, a.k.a. "Chuck"

That on or about February 10, 2005, said date being approximate, in the Eastern District

of Michigan, Southern Division, and elsewhere, D-3 CHARLES RILEY GADSON, a.k.a.

"Chuck," defendant herein, did unlawfully use Nextel Communications Cellular Services, a

communication facility, to commit an act or acts constituting a felony, to wit, conspiracy to

possess with intent to distribute and to distribute controlled substances, contrary to the provisions

of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT NINE

**(Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances  - 21 U.S.C. §843(b))**

### D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"
### D-4 JAMES JACKSON, a.k.a. "Ziggy"

That on or about April 15, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike

Nitty," a.k.a. "Mike," and D-4 JAMES JACKSON, a.k.a. "Ziggy,"defendants herein, did

unlawfully use Nextel Communications and Cingular Wireless Cellular Services, both

12

communication facilities, to commit an act or acts constituting a felony, to wit, conspiracy to

possess with intent to distribute and to distribute controlled substances, contrary to the provisions

of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TEN

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

### D-4 JAMES JACKSON, a.k.a. "Ziggy"

That on or about April 3, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-4 JAMES JACKSON, a.k.a. "Ziggy," defendant

herein, did unlawfully use Nextel Communications and Cingular Wireless Cellular Services, a

communication facility, to commit an act or acts constituting a felony, to wit, conspiracy to

possess with intent to distribute and to distribute controlled substances, contrary to the provisions

of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT ELEVEN

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

### D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"
### D-5 FNU LNU, a.k.a. "Tio"

That on or about May 31, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike

Nitty," a.k.a. "Mike," and D-5 FNU LNU, a.k.a. "Tio,"defendants herein, did unlawfully use

Nextel Communications and T-Mobile Cellular Services, both communication facilities, to

commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute

and to distribute controlled substances, contrary to the provisions of Title 21, United States Code,

section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWELVE

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-5 FNU LNU, a.k.a. "Tio"**

That on or about May 27, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-5 FNU LNU, a.k.a. "Tio," defendant herein, did

unlawfully use T-Mobile Cellular Services, a communication facility, to commit an act or acts

constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute

controlled substances, contrary to the provisions of Title 21, United States Code, section

841(a)(1).

All in violation of 21 U.S.C. §843(b).

14

## COUNT THIRTEEN

### `(Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

### D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"
### D-6 TODD DUANE BENALLY, a.k.a. "T," a,k.a. "Roberto Jose Garcia," a.k.a. "Rojo"

That on or about June 25, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike

Nitty," a.k.a. "Mike," and "D-6 TODD DUANE BENALLY, a.k.a. "T," a.k.a. "Roberto Jose

Garcia," a.k.a. "Rojo" defendants herein, did unlawfully use Nextel Communications Cellular

Services, both communication facilities, to commit an act or acts constituting a felony, to wit,

conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to

the provisions of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT FOURTEEN

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

### D-6 TODD DUANE BENALLY, a.k.a. "T," a.k.a. "Roberto Jose Garcia," a.k.a. "Rojo"

That on or about June 19, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-6 TODD DUANE BENALLY, a.k.a. "T," a.k.a.

"Roberto Jose Garcia," a.k.a. "Rojo" defendant herein, did unlawfully use Nextel

Communications Cellular Services, a communication facility, to commit an act or acts

constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute

15

controlled substances, contrary to the provisions of Title 21, United States Code, section

841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT FIFTEEN

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

**D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"**
**D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble"**

. That in or about April 20, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," and "D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble," defendants herein,

did unlawfully use Sprint PCS and Nextel Communications Cellular Services, both

communication facilities, to commit an act or acts constituting a felony, to wit, conspiracy to

possess with intent to distribute and to distribute controlled substances, contrary to the provisions

of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT SIXTEEN

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble"**

That on or about May 31, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-7 TREYVAN AGEE, a.k.a. "James Clark,"

16

a.k.a. "C-Pebble" defendant herein, did unlawfully use Nextel Communications Cellular

Services, a communication facility, to commit an act or acts constituting a felony, to wit,

conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to

the provisions of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT SEVENTEEN

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

### D-2  KEVIN LENARD YOUNGBLOOD
### D-8 BESSIE BLOUNT HOWARD

That on or about April 20, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," and D-8 BESSIE BLOUNT HOWARD, defendants herein, did unlawfully use Sprint

PCS and Nextel Communications Cellular Services, both communication facilities, to commit an

act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to

distribute controlled substances, contrary to the provisions of Title 21, United States Code,

section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT EIGHTEEN

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

### D-8 BESSIE BLOUNT HOWARD

That on or about April 23, 2005, said date being approximate, in the Eastern District of

17

Michigan, Southern Division, and elsewhere, D-8 BESSIE BLOUNT HOWARD, defendant

herein, did unlawfully use Nextel Communications Cellular Services, a communication facility,

to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to

distribute and to distribute controlled substances, contrary to the provisions of Title 21, United

States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT NINETEEN

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

**D-2  KEVIN LENARD YOUNGBLOOD**
**D-9 ALISSA CANTY**

That on or about June 27, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," and D-9ALISSA CANTY, defendants herein, did unlawfully use Sprint PCS and Nextel

Communications Cellular Services, both communication facilities, to commit an act or acts

constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute

controlled substances, contrary to the provisions of Title 21, United States Code, section

841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-9 ALISSA CANTY**

That on or about May 21, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-9 ALISSA CANTY, defendant herein, did unlawfully use Nextel Communications Cellular Services, a communication facility, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-ONE

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances – 21 U.S.C. §843(b))

**D-2 KEVIN LENARD YOUNGBLOOD**
**D-10 STEPHANIE HELENE BAXTER**

That on or about April 18, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," and D-10 STEPHANIE HELENE BAXTER, defendants herein, did unlawfully use Sprint PCS and Nextel Communications Cellular Services, both communication facilities, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United States Code,

19

section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-TWO

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-10 STEPHANIE HELENE BAXTER**

That on or about May 25, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-10 STEPHANIE HELENE BAXTER, defendant herein, did unlawfully use Nextel Communications Cellular Services, a communication facility, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-THREE

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances – 21 U.S.C. §843(b))

**D-2   KEVIN LENARD YOUNGBLOOD**
**D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut"**

That on or about May 25, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," and D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut," defendants herein, did unlawfully use Sprint PCS Cellular Services, both communication facilities, to commit an act or

20

acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United States Code, section 841(a)(1).

   All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-FOUR

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-11 RAMANDO WELLONS, a.k.a. "Donut"**

   That on or about April 28, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut," defendant herein, did unlawfully use Sprint PCS Cellular Services, a communication facility, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United States Code, section 841(a)(1).

   All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-FIVE

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

**D-2  KEVIN LENARD YOUNGBLOOD**
**D-12 JERRY L. SEXTON, a.k.a. "J"**

   That on or about April 16, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

21

"Kev," and D-12 JERRY L. SEXTON, a.k.a. "J," defendants herein, did unlawfully use Sprint

PCS and Verizon Wireless Cellular Services, both communication facilities, to commit an act or

acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute

controlled substances, contrary to the provisions of Title 21, United States Code, section

841(a)(1).

     All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-SIX

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-12 JERRY L. SEXTON, a.k.a. "J"**

     That on or about June 13, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-12 JERRY L. SEXTON, a.k.a. "J," defendant

herein, did unlawfully use Verizon Wireless Cellular Services, a communication facility, to

commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute

and to distribute controlled substances, contrary to the provisions of Title 21, United States Code,

section 841(a)(1).

     All in violation of 21 U.S.C. §843(b).

22

## COUNT TWENTY-SEVEN

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

### D-2 KEVIN LENARD YOUNGBLOOD
### D-13 LEE H. GILMORE, a.k.a. "Crazy Lee"

That on or about June 28, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," and D-13 LEE H. GILMORE, a.k.a. "Crazy Lee," defendants herein, did unlawfully use

Sprint PCS and T-Mobile Cellular Services, both communication facilities, to commit an act or

acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute

controlled substances, contrary to the provisions of Title 21, United States Code, section

841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-EIGHT

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

### D-13 LEE H. GILMORE, a.k.a. "Crazy Lee"

That on or about June 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-13 LEE H. GILMORE, a.k.a. "Crazy Lee,"

defendant herein, did unlawfully use T-Mobile Cellular Services, a communication facility, to

commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute

and to distribute controlled substances, contrary to the provisions of Title 21, United States Code,

section 841(a)(1).

