E-FILED
Monday, 02 December, 2019  11:50:01 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

MICHAEL ANTHONY CLARK,                  )
                                        )
          Petitioner,                   )
                                        )
                                        )      Case No. 19-cv-1305-JES
                                        )
FREDERICK ENTZEL, Warden                )
                                        )
          Respondent.                   )

# APPENDIX

Page(s)

Defendant's Motion to Dismiss, ECF 156,
    *United States v. Clark et al.*, No. No. 05-cr-80810 (EDMI) ...........................001-012

Opinion and Order Denying Motion to Dismiss, ECF 210,
    *United States v. Clark et al.*, No. No. 05-cr-80810 (EDMI) ...........................013-018

Superseding Indictment, ECF 259-2,
    *United States v. Clark et al.*, No. No. 05-cr-80810 (EDMI) ...........................019-058

Verdict Form, ECF 351,
    *United States v. Clark et al.*, No. No. 05-cr-80810 (EDMI) ...........................059-066

Sentencing Order, ECF 447,
    *United States v. Clark et al.*, No. No. 05-cr-80810 (EDMI) ...........................067-073

Criminal Judgment, ECF 455
    *United States v. Clark et al.*, No. No. 05-cr-80810 (EDMI) ...........................074-084

Amended Criminal Judgment, ECF 601,
    *United States v. Clark et al.*, No. No. 05-cr-80810 (EDMI) ...........................085-091

2255 Motion, ECF 627,
*United States v. Clark et al.*, No. No. 05-cr 80810 (EDMI)............................092-105

Amended 2255 Motion, ECF 655,
*United States v. Clark et al.*, No. No. 05-cr-80810 (EDMI) ...........................106-158

Supplemental 2255 Motion, ECF 663,
*United States v. Clark et al.*, No. No. 05-cr-80810 (EDMI) ...........................159-164

Response to 2255 Motion, ECF 669,
*United States v. Clark et al.*, No. No. 05-cr-80810 (EDMI) ...........................165-186

Report and Recommendation, ECF 683,
*United States v. Clark et al.*, No. No. 05-cr-80810 (EDMI) ...........................187-208

Order Accepting and Adopting R&R, ECF 692,
*United States v. Clark et al.*, No. No. 05-cr-80810 (EDMI) ...........................209-216

Notice of Appeal, ECF 694,
*United States v. Clark et al.*, No. No. 05-cr-80810 (EDMI) ...........................217-218

Order Denying Certificate of Appealability,
*Clark v. United States*, No. 17-2048 (CA6 Mar. 9, 2018)...............................219-227

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,     Case No. 2005-80810
  vs.         HON. LAWRENCE P. ZATKOFF
MICHAEL ANTHONY CLARK,   MAGISTRATE JUDGE
    Defendant.     MONA K. MAJZOUB

                   /

JOHN F. ROYAL (P27800)    CORBETT EDGE O'MEARA (P54716)
Co-Counsel  for Defendant    Co-Counsel  for Defendant
The Ford Building       93 Kercheval, Suite 3
615 Griswold St., Suite 1724   Grosse Pointe Farms, MI 48236
Detroit, Michigan 48226    (313) 882-7450
(313) 962-3738

KAREN M. GIBBS
Assistant US Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9100
           /

**MOTION TO DISMISS COUNTS 41 AND 42 OF THE INDICTMENT
BECAUSE THE DEFENDANT'S RIGHT TO POSSESS FIREARMS HAD BEEN
RESTORED UNDER MICHIGAN LAW**

  NOW COMES the Defendant, MICHAEL ANTHONY CLARK,  by and through his attorneys, JOHN F. ROYAL, and CORBETT EDGE O'MEARA,  and respectfully moves this Honorable Court for the entry of an Order dismissing Counts 41 and 42 of the Indictment because the Defendant's right to possess firearms had been restored under Michigan law on the dates of the alleged offenses, and therefore it was not a violation of 18 USC 922(g)(1) for the Defendant to have been in possession of a firearm on the dates alleged in the Indictment, for the following reasons:

  1.  The Defendant, Michael Anthony Clark,  is one of fifteen defendants charged in a 45 count indictment.  Specifically, Mr. Clark is charged in Count 1 with Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana; in Count 2 with  Conspiracy to Possess with Intent

APPENDIX, p. 001

to Distribute and to Distribute Cocaine; in Count 4 with Engaging in a Continuing Criminal Enterprise; in Counts 5, 6, 7, 9 10, 13, and 33 with Unlawful Use of a Communication Facility to Conspire to Possess With Intent to Distribute Controlled Substances;  in Counts 35 and 36, with Conspiracy to Launder Money; in Counts 41 and 42,  with Felon in Possession of a Firearm; and in Counts 43 and 44  with Criminal Forfeiture.

2.The Defendant is charged in Count 41 of the Indictment with possessing several firearms which were seized by the Detroit Police Department during the search of the residential premises at 7559 Prairie, Detroit, Mi. on February 12, 2005.   See the Defendant's pending MOTION TO SUPPRESS PHYSICAL EVIDENCE PURPOSELY SEIZED PURSUANT TO A SEARCH WARRANT FOR 7559 PRAIRIE ST., DETROIT, MI., which challenges the lawfulness of he search which resulted in the seizure of these weapons.

3.     The Defendant is charged in Count 42 of the Indictment with possessing a firearm which was seized by the Detroit Police Department on May 5, 2005.

4.     Both counts 41 and 42 of the Indictment in this case are based upon the Defendant's prior conviction of:   "Robbery, a felony crime punishable by imprisonment for a term exceeding one year,..."  This is a reference to a the Defendant's conviction of Robbery in Michigan's Macomb Circuit Court for which he was sentenced on August 29, 1984 to a prison term of 3 ½ to 7 years in prison.   The Defendant discharged from the sentence in that case on April 27, 1990.

5.  The Defendant's civil rights under Michigan law, including his right to possess firearms, had been fully restored under Michigan Law by the dates of the offenses alleged in Indictment Counts 41 and 42, and therefore he is entitled to the dismissal of these Counts as a matter of law.

2

APPENDIX, p. 002

6. This Motion is supported by the attached Memorandum of Law, which is attached hereto, and

incorporated herein by reference.

WHEREFORE, for all the above reasons, the Defendant MICHAEL ANTHONY CLARK

requests that his motion to dismiss Counts 41 and 42 of the Indictment be granted.

Respectfully submitted,


s/John F. Royal
Co-Counsel for Defendant Clark
615 Griswold Street, Suite 1724
Detroit, MI 48226
Phone: (313) 962-3738
E-mail: johnroyal@ameritech.net
Dated: June 5, 2006                                P27800

3

APPENDIX, p. 003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,                Case No. 2005-80810vs.

                                 HON. LAWRENCE P. ZATKOFF

MICHAEL ANTHONY CLARK,        MAGISTRATE JUDGE
        Defendant.                  MONA K. MAJZOUB
_____/

JOHN F. ROYAL (P27800)        CORBETT EDGE O'MEARA (P54716)
Co-Counsel for Defendant        Co-Counsel for Defendant
The Ford Building             93 Kercheval, Suite 3
615 Griswold St., Suite 1724      Grosse Pointe Farms, MI 48236
Detroit, Michigan 48226        (313) 882-7450
(313) 962-3738

KAREN M. GIBBS
Assistant US Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9100
_____/

**MOTION TO DISMISS COUNTS 41 AND 42 OF THE INDICTMENT
BECAUSE THE DEFENDANT'S RIGHT TO POSSESS FIREARMS HAD BEEN
RESTORED UNDER MICHIGAN LAW**

**Statement of Facts**

The facts are set forth in the attached Motion to Dismiss Counts 41 and 42 of the

Indictment, which is incorporated herein by reference.

**Arguments**

1

APPENDIX, p. 004

I.  **WHERE THE DEFENDANT'S CIVIL RIGHTS, INCLUDING HIS RIGHT TO POSSESS FIREARMS, WERE FULLY RESTORED ON APRIL 27, 1990, UPON COMPLETION OF HIS SENTENCE FOR HIS 1984 CONVICTION FOR ROBBERY, AND WHERE MORE THAN FIVE YEARS HAVE PASSED SINCE THE COMPLETION OF HIS SENTENCE, DEFENDANT CANNOT LAWFULLY BE PROSECUTED FOR ALLEGEDLY BEING A FELON IN POSSESSION OF FIREARMS IN 2005.**

The Sixth Circuit pointed out in Hampton v United States, 191 F3d 695 (6th Cir 1999) that under Michigan law, a defendant serving a state prison in Michigan has his civil rights restored upon completion of his sentence. In a subsequent case, United States v Campbell, 256 F3d 381, 390-395 (6th Cir ), cert den. 534 U.S. 1032 (2001), the Sixth Circuit described Hampton as being one of two cases (the other being unpublished) in which the Court had held that: "...under the circumstances of each case, felons with prior convictions predating the enactment of MCL 750.224f [Michigan's felon-in-possession law] had had their civil rights restored under Michigan law."

The Sixth Circuit further pointed out in Campbell, supra, at 390-395 that, pursuant to 18 USC 922(g)(1), a state's restoration of civil rights only operates to restore a defendant's federal right to possess a firearm if the state imposes no continuing restrictions on the right of the defendant to possess firearms under state law. In Campbell, the defendant was convicted of the prior felony in 1989, and discharged form his sentence on January 2, 1991. However, the Sixth Circuit pointed out that at the time of the defendant's discharge from his sentence, he was subject to MCLA 28.422(1), which at that time prohibited the possession of a pistol by a person who had been "convicted of a felony or incarcerated as a result of a felony conviction during the eight years immediately preceding the individual's date of application for a pistol license." Campbell, supra. In Campbell, the defendant was accused of possession of a firearm less than eight years after his discharge from his previous felony conviction, so under Michigan law he still faced a restriction on

2

his legal right to possess a firearm. Thus, the Court upheld his conviction for 18 USC 922(g)(1). <u>Campbell,</u> supra. The instant case, however, is clearly distinguishable from <u>Campbell</u>, because here the Defendant Michael Clark discharged from his robbery sentence over 14 years before he is alleged in the Indictment to have possessed firearms in violation of federal law. This case, then, presents the issue expressly left open in <u>Campbell,</u> which is the impact of the passage of Michigan's felon-in-possession law in 1992, upon persons who were completely discharged from an earlier felony sentence prior to the effective date of the recent Michigan law.