23

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-NINE

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances – 21 U.S.C. §843(b))

**D-2  KEVIN LENARD YOUNGBLOOD**
**D-14 LEON JOHNSON, Jr. a.k.a. "Nick"**

That on or about April 5, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," and D-14 LEON JOHNSON, Jr. a.k.a. "Nick," defendants herein, did unlawfully use

Sprint PCS and Cingular Wireless Cellular Services, both communication facilities, to commit an

act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to

distribute controlled substances, contrary to the provisions of Title 21, United States Code,

section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT THIRTY

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-14 LEON JOHNSON, Jr. a.k.a. "Nick"**

That on or about June 25, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-14 LEON JOHNSON, Jr. a.k.a. "Nick,"

defendant herein, did unlawfully use Cingular Wireless Cellular Services, a communication

facility, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to

distribute and to distribute controlled substances, contrary to the provisions of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT THIRTY-ONE

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

### D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"
### D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble"

That on or about April 9, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Mike "Kev," and D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble" defendants herein, did unlawfully use Sprint PCS and Nextel Communications Cellular Services, both communication facilities, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT THIRTY-TWO

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

### D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble"

That on or about May 11, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-7 TREYVAN AGEE, a.k.a. "James Clark,"

25

a.k.a. "C-Pebble" defendant herein, did unlawfully use Nextel Communications Cellular

Services, a communication facility, to commit an act or acts constituting a felony, to wit,

conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to

the provisions of Title 21, United States Code, section 841(a)(1).

## COUNT THIRTY-THREE

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

### D-1   MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"
### D-15 FELIX PEDRO BETANCO

That in or about May 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike

Nitty," a.k.a. "Mike," and D-15 FELIX PEDRO BETANCO, defendants herein, did unlawfully

use T-Mobile and Nextel Communications Cellular Services, both communication facilities, to

commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute

and to distribute controlled substances, contrary to the provisions of Title 21, United States Code,

section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT THIRTY-FOUR

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

### D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"

That in or about April 2005, said date being approximate, in the Eastern District of

26

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," defendant herein, did unlawfully use Sprint PCS Cellular Services, communication

facilities, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent

to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United

States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

### COUNT THIRTY-FIVE

**(18 U.S.C. §§ 1956(a)(1)(A)(I); (a)(1)(B)(I) and (ii); 1957(a) and (h)(6) - Conspiracy to Launder Monetary Instruments)**

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**
**D-3 CHARLES RILEY GADSON, a.k.a. "Chuck"**

That beginning in or about December 2004 through the date of this indictment, said dates

being approximate, defendant, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a.

"Mike," D-3 CHARLES RILEY GADSON, a.k.a. "Chuck," and others both known and

unknown to the grand jury, did knowingly, intentionally, and unlawfully combine, confederate

and agree with one another and with other persons, both known and unknown to the grand jury,

to commit an offense against the United States, that is, the laundering of monetary instruments in

violation of Title 18, United States Code, Sections 1956 (a)(1)(A)(I); (a)(1)(B)(I) and (ii) and

1957(a).

Specifically, these defendants, knowing that the property involved represented the

proceeds of some form of unlawful activity, as defined in Title 18, United States Code, Section

1956(c)(1), that is, a conspiracy to distribute controlled substances, a felony under Title 21,

27

United States Code, Sections 846 and 841(a)(1), did conspire and agree to conduct and to cause

to be conducted financial transactions affecting interstate or foreign commerce which involved

the proceeds of said unlawful activity, (1) with the intent to promote the carrying on of specified

unlawful activity; (2) knowing that the transactions were designed in whole or in part to conceal

or disguise the nature, location, source, ownership and control of the proceeds of such unlawful

activity; and (3) to avoid reporting requirements under federal law.

## Manner and Means

As part of the unlawful conspiracy, from on or about 1998 through the date of this

indictment, said dates being approximate, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike

Nitty," a.k.a. "Mike, defendant herein, did purchase the following two properties for the

following listed purchase prices:

1. 8843 Livernois Avenue, Detroit, Michigan ($175,000)

2. 14440 Plymouth Road, Detroit, Michigan ($100,000)

As part of the unlawful conspiracy, from on or about 1998 through the date of this

indictment, said dates being approximate, D-1 MICHAEL ANTHONY CLARK, a.k.a.

"Mike Nitty," a.k.a. "Mike, defendant herein, did purchase the following 2 automobiles

for the following listed purchase prices:

1. 2004 DODGE VIPER - VIN: 1B3JZ65Z04V101358

2. 2003 DODGE VIPER - VIN: 1B3JR65Z03V501869

As part of the unlawful conspiracy, from on or about 1994 through the date of this indictment, said dates being approximate, D-3 CHARLES RILEY GADSON, a.k.a. "Chuck" defendant herein, did expend approximately $4.5 million (U.S. currency) at the Greektown Casinos, Detroit, Michigan.

All in violation of Title 18, United States Code, Section 1956(h)(6).

## COUNT THIRTY-SIX

### (18 U.S.C. §§1956(a)(1)(A)(i);(a)(1)(B)(i) and 1957(a) - Laundering Monetary Instruments)

### D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"

That beginning in 1998 and continuing through the date of this indictment, said dates being approximate, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike" defendant herein, did, knowing that the property involved represented the proceeds of some form of unlawful activity, as defined in Title 18, United States Code, Section 1956(c)(1), that is, a conspiracy to distribute controlled substances, a felony under Title 21, United States Code, Sections 846 and 841(a)(1), conduct and to cause to be conducted a financial transaction affecting interstate or foreign commerce, to wit: purchase of the following 2 vehicles:

1. 2004 DODGE VIPER - VIN: 1B3JZ65Z04V101358

2. 2003 DODGE VIPER - VIN: 1B3JR65Z03V501869

29

which involved the proceeds of said unlawful activity, (1) with the intent to promote the

carrying on of specified unlawful activity, (2) knowing that the transactions were

designed in whole or in part to conceal or disguise the nature, location, source, ownership

and control of the proceeds of such unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i),

(a)(1)(B)(i) and 1957(a).

## COUNT THIRTY-SEVEN

### (18 U.S.C. §§1956(a)(1)(A)(i); (a)(1)(B)(i) and (ii), and 1957(a)  - Laundering Monetary Instruments)

### D-3 CHARLES RILEY GADSON, a.k.a. "Chuck"

That from in or about 1996 through the date of this indictment, said dates being

approximate, D-3 CHARLES RILEY GADSON, a.k.a. "Chuck,"defendant herein, did,

knowing that the property involved represented the proceeds of some form of unlawful

activity, as defined in Title 18, United States Code, Section 1956(c)(1), that is, a

conspiracy to distribute controlled substances, a felony under Title 21, United States

Code, Sections 846 and 841(a)(1), conduct and to cause to be conducted financial

transactions affecting interstate or foreign commerce, to wit: expended approximately

$4.5 million dollars at the Greektown Casino, Detroit, Michigan, which involved the

proceeds of said unlawful activity, (2) knowing that the transactions were designed in

whole or in part to conceal or disguise the nature, location, source, ownership and control

of the proceeds of such unlawful activity, and (3) to avoid reporting requirements under

30

federal law.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i),

(a)(1)(B)(i) and (ii) and 1957(a).

### COUNT THIRTY-EIGHT

### (21 U.S.C. §841(a)(i) - Possession with Intent to Distribute Marijuana)

### D-15 FELIX PEDRO BETANCO

That on or about May 31, 2005, in the Eastern District of Michigan, Southern

Division, D-15 FELIX PEDRO BETANCO, defendant herein, did knowingly,

intentionally and unlawfully possess with intent to distribute 578 kilograms or more of

marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States

Code, Section 841(a)(1).

### COUNT THIRTY-NINE

### (21 U.S.C. §841(a)(1) - Possession with Intent to Distribute Marijuana)

### D-2  KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"
### D-9 ALISSA CANTY

That on or about June 28, 2005, in the Eastern District of Michigan, Southern

Division, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," and D-9 ALISSA

CANTY, defendants herein, did knowingly, intentionally and unlawfully possess with

intent to distribute 57.5 kilograms or more of marijuana, a Schedule I Controlled

Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT FORTY

### (21 U.S.C. §841(a)(1) - Possession with Intent to Distribute Marijuana)

31

**D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"**

That on or about June 28, 2005, in the Eastern District of Michigan, Southern Division, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," defendant herein, did knowingly, intentionally and unlawfully possess with intent to distribute five kilograms or more of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FORTY-ONE

### (18 U.S.C. §924 - Felon in Possession of a Firearm)

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**

That on or about February 12, 2005, in the Eastern District of Michigan, Southern Division, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," defendant herein, did knowingly, intentionally and unlawfully possess, having been previously convicted of Robbery, a felony crime punishable by imprisonment for a term exceeding one year, possess the following firearms: one S.W.D. Inc., model M-11, 9mm pistol, (Serial No. 890041513); one Sig Sauer, model P220, .45 caliber pistol, (Serial No. G137440); one Taurus International, Model PT945, .45 caliber pistol, (Serial No. NWB35841); one Norinco, model M90 Sport, 7.62 x 39 mm rifle, (Serial No. 30494); one Hi Point, Model 995, 9mm carbine rifle, (Serial No. A39318); one Davis Industries, model D Series, .32 caliber derringer, (Serial No. 276259); and one Beretta, model 92FS, .45 caliber pistol, (Serial No. E88162Z), said firearms having been shipped or transported in interstate or foreign commerce, contrary to the provisions of Title 18, United States

32

Code, section 922(g)(1).