The statute prohibiting the possession of firearms by convicted felons in Michigan went into effect October 13, 1992. MCLA 750.224(f). The statute divides prior felony convictions into two types: ordinary felonies and "specified felonies." MCLA 750.224(f)(5) and (6). Mr. Clark concedes that his prior conviction of robbery constitutes a "specified felony." The law prohibiting the possession of firearms by persons who have been convicted of a specified felony states that such persons cannot possess a firearm for a period of five years after the person has served all terms of imprisonment, paid all fines, and successfully completed all conditions of probation or parole. MCLA 750.224(f)(2)(a). In this case, Mr. Clark fulfilled all of these conditions as of his discharge from his sentence on April 27, 1990.

However, the Michigan Felon in Possession statute also states, in subsection MCLA 750.224(f)(2)(b) that, a convicted felon can only possess a firearm if: "the person's right to possess . . . a firearm has been restored pursuant to . . . [MCLA 28.424]." MCLA 28.424 is a statute which went into effect simultaneously with the Felon in Possession statute on October 13, 1992. This statute permits a person whose right to possess firearms has not been restored to apply to the County Concealed Weapons Licensing Board, where s/he lives, for restoration of the right to possess

3

firearms. For purposes of this motion, Mr. Clark will assume that his Michigan firearms rights have not been restored pursuant to this procedure.

Pursuant to Michigan law as it existed on April 27, 1990 when Mr. Clark completed his sentence for robbery, his right to possess firearms under Michigan law, as well as all of his other civil rights, were fully restored. Froede v Holland Ladder and Manufacturing Co., 207 Mich App 127 (1994); Hampton v United States, 191 F3d 695 (6th Cir 1999).

The Michigan state legislature, by enacting the Felon in Possession statute as well as the procedure to apply for the restoration of firearms rights in October, 1992, could not thereby strip individuals such as Mr. Clark of the right to possess firearms which Mr. Clark had regained under Michigan law effective April 27, 1990. To do so would violate the *Ex Post Facto* Clauses of both the United States and Michigan Constitutions, for two very different reasons.

A.     <u>The Michigan Felon in Possession statute cannot lawfully be interpreted to restrict the right of individuals whose rights under Michigan law to possess firearms were fully restored prior to the enactment of the statute providing a procedure to restore firearms rights to convicted felons.</u>

The *ex post facto* clauses, US Const., Art. I, §§ 9, 10; Mich Const., 1963, Art. 1, §10, forbid the passage of any law "which imposes a punishment for an act which is not punishable at the time it was committed; or imposes additional punishment to that then prescribed.." Cummings v Missouri, 4 Wall. 277, 277, 325-26; 18 L Ed 356 (1867) (emphasis added). Cf. Calder v Bull, 3 US (3 Dall) 386, 390; 1 L Ed 648 (1798); Fletcher v Peck, 6 Cranch 87, 138; 3 L Ed 162 (1810); Miller v Florida, 482 US 423, 429 (1987); Cf. Weaver v Graham, 450 US 24, 28-9 (1981); People v Davis, 181 Mich App 354, 357; 448 NW2d 842 (1989).

The test for determining whether a criminal law is *ex post facto* is: the law "must be retrospective, that is, it must apply to events occurring before its enactment and it must disadvantage

4

APPENDIX, p. 007

the offender affected by it." Weaver, supra, at 29; Miller, supra, at 430; People v Stevenson, 416 Mich 383, 397 (1982). The *ex post facto* clauses are applicable to the judiciary. Bouie v Columbia, 378 US 347, 353-54 (1964).

In this case, Mr. Clark's right to possess firearms was fully restored on April 27, 1990 at the time he successfully completed his sentence for his earlier conviction of robbery. The *ex post facto* clause prohibits the legislature from retroactively increasing the penalty for Mr. Clark's conviction in 1984 by stripping him of his right to possess firearms two years after he successfully regained those rights. Therefore, the statutory procedure whereby individuals can apply to their County Concealed Weapons Licensing Board for restoration of firearms rights cannot possibly apply to individuals such as Mr. Clark, who fully completed his sentence prior to the October 1992 effective date of the legislation providing for the restoration of firearms right by the County Concealed Weapons Licensing Boards. To do so would retroactively increase the penalty and punishment Mr. Clark faced in 1984 when he was convicted of his prior offense of robbery, by stripping him of firearms rights which he fully regained upon his successful completion of his sentence in 1990. Thus, Mr. Clark cannot be lawfully be a person who was required to apply to the County Licensing Board for restoration of his firearms rights after the Licensing Boards were given such authority in 1992. Mr. Clark's right to possess firearms under state law was fully restored when he completed his sentence and could not constitutionally be stripped from him in 1992 based solely upon his status as a convicted felon.

Therefore, since more than five years have elapsed since the completion of Mr. Clark's sentence, and since his right to possess firearms was restored in April, 1990, upon successful completion of his sentence, and since this right could not constitutionally be taken away from him

APPENDIX, p. 008

at a later date, he cannot now be prosecuted for violations of the Federal Felon in Possession of Firearms statute, which, as alleged in the Indictment, Counts 41 and 42, allegedly occurred in 2005.

This argument is, to the knowledge of Mr. Clark, an argument of first impression. He is not aware of any Court, state or federal, which has considered the above analysis. But based upon this reasoning, Mr. Clark contends that Indictment  Counts 41 and 42 must be dismissed.

B.      Prosecution of Mr. Clark  for federal law Felon in Possession of a Firearm would also violate the ex post facto clauses because it retroactively increases the penalty imposed upon him for his 1984 Michigan robbery conviction.

There is another *ex post facto* argument which Mr. Clark presents herein. This argument is that the Michigan Felon-In-Possession statute impermissibly increases the penalty of his 1984 robbery conviction, in violation of the *ex post facto* clauses.  However, Mr. Clark does acknowledge that this argument has been considered and rejected by several other courts.  This is the argument which the Sixth Circuit's opinion in Campbell, supra, expressly left open.  Campbell, however, while pointing that the Sixth Circuit has not yet addressed this question, does cite authority which is contrary to the instant argument, as follows:

> This court has not yet ruled on whether application of MCL 750.224f in the context of a felon-in-possession charge pursuant to 18 USC 922(g)(1) constitutes an ex post facto violation.  Michigan state courts and federal district  courts in Michigan have held that application of MCL 750.224f to felons whose predicate convictions occurred prior to its October 13, 1992 effective date does not constitute an ex post facto violation.  See, e.g., Hervey v United States, 105 FSupp2d 731, 735 (E.D.Mich 2000); Kramer v United States, No. 99-76146, 2000 WL 654830 (E.D. Mich Apr. 14, 2000); People v Swint, 225 Mich App 353, 375-76, 572 NW2d 666, 676  (1997), lv. den. 459 Mich 931 (1998); People v Tice, 220 Mich App 47, 558 NW2d 245, 246-247 (1997).  No court has yet to hold to the contrary.
>  Campbell, supra.

Contrary to the above listed cases, however, Mr. Clark points out that the Michigan Felon In Possession statute took effect in October, 1992.  He contends that this statute cannot lawfully be

interpreted to limit firearms possession by persons who committed a prior felony offense before October, 1992, or who were discharged from their sentences prior to 1992. To do so would increase the penalty imposed retroactively, and violate the *Ex Post Facto* Clauses.

Mr. Clark contends that application of the Michigan Felon in Possession law to him effectively increases the penalty that is being imposed upon him for his 1984 conviction of robbery. In a case on point, the Eight Circuit held that a Minnesota felon-in-possession statute could not be constitutionally applied to persons whose prior felonies predated the enactment date of the statute. United States v Davis, 936 F2d 352, 356-7 (CA 8, 1991) explained:

> In 1975, Minnesota passed a law prohibiting violent felons from owning a pistol . . . . Davis was convicted of burglary in 1971. He was on parole for that conviction when in 1975 Minnesota increased the punishment for convictions for crimes of violence by enacting [the violent felon in possession statute].
> We hold that it would be a violation of the Ex Post Facto Clause to apply retroactively the 1975 Minnesota law to Davis's 1971 conviction. At the time, of Davis's conviction in 1971, his punishment consisted of, inter alia, at least a partial deprivation of his civil rights only until his discharge. The 1975 law, by delaying the restoration of the right to possess a pistol for an additional period of ten years, clearly increased the punishment for a conviction of a violent crime. . . . If the 1975 Minnesota law limiting the right to possess a pistol were to be applied to a pre-1975 conviction, the effect would be to increase retroactively, in violation of the Ex Post Facto Clause, the punishment for the crime previously committed."
> (Emphasis added).

The Davis analysis fully applies to Mr. Clark. If the 1992 Michigan Felon in Possession law is applied to him, it effectively increases the punishment for his 1984 conviction by retroactively taking away his right to possess firearms as punishment for that crime, after that crime was committed. Thus, the 1992 Michigan statutes prohibiting the possession of firearms by felons, unless they have had their firearms rights restored by the procedure described in MCLA 28.424, cannot lawfully be applied to defendants such as Mr. Clark, whose convictions predate the 1992 effective date of the new statutes.

Since Mr. Hill's prior conviction was in 1984, the 1992 statutes cannot apply to him without retroactively increasing the punishment for his 1984 offense, and thereby violating the *Ex Post Facto* Clauses. For this reason as well, the *Ex Post Facto* Clauses require the dismissal of Indictment Counts 41 and 42.

WHEREFORE, for all the above reasons, the Defendant MICHAEL ANTHONY CLARK requests that his motion to dismiss Counts 41 and 42 of the Indictment be granted.