All in violation of 18 U.S.C. §924(c).

## COUNT FORTY-TWO

### (18 U.S.C. §924 - Felon in Possession of a Firearm)

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**

That on or about May 5, 2005, in the Eastern District of Michigan, Southern

Division, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike,"

defendant herein, did knowingly, intentionally and unlawfully possess, having been

previously convicted of Robbery, a felony crime punishable by imprisonment for a term

exceeding one year, possess a Bushmaster, semi-automatic rifle (.223), model #XM15-

#25 (Serial No. BFI417573), said firearm having been shipped or transported in interstate

or foreign commerce, contrary to the provisions of Title 18, United States Code, section

922(g)(1).

All in violation of 18 U.S.C. §924(c).

## COUNT FORTY-THREE

### (21 U.S.C. §853(a) - Criminal Forfeiture)

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**

i.      Upon conviction of one or more of the controlled substance violations of Title 21,

United States Code, Sections 841(a)(2) and 846 alleged in Counts One and Two

of this Indictment, Defendant MICHAEL ANTHONY CLARK, a.k.a. "Mike

Nitty," a.k.a. "Mike," shall forfeit to the United States, pursuant to 21 U.S.C. §

33

853(a): (a) any property, real or personal, constituting or derived from any

proceeds obtained, directly or indirectly, as a result of such violations; and (b) any

property, real or personal, used, or intended to be used, in any manner or part, to

commit, or to facilitate the commission of such violations.

ii.     Property subject to forfeiture to the United States pursuant to Title 21, United

States Code, Section 853 (Controlled Substance) includes, but is not limited to,

the following:

(a)     The real property commonly known as 8867 Livernois Avenue, Detroit,

Michigan, dba "Penthouse Lounge," with a legal description as follows:

W. LIVERNOIS 1030 EXC LIVERNOIS AVE AS WD STOEPELS GREENFIELD
HIGHLANDS SUB L31 P1 PLATS, W C R 16/197 30 X 88.

(b) The real property commonly known as 14440 Plymouth Road, Detroit,

Michigan, dba "Mike's Detailing II," with a legal description as follows:

LOTS 59, 60 and 61, NEW PLYMOUTH ROAD SUBDIVISION OF LOTS 7, 8, 9, 10,
11, 12, 25, 26, 27, 28, 29 AND 30 OF FRISCHKORN'S GRAND RIVER FARMS
SUBDIVISION, ACCORDING TO THE PLAT RECORDED IN LIBER 46, PAGE 93
OF PLATS, WAYNE COUNTY RECORDS.

(c)     The real property commonly known as 17026 Plymouth Road, Detroit,

Michigan, dba "Mike's Detailing III," with a legal description as follows:

N. PLYMOUTH 398 & 399 FRISCHKORNS GRAND RIVER VIEW SUB L48 P72 PLATS W
C R 22/207 40 x 110.

(d)     The real property commonly known as 1289 Hunter Court, Milford,

Michigan, with a legal description as follows:

T2N, R7E, SEC 22  OAKLAND COUNTY CONDOMINIUM PLAN NO 758

34

BERWYCK PLACE UNIT 1 L 125 4-23-92 FR 300-005.

(e) The real property commonly known as 7559 Prairie Street, Detroit, Michigan

with a legal description as follows:

Lot 492, Dovercourt Park Subdivision, as recorded in Liber 34, Page 89, of plats, Wayne
County Records.

(f)     The real property commonly known as 8843 Livernois Avenue,

Detroit, Michigan, dba "Mike's Detailing," with a legal description as follows:

Lots 1026, 1027 & 1028 STOEPELS GREENFIELD HIGHLANDS SUB., WAYNE COUNTY
RECORDS.

(g)     The following automobiles:

1. 2003 MERCURY MARAUDER - VIN: 2MEHM75V23X602214

2. 1998 RANGE ROVER - VIN: SALPV1449WA378929

3. 2000 CHEVROLET VENTURE VAN - VIN: 1GNDX13E8YD253279

4. 1996 CHEVROLET IMPALA - VIN: 1G1BL52P0TR126021

5. 1997 BMW M3 - VIN: WBSBG9329VEY75151

6. 1969 BUICK CONVERTIBLE - VIN: 484679H322299

7. 1995 HARLEY DAVIDSON - VIN: 1HD1BNL16SY022751

8. 2000 SUZUKI MOTORCYCLE - VIN: JS1GW71A5Y2107116

9. 2002 GMC PICKUP - VIN: 1GTHK29102E136879

10. 2004 DODGE VIPER - VIN: 1B3JZ65Z04V101358

11. 2003 DODGE VIPER - VIN: 1B3JR65Z03V501869

12. 2003 GM HUMMER - VIN: 5GRGN23633H117330

## COUNT FORTY-FOUR

### (18 U.S.C. §982(a)(1) - Criminal Forfeiture)

### D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"

i.      Upon conviction of one or more of the controlled substance violations of Title 18,

United States Code, Sections 1956 and 1957 alleged in Counts THIRTY-SIX and

THIRTY-SEVEN of this Indictment, Defendant MICHAEL ANTHONY

CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," shall forfeit to the United States,

pursuant to 21 U.S.C. § 853(a): (a) any property, real or personal, constituting or

derived from any proceeds obtained, directly or indirectly, as a result of such

violations; and (b) any property, real or personal, used, or intended to be used, in

any manner or part, to commit, or to facilitate the commission of such violations.

ii.     Property subject to forfeiture to the United States pursuant to Title 21, United

States Code, Section 853 (Controlled Substance) includes, but is not limited to,

the following:

(a)  The real property commonly known as 8867 Livernois Avenue, Detroit,

Michigan, dba "The Penthouse Lounge," with a legal description as follows:

W. LIVERNOIS 1030 EXC LIVERNOIS AVE AS WD STOEPELS GREENFIELD
HIGHLANDS SUB L31 P1 PLATS, W C R 16/197 30 X 88.

(b)  The real property commonly known as 14440 Plymouth Road, Detroit,

Michigan, dba "Mike's Detailing II," with a legal description as follows:

LOTS 59, 60 and 61, NEW PLYMOUTH ROAD SUBDIVISION OF LOTS 7, 8, 9, 10,
11, 12, 25, 26, 27, 28, 29 AND 30 OF FRISCHKORN'S GRAND RIVER FARMS
SUBDIVISION, ACCORDING TO THE PLAT RECORDED IN LIBER 46, PAGE 93

36

OF PLATS, WAYNE COUNTY RECORDS.

© The real property commonly known as 17026 Plymouth Road, Detroit,

Michigan, dba "Mike's Detailing III," with a legal description as follows:

N. PLYMOUTH 398 & 399 FRISCHKORNS GRAND RIVER VIEW SUB L48 P72 PLATS W
C R 22/207 40 x 110.

(d)     The real property commonly known as 1289 Hunter Court, Milford,

Michigan, with a legal description as follows:

T2N, R7E, SEC 22  OAKLAND COUNTY CONDOMINIUM PLAN NO 758
BERWYCK PLACE UNIT 1 L 125 4-23-92 FR 300-005.

(e) The real property commonly known as 7559 Prairie Street, Detroit, Michigan

with a legal description as follows:

Lot 492, Dovercourt Park Subdivision, as recorded in Liber 34, Page 89, of plats, Wayne
County Records.

(f)     The real property commonly known as 8843 Livernois Avenue,

Detroit, Michigan, dba "Mike's Detailing," with a legal description as follows:

Lots 1026, 1027 & 1028 STOEPELS GREENFIELD HIGHLANDS SUB., WAYNE COUNTY
RECORDS.