Respectfully submitted,

s/John F. Royal
Co-Counsel for Defendant Clark
615 Griswold Street, Suite 1724
Detroit, MI 48226
Phone: (313) 962-3738
E-mail: johnroyal@ameritech.net

Dated: June 5, 2006                           P27800

8

APPENDIX, p. 011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
             Plaintiff,                    Case No. 2005-80810

vs.                           HON. LAWRENCE P. ZATKOFF

MICHAEL ANTHONY CLARK,         MAGISTRATE JUDGE
             Defendant.                MONA K. MAJZOUB

_____/

JOHN F. ROYAL (P27800)        CORBETT EDGE O'MEARA (P54716)
Co-Counsel for Defendant       Co-Counsel for Defendant
The Ford Building           93 Kercheval, Suite 3
615 Griswold St., Suite 1724    Grosse Pointe Farms, MI 48236
Detroit, Michigan 48226      (313) 882-7450
(313) 962-3738

KAREN M. GIBBS
Assistant US Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9100
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Marvin Barnett, Daniel J. Blank, W. Otis Culpepper, Gerald K. Evelyn, Steven Fishman, Karen M. Gibbs, James J. Hoare, Ronald E. Kaplovitz, Mark H. Magidson, Timothy P. Murphy, Walter C. Pookrum, Steven E. Scharg, Edward C. Wishnow and hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Federal Defender, Milton R. Henry.

                                 s/John F. Royal_____
                                   Co-Counsel for Defendant Clark
                                   615 Griswold Street, Suite 1724
                                   Detroit, MI 48226
                                   Phone: (313) 962-3738
                                   E-mail: johnroyal@ameritech.net
                                   P27800

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

CASE NO. 05-80810

HON. LAWRENCE P. ZATKOFF

v.

MICHAEL CLARK, and KEVIN YOUNGBLOOD,

        Defendants.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

Defendant Michael Clark is the lead defendant in a 15-defendant and 45-count drug conspiracy.  Defendant Kevin Youngblood is Defendant Two in this case.  Currently before the Court is Defendant Kevin Youngblood's Motion to Dismiss Count II of the Indictment (#114) in which Defendant Michael Clark has joined (#158).  Also before the Court is Defendant Clark's Motion to Dismiss Counts 41 and 42 (#156).  The Court permitted the parties to present oral arguments on the motions on July 10 and 11, 2006 and took the motions under advisement.  For the following reasons, Defendant's Motions are DENIED.

## II. DISCUSSION

APPENDIX, p. 013

**A. Motion to Dismiss Count II of Indictment**

On October 6, 2005, the Government filed a 45-count Indictment against lead defendant Michael Clark and fourteen co-defendants, including Defendant Two Kevin Youngblood. Pursuant to Count Two of the Indictment, Defendants Clark and Youngblood are charged with conspiracy to possess with intent to distribute cocaine. By their Motion to Dismiss, Defendants assert that Count Two should be dismissed because it is misleading and confusing and does not supply sufficient notice of the charge. Specifically, Defendant argues that because Count One involves a marijuana conspiracy, and Count Two involves a cocaine conspiracy, that Count Two should be dismissed for failing to provide sufficient notice of the actual allegation. For support, Defendant relies on the Sixth Amendment's guarantee that a criminal defendant have the right "to be informed of the nature and cause of the accusation."

Fed. R. Crim. P. 7(c)(1) states: "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." The Government argues that it has satisfied this standard. Count Two of the Indictment states:

> That between in or about February 2005 and July 2005, said dates being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere defendants, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev" D-7 TREYVAN AGEE, a.ka. "James Clark, " a.k.a. "C-Pebble," D-8 BESSIE BLOUNT HOWARD, D-9 ALISSA CANTY, D-10 STEPHANIE HELENE BAXTER, D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut," D-12 JERRY L. SEXTON, a.k.a. "J," and D-14 LEON JOHNSON, Jr., a.k.a. "Nick,"defendants herein, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other and with other persons whose names are both known and unknown to the grand jury to commit an offense against the United States, that is, to possess with intent to distribute and to distribute a mixture or substance containing a detectable amount of cocaine, that being approximately 11 kilograms or more of cocaine, a Schedule II Controlled Substance, contrary to Title 21, United States Code, Section 841(a)(1)." See Indictment.

2

APPENDIX, p. 014

*See Indictment*.

The Court agrees with the Government and finds that Count Two provides sufficient notice of the charge. In fact, Defendant does not even challenge the actual language of Count Two, but instead challenges the "Manner and Means" section which follows Count Two. Though Defendant is correct that the Manner and Means section does refer to allegations of marijuana distribution, the section also clearly sets forth facts regarding the alleged cocaine conspiracy. Additionally, the "Manner and Means" section is an optional part of an indictment. *See* Fed. R. Crim. P. 7(c)(1) ("A count *may allege* that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means." [emphasis added]). For these reasons, Defendants' Motion to Dismiss Count II the Indictment should be denied.

**B. Defendant Clark's Motion to Dismiss Counts 41 and 42**

By this Motion, Defendant Clark argues that Counts 41 and 42 of the Indictment, Felon in Possession of a Firearm, should be dismissed because Clark's right to possess a firearm in Michigan was restored. The Government responds that Defendant's Motion raises factual questions regarding whether Defendant's civil rights were actually restored in this case. The Court disagrees with the Government's position and believes that Defendant's Motion raises a legal question which it is proper for the Court to address at this time. Nevertheless, the Court will deny Defendant Clark's Motion to Dismiss Counts 41 and 42 for the following reasons.

In 1984, Defendant Clark was convicted of robbery. On April 27, 1990, Clark completed his sentence. Clark asserts that his right to possess firearms was fully restored at this time. In 1992, however, the State of Michigan modified its law regarding felon in possession of a firearm. Pursuant to this statutory change, Michigan law now prohibits a convicted felon from possessing

APPENDIX, p. 015

a firearm unless that felon has had his rights restored by successfully applying to the County Concealed Weapons Licensing Board.  *See* MCLA § 750.224f; *see also* MCLA § 28.424.  For purposes of this Motion, Clark stipulates that his firearm rights have not been restored under this procedure.

Defendant Clark argues that the 1992 modification of the Michigan law regarding felon in possession of a firearm violates the *Ex Post Facto* clauses of both the United States and Michigan Constitutions.  The Court disagrees.

In *United States v. Campbell*, 256 F.3d 381 (6th Cir. 2001), the Sixth Circuit addressed the question presented by Defendant in this case, but ultimately chose not to rule on that precise issue and instead issued a more limited holding.  The Court explained:

> This court has not yet ruled on whether application of M.C.L. § 750.224f in the context of a felon-in-possession charge pursuant to 18 U.S.C. § 922(g)(1) constitutes an *ex post facto* violation. Michigan state courts and federal district courts in Michigan have held that application of M.C.L. § 750.224f to felons whose predicate convictions occurred prior to its October 13, 1992 effective date does not constitute an *ex post facto* violation. *See, e.g., Hervey v. United States*, 105 F.Supp.2d 731, 735 (E.D.Mich.2000); *Kramer v. United States*, No. 99-76146, 2000 WL 654830 (E.D.Mich. Apr.14, 2000); *People v. Swint*, 225 Mich.App. 353, 572 N.W.2d 666, 676 (1997); *People v. Tice*, 220 Mich.App. 47, 558 N.W.2d 245, 246-47 (1997). No court has yet to hold to the contrary.
>
> **In Tice, the court concluded that § 750.224f does not violate the Ex Post Facto Clauses of the United States or Michigan Constitutions because "the state's predominant interest in enacting M.C.L. § 750.224f ⋯ was not the infliction of further punishment on those who had been convicted of previous felonies ⋯[but] to protect the public by precluding certain convicted felons from possessing firearms." 558 N.W.2d at 247. Moreover, the court stated that the conduct being punished was not any act that preceded the date the statute took effect, but the defendant's "recent act of possessing a firearm." Ibid.**
>
> Although we find this reasoning persuasive, we choose not to apply it to the facts of this case.  Instead, we hold that, even if the 1992 enactment of M.C.L. § 750.224f as applied to Campbell was unconstitutional, Campbell's rights to possess a firearm  still would not have been fully restored at the time he was charged as a felon in possession on July 16, 1997. At the time of Campbell's conviction in 1988, M.C.L. § 28.422 imposed an eight-year restriction on Campbell's ability "to

4

purchase, carry, or transport a pistol."

*United States v. Campbell*, 256 F.3d at 393-94 (emphasis added). As did the Sixth Circuit in *United States v. Campbell*, this Court finds the reasoning of *People v. Tice* to be persuasive. Moreover, the Court finds that *Tice's* reasoning should be applied to the present case. Accordingly, the Court finds that the 1992 modifications of the Michigan law on felon in possession of a firearm do not create an *Ex Post Facto* violation as to Defendant Clark because the state's predominant interest in MCLA § 750.224f was not to punish but to protect the public. For these reasons, Defendant's Motion to Dismiss Counts 41 and 42 should be denied.

## IV. CONCLUSION

For the above reasons, the Court HEREBY DENIES Defendant Kevin Youngblood's and Defendant Michael Clark's Motion to Dismiss Count II of the Indictment (#114 and #158). The Court also HEREBY DENIES Defendant Michael Clark's Motion to Dismiss Counts 41 and 42 (#156).

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: July 18, 2006

APPENDIX, p. 017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 18, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290

6

APPENDIX, p. 018

40

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

**D-1 MICHAEL ANTHONY CLARK,**
   a.k.a. "Mike Nitty," a.k.a. "Mike,"
**D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"**
**D-3 CHARLES RILEY GADSON, a.k.a. "Chuck,"**
**D-4 JAMES JACKSON, a.k.a. "Ziggy,"**
**D-5 FNU LNU, a.k.a. "Tio,"**
**D-6 TODD DUANE BENALLY, a.k.a. "T," a.k.a. "Roberto Jose Garcia," a.k.a. "Rojo,"**
**D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble,"**
**D-8 BESSIE BLOUNT HOWARD,**
**D-9 ALISSA CANTY,**
**D-10 STEPHANIE HELENE BAXTER,**
**D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut,"**
**D-12 JERRY L. SEXTON, a.k.a. "J,"**
**D-13 LEE H. GILMORE, a.k.a. "Crazy Lee,"**
**D-14 LEON JOHNSON, Jr., a.k.a. "Nick,"**
**D-15 FELIX PEDRO BETANCO,**

        Defendants.