N. PLYMOUTH 398 & 399 FRISCHKORNS GRAND RIVER VIEW SUB L48 P72 PLATS W
C R 22/207 40 x 110.

(g)     The following automobiles:

1. 2003 MERCURY MARAUDER - VIN: 2MEHM75V23X602214

2. 1998 RANGE ROVER - VIN: SALPV1449WA378929

3. 2000 CHEVROLET VENTURE VAN - VIN: 1GNDX13E8YD253279

4. 1996 CHEVROLET IMPALA - VIN: 1G1BL52P0TR126021

37

5. 1997 BMW M3 - VIN: WBSBG9329VEY75151

6. 1969 BUICK CONVERTIBLE - VIN: 484679H322299

7. 1995 HARLEY DAVIDSON - VIN: 1HD1BNL16SY022751

8. 2000 SUZUKI MOTORCYCLE - VIN: JS1GW71A5Y2107116

9. 2002 GMC PICKUP - VIN: 1GTHK29102E136879

10. 2004 DODGE VIPER - VIN: 1B3JZ65Z04V101358

11. 2003 DODGE VIPER - VIN: 1B3JR65Z03V501869

12. 2003 GM HUMMER - VIN: 5GRGN23633H117330

## COUNT FORTY-FIVE

### (21 U.S.C. §853(a) - Criminal Forfeiture)

**D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"**

i.      Upon conviction of one or more of the controlled substance violations of Title 21,
        United

States Code, Sections 841(a)(2) and 846 alleged in Counts One through Three of this

Indictment, Defendant KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev" shall forfeit to

the United States, pursuant to 21 U.S.C. § 853(a): (a) any property, real or personal,

constituting or derived from any proceeds obtained, directly or indirectly, as a result of

such violations; and (b) any property, real or personal, used, or intended to be used, in any

manner or part, to commit, or to facilitate the commission of such violations.

ii.     Property subject to forfeiture to the United States pursuant to Title 21, United
        States Code, Section 853 (Controlled Substance) includes, but is not limited to,

38

the following:

(a)   The real property commonly known as Looking Good Auto Sales, located at 15900
Grand River Avenue, Detroit, Michigan, with a legal description as follows:

S FENKELL 35 & 34 SCHMIDT EST SUB L47 P57 PLATS, W C R 22/138 46 x 100

(b)   The real property commonly known as 10075 Elmira, Detroit, Michigan, with a
legal description as follows:

LOT 439 BE TAYLORS SOUTHLAWN SUBDIVISION As Recorded in Liber 33 On
Page 2 of Plats Wayne County Records, Property ID: Ward 18, Item No. 6370.

THIS IS A TRUE BILL

_____

s/FOREPERSON

STEPHEN J. MURPHY
United States Attorney


s/KAREN GIBBS
Assistant U. S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226                      DATED:

## Criminal Case Cover Sheet

**United States District Court**
**Eastern District of Michigan**

Case Number 05-80810

LAWRENCE P. ZATKOFF

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Numbers: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| Yes    X No | AUSA's Initials:  KMG   _KSC for KMG_ |

**Case Title:** USA v. Michael Clark et. al.,

**County where offense occurred :** Wayne County

**Check One:**      X Felony            ☐ Misdemeanor            ☐ Petty

☐    Indictment___ /Information_____ no prior complaint.
☐    Indictment_ _ /Information_____ based upon prior complaint [Case number: _____ ]
☐    Indictment_X__ /Information_____ based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information:**

**Superseding to Case No:** 05-80810                    Judge: Cohn

☐    Original case was terminated; no additional charges or defendants.
☑    Corrects errors; no additional charges or defendants.
☐    Involves, for plea purposes, different charges or adds counts.
☐    Embraces same subject matter but adds the additional defendants or charges below:

**Defendant name**                                              **Charges**

_____

Date

_Keith E. Corbett for KMG_

KAREN M. GIBBS
Assistant United States Attorney

_____

phone number
313-226-9705

[1] Companion cases are matters in which it appears that substantially similar evidence will be offered at trial or the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

F I L E D

NOV 0 2 2006

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

       Plaintiff,

                            CASE NO. 05-80810

vs.                           HON. LAWRENCE P. ZATKOFF

MICHAEL ANTHONY CLARK and
JAMES JACKSON,

       Defendants.

_____/

## SPECIAL VERDICT FORM

### COUNT ONE

1.    As to Count One of the Indictment, Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana, we, the Jury, find:

    Defendant Michael Clark:    [ ] not guilty
                                [X] guilty

    Defendant James Jackson:    [ ] not guilty
                                [X] guilty

[*Note*: If you find Defendant Michael Clark not guilty as charged in Count One, you need not consider paragraph 1(a) below. If you find Defendant James Jackson not guilty as charged in Count One, you need not consider paragraph 1(b) below.]

1(a).  We, the Jury, having found Defendant Michael Clark guilty of the offense charged in Count One, also find with respect to that Count that he conspired to possess with intent to distribute Marijuana in the amount shown (place an X in the appropriate box):

(i)     Weighing 1000 kilograms or more                                        [ ]
(ii)    Weighing at least 700 kilograms, but less than 1000 kilograms  [X]
(iii)   Weighing at least 400 kilograms, but less than 700 kilograms  [ ]
(iv)    Weighing at least 100 kilograms, but less than 400 kilograms  [ ]
(v)     Weighing at least 80 kilograms, but less than 100 kilograms   [ ]
(vii)   Weighing at least 60 kilograms, but less than 80 kilograms    [ ]
(viii)  Weighing at least 40 to 60 kilograms                         [ ]
(ix)    Weighing at least 20 to 40 kilograms                         [ ]
(x)     Weighing at least 10 to 20 kilograms                         [ ]
(xi)    Weighing at least 5 to 10  kilograms                         [ ]
(xii)   Weighing at least 2.5 to 5 kilograms                        [ ]
(xiii)  Weighing at least 1 to 2.5 kilograms                        [ ]
(xiv)   Weighing less than 1 kilogram                               [ ]

---

1(b).  We, the Jury, having found Defendant James Jackson guilty of the offense charged in Count One, also find with respect to that Count that he conspired to possess with intent to distribute Marijuana in the amount shown (place an X in the appropriate box):

(i)     Weighing 1000 kilograms or more                                        [ ]
(ii)    Weighing at least 700 kilograms, but less than 1000 kilograms  [ ]
(iii)   Weighing at least 400 kilograms, but less than 700 kilograms  [X]
(iv)    Weighing at least 100 kilograms, but less than 400 kilograms  [ ]
(v)     Weighing at least 80 kilograms, but less than 100 kilograms   [ ]
(vii)   Weighing at least 60 kilograms, but less than 80 kilograms    [ ]
(viii)  Weighing at least 40 to 60 kilograms                         [ ]
(ix)    Weighing at least 20 to 40 kilograms                         [ ]
(x)     Weighing at least 10 to 20 kilograms                         [ ]
(xi)    Weighing at least 5 to 10 kilograms                          [ ]
(xii)   Weighing at least 2.5 to 5 kilograms                        [ ]
(xiii)  Weighing at least 1 to 2.5 kilograms                        [ ]
(xiv)   Weighing less than 1 kilogram                               [ ]

## COUNT TWO

2. As to Count Two of the Indictment, Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine, we, the Jury, find the Defendant Michael Clark:

[ ] not guilty
☒ guilty

[*Note*: If you find the Defendant not guilty as charged in Count Two, you need not consider paragraph 2(a) below. Go directly to paragraph 3].

2(a). We, the Jury, having found Defendant Michael Clark guilty of the offense charged in Count Two, also find with respect to that Count that he conspired to possess with intent to distribute Cocaine in the amount shown (place an X in the appropriate box):

| | | |
|---|---|---|
| (i) | Weighing 11 kilograms or more | ☒ |
| (ii) | Weighing at least 5 kilograms, but less than 11 kilograms | [ ] |
| (iii) | Weighing at least 3.5 kilograms, but less than 5 kilograms | [ ] |
| (iv) | Weighing at least 2 kilograms, but less than 3.5 kilograms | [ ] |
| (v) | Weighing at least 500 grams, but less than 2 kilograms | [ ] |
| (vi) | Weighing at least 400 grams, but less than 500 grams | [ ] |
| (vii) | Weighing at least 300 grams, but less than 400 grams | [ ] |
| (viii) | Weighing at least 200 grams, but less than 300 grams | [ ] |
| (ix) | Weighing at least 100 grams, but less than 200 grams | [ ] |
| (x) | Weighing at least 50 grams, but less than 100 grams | [ ] |
| (xi) | Weighing at least 20 grams, but less than 50 grams | [ ] |
| (xii) | Weighing less than 20 grams | [ ] |

## COUNT FOUR

3. As to Count Four of the Indictment, Continuing Criminal Enterprise, we, the Jury, find the Defendant Michael Clark:

[ ] not guilty
[X] guilty

---

## COUNT FIVE

4. As to Count Five of the Indictment, Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances, we, the Jury, find the Defendant Michael Clark:

[ ] not guilty
[X] guilty

---

## COUNT SIX

5. As to Count Six of the Indictment, Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances, we, the Jury, find the Defendant Michael Clark:

[X] not guilty
[ ] guilty

---

## COUNT SEVEN

6. As to Count Seven of the Indictment, Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances, we, the Jury, find the Defendant Michael Clark:

[ ] not guilty
[X] guilty

---

## COUNT NINE

7. As to Count Nine of the Indictment, Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances, we, the Jury, find:

Defendant Michael Clark:  [X] not guilty
                          [ ] guilty

Defendant James Jackson   [X] not guilty
                          [ ] guilty

## COUNT TEN

8. As to Count Ten of the Indictment, Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances, we, the Jury, find the Defendant James Jackson:

[X] not guilty
[ ] guilty

## COUNT ELEVEN

9. As to Count Eleven of the Indictment, Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances, we, the Jury, find the Defendant Michael Clark:

[ ] not guilty
[X] guilty

## COUNT THIRTEEN

10. As to Count Thirteen of the Indictment, Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances, we, the Jury, find the Defendant Michael Clark:

    [ ] not guilty
    [X] guilty

## COUNT THIRTY-THREE

11. As to Count Thirty-three of the Indictment, Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances, we, the Jury, find the Defendant Michael Clark:

    [ ] not guilty
    [X] guilty

## COUNT THIRTY-FIVE

12. As to Count Thirty-five of the Indictment, Conspiracy to Launder Monetary Instruments, we, the Jury, find the Defendant Michael Clark:

    [X] not guilty
    [ ] guilty

[*Note*: If you find the Defendant not guilty as charged in Count Thirty-Five, you need not consider paragraph 12(a) below. Go directly to paragraph 13].