**05 - 80810**

LAWRENCE P. ZATKOFF

CRIMINAL NO.

VIO: 21 U.S.C. §§841(a)(1) & 846
      21 U.S.C. §843(b)
      21 U.S.C. §848
      18 U.S.C. §§1956 & 1957
      18 U.S.C. §924(c)

FOR: 21 U.S.C. §853(a)
     18 U.S.C. §982(a)(1)

FILED

06 SEP 21 A9 21

U.S. DIST. COURT CLERK
EAST. DIST. MICH.
DETROIT

## SUPERCEDING INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE

(21 U.S.C. §§846 and 841(a)(1) - Conspiracy to Possess with Intent to Distribute
and to Distribute Marijuana)

**D-1 MICHAEL ANTHONY CLARK,**
   a.k.a. "Mike Nitty," a.k.a. "Mike,"
**D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"**
**D-3 CHARLES RILEY GADSON. a.k.a. "Chuck,"**

**D-4  JAMES JACKSON, a.k.a. "Ziggy,"**
**D-5  FNU LNU, a.k.a. "Tio,"**
**D-6  TODD DUANE BENALLY, a.k.a. "T," a.k.a. "Roberto Jose Garcia," a.k.a. "Rojo,"**
**D-7  TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble,"**
**D-8  BESSIE BLOUNT HOWARD,**
**D-9  ALISSA CANTY,**
**D-10 STEPHANIE HELENE BAXTER,**
**D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut,"**
**D-12 JERRY L. SEXTON, a.k.a. "J,"**
**D-13 LEE H. GILMORE, a.k.a. "Crazy Lee,"**
**D-14 LEON JOHNSON, Jr., a.k.a. "Nick,"**
**D-15 FELIX PEDRO BETANCO,**

That beginning in or about 1996 and continuing through the date of this indictment, said dates

being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere D-1

MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," D-2 KEVIN LENARD

YOUNGBLOOD, a.k.a. "Kev," D-3 CHARLES RILEY GADSON. a.k.a. "Chuck," D-4 JAMES

JACKSON, a.k.a. "Ziggy," D-5 FNU LNU, a.k.a. "Tio," D-6 TODD BENALLY, a.k.a. "Roberto

Jose Garcia," a.k.a. "Rojo," D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble," D-8

BESSIE BLOUNT HOWARD, D-9 ALISSA CANTY, D-10 STEPHANIE HELENE BAXTER,

D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut," D-12 JERRY L. SEXTON, a.k.a. "J," D-

13 LEE H. GILMORE, a.k.a. "Crazy Lee," D-14 LEON JOHNSON, Jr., a.k.a. "Nick," D-15, and

D-15 FELIX PEDRO BETANCO, defendants herein, did knowingly, intentionally and unlawfully

combine, conspire, confederate and agree with each other and with other persons whose names are

both known and unknown to the grand jury to commit an offense against the United States, that is,

to possess with intent to distribute and to distribute 1,000 kilograms or more of marijuana, a

Schedule I Controlled Substance, contrary to Title 21, United States Code, Section 841.

APPENDIX, p. 020

### Manner and Means

That as part of the unlawful conspiracy, the defendant, Michael Anthony Clark, a.k.a. "Mike Nitty," a.k.a. "Mike," did operate a large drug distribution organization which involved the delivery of marijuana from the Western United States, and elsewhere, to the Eastern District of Michigan, and elsewhere for distribution.

As part of their roles in the organization, and in furtherance of the conspiracy, defendants D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," and D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev,"recruited and caused others to enlist many subordinate associates to assist in the transportation of the marijuana from the Western United States of America, and elsewhere, to the Eastern District of Michigan, and elsewhere, for distribution, as well as to assist in the transportation of monies in payment for the controlled substances.

In furtherance of the conspiracy, defendant D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," recruited and caused others to enlist many subordinate associates to store the marijuana in their homes, and in stash-houses, to prevent detection by law enforcement authorities, and to distribute the marijuana throughout the Eastern District of Michigan, and elsewhere.

In furtherance of the conspiracy, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," enlisted others to assist him in overseeing the drug distribution activities and collection of drug proceeds for the organization and to further its operation through recruitment of other members of the conspiracy to sell the drugs and assist in the collection of drug proceeds.

As part of his role and in furtherance of the conspiracy, defendant D-3 CHARLES RILEY

3

APPENDIX, p. 021

GADSON, a.k.a. "Chuck," did act as the "right hand man," to defendant D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," and as his first lieutenant, and did act as a high level manager and leader of the drug distribution organization.

In furtherance of the conspiracy, defendant D-3 CHARLES RILEY GADSON, a.k.a. "Chuck," did collect and coordinate the collection of drug proceeds obtained from the distribution of the narcotics by the organization headed by defendant D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike."

In furtherance of the conspiracy, defendant D-5 FNU LNU, a.k.a. "Tio," was one of the suppliers of marijuana which the organization distributed. Defendants D-5 FNU LNU, a.k.a. "Tio" and Shanita Garcia, a.k.a. "Sandy," were responsible for obtaining quantities of marijuana from Mexican and Arizona suppliers of marijuana, storing these quantities of marijuana in Arizona, and for coordinating the shipments of marijuana to the Eastern District of Michigan.

As part of his role and in furtherance of the conspiracy, defendant D-6 TODD DUANE BENALLY, a.k.a. "T," a.k.a. "Roberto Jose Garcia," a.k.a. "Rojo," was responsible for transporting the monies needed to purchase the quantities of marijuana, and the proceeds from the illegal drug distribution from defendant D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," to defendant D-5 FNU LNU, a.k.a. Tio;" and was responsible for recruiting individuals to transport the narcotics from the Western United States and elsewhere to the Eastern District of Michigan for distribution.

As part of his role and in furtherance of the conspiracy, defendant D-4 JAMES JACKSON, a.k.a. "Ziggy," was responsible for delivering the monies needed to purchase the quantities of

4

marijuana to the couriers who transported the narcotics from the Western United States and elsewhere, to the Eastern District of Michigan and elsewhere for distribution, and to obtain the quantities of marijuana delivered by the couriers to the Eastern District of Michigan for distribution, and to provide it to D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.ka. "Mike" for distribution in the Eastern District of Michigan and elsewhere.

As part of his role and in furtherance of conspiracy, defendant, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did solicit D-9 ALISSA CANTY, who agreed and did store and conceal quantities of marijuana, and proceeds from the sale of the illegal narcotics, in her home, and to provide her car as a means to transport quantities of marijuana to be stored in her home, and in other locations throughout the Eastern District of Michigan and elsewhere.

As part of his role and in furtherance of conspiracy, defendant, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did solicit defendant D-10 STEPHANIE HELENE BAXTER, who agreed and did store and conceal quantities of marijuana, and proceeds from the sale of the illegal narcotics, in her home, and to provide her car as a means to transport quantities of marijuana to be stored in her home, and in other locations throughout the Eastern District of Michigan and elsewhere.

As part of his role an in furtherance of the conspiracy, defendant, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did solicit D-9 BESSIE BLOUNT HOWARD, who agreed and did store and conceal proceeds from the sale of the illegal narcotics, in her home.

In furtherance of the conspiracy, defendant D-15 FELIX PEDRO BETANCO, did transport approximately 578 kilograms or more of marijuana from Arizona to Detroit, Michigan, where the marijuana was seized.

5

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

### (21 U.S.C. §§846 and 841(a)(1) - Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine)

D-1  MICHAEL ANTHONY CLARK,
     a.k.a. "Mike Nitty," a.k.a. "Mike,"
D-2  KEVIN LENARD YOUNGBLOOD, a.k.a."Kev"
D-7  TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble,"
D-8  BESSIE BLOUNT HOWARD,
D-9  ALISSA CANTY,
D-10 STEPHANIE HELENE BAXTER,
D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut,"
D-12 JERRY L. SEXTON, a.k.a. "J,"
D-14 LEON JOHNSON, Jr., a.k.a. "Nick,"

That beginning in or 1996 through July 2005, said dates being approximate, in the

Eastern District of Michigan, Southern Division, and elsewhere defendants, D-1 MICHAEL

ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," D-2 KEVIN LENARD

YOUNGBLOOD, a.k.a."Kev" D-7 TREYVAN AGEE, a.ka. "James Clark, " a.k.a. "C-Pebble,"

D-8 BESSIE BLOUNT HOWARD, D-9 ALISSA CANTY, D-10 STEPHANIE HELENE

BAXTER, D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut," D-12 JERRY L. SEXTON,

a.k.a. "J," and D-14 LEON JOHNSON, Jr., a.k.a. "Nick,"defendants herein, did knowingly,

intentionally and unlawfully combine, conspire, confederate and agree with each other and with

other persons whose names are both known and unknown to the grand jury to commit an offense

against the United States, that is, to possess with intent to distribute and to distribute a mixture or

substance containing a detectable amount of cocaine, that being approximately 11 kilograms or

more of cocaine, a Schedule II Controlled Substance, contrary to Title 21, United States Code,

6

APPENDIX, p. 024

Section 841(a)(1).

## **Manner and Means**

In furtherance of the conspiracy, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," enlisted others to assist him in overseeing the drug distribution activities and collection of drug proceeds for the organization and to further its operation through recruitment of other members of the conspiracy to sell the drugs and assist in the collection of drug proceeds.

As part of his role and in furtherance of the conspiracy, defendant D-3 CHARLES RILEY GADSON, a.k.a. "Chuck," did act as the "right hand man," to defendant D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," and as his first lieutenant, and did act as a high level manager and leader of the drug distribution organization.

In furtherance of the conspiracy, defendant D-3 CHARLES RILEY GADSON, a.k.a. "Chuck," did collect and coordinate the collection of drug proceeds obtained from the distribution of the narcotics by the organization headed by defendant D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike."

In furtherance of the conspiracy, defendant D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," recruited and caused others to enlist many subordinate associates to store the cocaine in their homes, and in stash-houses, to prevent detection by law enforcement authorities, and to distribute the marijuana throughout the Eastern District of Michigan, and elsewhere.