12(a). We, the Jury, having found Defendant Michael Clark guilty of the offense charged in Count Thirty-Five, also find with respect to that Count that he conspired to Launder Monetary Instruments in the amount shown (place an X in the appropriate box):

| | | |
|---|---|---|
| (i) | Worth more than One Million ($1,000,000) Dollars | [ ] |
| (ii) | Worth more than $400,000, but less than $1,000,000 | [ ] |
| (iii) | Worth more than $200,000, but less than $400,000 | [ ] |
| (iv) | Worth more than $120,000, but less than $200,000 | [ ] |
| (v) | Worth more than $70,000, but less than $120,000 | [ ] |
| (vi) | Worth more than $30,000 s, but less than $70,000 | [ ] |
| (vii) | Worth more than $10,000, but less than $30,000 | [ ] |
| (viii) | Worth more than $5,000.00, but less than $10,000 | [ ] |
| (ix) | Worth less than $5,000 | [ ] |

## COUNT THIRTY-SIX

13. As to Count Thirty-six of the Indictment, Laundering Monetary Instruments, we, the Jury, find the Defendant Michael Clark:

        ☒ not guilty
        [ ] guilty

[*Note*: If you find the Defendant not guilty as charged in Count Thirty-Six, you need not consider paragraph 13(a) below. Go directly to paragraph 14].

13(a). We, the Jury, having found Defendant Michael Clark guilty of the offense charged in Count Thirty-Six, also find with respect to that Count that he conspired to Launder Monetary Instruments in the amount shown (place an X in the appropriate box): ·

| | | |
|---|---|---|
| (i) | Worth more than One Million ($1,000,000) Dollars | [ ] |
| (ii) | Worth more than $400,000, but less than $1,000,000 | [ ] |
| (iii) | Worth more than $200,000, but less than $400,000 | [ ] |
| (iv) | Worth more than $120,000, but less than $200,000 | [ ] |
| (v) | Worth more than $70,000, but less than $120,000 | [ ] |
| (vi) | Worth more than $30,000 s, but less than $70,000 | [ ] |
| (vii) | Worth more than $10,000, but less than $30,000 | [ ] |
| (viii) | Worth more than $5,000.00, but less than $10,000 | [ ] |
| (ix) | Worth less than $5,000 | [ ] |

## COUNT FORTY-ONE

14.     As to Count Forty-one of the Indictment, Felon in Possession of a Firearm, we, the Jury, find the Defendant Michael Clark:

        [ ] not guilty
        [X] guilty

## COUNT FORTY-TWO

15.     As to Count Forty-two of the Indictment, Felon in Possession of a Firearm, we, the Jury, find the Defendant Michael Clark:

        [ ] not guilty
        [X] guilty

Dated: _November 2, 2006_          _John E. Phillips_ Foreperson





# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

F I L E D

NOV 03 2006

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MICHAEL ANTHONY CLARK,

        Defendant.

_____/

Honorable Lawrence P. Zatkoff
Case No. 05-80810

## SPECIAL VERDICT FORM

We, the Jury, find by unanimous verdict, that the following property was used or intended

to be used, in any manner or part, to commit, or to facilitate the commission of, or were proceeds,

or property traceable thereto, of the violations of which the defendant was convicted in Counts 1

and/or 2 (Place an "X" on the appropriate line for each listed property):

a.    14440 Plymouth Road, Detroit, MI    No ___    Yes  X 
        (Mike's Detailing and Car Wash II)

b.    17026 Plymouth Road, Detroit, MI    No  X     Yes ___
        (Mike's Detailing and Car Wash I)

c.    1289 Hunter Court, Milford, MI    No  X     Yes ___

d.    7559 Prairie Street, Detroit, MI    No ___    Yes  X 

e.    8843 Livernois Avenue, Detroit, MI    No ___    Yes  X 
        (Mike's Detailing and Car Wash III)

| f. | 1996 Chevrolet Impala<br>VIN: 1G1BL52P0TR126021 | No ____ | Yes  X |
| g. | 1997 BMW M3<br>VIN: WBSBG9329VEY75151 | No ____ | Yes  X |
| h. | 1969 Buick Convertible<br>VIN: 484679H322299 | No ____ | Yes  X |
| i. | 2000 Suzuki Motorcycle<br>VIN: JS1GW71A5Y2107116 | No  X | Yes ____ |
| j. | 2004 Dodge Viper<br>VIN: 1B3JZ65Z04V101358 | No  X | Yes ____ |

Foreperson sign and date the completed verdict form.

_John E. Phillips_
Foreperson

_November 3, 2006_
Date

criminal forfeiture predicated on the violations of Title 21 (count 43).

Petitioner was acquitted of money laundering charges (counts 35,36) and one and use of Communication Facilities charged (count 9). Count 44, Criminal Forfeiture based on money laundering, was not submitted to the jury. Petitioner was sentence to 600 months.

Petitioner Clark, appeal. **See:** UNITED STATES OF AMERICA V MICHAEL ANTHONY CLARK, Appeal No.: 07-1310 (6th Cir.) The Sixth Circuit Vacated the Drug Conspiracies in counts 1 and 2 for violation of double jeopardy and Upheld the Continuing Criminal Enterprise charge in count 4.

Petitioner Clark, petition for a Writ Of Certiorari was subsequently Denied by U.S. Supreme Court on January 15, 2014; Case No.: 14-6050.

Finally, Petitioner Clark filed a 28 U.S.C. § 2255 motion. Case No.: 2:14-cv-10183 (E.D. Mich. S.D.). The District Court Denied § 2255 motion, the application for a certificate of appealability ("COA") to the Sixth Circuit filed by Petitioner was also Denied, Case No. 17-2048.

The Instant Petition For A Writ Of Habeas Corpus Now Follows:

### III.  ISSUES PRESENTED

### GROUND ONE

Petitioner Clark, respectfully submits that he is illegally being detained and actually innocent of the specific alledged offense that he was prosecuted under 18 U.S.C. § 922 (g) and § 924 (a)(2), since the new facts has surfaced in decision of the Supreme Court ruling in **Rehaif v. United States**, Sup. Ct. No. 17-9560, 2019,_____ S. Ct._____,WL 2552487 (June 21, 2019, after his conviction was and has been affirmed on appeal.

Petitioner Clark, stipulates to having a prior felony conviction on Febrary 13, 2005 when a search warrant was procured to search his said

residence at 7559 Prairie Street, in Detroit, Michigan. Infact the felony conviction was out of Michigan that convicted petitioner some almost 2 decades ago in 1984, and with that said of Michigan being the convicting jurisdiction, Petitioner Clark would have never **"known"** that he was in violation of a Federal Statutory element of gun possession under §§ 922(g) and 924 (a)(2), due to the fact he was never put on notice or never had a federal conviction. Infact, Petitioner Clark had assumed his constitution-ally protected rights were restored under operation of state law of the convicting jurisdiction, which states that what constitutes a felony con-viction under the statute is "determined in accordance with the law of the jurisdiction in which the proceedings were held." However, "any conviction ......for which a person has had their civil rights restored" is not consider-ed a conviction for purposes of [the statute]" and Petitioner Clark had his civil rights to vote, to seek and hold public office and to serve on a jury in his state.( **citing** **Beecham v. United States,** 511 U.S. 368, 372, 114 S. Ct. 1669, 128 L. Ed 2d 383 (1994), with these civil rights being believe restored by Petitioner Clark, he would of never had "known" or "knowingly" that he was in violation of federal laws in the statute. Petitioner goes further to say that he was led to believe that he did not belonged to the relevant category of persons barred from possessing a firearm, because in the year 2000, Petitioner was tried on state charges for firearms that were infact possessed in Petitioner's home and businesses. **see** **State Of Michigan v.** **Michael Anthony Clark**, case no.:0000110501 3rd Circuit Court in Detroit, Michigan.