In furtherance of the conspiracy, defendant D-2 KEVIN LENARD YOUNGBLOOD" a.k.a. "Kev," enlisted others to assist him in overseeing the drug distribution activities and

7

collection of drug proceeds for the organization and to further its operation through recruitment of other members of the conspiracy to sell the drugs and assist in the collection of drug proceeds.

In furtherance of the conspiracy, defendant D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did utilize defendant, D-12 JERRY SEXTON, a.k.a. "J," as a source of supply of multiple kilogram quantities of cocaine for distribution.

In furtherance of the conspiracy, defendant D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did utilize defendant, D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble," as a source of supply of multiple kilogram quantities of cocaine for distribution.

As part of his role and in furtherance of conspiracy, defendant, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did solicit D-9 ALISSA CANTY, who agreed and did store and conceal quantities of marijuana, and proceeds from the sale of the illegal narcotics, in her home, and to provide her car as a means to transport quantities of the narcotics to be stored in her home, and in other locations throughout the Eastern District of Michigan and elsewhere.

As part of his role and in furtherance of conspiracy, defendant, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did solicit defendant D-10 STEPHANIE HELENE BAXTER, who agreed and did store and conceal quantities of narcotics, and proceeds from the sale of the illegal narcotics, in her home, and to provide her car as a means to transport quantities of the narcotics to be stored in her home, and in other locations throughout the Eastern District of Michigan and elsewhere.

As part of his role an in furtherance of the conspiracy, defendant, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," did solicit D-8 BESSIE BLOUNT HOWARD, who agreed and

8

did store and conceal proceeds from the sale of the illegal narcotics, in her home.

All in violation of Title 21, United States Code, Section 846.

## COUNT THREE

### (21 U.S.C. §841(a)(1) - Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine Base ("Crack Cocaine"))

**D-2  KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"**
**D-7  TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble"**
**D-12 JERRY L. SEXTON, a.k.a. "J"**

That from on or about February 2005 through July 2005, said dates being approximate, in

the Eastern District of Michigan, Southern, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble," and JERRY L.

SEXTON, a.k.a. "J," defendants herein, did knowingly, intentionally and unlawfully combine,

conspire, confederate and agree with each other and with other persons whose names are both

known and unknown to the grand jury to commit an offense against the United States, that is, to

possess with intent to distribute and to distribute cocaine base – "crack cocaine" – a Schedule II

Controlled Substance, contrary to Title 21, United States Code, Section 841.

All in violation of 21 U.S.C. §846.

## COUNT FOUR

### (21 U.S.C. §848 - Continuing Criminal Enterprise)

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**

That in or about the year 1996, said date being approximate, and continuing thereafter up

to including the date of this indictment, in the Eastern District of Michigan, Southern Division,

9

APPENDIX, p. 027

and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike,"

defendant herein, did knowingly, intentionally, and unlawfully engage in a continuing criminal

enterprise in that he unlawfully, willfully, intentionally and knowingly did violate, Title 21,

United States Code, Sections 841(a)(1), 843 (b) and 846 on three or more occasions, which was a

continuing series of violations wherein he served as the principal organizer and leader of the

criminal enterprise set forth in Counts One and Two of this Indictment, to wit: Conspiracy to

Possess with Intent to Distribute and to Distribute Marijuana and Cocaine, Schedule I and II

Controlled Substances, in violation of 21 U.S.C. §§841(a)(1) and 846, and did obtain substantial

income and resources from such violations.

All in violation of 21 U.S.C. §848.

## COUNT FIVE

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**
**D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"**

That on or about February 10, 2005, said date being approximate, in the Eastern District

of Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a.

"Mike Nitty," a.k.a. "Mike," and D-2 KEVIN LENARD YOUNGBLOOD, defendants herein,

did unlawfully use T-Mobile and Sprint PCS Communications Cellular Services, both

communication facilities, to commit an act or acts constituting a felony, to wit, conspiracy to

possess with intent to distribute and to distribute controlled substances, contrary to the provisions

of Title 21, United States Code, section 841(a)(1).

10

APPENDIX, p. 028

All in violation of 21 U.S.C. §843(b).

## COUNT SIX

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-1 MICHAEL ANTHONY CLARK, a.k.a."Mike Nitty," a.k.a. "Mike"**

That on or about February 21, 2005, said date being approximate, in the Eastern District

of Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a.

"Mike Nitty," a.k.a. "Mike," defendant herein, did unlawfully use T-Mobile Cellular Services,

both communication facilities, to commit an act or acts constituting a felony, to wit, conspiracy

to possess with intent to distribute and to distribute controlled substances, contrary to the

provisions of Title 21, United States Code, section 841(a)(1).

## COUNT SEVEN

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**
**D-3 CHARLES RILEY GADSON, a.k.a. "Chuck"**

That on or about April 20, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike

Nitty," a.k.a. "Mike," and D-3 CHARLES RILEY GADSON, a.k.a. "Chuck," defendants herein,

did unlawfully use T-Mobile, Nextel Communications and Nextel Communications Cellular

Services, both communication facilities, to commit an act or acts constituting a felony, to wit,

conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to

11

the provisions of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT EIGHT

**(21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)**

### D-3 CHARLES RILEY GADSON, a.k.a. "Chuck"

That on or about February 10, 2005, said date being approximate, in the Eastern District

of Michigan, Southern Division, and elsewhere, D-3 CHARLES RILEY GADSON, a.k.a.

"Chuck," defendant herein, did unlawfully use Nextel Communications Cellular Services, a

communication facility, to commit an act or acts constituting a felony, to wit, conspiracy to

possess with intent to distribute and to distribute controlled substances, contrary to the provisions

of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT NINE

**(Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))**

### D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"
### D-4 JAMES JACKSON, a.k.a. "Ziggy"

That on or about April 15, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike

Nitty," a.k.a. "Mike," and D-4 JAMES JACKSON, a.k.a. "Ziggy,"defendants herein, did

unlawfully use Nextel Communications and Cingular Wireless Cellular Services, both

12

APPENDIX, p. 030

communication facilities, to commit an act or acts constituting a felony, to wit, conspiracy to

possess with intent to distribute and to distribute controlled substances, contrary to the provisions

of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TEN

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

### D-4 JAMES JACKSON, a.k.a. "Ziggy"

That on or about April 3, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-4 JAMES JACKSON, a.k.a. "Ziggy," defendant

herein, did unlawfully use Nextel Communications and Cingular Wireless Cellular Services, a

communication facility, to commit an act or acts constituting a felony, to wit, conspiracy to

possess with intent to distribute and to distribute controlled substances, contrary to the provisions

of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT ELEVEN

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances  - 21 U.S.C. §843(b))

### D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"
### D-5 FNU LNU, a.k.a. "Tio"

That on or about May 31, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike

13

Nitty," a.k.a. "Mike," and D-5 FNU LNU, a.k.a. "Tio,"defendants herein, did unlawfully use

Nextel Communications and T-Mobile Cellular Services, both communication facilities, to

commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute

and to distribute controlled substances, contrary to the provisions of Title 21, United States Code,

section 841(a)(1).

   All in violation of 21 U.S.C. §843(b).

## COUNT TWELVE

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-5 FNU LNU, a.k.a. "Tio"**

   That on or about May 27, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-5 FNU LNU, a.k.a. "Tio," defendant herein, did

unlawfully use T-Mobile Cellular Services, a communication facility, to commit an act or acts

constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute

controlled substances, contrary to the provisions of Title 21, United States Code, section

841(a)(1).

   All in violation of 21 U.S.C. §843(b).

14

## COUNT THIRTEEN

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**
**D-6 TODD DUANE BENALLY, a.k.a. "T," a.k.a. "Roberto Jose Garcia," a.k.a. "Rojo"**

That on or about June 25, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike

Nitty," a.k.a. "Mike," and "D-6 TODD DUANE BENALLY, a.k.a. "T," a.k.a. "Roberto Jose

Garcia," a.k.a. "Rojo" defendants herein, did unlawfully use Nextel Communications Cellular

Services, both communication facilities, to commit an act or acts constituting a felony, to wit,

conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to

the provisions of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT FOURTEEN

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-6 TODD DUANE BENALLY, a.k.a. "T," a.k.a. "Roberto Jose Garcia," a.k.a. "Rojo"**

That on or about June 19, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-6 TODD DUANE BENALLY, a.k.a. "T," a.k.a.

"Roberto Jose Garcia," a.k.a. "Rojo" defendant herein, did unlawfully use Nextel

Communications Cellular Services, a communication facility, to commit an act or acts

constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute

15

APPENDIX, p. 033

controlled substances, contrary to the provisions of Title 21, United States Code, section

841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT FIFTEEN

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

**D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"**
**D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble"**

That in or about April 20, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," and "D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble," defendants herein,

did unlawfully use Sprint PCS and Nextel Communications Cellular Services, both

communication facilities, to commit an act or acts constituting a felony, to wit, conspiracy to

possess with intent to distribute and to distribute controlled substances, contrary to the provisions

of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT SIXTEEN

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble"**

That on or about May 31, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-7 TREYVAN AGEE, a.k.a. "James Clark,"

16

a.k.a. "C-Pebble" defendant herein, did unlawfully use Nextel Communications Cellular

Services, a communication facility, to commit an act or acts constituting a felony, to wit,

conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to

the provisions of Title 21, United States Code, section 841(a)(1).

    All in violation of 21 U.S.C. §843(b).

## COUNT SEVENTEEN

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

**D-2  KEVIN LENARD YOUNGBLOOD**
**D-8 BESSIE BLOUNT HOWARD**

    That on or about April 20, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," and D-8 BESSIE BLOUNT HOWARD, defendants herein, did unlawfully use Sprint

PCS and Nextel Communications Cellular Services, both communication facilities, to commit an

act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to

distribute controlled substances, contrary to the provisions of Title 21, United States Code,

section 841(a)(1).

    All in violation of 21 U.S.C. §843(b).