In this case it was discovered that Petitioner Clark, possessed these firearms in his home and businesses legally due his civil rights were infact

restored of operational of State law due to fact that Petitioner had been off of parole for more than seven years without incident which automatically restores civil rights in the state.  However, Petitioner was still arrested Federally on July 28, 2000 for the same felon-in-possession charge as in the state, by The Treasury Bureau Of Alcohol, Tobacco and Firearms (ATF) and the United States Marshal's Office while in the Court room after the trial was ajourned for that day.  On August 09th, 2000, Magistrate Judge Marc L. Goldman with motion dismissing complaint without prejudice by Daniel Lemisch, AUSA.  see **United States v. Michael Anthony Clark**, case no. 2:00-mj-80524 (attached);

Petitioner Clark, was informed through counselor Paul Daniel Curtis, that government confirmed with the Wayne County  Gun Board that Petitioner's gun rights was not restricted.  see: **Department Of The Treasury Bureau Of Alchol, Tobacco and Firearms, Management Log and Description Of Activity Sheet**, (attached).

Upon learning this information Petitioner Clark, pursued gaining his license to carry a firearm concealed, due to large sum of montary notes being deposited in the nightly Bank dropbox.  Petitioner hired a attorney to help attain a concealed carrying license since his right to possess had been established by both State and Federal Courts. After Petitioner's attorney looked into the matter and confirmed my eligibility to get the license to conceal carry, I was told I needed to submit my bank deposits logs and I had to take an Certified National Rifle Association Pistol Safety Course in the form of personal protection in the home course, which I did and sucessfully completed.  see **Application Letter and Certificate** (attached) During all of this I was never put on notice that I was in a relevant category of persons that has been barred from possessing a firearm let along carry one in concealment, which Petitioner Clark, never did.

# U.S. District Court
## Eastern District of Michigan (Detroit)
### CRIMINAL DOCKET FOR CASE #: 2:00-mj-80524-ALL

Case title: USA v. Clark                    Date Filed: 07/26/2000

Assigned to:

**Defendant**

**Michael Anthony Clark** (1)          represented by  **Paul D. Curtis (SUSPENDED)**
*TERMINATED: 08/09/2000*                              Curtis & Edison
                                                      2100 Cadillac
                                                      Second Floor
                                                      Detroit, MI 48226
                                                      313-331-5265
                                                      *TERMINATED: 08/09/2000*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      Designation: Retained

**Pending Counts**                         **Disposition**
None

**Highest Offense Level (Opening)**
None

**Terminated Counts**                      **Disposition**
None

**Highest Offense Level (Terminated)**
None

**Complaints**                             **Disposition**
18:922(g)(1) CONVICTED FELON IN            DISMISSED
POSSESSION OF A FIREARM

**Plaintiff**

**United States of America**               represented by  **Diane L. Marion**
                                                           U.S. Attorney's Office (Detroit)
                                                           211 W. Fort Street
                                                           Suite 2001

Detroit, MI 48226
313-226-9100
Email: diane.marion@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/26/2000 | 1 | COMPLAINT sworn before Magistrate Judge Thomas A. Carlson against Michael Anthony Clark (1) count(s) cmp (vs) (Entered: 07/26/2000) |
| 07/26/2000 | | WARRANT for arrest issued as to defendant Michael Anthony Clark (vs) (Entered: 07/26/2000) |
| 07/28/2000 | | INITIAL appearance by defendant Michael Anthony Clark (1) count(s) cmp before Magistrate Judge Thomas A. Carlson, setting detention hearing for 1:00 7/31/00 for Michael Anthony Clark - D/Atty: Daniel Curtis - AUSA: Bruce Judge - Tape # Carlson 7/28/00 (vs) (Entered: 07/28/2000) |
| 07/28/2000 | 2 | ORDER by Magistrate Judge Thomas A. Carlson as to defendant Michael Anthony Clark, for temporary detention pending hearing pursuant to Bail Reform Act. [EOD Date 7/31/00] (cf) (Entered: 07/31/2000) |
| 07/28/2000 | 3 | APPEARANCE for defendant Michael Anthony Clark of attorney Paul D. Curtis. (cf) (Entered: 07/31/2000) |
| 07/31/2000 | | DETENTION hearing held as to defendant Michael Anthony Clark Disposition: Bond Set in the amount of $100,000.00 Unsecured - Magistrate Judge Marc L. Goldman D/Atty: Paul Curtis AUSA: Daniel Lemisch Tape #: 7/31/00 (gw) (Entered: 08/01/2000) |
| 07/31/2000 | | SCHEDULE: setting preliminary examination for 1:00 8/10/00 for Michael Anthony Clark (gw) (Entered: 08/01/2000) |
| 07/31/2000 | 4 | ORDER by Magistrate Judge Marc L. Goldman as to Michael Anthony Clark, setting unsecured bond in the amount of 100,000 with conditions [EOD Date 8/3/00] (lg) (Entered: 08/03/2000) |
| 07/31/2000 | 5 | BOND as to Michael Anthony Clark in the amount of 100,000 unsecured entered (lg) (Entered: 08/03/2000) |
| 08/09/2000 | 6 | WARRANT for arrest returned executed by Special Agents on 7/28/00 as to defendant Michael Anthony Clark (nh) (Entered: 08/10/2000) |
| 08/09/2000 | 7 | WARRANT for arrest returned executed by Special Agent Griffith on 7/28/00 as to defendant Michael Anthony Clark (nh) (Entered: 08/10/2000) |
| 08/09/2000 | 8 | ORDER by Magistrate Judge Marc L. Goldman with motion dismissing complaint without prejudice and cancelling bond as to Michael Anthony Clark (1) count cmp [EOD Date: 8/11/00] (kg) (Entered: 08/11/2000) |

| 07/20/2006 17:00:54 | | | |
|---|---|---|---|
| **PACER Login:** | mf1863 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:00-mj-80524 |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



UNITED STATES OF AMERICA,

      Plaintiff,

-vs-

               CRIMINAL NO.  00-80524

MICHAEL ANTHONY CLARK,

      Defendant.

_____/

## MOTION FOR DISMISSAL OF COMPLAINT AND WARRANT

    Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure
and 18 U.S.C. § 3161(d) by leave of court endorsed hereon the United
States Attorney for the Eastern District of Michigan hereby moves for
dismissal without prejudice the complaint against MICHAEL ANTHONY CLARK,
defendant herein.

    The reasons for dismissal without prejudice are as follows:

1.    That the government requires additional time to develop
and acquire sufficient evidence.

2.    That the government requires additional time to investigate
the extent of the criminal act alleged and the participants
in it.

3.    That the government requires additional time to ascertain if
formal prosecution of the defendant for the criminal act
alleged is in the public interest.

4.    That proceeding to indictment or information within the time
limits of § 3161(b) as extended by § 3161(h) would substan-
tially impair the government's ability to accomplish the
objectives of paragraph 1-3 above. See United States v.
Lovasco, 431 U.S. 783, 792-796 (1977).

                    SAUL A. GREEN
                    United States Attorney

By: _____
           DANIEL L. LEMISCH
           Assistant United States Attorney
           211 W. Fort Street, Ste. 2001
DATED: 8/09/00        Detroit, MI 48226

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



FILE

AUG 0 9 2000

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

-vs  ·                CRIMINAL NO. 00-80524

MICHAEL ANTHONY CLARK,

    ·        Defendant.
_____/

### ORDER GRANTING LEAVE TO DISMISS COMPLAINT AND WARRANT

    Upon motion of the United States Attorney with notice to counsel
for the defendant, and the court being duly advised in the premises;

    IT IS HEREBY ORDERED that leave to dismiss the complaint against
MICHAEL ANTHONY CLARK, defendant herein, be and is granted; and

    IT IS FURTHER ORDERED that the complaint and warrant against
MICHAEL ANTHONY CLARK, defendant herein, be and is dismissed without
prejudice and that the appearance bond issued thereunder is cancelled.

                               _____
                               UNITED STATES MAGISTRATE JUDGE

DATED:   __AUG 0 9 2000__         MARC L GOLDMAN

# DOCUMENT COVER SHEET: EXEMPTIONS LIST AND APPEAL RIGHTS

**Part I – Document cover sheet**

| | | |
|---|---|---|
| 1. Requesters' name<br>_Michael A. Clark_ | 2. File no.<br>_08-1247_ | 3. Requested documents were referred by the following agency: |
| 4. Documents are being released:<br>[ ] at cost  [✓] without cost | 5. Package ends with documents no.:<br>_115 pages_ | 6. Total no. of documents denied:<br>_3 pages_ |

7. Exemptions cited for information withheld on pages released: (See Part II of explanations of exemptions)

[ ] (b) (1)   [✓] (b) (2)   [ ] (b) (3) _____   [ ] (b) (4)   [ ] (b) (5)   [ ] (b) (6)

[ ] (b) (7) (A)   [ ] (b) (7) (B)   [✓] (b) (7) (C)   [ ] (b) (7) (D)   [ ] (b) (7) (E)   [ ] (b) (7) (F)

8. Documents completely withheld:

Document no. -----Exemption      Document no. -----Exemption      Document no. -----Exemption

_Pages 38 + 39 b(2) b(5)_   _____  _____      _____  _____

_Page 45   b(2)_   _____  _____      _____  _____

_____  _____      _____  _____      _____  _____

_____  _____      _____  _____      _____  _____

_____  _____      _____  _____      _____  _____

9. The records identified above have been determined to be most directly responsive to your request. Other records, described below are available upon payment of ten (10) cents per page (or at no cost if a fee waiver is granted). These records generally consist of similar or repetitive information that restates information contained in the package being released. A sample of index of these records is included in this released. The following records are available upon written request:

No. of pages

(a) Exhibits to Report (See index on page_____)   _____
(b) Surveillance Reports (See sample page_____)   _____
(c) Interagency Telegrams and Messages (See sample page_____)   _____
(d) Property Disposition records (See sample page_____)   _____
(e) Newspaper or magazine article (See sample page_____)   _____
(f) Miscellaneous (See sample page)   _____

Note: To obtain copies of these records, identify which records you want count the pages and multiply by ten (10) cents. Send a check or money order payable to Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and mail to Chief, Disclosure Division, ATF; 99 New York Avenue., Room 1E360, Washington, DC 20226. Request promptly for best service, as files are returned to field offices fifteen (15) days after this notice is mailed to you.