## COUNT EIGHTEEN

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-8 BESSIE BLOUNT HOWARD**

    That on or about April 23, 2005, said date being approximate, in the Eastern District of

17

Michigan, Southern Division, and elsewhere, D-8 BESSIE BLOUNT HOWARD, defendant

herein, did unlawfully use Nextel Communications Cellular Services, a communication facility,

to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to

distribute and to distribute controlled substances, contrary to the provisions of Title 21, United

States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT NINETEEN

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

### D-2  KEVIN LENARD YOUNGBLOOD
### D-9 ALISSA CANTY

That on or about June 27, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," and D-9ALISSA CANTY, defendants herein, did unlawfully use Sprint PCS and Nextel

Communications Cellular Services, both communication facilities, to commit an act or acts

constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute

controlled substances, contrary to the provisions of Title 21, United States Code, section

841(a)(1).

All in violation of 21 U.S.C. §843(b).

18

APPENDIX, p. 036

## COUNT TWENTY

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-9 ALISSA CANTY**

That on or about May 21, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-9 ALISSA CANTY, defendant herein, did

unlawfully use Nextel Communications Cellular Services, a communication facility, to commit

an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to

distribute controlled substances, contrary to the provisions of Title 21, United States Code,

section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-ONE

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

**D-2  KEVIN LENARD YOUNGBLOOD**
**D-10 STEPHANIE HELENE BAXTER**

That on or about April 18, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," and D-10 STEPHANIE HELENE BAXTER, defendants herein, did unlawfully use Sprint

PCS and Nextel Communications Cellular Services, both communication facilities, to commit an

act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to

distribute controlled substances, contrary to the provisions of Title 21, United States Code,

19

APPENDIX, p. 037

section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-TWO

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

### D-10 STEPHANIE HELENE BAXTER

That on or about May 25, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-10 STEPHANIE HELENE BAXTER, defendant

herein, did unlawfully use Nextel Communications Cellular Services, a communication facility,

to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to

distribute and to distribute controlled substances, contrary to the provisions of Title 21, United

States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-THREE

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances  - 21 U.S.C. §843(b))

### D-2  KEVIN LENARD YOUNGBLOOD
### D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut"

That on or about May 25, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," and D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut," defendants herein, did

unlawfully use Sprint PCS Cellular Services, both communication facilities, to commit an act or

20

acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-FOUR

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

### D-11 RAMANDO WELLONS, a.k.a. "Donut"

That on or about April 28, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut," defendant herein, did unlawfully use Sprint PCS Cellular Services, a communication facility, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-FIVE

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

### D-2  KEVIN LENARD YOUNGBLOOD
### D-12 JERRY L. SEXTON, a.k.a. "J"

That on or about April 16, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

21

APPENDIX, p. 039

"Kev," and D-12 JERRY L. SEXTON, a.k.a. "J," defendants herein, did unlawfully use Sprint

PCS and Verizon Wireless Cellular Services, both communication facilities, to commit an act or

acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute

controlled substances, contrary to the provisions of Title 21, United States Code, section

841(a)(1).

    All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-SIX

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-12 JERRY L. SEXTON, a.k.a. "J"**

    That on or about June 13, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-12 JERRY L. SEXTON, a.k.a. "J," defendant

herein, did unlawfully use Verizon Wireless Cellular Services, a communication facility, to

commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute

and to distribute controlled substances, contrary to the provisions of Title 21, United States Code,

section 841(a)(1).

    All in violation of 21 U.S.C. §843(b).

22

APPENDIX, p. 040

## COUNT TWENTY-SEVEN

**(Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))**

### D-2 KEVIN LENARD YOUNGBLOOD
### D-13 LEE H. GILMORE, a.k.a. "Crazy Lee"

That on or about June 28, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," and D-13 LEE H. GILMORE, a.k.a. "Crazy Lee," defendants herein, did unlawfully use Sprint PCS and T-Mobile Cellular Services, both communication facilities, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-EIGHT

**(21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)**

### D-13 LEE H. GILMORE, a.k.a. "Crazy Lee"

That on or about June 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-13 LEE H. GILMORE, a.k.a. "Crazy Lee," defendant herein, did unlawfully use T-Mobile Cellular Services, a communication facility, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United States Code, section 841(a)(1).

23

APPENDIX, p. 041

All in violation of 21 U.S.C. §843(b).

## COUNT TWENTY-NINE

**(Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))**

**D-2  KEVIN LENARD YOUNGBLOOD**
**D-14 LEON JOHNSON, Jr. a.k.a. "Nick"**

That on or about April 5, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," and D-14 LEON JOHNSON, Jr. a.k.a. "Nick," defendants herein, did unlawfully use Sprint PCS and Cingular Wireless Cellular Services, both communication facilities, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT THIRTY

**(21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)**

**D-14 LEON JOHNSON, Jr. a.k.a. "Nick"**

That on or about June 25, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-14 LEON JOHNSON, Jr. a.k.a. "Nick," defendant herein, did unlawfully use Cingular Wireless Cellular Services, a communication facility, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to

24

APPENDIX, p. 042

distribute and to distribute controlled substances, contrary to the provisions of Title 21, United

States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT THIRTY-ONE

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

**D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"**
**D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble"**

That on or about April 9, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Mike "Kev," and D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble" defendants

herein, did unlawfully use Sprint PCS and Nextel Communications Cellular Services, both

communication facilities, to commit an act or acts constituting a felony, to wit, conspiracy to

possess with intent to distribute and to distribute controlled substances, contrary to the provisions

of Title 21, United States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT THIRTY-TWO

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-7 TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble"**

That on or about May 11, 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-7 TREYVAN AGEE, a.k.a. "James Clark,"

25

a.k.a. "C-Pebble" defendant herein, did unlawfully use Nextel Communications Cellular

Services, a communication facility, to commit an act or acts constituting a felony, to wit,

conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to

the provisions of Title 21, United States Code, section 841(a)(1).

## COUNT THIRTY-THREE

### (Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §843(b))

**D-1  MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**
**D-15 FELIX PEDRO BETANCO**

That in or about May 2005, said date being approximate, in the Eastern District of

Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike

Nitty," a.k.a. "Mike," and D-15 FELIX PEDRO BETANCO, defendants herein, did unlawfully

use T-Mobile and Nextel Communications Cellular Services, both communication facilities, to

commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute

and to distribute controlled substances, contrary to the provisions of Title 21, United States Code,

section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT THIRTY-FOUR

### (21 U.S.C. §843(b) – Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances)

**D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"**

That in or about April 2005, said date being approximate, in the Eastern District of

26

Michigan, Southern Division, and elsewhere, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a.

"Kev," defendant herein, did unlawfully use Sprint PCS Cellular Services, communication

facilities, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent

to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United

States Code, section 841(a)(1).

All in violation of 21 U.S.C. §843(b).

## COUNT THIRTY-FIVE

### (18 U.S.C. §§ 1956(a)(1)(A)(I); (a)(1)(B)(I) and (ii); 1957(a) and (h)(6) - Conspiracy to Launder Monetary Instruments)

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**
**D-3 CHARLES RILEY GADSON, a.k.a. "Chuck"**

That beginning in or about December 2004 through the date of this indictment, said dates

being approximate, defendant, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a.

"Mike," D-3 CHARLES RILEY GADSON, a.k.a. "Chuck," and others both known and

unknown to the grand jury, did knowingly, intentionally, and unlawfully combine, confederate

and agree with one another and with other persons, both known and unknown to the grand jury,

to commit an offense against the United States, that is, the laundering of monetary instruments in

violation of Title 18, United States Code, Sections 1956 (a)(1)(A)(I); (a)(1)(B)(I) and (ii) and

1957(a).

Specifically, these defendants, knowing that the property involved represented the

proceeds of some form of unlawful activity, as defined in Title 18, United States Code, Section

1956(c)(1), that is, a conspiracy to distribute controlled substances, a felony under Title 21,

27

United States Code, Sections 846 and 841(a)(1), did conspire and agree to conduct and to cause to be conducted financial transactions affecting interstate or foreign commerce which involved the proceeds of said unlawful activity, (1) with the intent to promote the carrying on of specified unlawful activity; (2) knowing that the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership and control of the proceeds of such unlawful activity; and (3) to avoid reporting requirements under federal law.

### Manner and Means

As part of the unlawful conspiracy, from on or about 1998 through the date of this indictment, said dates being approximate, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike, defendant herein, did purchase the following two properties for the following listed purchase prices:

1. 8843 Livernois Avenue, Detroit, Michigan ($175,000)

2. 14440 Plymouth Road, Detroit, Michigan ($100,000)

As part of the unlawful conspiracy, from on or about 1998 through the date of this indictment, said dates being approximate, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike, defendant herein, did purchase the following 2 automobiles for the following listed purchase prices:

1. 2004 DODGE VIPER - VIN: 1B3JZ65Z04V101358

2. 2003 DODGE VIPER - VIN: 1B3JR65Z03V501869

28

As part of the unlawful conspiracy, from on or about 1994 through the date of this indictment, said dates being approximate, D-3 CHARLES RILEY GADSON, a.k.a. "Chuck" defendant herein, did expend approximately $4.5 million (U.S. currency) at the Greektown Casinos, Detroit, Michigan.

All in violation of Title 18, United States Code, Section 1956(h)(6).


## COUNT THIRTY-SIX

### (18 U.S.C. §§1956(a)(1)(A)(i);(a)(1)(B)(i) and 1957(a) - Laundering Monetary Instruments)

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**

That beginning in 1998 and continuing through the date of this indictment, said dates being approximate, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike" defendant herein, did, knowing that the property involved represented the proceeds of some form of unlawful activity, as defined in Title 18, United States Code, Section 1956(c)(1), that is, a conspiracy to distribute controlled substances, a felony under Title 21, United States Code, Sections 846 and 841(a)(1), conduct and to cause to be conducted a financial transaction affecting interstate or foreign commerce, to wit: purchase of the following 2 vehicles:

1. 2004 DODGE VIPER - VIN: 1B3JZ65Z04V101358

2. 2003 DODGE VIPER - VIN: 1B3JR65Z03V501869

29

APPENDIX, p. 047

which involved the proceeds of said unlawful activity, (1) with the intent to promote the carrying on of specified unlawful activity, (2) knowing that the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership and control of the proceeds of such unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i) and 1957(a).