(Parts II and III on reverse side)


| DATE | DESCRIPTION OF ACTIVITY |
|---|---|
| 6-3-99 | Investigation opened. N-force entry completed. |
| 5-1-00 | According to S/A ▓▓▓▓ having difficulty w/ DPD property for f. print analysis of lab. Discussed w/ AUSA Marion, who suggested CCR be submitted w/o fingerprints on gun. S/A ▓▓▓▓ also spoke w/ ABAC regarding writing CCR since Clark in State Jail for unrelated homicide chrg. ABAC directed S/A ▓▓▓▓ to write CCR on f/a chrg – (possible 924e) |
| 7-28-00 | Clark arrested by ATF |
| 7-28-00 | Detention hearing for Clark - Clark released - on tether - Prelim. scheduled for 8-21-00 |
| ——— | |
| 8-21-00 | AUSA Lemisch Dismissed w/o prejudice |
| 5-24-01 | |
| 8-3-00 | Email request to confirm whether gun rights restored by Wayne Cty. Gun Board - Negative |
| 5-25-01 | ▓▓▓▓ will submit updated ROI with positive ID on Clark and then resubmit CCR |
| 6-6-01 | Case Report forwarded |
| 6-26-01 | CCR resubmitted to G/S |
| 6-27-01 | CCR retd for addl. changes (format) |
| Nov 2001 | AUSA S. Jangue declined pros of this case - No property finding Request Case be closed ▓▓▓▓ |



# ATF FORMER WANTED PERSON

**4300**
(MSG NBR)

**7-28-00**
(DATE)

**1540 EST**
(TIME)

DD ___ DD INFO ___
ASAC ___ DIO ___
DOO ___ SOO ___
FIO ___ TOO ___
MA ___ INTEL ___
AS/GS/RAC ___
ALL EMPLOYEES ___
GROUP ___
FILE ___
OTHER ___

FROM:     ATF HQS (NATIONAL COMMUNICATIONS CENTER)

TO:       ATF __DETROIT     F/D__

REF:      YOUR MSG NBR _____ DATED __7-28-00__

SUBJECT:  ATF FORMER PERSON NUMBER ___14934___

__CLARK, MICHAEL ANTHONY__
(NAME)

SYSIDNO/P _____

NIC/W _____

IN# ___774025 99 0045___

THE ABOVE SUBJECT HAS BEEN CLEARED IN NCIC PER YOUR REQUEST.

*****IF THE ABOVE SUBJECT IS WANTED BY ANOTHER AGENCY, COMPLETED THE FOLLOWING INFORMATION*****

THE ABOVE SUBJECT IS WANTED IN NCIC BY ___N/A___, SEE
(NAME OF INTERESTED PARTY)

NIC/W ___N/A___.

CHIEF, SPECIAL OPERATIONS DIVISION

b7C

(2)

## DEPARTMENT OF THE TREASURY
### BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
### REMOVAL OF ATF WANTED PERSON

MESSAGE # 1115

DATE: 1-28-00

TIME: 3:10 PM

**FROM:** SPECIAL AGENT IN CHARGE

ATF. Detroit _____ FIELD DIVISION

**TO:** SPECIAL AGENT IN CHARGE
HEADQUARTERS NATIONAL COMMUNICATIONS CENTER

*Please REMOVE the individual listed below from NCIC as an ATF wanted person*

| NAME OF WANTED PERSON | | INVESTIGATION NUMBER |
|---|---|---|
| CLARK, Michael Anthony | | 774025-99-0045 |

| TECS RECORD IDENTIFICATION NUMBER | DATE OF BIRTH | SOCIAL SECURITY NUMBER | ATF FUGITIVE NUMBER |
|---|---|---|---|
| ▉▉▉▉ | 8-5-65 | 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 | 14934 |

| NCIC NUMBER | DATE OF ARREST | REASON FOR REMOVAL |
|---|---|---|
| ▉▉▉▉ | 1-28-00 | Arrested |

| ARRESTED BY | CASE AGENT |
|---|---|
| ATF | ▉▉▉▉ |

ATF F 3130.2 (1-96)

b7C

③

# ATF WANTED PERSON

**4243**
_(SG NBR)_

**7-26-00**
_(DATE)_

**1827**
_(TIME)_



**FROM:** ATF HQS (NATIONAL COMMUNICATIONS CENTER)

**TO:** ATF _DETROIT F/D_

**REF:** YOUR MSG NBR ▮▮▮▮ DATED _7/26/00_

**SUBJECT:** ATF WANTED PERSON NUMBER _14934_

_Clark, Michael ANTHONY_
_(NAME)_

SY NO/P ▮▮▮▮▮▮▮▮▮▮

NIC/W ▮▮▮▮▮▮▮▮▮▮

UI#/ _774025 990045_

THE ABOVE SUBJECT HAS BEEN ENTERED INTO NCIC & MODIFIED IN TECS PER YOUR REQUEST.

CHIEF, SPECIAL OPERATIONS DIVISION ▮▮▮▮

b7C





**DEPARTMENT OF THE TREASURY**
**BUREAU OF ALCOHOL, TOBACCO AND FIREARMS**
## NCIC DATA ENTRY ON ATF WANTED PERSON

FROM: ATF, DETROIT _____ FIELD DIVISION

TO: **SPECIAL AGENT IN CHARGE**
**NATIONAL COMMUNICATIONS CENTER**

| [X] **ENTER** or | [ ] **MODIFY ATF WANTED PERSON** *(Check one)* |
|---|---|

NAME *(Last Name, First Name, Middle Name or Middle Initial)*

CLARK   MICHAEL   Anthony

| FBI NUMBER |
|---|
| 253606 CAØ |

INVESTIGATION NUMBER: 774025-99-0045

TECS RECORD IDENTIFICATION NUMBER

STATUTE CHARGED: 922 (g)(1)

VIOLATION

FELON IN POSSESSION

**PRIMARY PERSONAL DESCRIPTIVE DATA** *(Include additional personal descriptors on attachment)*

| RACE | SEX | HEIGHT | WEIGHT | HAIR COLOR | EYE COLOR | DATE OF BIRTH (mm/dd/yy) | PLACE OF BIRTH |
|---|---|---|---|---|---|---|---|
| B | M | 5'9 | 200 | Black | Brown | 08-05-65 | MI |

| SOCIAL SECURITY NUMBER | DRIVER'S LICENSE NUMBER | DRIVER'S LICENSE STATE |
|---|---|---|
| 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 | C-462-603-067-613 | MI |

SCARS, MARKS AND TATTOOS

SCAR- Forehead

ALIASES

SEAN Robert Clark

**WARRANT INFORMATION**
*(All entries must include a copy of the warrant and a copy of the complaint or indictment.)*

| ~~CREST~~ | JUDICIAL DISTRICT | DATE | NUMBER | HELD BY US MARSHAL |
|---|---|---|---|---|
| Weapons Violation | EASTER MICHIGAN | 7-26-00 | 00-80524 | ~~ATF~~ |

NAME OF CASE AGENT

MISCELLA...

ATF F 3130.1 (1-96)

b7C

LAW OFFICES OF

## S. ALLEN EARLY
ATTORNEY AND COUNSELOR
SUITE 906
2111 WOODWARD AVENUE
DETROIT, MI 48201

ADMITTED IN
MICHIGAN, CALIFORNIA
AND DISTRICT OF COLUMBIA

TELEPHONE
(313) 962-2320

FACSIMILE
(313) 962-2341

October 12, 2001

Oakland County Concealed Weapon Licensing Board
Oakland County Courthouse
1200 North Telegraph Road
Pontiac, MI    48341

Re:     Michael Anthony Clark
        Application for Restoration of Firearms Rights
        (MCL 28.424)

Dear Sirs:

Enclosed herewith for filing please find Application for Restoration of Firearms Rights (MCL 28.424). If you should need any more information with respect to the enclosed Application or if you have any questions or comments, please do not hesitate to contact me.