## COUNT THIRTY-SEVEN

### (18 U.S.C. §§1956(a)(1)(A)(i); (a)(1)(B)(i) and (ii), and 1957(a) - Laundering Monetary Instruments)

### D-3 CHARLES RILEY GADSON, a.k.a. "Chuck"

That from in or about 1996 through the date of this indictment, said dates being approximate, D-3 CHARLES RILEY GADSON, a.k.a. "Chuck," defendant herein, did, knowing that the property involved represented the proceeds of some form of unlawful activity, as defined in Title 18, United States Code, Section 1956(c)(1), that is, a conspiracy to distribute controlled substances, a felony under Title 21, United States Code, Sections 846 and 841(a)(1), conduct and to cause to be conducted financial transactions affecting interstate or foreign commerce, to wit: expended approximately $4.5 million dollars at the Greektown Casino, Detroit, Michigan, which involved the proceeds of said unlawful activity, (2) knowing that the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership and control of the proceeds of such unlawful activity, and (3) to avoid reporting requirements under

APPENDIX, p. 048

federal law.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i),

(a)(1)(B)(i) and (ii) and 1957(a).

## COUNT THIRTY-EIGHT

### (21 U.S.C. §841(a)(i) - Possession with Intent to Distribute Marijuana)

### D-15 FELIX PEDRO BETANCO

That on or about May 31, 2005, in the Eastern District of Michigan, Southern

Division, D-15 FELIX PEDRO BETANCO, defendant herein, did knowingly,

intentionally and unlawfully possess with intent to distribute 578 kilograms or more of

marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States

Code, Section 841(a)(1).

## COUNT THIRTY-NINE

### (21 U.S.C. §841(a)(1) - Possession with Intent to Distribute Marijuana)

### D-2  KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"
### D-9 ALISSA CANTY

That on or about June 28, 2005, in the Eastern District of Michigan, Southern

Division, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," and D-9 ALISSA

CANTY, defendants herein, did knowingly, intentionally and unlawfully possess with

intent to distribute 57.5 kilograms or more of marijuana, a Schedule I Controlled

Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FORTY

### (21 U.S.C. §841(a)(1) - Possession with Intent to Distribute Marijuana)

31

**D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"**

That on or about June 28, 2005, in the Eastern District of Michigan, Southern Division, D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev," defendant herein, did knowingly, intentionally and unlawfully possess with intent to distribute five kilograms or more of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FORTY-ONE

### (18 U.S.C. §924 - Felon in Possession of a Firearm)

### D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"

That on or about February 12, 2005, in the Eastern District of Michigan, Southern Division, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," defendant herein, did knowingly, intentionally and unlawfully possess, having been previously convicted of Robbery, a felony crime punishable by imprisonment for a term exceeding one year, possess the following firearms: one S.W.D. Inc., model M-11, 9mm pistol, (Serial No. 890041513); one Sig Sauer, model P220, .45 caliber pistol, (Serial No. G137440); one Taurus International, Model PT945, .45 caliber pistol, (Serial No. NWB35841); one Norinco, model M90 Sport, 7.62 x 39 mm rifle, (Serial No. 30494); one Hi Point, Model 995, 9mm carbine rifle, (Serial No. A39318); one Davis Industries, model D Series, .32 caliber derringer, (Serial No. 276259); and one Beretta, model 92FS, .45 caliber pistol, (Serial No. E88162Z), said firearms having been shipped or transported in interstate or foreign commerce, contrary to the provisions of Title 18, United States

32

APPENDIX, p. 050

Code, section 922(g)(1).

All in violation of 18 U.S.C. §924(c).

## COUNT FORTY-TWO

### (18 U.S.C. §924 - Felon in Possession of a Firearm)

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**

That on or about May 5, 2005, in the Eastern District of Michigan, Southern Division, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," defendant herein, did knowingly, intentionally and unlawfully possess, having been previously convicted of Robbery, a felony crime punishable by imprisonment for a term exceeding one year, possess a Bushmaster, semi-automatic rifle (.223), model #XM15-#25 (Serial No. BFI417573), said firearm having been shipped or transported in interstate or foreign commerce, contrary to the provisions of Title 18, United States Code, section 922(g)(1).

All in violation of 18 U.S.C. §924(c).

## COUNT FORTY-THREE

### (21 U.S.C. §853(a) - Criminal Forfeiture)

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**

i.   Upon conviction of one or more of the controlled substance violations of Title 21, United States Code, Sections 841(a)(2) and 846 alleged in Counts One and Two of this Indictment, Defendant MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," shall forfeit to the United States, pursuant to 21 U.S.C. §

33

APPENDIX, p. 051

853(a): (a) any property, real or personal, constituting or derived from any

proceeds obtained, directly or indirectly, as a result of such violations; and (b) any

property, real or personal, used, or intended to be used, in any manner or part, to

commit, or to facilitate the commission of such violations.

ii.  Property subject to forfeiture to the United States pursuant to Title 21, United

States Code, Section 853 (Controlled Substance) includes, but is not limited to,

the following:

(a)  The real property commonly known as 8867 Livernois Avenue, Detroit,

Michigan, dba "Penthouse Lounge," with a legal description as follows:

W. LIVERNOIS 1030 EXC LIVERNOIS AVE AS WD STOEPELS GREENFIELD
HIGHLANDS SUB L31 P1 PLATS, W C R 16/197 30 X 88.

(b) The real property commonly known as 14440 Plymouth Road, Detroit,

Michigan, dba "Mike's Detailing II," with a legal description as follows:

LOTS 59, 60 and 61, NEW PLYMOUTH ROAD SUBDIVISION OF LOTS 7, 8, 9, 10,
11, 12, 25, 26, 27, 28, 29 AND 30 OF FRISCHKORN'S GRAND RIVER FARMS
SUBDIVISION, ACCORDING TO THE PLAT RECORDED IN LIBER 46, PAGE 93
OF PLATS, WAYNE COUNTY RECORDS.

(c)  The real property commonly known as 17026 Plymouth Road, Detroit,

Michigan, dba "Mike's Detailing III," with a legal description as follows:

N. PLYMOUTH 398 & 399 FRISCHKORNS GRAND RIVER VIEW SUB L48 P72 PLATS W
C R 22/207 40 x 110.

(d)  The real property commonly known as 1289 Hunter Court, Milford,

Michigan, with a legal description as follows:

T2N, R7E, SEC 22  OAKLAND COUNTY CONDOMINIUM PLAN NO 758

34

BERWYCK PLACE UNIT 1 L 125 4-23-92 FR 300-005.

(e) The real property commonly known as 7559 Prairie Street, Detroit, Michigan

with a legal description as follows:

Lot 492, Dovercourt Park Subdivision, as recorded in Liber 34, Page 89, of plats, Wayne
County Records.

(f)     The real property commonly known as 8843 Livernois Avenue,

Detroit, Michigan, dba "Mike's Detailing," with a legal description as follows:

Lots 1026, 1027 & 1028 STOEPELS GREENFIELD HIGHLANDS SUB., WAYNE COUNTY
RECORDS.

(g)     The following automobiles:

1. 2003 MERCURY MARAUDER - VIN: 2MEHM75V23X602214

2. 1998 RANGE ROVER - VIN: SALPV1449WA378929

3. 2000 CHEVROLET VENTURE VAN - VIN: 1GNDX13E8YD253279

4. 1996 CHEVROLET IMPALA - VIN: 1G1BL52P0TR126021

5. 1997 BMW M3 - VIN: WBSBG9329VEY75151

6. 1969 BUICK CONVERTIBLE - VIN: 484679H322299

7. 1995 HARLEY DAVIDSON - VIN: 1HD1BNL16SY022751

8. 2000 SUZUKI MOTORCYCLE - VIN: JS1GW71A5Y2107116

9. 2002 GMC PICKUP - VIN: 1GTHK29102E136879

10. 2004 DODGE VIPER - VIN: 1B3JZ65Z04V101358

11. 2003 DODGE VIPER - VIN: 1B3JR65Z03V501869

12. 2003 GM HUMMER - VIN: 5GRGN23633H117330

35

APPENDIX, p. 053

## COUNT FORTY-FOUR

### (18 U.S.C. §982(a)(1) - Criminal Forfeiture)

**D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike"**

i.      Upon conviction of one or more of the controlled substance violations of Title 18,

United States Code, Sections 1956 and 1957 alleged in Counts THIRTY-SIX and

THIRTY-SEVEN of this Indictment, Defendant MICHAEL ANTHONY

CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," shall forfeit to the United States,

pursuant to 21 U.S.C. § 853(a): (a) any property, real or personal, constituting or

derived from any proceeds obtained, directly or indirectly, as a result of such

violations; and (b) any property, real or personal, used, or intended to be used, in

any manner or part, to commit, or to facilitate the commission of such violations.

ii.     Property subject to forfeiture to the United States pursuant to Title 21, United

States Code, Section 853 (Controlled Substance) includes, but is not limited to,

the following:

(a) The real property commonly known as 8867 Livernois Avenue, Detroit,

Michigan, dba "The Penthouse Lounge," with a legal description as follows:

W. LIVERNOIS 1030 EXC LIVERNOIS AVE AS WD STOEPELS GREENFIELD
HIGHLANDS SUB L31 P1 PLATS, W C R 16/197 30 X 88.

(b) The real property commonly known as 14440 Plymouth Road, Detroit,

Michigan, dba "Mike's Detailing II," with a legal description as follows:

LOTS 59, 60 and 61, NEW PLYMOUTH ROAD SUBDIVISION OF LOTS 7, 8, 9, 10,
11, 12, 25, 26, 27, 28, 29 AND 30 OF FRISCHKORN'S GRAND RIVER FARMS
SUBDIVISION, ACCORDING TO THE PLAT RECORDED IN LIBER 46, PAGE 93

36

OF PLATS, WAYNE COUNTY RECORDS.

© The real property commonly known as 17026 Plymouth Road, Detroit,

Michigan, dba "Mike's Detailing III," with a legal description as follows:

N. PLYMOUTH 398 & 399 FRISCHKORNS GRAND RIVER VIEW SUB L48 P72 PLATS W
C R 22/207 40 x 110.

(d)    The real property commonly known as 1289 Hunter Court, Milford,

Michigan, with a legal description as follows:

T2N, R7E, SEC 22  OAKLAND COUNTY CONDOMINIUM PLAN NO 758
BERWYCK PLACE UNIT 1 L 125 4-23-92 FR 300-005.