Very truly yours,

S. Allen Early

SAE:ab

Enclosures

cc:    Michael Clark

# THE NATIONAL RIFLE ASSOCIATION OF AMERICA

Awards this certificate to

Michael Anthony Clark

for successful completion of the

## NRA

# PERSONAL PROTECTION
# IN THE HOME COURSE

In compliance with Michigan House Bill No. 4530: section 5j, effective July 1, 2001. Now recorded as Public Act 381.

Private Instruction
Jury and Associates
Issued/at



DEFENDANT'S
EXHIBIT
73

_____
NRA Certified Instructor

# 390-22506

_9/21/01_
Date

_____
NRA Secretary



## The
## National
## Rifle
## Association
## of America

NATIONAL RIFLE ASSOCIATION · INCORPORATED 1871 · OF AMERICA

## GROUND TWO

Petitioner Clark, respectfully submits that he is illegally being detained and actually innocent of the specific offense that he was prosecuted under 18 U.S.C. § 922 (g) and § 924 (a)(2), Under the new "statutory-interpretation" that has surfaced new facts in the decision of the Supreme Court ruling in **Rehaif v. United States,** Sup. Ct. No. 17-9560, 2019,_____S. Ct____, WL 2552487 (June 21, 2019), after Petitioner's convictions has been affirmed on appeal.

Petition Clark, stipulates again to having a prior felony conviction, on May 05, 2005 Petitioner Clark was infact in possession of a disable firearm. Petitioner's felony Conviction was out of Michigan in 1984, some 19yrs. prior when he was charged. As Michigan being the said convicting jurisdiction, Petitioner would have never "known" that he was in violation of a statutory elements of gun possession under §§ 922(g) and § 924(a)(2), due to the fact he was never put on notice or never had an federal conviction to be put on notice of the Federal Statute of being a Felon-In-Possession.

Neither of Petitioner's felony were considered federal crimes, as was stated in aforementioned (count 1), Petitioner was led to believe he was not of a certain relevant category and there is no way Petitioner Clark would of "known" the he was unless he was convicted of a federal crime.

## SUMMATION

In the present case Petitioner Clark, submits the supervening change in the scope and statutory interpretation in the "knowingly" requirement in 18 U.S.C. § 922(g) and § 924(a)(2), statute as articulated by the Supreme Court 7-2 decision in **Rehaif v. United States,** Sup. Ct. No. 17-9560,_____S. Ct._____, 2019 WL 2552487 (June 21, 2019), indeed constitutes as extraordinary circumstance justifying this Court to allow Petitioner Clark to

challenge his conviction and/or sentence pursuant to 28 U.S.C. 2241, not only because **Rehaif** is an intervening change in the Statutory-interpretational law that seriously calls into question whether the Sixth Circuit's decision has resulted in the conviction and punishment of the Petitioner for crimes that under the new statutory-interpretation, says they were/are actually innocent of by law but also under circumstances such as presented here, would constitute a complete miscarriage of justice.  Turning to the Supreme Court interpretive decision in **Rehaif**, the Court granted Certiorari to re-solve an issue of whether a jury should be instructed that the government show not only that the defendant knew he possessed a firearm, but "also that he knew he had the relevant status when he possessed it."  **Opinion ("Op.")** at 1.  The Court states: "We conclude that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove both that the defendant knew he possessed a firearm and that he knew he or she belonged to the re-levant category of persons barred from possessing a firearm." **see Opinion ("Op.")** at 11 (emphases added).

The Petitioner further contends that because the Supreme Court had to define the Felon-In-Possession statute, 18 U.S.C. § 922(g) and § 924(a)(2) in **Rehaif**, and that this was a substantive change in law or clarification if you will, of the criminal statute not a new rule of constitutional law and such, must be applied retroactively.  **see In re Davenport**, 147 F. 3d 605, 611 (7th Cir. 1998), **Montana v. Cross,** 829 F. 3d 775, 783 (7th Cir. 2016), cert. denied sub. nom. **Montana v. Werlich**, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017)(**citing Brown v Rios**, 696 F. #d 638, 640 (7th Cir. 2012).

Petitioner Clark, is relying on **In re Davenport** and **Montana** in the Seventh Circuit that he can challenge his conviction and/or sentence pursuant

28 U.S.C. § 2241, if he can establish that a motion under the banner of 28 U.S.C. §2255 is a inadequate or ineffective remedy. **In re Davenport,** 147 F. 3d 605, 611 (7th Cir. 1998), under the "escape hatch" of § 2255(e), [a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of fund- amental defect in his conviction or sentence because the law changed after his first §2255 motion. Thus, the Seventh Circuit has held that "alterna- tive relief under § 2241 is available only in limited circumstances: specif- ically, only upon showing "(1) that he relies on 'not a constitutional case but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section § 2255, '(2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is 'grave enough... ...to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding,' such as one resulting in 'a conviction for a crime of which he was innocent.'" **Montana v. Cross,** 829 F 3d 775, 783 (7th Cir. 2016), cert. denied sub nom. **Montana v. Werlich,** 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017)(**citing Brown v. Rios,** 696 F. #d 638, 640 (7th Cir. 2012)).

In recent Seventh Circuit cases, and based on **Rehaif,** the Court will find that all three conditions are clearly satisfied. **see In re Davenport,** 147 F. 3d 605, 611 (7th Cir. 1998), because as noted, **Rehaif,** was not a constitutional case, but one of a statutory-interpretion case thus, satis- fying both **In re Davenport** and **Montana** first consideration and that the prisoner could not have invoked **Rehaif** in his first Section § 2255 motion either, because the law in the Sixth Circuit had foreclosed this argument made in **Rehaif** at the time of Petitioner's direct appeal and initial §2255 motion. Petitioner Clark, points out lastly that he can meet the third

requirement that a great miscarriage of justice occurred during his convictions and sentencing, also Petitioner Clark, contends, because of a failure to be able to object to a jury instruction that was in line with circuit precedent, Petitioner is serving a sentence of 600 months imprisonment on Count 4 and 120 months sentence on both counts 41 and 42 under 18 U.S.C. § 922(g), which was mistaken as a matter of law. This as noted, satisfies the requirement that a **Great Miscarriage Of Justice** has **Occurred.**

## CONCLUSION

**Based** on the above records and files of this case, Petitioner Clark, requests this Honorable Court in light of the Supreme Court statutory-interpretive decision in **Rehaif v. United States,** **Case No.** 17-9560 (Supreme Court June 21, 2019), which is a new rule. "A rule is said to be new 'when it was not' dictated by precedent existing at the time the defendant's conviction became final.'" **see Chaidez v United States,** 655 F. 3d 684, 688 (7th Cir. 2011)(quoting Teague, 489 U.S. at 301 (**emphasis in Original**)).

A rule was dictated by precedent when the outcome was not susceptible to debate among reasonable minds. **Id. (citing Butler v. McKellar,** 494 U.S. 407, 415, 110 S. Ct. 1212, 108 L. Ed. 2d 347 (1990)**),** and to prevent a complete **miscarriage of justice** when the Petitioner has raised a colorable claim of **actual innocence** of wrong doing.

**Wherefore,** for all the foregoing reasons, Petitioner Clark, respectfully requests this Honorable Court to carefully consider his petition for habeas corpus under § 2241 and to grant further relief in this case to which the Court may deem the Petitioner is justly entitled, by **vacating** his conviction and sentence and **Remand** for **New Trial.**

Respectfully Submitted,

Michael Anthony Clark
Register No. 28321-039
F.C.I. PEKIN
P.O. Box 5000
Pekin, Illinois 61555


I, Michael Anthony Clark, declare
under the penalty of perjury,
pursuant to 28 U.S.C. § 1746, that
the foregoing is both true and correct.

Dated this _11th_ day of _September_, 2019


cc:  enclosured
     attachedments


(12)

CERTIFICATE OF SERVICE

I, **Michael Anthony Clark,** hereby certify that I have
on this day and date of *September 11* ,2019 sent a true
and correct copy of the foregoing, MEMORANDUM OF LAW IN
SUPPORT OF HIS PETITION FOR A WRIT OF HABEAS CORPUS UNDER
28 U.S.C. § 2241, VIA First Class U.S. Postal Mail, with prepaid
postage affixed thereon, and properly addressed to:

U.S. District Court
Central District Of Illinois
Office Of The Clerk
Room 305
Federal Building
100 N.E. Monroe Street
Peoria, Illinois 61602

*Respondent:
(Petitioner has provided a service
copy to the Clerk as no entry of
Counsel has been made.)

Dated this *11th* day of *September* 2019.

Sincerely Submitted,

*Michael Anthony Clark*
Michael Anthony Clark
Register No. 28321-039
F.C.I. PEKIN
P.O. Box 5000
Pekin, Illinois 61555

cc:

(13)