(e) The real property commonly known as 7559 Prairie Street, Detroit, Michigan

with a legal description as follows:

Lot 492, Dovercourt Park Subdivision, as recorded in Liber 34, Page 89, of plats, Wayne
County Records.

(f)    The real property commonly known as 8843 Livernois Avenue,

Detroit, Michigan, dba "Mike's Detailing," with a legal description as follows:

Lots 1026, 1027 & 1028 STOEPELS GREENFIELD HIGHLANDS SUB., WAYNE COUNTY
RECORDS.

N. PLYMOUTH 398 & 399 FRISCHKORNS GRAND RIVER VIEW SUB L48 P72 PLATS W
C R 22/207 40 x 110.

(g)    The following automobiles:

1. 2003 MERCURY MARAUDER - VIN: 2MEHM75V23X602214

2. 1998 RANGE ROVER - VIN: SALPV1449WA378929

3. 2000 CHEVROLET VENTURE VAN - VIN: 1GNDX13E8YD253279

4. 1996 CHEVROLET IMPALA - VIN: 1G1BL52P0TR126021

37

APPENDIX, p. 055

5. 1997 BMW M3 - VIN: WBSBG9329VEY75151

6. 1969 BUICK CONVERTIBLE - VIN: 484679H322299

7. 1995 HARLEY DAVIDSON - VIN: 1HD1BNL16SY022751

8. 2000 SUZUKI MOTORCYCLE - VIN: JS1GW71A5Y2107116

9. 2002 GMC PICKUP - VIN: 1GTHK29102E136879

10. 2004 DODGE VIPER - VIN: 1B3JZ65Z04V101358

11. 2003 DODGE VIPER - VIN: 1B3JR65Z03V501869

12. 2003 GM HUMMER - VIN: 5GRGN23633H117330

## COUNT FORTY-FIVE

### (21 U.S.C. §853(a) - Criminal Forfeiture)

**D-2 KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev"**

i.　Upon conviction of one or more of the controlled substance violations of Title 21, United

States Code, Sections 841(a)(2) and 846 alleged in Counts One through Three of this Indictment, Defendant KEVIN LENARD YOUNGBLOOD, a.k.a. "Kev" shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a): (a) any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such violations; and (b) any property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations.

ii.　Property subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 853 (Controlled Substance) includes, but is not limited to,

38

the following:

(a)    The real property commonly known as Looking Good Auto Sales, located at 15900

Grand River Avenue, Detroit, Michigan, with a legal description as follows:

S FENKELL 35 & 34 SCHMIDT EST SUB L47 P57 PLATS, W C R 22/138 46 x 100

(b)    The real property commonly known as 10075 Elmira, Detroit, Michigan, with a

legal description as follows:

LOT 439 BE TAYLORS SOUTHLAWN SUBDIVISION As Recorded in Liber 33 On

Page 2 of Plats Wayne County Records, Property ID: Ward 18, Item No. 6370.

THIS IS A TRUE BILL

_____

s/FOREPERSON

STEPHEN J. MURPHY
United States Attorney

s/KAREN GIBBS
Assistant U. S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226                    DATED:

APPENDIX, p. 057

# Criminal Case Cover Sheet

**United States District Court**
**Eastern District of Michigan**

Case Number 05-80810

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects. **LAWRENCE P. ZATKOFF**

| Companion Case Information | Companion Case Numbers: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| Yes     X **No** | AUSA's Initials: KMG |

**Case Title:** USA v. Michael Clark et. al.,

**County where offense occurred :** Wayne County

**Check One:**    X **Felony**      ☐ **Misdemeanor**      ☐ **Petty**

☐   Indictment___ /Information____ **no prior complaint.**
☐   Indictment_ /Information____ based upon prior complaint [Case number: _____]
☐   Indictment_X_/Information____ based upon LCrR 57.10 (d) *[Complete Superseding section below].*

**Superseding Case Information:**

**Superseding to Case No:** 05-80810      Judge: **Cohn**

☐   Original case was terminated; no additional charges or defendants.
☑   Corrects errors; no additional charges or defendants.
☐   Involves, for plea purposes, different charges or adds counts.
☐   Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges |
|---|---|
| | |

Date

**KAREN M. GIBBS**
Assistant United States Attorney

phone number
313-226-9705

[1] Companion cases are matters in which it appears that substantially similar evidence will be offered at trial or the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

APPENDIX, p. 058

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F I L E D

NOV 0 2 2006

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CASE NO. 05-80810
HON. LAWRENCE P. ZATKOFF

MICHAEL ANTHONY CLARK and
JAMES JACKSON,

Defendants.
_____ /

## SPECIAL VERDICT FORM

## COUNT ONE

1.  As to Count One of the Indictment, Conspiracy to Possess with Intent to
    Distribute and to Distribute Marijuana, we, the Jury, find:

    Defendant Michael Clark:      [ ] not guilty
                                  [X] guilty

    Defendant James Jackson:      [ ] not guilty
                                  [X] guilty

[*Note*: If you find Defendant Michael Clark not guilty as charged in Count One, you
need not consider paragraph 1(a) below. If you find Defendant James Jackson not
guilty as charged in Count One, you need not consider paragraph 1(b) below.]

APPENDIX, p. 059

1(a).   We, the Jury, having found Defendant Michael Clark guilty of the offense charged in Count One, also find with respect to that Count that he conspired to possess with intent to distribute Marijuana in the amount shown (place an X in the appropriate box):

(i)     Weighing 1000 kilograms or more                              [ ]
(ii)    Weighing at least 700 kilograms, but less than 1000 kilograms [X]
(iii)   Weighing at least 400 kilograms, but less than 700 kilograms  [ ]
(iv)    Weighing at least 100 kilograms, but less than 400 kilograms  [ ]
(v)     Weighing at least 80 kilograms, but less than 100 kilograms   [ ]
(vii)   Weighing at least 60 kilograms, but less than 80 kilograms    [ ]
(viii)  Weighing at least 40 to 60 kilograms                         [ ]
(ix)    Weighing at least 20 to 40 kilograms                         [ ]
(x)     Weighing at least 10 to 20 kilograms                         [ ]
(xi)    Weighing at least 5 to 10  kilograms                         [ ]
(xii)   Weighing at least 2.5 to 5 kilograms                         [ ]
(xiii)  Weighing at least 1 to 2.5 kilograms                         [ ]
(xiv)   Weighing less than 1 kilogram                                [ ]

1(b).   We, the Jury, having found Defendant James Jackson guilty of the offense charged in Count One, also find with respect to that Count that he conspired to possess with intent to distribute Marijuana in the amount shown (place an X in the appropriate box):

(i)     Weighing 1000 kilograms or more                              [ ]
(ii)    Weighing at least 700 kilograms, but less than 1000 kilograms [ ]
(iii)   Weighing at least 400 kilograms, but less than 700 kilograms  [X]
(iv)    Weighing at least 100 kilograms, but less than 400 kilograms  [ ]
(v)     Weighing at least 80 kilograms, but less than 100 kilograms   [ ]
(vii)   Weighing at least 60 kilograms, but less than 80 kilograms    [ ]
(viii)  Weighing at least 40 to 60 kilograms                         [ ]
(ix)    Weighing at least 20 to 40 kilograms                         [ ]
(x)     Weighing at least 10 to 20 kilograms                         [ ]
(xi)    Weighing at least 5 to 10 kilograms                          [ ]
(xii)   Weighing at least 2.5 to 5 kilograms                         [ ]
(xiii)  Weighing at least 1 to 2.5 kilograms                         [ ]
(xiv)   Weighing less than 1 kilogram                                [ ]

APPENDIX, p. 060

## COUNT TWO

2. As to Count Two of the Indictment, Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine, we, the Jury, find the Defendant Michael Clark:

> [ ] not guilty
> [X] guilty

*[Note*: If you find the Defendant not guilty as charged in Count Two, you need not consider paragraph 2(a) below. Go directly to paragraph 3].

2(a). We, the Jury, having found Defendant Michael Clark guilty of the offense charged in Count Two, also find with respect to that Count that he conspired to possess with intent to distribute Cocaine in the amount shown (place an X in the appropriate box):

| | | |
|---|---|---|
| (i) | Weighing 11 kilograms or more | [X] |
| (ii) | Weighing at least 5 kilograms, but less than 11 kilograms | [ ] |
| (iii) | Weighing at least 3.5 kilograms, but less than 5 kilograms | [ ] |
| (iv) | Weighing at least 2 kilograms, but less than 3.5 kilograms | [ ] |
| (v) | Weighing at least 500 grams, but less than 2 kilograms | [ ] |
| (vi) | Weighing at least 400 grams, but less than 500 grams | [ ] |
| (vii) | Weighing at least 300 grams, but less than 400 grams | [ ] |
| (viii) | Weighing at least 200 grams, but less than 300 grams | [ ] |
| (ix) | Weighing at least 100 grams, but less than 200 grams | [ ] |
| (x) | Weighing at least 50 grams, but less than 100 grams | [ ] |
| (xi) | Weighing at least 20 grams, but less than 50 grams | [ ] |
| (xii) | Weighing less than 20 grams | [ ] |

## COUNT FOUR

3. As to Count Four of the Indictment, Continuing Criminal Enterprise, we, the Jury, find the Defendant Michael Clark:

[ ] not guilty
[X] guilty

---

## COUNT FIVE

4. As to Count Five of the Indictment, Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances, we, the Jury, find the Defendant Michael Clark:

[ ] not guilty
[X] guilty

---

## COUNT SIX

5. As to Count Six of the Indictment, Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances, we, the Jury, find the Defendant Michael Clark:

[X] not guilty
[ ] guilty

---

## COUNT SEVEN

6. As to Count Seven of the Indictment, Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances, we, the Jury, find the Defendant Michael Clark:

[ ] not guilty
[X] guilty

---

APPENDIX, p. 062