## COUNT NINE

7. As to Count Nine of the Indictment, Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances, we, the Jury, find:

**Defendant Michael Clark:**  [X] not guilty
                             [ ] guilty

**Defendant James Jackson**  [X] not guilty
                             [ ] guilty

## COUNT TEN

8. As to Count Ten of the Indictment, Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances, we, the Jury, find the Defendant James Jackson:

        [X] not guilty
        [ ] guilty

## COUNT ELEVEN

9. As to Count Eleven of the Indictment, Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances, we, the Jury, find the Defendant Michael Clark:

        [ ] not guilty
        [X] guilty

## COUNT THIRTEEN

10. As to Count Thirteen of the Indictment, Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances, we, the Jury, find the Defendant Michael Clark:

   [ ] not guilty
   [X] guilty

## COUNT THIRTY-THREE

11. As to Count Thirty-three of the Indictment, Unlawful Use of a Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances, we, the Jury, find the Defendant Michael Clark:

   [ ] not guilty
   [X] guilty

## COUNT THIRTY-FIVE

12. As to Count Thirty-five of the Indictment, Conspiracy to Launder Monetary Instruments, we, the Jury, find the Defendant Michael Clark:

   [X] not guilty
   [ ] guilty

[*Note*: If you find the Defendant not guilty as charged in Count Thirty-Five, you need not consider paragraph 12(a) below. Go directly to paragraph 13].

APPENDIX, p. 064

12(a). We, the Jury, having found Defendant Michael Clark guilty of the offense charged in Count Thirty-Five, also find with respect to that Count that he conspired to Launder Monetary Instruments in the amount shown (place an X in the appropriate box):

| | | |
|---|---|---|
| (i) | Worth more than One Million ($1,000,000) Dollars | [ ] |
| (ii) | Worth more than $400,000, but less than $1,000,000 | [ ] |
| (iii) | Worth more than $200,000, but less than $400,000 | [ ] |
| (iv) | Worth more than $120,000, but less than $200,000 | [ ] |
| (v) | Worth more than $70,000, but less than $120,000 | [ ] |
| (vi) | Worth more than $30,000 s, but less than $70,000 | [ ] |
| (vii) | Worth more than $10,000, but less than $30,000 | [ ] |
| (viii) | Worth more than $5,000.00, but less than $10,000 | [ ] |
| (ix) | Worth less than $5,000 | [ ] |

## COUNT THIRTY-SIX

13. As to Count Thirty-six of the Indictment, Laundering Monetary Instruments, we, the Jury, find the Defendant Michael Clark:

> ☒ not guilty
> [ ] guilty

*[Note: If you find the Defendant not guilty as charged in Count Thirty-Six, you need not consider paragraph 13(a) below. Go directly to paragraph 14].*

13(a). We, the Jury, having found Defendant Michael Clark guilty of the offense charged in Count Thirty-Six, also find with respect to that Count that he conspired to Launder Monetary Instruments in the amount shown (place an X in the appropriate box):

| | | |
|---|---|---|
| (i) | Worth more than One Million ($1,000,000) Dollars | [ ] |
| (ii) | Worth more than $400,000, but less than $1,000,000 | [ ] |
| (iii) | Worth more than $200,000, but less than $400,000 | [ ] |
| (iv) | Worth more than $120,000, but less than $200,000 | [ ] |
| (v) | Worth more than $70,000, but less than $120,000 | [ ] |
| (vi) | Worth more than $30,000 s, but less than $70,000 | [ ] |
| (vii) | Worth more than $10,000, but less than $30,000 | [ ] |
| (viii) | Worth more than $5,000.00, but less than $10,000 | [ ] |
| (ix) | Worth less than $5,000 | [ ] |

## COUNT FORTY-ONE

14.     As to Count Forty-one of the Indictment, Felon in Possession of a Firearm, we, the Jury, find the Defendant Michael Clark:

> [ ] not guilty
> [X] guilty

## COUNT FORTY-TWO

15.     As to Count Forty-two of the Indictment, Felon in Possession of a Firearm, we, the Jury, find the Defendant Michael Clark:

> [ ] not guilty
> [X] guilty

Dated: _November 2, 2006_

Foreperson

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MICHAEL ANTHONY CLARK,

        Defendant.

_____/

CRIMINAL CASE NO. 05-80810
HON. LAWRENCE P. ZATKOFF

**SENTENCING OPINION**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 22, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

On November 2, 2006, after a jury trial, Defendant Clark was convicted of the following counts: count one, conspiracy to possess with intent to distribute and to distribute marijuana; count two, conspiracy to possess with intent to distribute and to distribute cocaine; count four, continuing criminal enterprise; counts five, seven, eleven, thirteen, and thirty-three, unlawful use of communication facilities to conspire to possess with intent to distribute controlled substances; and counts forty-one and forty-two, felon in possession of a firearm. The jury found the amount of marijuana involved was at least 700 kilograms but less than 1000 kilograms, and the amount of cocaine involved was 11 kilograms or more. For the reasons set forth below, the Court imposes the following sentence:

        Count one:                 480 months;

| Count two: | 600 months; |
|---|---|
| Count four: | 600 months; |
| Counts five, seven, eleven, thirteen and thirty-three: | 48 months; |
| Counts forty-one and forty-two: | 120 months. |

The sentences will run concurrent to each other.

## II. SENTENCING FACTORS

When sentencing a defendant, the Court must consider the relevant factors from 18 U.S.C. § 3553, and articulate the reasons for its sentencing decision. *United States v. McBride,* 434 F.3d 470, 476 (6th Cir. 2006). The Court will now analyze the relevant factors as they relate to Jackson.

**1.     The nature and circumstances of the offense**

Clark was the organizer and leader of a substantial drug organization, involving fifteen charged defendants. Beginning in 1996, Clark obtained cocaine from a source in Chicago, Illinois. Clark recruited other individuals to assist with the transportation and distribution of cocaine. The cocaine was often concealed in hidden compartments inside automobiles. Clark also concealed firearms in hidden compartments inside automobiles.

Beginning in 2004, Clark began trafficking marijuana from Arizona to Detroit. The marijuana was transported to Detroit in tractor trailers. Clark used cellular telephones to coordinate the delivery of the marijuana.

In February of 2005, the Detroit Violent Crimes Task Force and Drug Enforcement Administration executed a search warrant at Clark's residence at 7559 Prairie, Detroit. Clark was present during the search. The officers seized seven firearms from the residence. In May of 2005,

2

two officers of the Detroit Police Department observed Clark crouching by a vehicle with a Bushmaster semi-automatic rifle, containing 19 live rounds.  One round was in the chamber, and another round was stuck in the ejection port.

**2.**     **The history and characteristics of the defendant**

In 1984 Clark was convicted in two criminal cases: for armed robbery, and armed robbery/criminal sexual conduct, 2nd degree.  Clark was sentenced to 3.5 to 7 years in the armed robbery case, and 8 to 15 years in the armed robbery/criminal sexual conduct case.  Clark was paroled after serving less than 7 years of his sentence.  In 1998 Clark was charged with driving while license suspended/revoked/denied.  Several bonds were forfeited after Clark failed to appear for his arraignment on four occasions.  In 2000 Clark pled guilty to the reduced charge of failure to display a valid license.

Clark also has four pending charges.  In December of 2004, Clark was arrested and charged with failure to display a valid license.  Clark failed to appear for the pretrial hearing.  In February of 2005, Clark was arrested and charged with assault and battery.  The female complainant alleged that Clark struck her in the face after she rejected his advances at a bar.  In May of 2005, Clark was arrested twice and charged with violation of firearm ordinance and felon in possession.

**3.**     **The seriousness of the offense**

As discussed above**,** Clark was the organizer and leader of a large-scale drug organization, that was responsible for the introduction of a substantial amount of drugs into the community.  As noted in the Court's sentencing opinion for co-defendant Kevin Youngblood, several previously law-abiding citizens were drawn into the conspiracy, and subsequently had their lives ruined.  Clark also illegally possessed numerous firearms, thus posing a severe risk to the community.

3

APPENDIX, p. 069

**4.     Promote respect for the law and afford adequate deterrence to criminal conduct**

Clark's prior sentences have failed to promote respect for the law and afford adequate deterrence to criminal conduct.  Clark's criminal history indicates that he poses a substantial risk to the community.  Clark has convictions for armed robbery and armed robbery/criminal sexual conduct, and has continued to display a lack of respect for the law.  Clark has failed to end his criminal activity despite repeated encounters with law enforcement officers.  After seven firearms were seized from Clark in February of 2005, Clark was found in May of 2005 on the streets of Detroit with a Bushmaster semi-automatic rifle.  Clark's traffic violations, while minor compared to his drug and gun offenses, also demonstrate his lack of respect for the law.  In 1998 Clark failed to appear for an arraignment four times, and failed to appear for a pretrial hearing in 2004.  A sentence of 600 months is necessary to promote respect for the law and afford adequate deterrence to criminal conduct

**5.     Protect the public from further crimes of the defendant**

Clark's illegal possession of an arsenal of firearms (eight were seized by the authorities, including a semi-automatic rifle) shows that he poses a severe threat to the community.  Furthermore, not only has Clark participated in criminal conspiracies, involving large amounts of narcotics, he has organized and led them.  Thus, Clark's unlawful activities have had a ripple effect, causing great harm to the community.  A sentence of 600 months is necessary to protect the public from further crimes of Clark.

**6.     Provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most**

Clark has consumed alcohol on a daily basis since 2004, and has experienced two alcohol-induced blackouts.  Clark will benefit from a substance abuse treatment program in prison.

7.      **Guideline Range**

Based on a total offense level of 44, and a criminal history category of III, the guideline range is life. The Court is required to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553. As discussed above, Clark's offense was serious and he poses a significant threat to the community. However, the Court feels a sentence of life is greater than necessary to comply with the purposes of 18 U.S.C. § 3553. Clark was not convicted of a crime of violence. The Court finds that a sentence of 600 months is sufficient to comply with the provisions of 18 U.S.C. § 3553.

8.      **Need to avoid unwarranted sentence disparities**

Charles Gadson, Treyvan Agee, and Kevin Youngblood, members one level below Clark in Clark's drug organization, received sentences of 120 months, 48 months, and 109 months, respectively. The Court finds that the guideline sentence of life would be too great a disparity in this case. However, those three codefendants accepted plea agreements, and Agee and Youngblood cooperated with the government. In addition, as the leader of the organization, Clark bears greater responsibility than his codefendants. Thus, a significant sentence disparity is warranted in this case. The Court finds that a sentence of 600 months is sufficient to comply with the provisions of 18 U.S.C. § 3553.

### III. CONCLUSION

For the reasons set forth above, the Court imposes the following sentence:

Count one:                      480 months;

Count two:                      600 months;

Count four:                     600 months;

APPENDIX, p. 071

Counts five, seven, eleven,
thirteen and thirty-three:          48 months;

Counts forty-one
and forty-two:                      120 months.

The sentences will run concurrent to each other. The Court also imposes a special assessment of

$1,000.00 and a fine of $30,000.00. Upon release from imprisonment, Clark shall be on supervised

release for five years. The Court imposes all standard conditions of supervision, and the following

two special conditions:

1.      Clark shall participate in a program approved by the Probation Department for substance
        abuse, which program may include testing to determine if the defendant has reverted to the
        use of drugs or alcohol, if necessary.

2.      Clark shall pay all friend of the court child support arrearages.


        IT IS SO ORDERED.



                                        s/Lawrence P. Zatkoff_____
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: February 23, 2007




                        CERTIFICATE OF SERVICE

        The undersigned certifies that a copy of this Order was served upon the attorneys of record
by electronic or U.S. mail on February 23, 2007.

APPENDIX, p. 072

s/Marie E. Verlinde
Case Manager
(810) 984-3290

APPENDIX, p. 073



603] Judgment in a Criminal Case

Judgment-Page 1 of 6

# United States District Court
## Eastern District of Michigan

United States of America

V.

MICHAEL ANTHONY CLARK

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 05CR80810-1
USM Number: 28321-039

Margaret S. Raben
Defendant's Attorney



FILED
FEB 2 3 2007
CLERK'S OFFICE
DETROIT

**THE DEFENDANT:**

Was found guilty on count(s):  **1, 2, 4, 5, 7, 11, 13, 33, 41, 42, and 43**  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See page 2 for details. | | | |

The defendant is sentenced as provided in pages **2 through 6** of this judgment.  This sentence is imposed pursuant to the Sentencing Reform Act of 1984

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.



FILED

FEB 2 3 2007

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

February 22, 2007
Date of Imposition of Judgment

Lawrence P. Zatkoff
United States District Judge

_2-23-07_
Date Signed

APPENDIX, p. 074

AO 245B(Rev. 12/03) Judgment in a Criminal Case

Judgment-Page 2 of 6

DEFENDANT: MICHAEL ANTHONY CLARK
CASE NUMBER: 05CR80810-1

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. Sections 846 & 841(a)(1) | Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana | 10/2005 | One |
| 21 U.S.C. Sections 846 & 841(a)(1) | Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine | 7/2005 | Two |
| 21 U.S.C. Section 848 | Continuing Criminal Enterprise | 10/2005 | Four |
| 21 U.S.C. Section 843(b) | Unlawful Use of Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances | 2/2005 | Five |
| 21 U.S.C. Section 843(b) | Unlawful Use of Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances | 4/2005 | Seven |
| 21 U.S.C. Section 843(b) | Unlawful Use of Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances | 5/2005 | Eleven |
| 21 U.S.C. Section 843(b) | Unlawful Use of Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances | 6/2005 | Thirteen |
| 21 U.S.C. Section 843(b) | Unlawful Use of Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances | 5/2005 | Thirty-Three |
| 18 U.S.C. Section 922(g)(1) | Felon in Possession of a Firearm | 2/12/2005 | Forty-One |
| 18 U.S.C. Section 922(g)(1) | Felon in Possession of a Firearm | 5/5/2005 | Forty-Two |
| 21 U.S.C. Section 853(a) | Criminal Forfeiture | 2/22/2006 | Forty-Three |

Judgment-Page 3 of 6

DEFENDANT: MICHAEL ANTHONY CLARK
CASE NUMBER: 05CR80810-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
**COUNT 1: 480 MONTHS; COUNT 2: 600 MONTHS; COUNT 4: 600 MONTHS; COUNTS 5, 7, 11, 13 & 33: 48 MONTHS AS TO EACH COUNT; COUNTS 41 & 42: 120 MONTHS. ALL COUNTS TO RUN CONCURRENT.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a
_____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy United States Marshal

APPENDIX, p. 076

ENDANT: MICHAEL ANTHONY CLARK
ASE NUMBER: 05CR80810-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **FIVE YEARS, all counts to run concurrent.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Revocation of supervised release is mandatory for possession of a controlled substance.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

**1)** the defendant shall not leave the judicial district without the permission of the court or probation officer;

**2)** the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

**3)** the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

**4)** the defendant shall support his or her dependents and meet other family responsibilities;

**5)** the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

**6)** the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

**7)** the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

**8)** the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

**9)** the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

**10)** the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

**11)** the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

**12)** the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**13)** as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

**14)** the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Revocation of supervised release is mandatory for possession of a firearm.

Judgment-Page 5 of 6

FENDANT:  MICHAEL ANTHONY CLARK
ASE NUMBER:  05CR80810-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a a program approved by the Probation Department for substance abuse, which program may include testing to determine if the defendant has reverted to the use of drugs or alcohol.  If necessary.

**PAY ALL FRIEND OF THE COURT CHILD SUPPORT ARREARAGES.**

2/03] Judgment in a Criminal Case
5 - Criminal Monetary Penalties

Judgment-Page 6 of 6

FENDANT: MICHAEL ANTHONY CLARK
ASE NUMBER: 05CR80810-1

## CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 1000.00 | $ 30000.00 | $ 0.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS:** | $ 0.00 | $ 0.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                   Honorable Lawrence P. Zatkoff
                                   Case No. 05-80810

vs.

D-1    MICHAEL ANTHONY CLARK,
        a.k.a. "Mike Nitty," a.k.a. "Mike,"

        Defendant.

_____/.

## PRELIMINARY ORDER OF FORFEITURE

       WHEREAS, an Indictment was issued in the United States District Court for the Eastern District of Michigan on or around October 6, 2005, followed by a Superceding Indictment on September 21, 2006, which charged violations of Title 18, United States Code, Sections 1956 and 1957; violations of Title 21, United States Code, Sections 841, 843, 846, and 848; and forfeiture allegations pursuant to Title 18, United States Code, Sections 982 (a)(1) and Title 21, United States Code, Section 853;

       WHEREAS, on or about November 3, 2006, Defendant Michael Anthony Clark was found guilty by a jury of, among others, 21 U.S.C. §841 and 846 (drug trafficking violations), charges relevant to the criminal forfeiture part of this case;

       WHEREAS, the jury further found, by special verdict form, that the following assets (hereafter "Subject Property") are forfeitable to the United States pursuant to 21 U.S.C. §853:

APPENDIX, p. 080

**REAL PROPERTY:**

(1) The real property commonly known as 14440 Plymouth Road, Detroit,

Michigan, dba "Mike's Detailing II," with a legal description as follows:

LOTS 59, 60 and 61, NEW PLYMOUTH ROAD SUBDIVISION OF LOTS 7, 8, 9, 10, 11, 12, 25, 26, 27, 28, 29 AND 30 OF FRISCHKORN'S GRAND RIVER FARMS SUBDIVISION, ACCORDING TO THE PLAT RECORDED IN LIBER 46, PAGE 93 OF PLATS, WAYNE COUNTY RECORDS.

(2) The real property commonly known as 8843 Livernois Avenue,

Detroit, Michigan, dba "Mike's Detailing and Car Wash III," with a legal

description as follows:

Lots 1026, 1027 & 1028 STOEPELS GREENFIELD HIGHLANDS SUB., WAYNE COUNTY RECORDS.

(3) The real property commonly known as 7559 Prairie Street, Detroit, Michigan

with a legal description as follows:

Lot 492, Dovercourt Park Subdivision, as recorded in Liber 34, Page 89, of plats, Wayne County Records.

**AUTOMOBILES**

(4) 1996 Chevrolet Impala, VIN: 1G1BL52P0TR126021;

(5) 1997 BMW M3, VIN: WBSBG9329VEY75151; and

(6) 1969 Buick Convertible, VIN: 48467911322299.

1. The jury has determined that the government established the requisite nexus between

the Subject Property and the offenses committed by defendant Michael Clark.

2. Accordingly, the Subject Property is hereby **FORFEITED** to the United States of

America for disposition in accordance with the law, and any right, title or interest of defendant

Michael Clark **IS HEREBY AND FOREVER EXTINGUISHED**.

3. Upon entry of this Order, the United States or a designee is authorized to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any assets seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

4. The United States shall publish at least once for three successive weeks in a newspaper of general circulation, notice of this preliminary forfeiture order and of its intent to dispose of the above named Subject Property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person other than the Defendant asserting a legal interest in the Subject Property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

5. Following the Court's disposition of all petitions filed, if any, upon proof of

Page 3 of 5

APPENDIX, p. 082

publication and notice to any persons known to have alleged an interest in the Subject Property

and upon entry of a Final Order of Forfeiture, the United States shall have clear title to the

Subject Property and may warrant good title to any subsequent purchaser or transferee.

6. Pursuant to Fed.R.Crim.P. 32.2(c)(2), this Preliminary Order of Forfeiture shall

become final as to the defendant at the time of sentencing and shall be made part of the sentence

and included in the judgment. If no third party files a timely claim, this Order shall become the

Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

7. Any petition filed by a third party asserting an interest in the Subject Property shall be

signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the

petitioner's right, title or interest in the Subject Property, the time and circumstances of the

petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts

supporting the petitioner's claim and the relief sought.

8. After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before

a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of

Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual

issues.

9. The United States shall have clear title to the Subject Property following the Court's

disposition of all third-party interests, or, if none, following the expiration of the period provided

for the filing of third party petitions.

APPENDIX, p. 083

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 21, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 21, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290

APPENDIX, p. 084

# United States District Court
## Eastern District of Michigan

United States of America

V.

MICHAEL ANTHONY CLARK

Case Number: 05CR80810-1

USM Number: 28321-039

### AMENDED
### JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Date of Original Judgment: February 22, 2007

(or date of Last Amended Judgment)

Margaret S. Raben

Defendant's Attorney

**Reason for Amendment:**
Correction of Sentence on Remand(Fed.R.Crim.P.35(a)).
  THE COURT OF APPEALS HAS VACATED COUNTS ONE AND TWO.

■  Was found guilty on count(s) **4, 5, 7, 11, 13, 33, 41, 42, and 43** after a plea of not guilty.

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See page 2 for details. | | | |

   The defendant is sentenced as provided in pages **2 through 7** of this judgment.  This sentence is imposed pursuant of the Sentencing Reform Act of 1984

   IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/15/2013

Date of Imposition of Judgment

s/Lawrence P Zatkoff

United States District Judge

January 22, 2013

Date Signed

APPENDIX, p. 085

Judgment-Page 2 of 7

DEFENDANT:  MICHAEL ANTHONY CLARK
CASE NUMBER:  05CR80810-1

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. Section 848 | Continuing Criminal Enterprise | 10/2005 | Four |
| 21 U.S.C. Section 843(b) | Unlawful Use of Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances | 2/2005 | Five |
| 21 U.S.C. Section 843(b) | Unlawful Use of Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances | 4/2005 | Seven |
| 21 U.S.C. Section 843(b) | Unlawful Use of Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances | 5/2005 | Eleven |
| 21 U.S.C. Section 843(b) | Unlawful Use of Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances | 6/2005 | Thirteen |
| 21 U.S.C. Section 843(b) | Unlawful Use of Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances | 5/2005 | Thirty-Three |
| 18 U.S.C. Section 922(g)(1) | Felon in Possession of a Firearm | 2/12/2005 | Forty-One |
| 18 U.S.C. Section 922(g)(1) | Felon in Possession of a Firearm | 5/5/2005 | Forty-Two |
| 21 U.S.C. Section 853(a) | Criminal Forfeiture | 2/22/2006 | Forty-Three |

DEFENDANT:  MICHAEL ANTHONY CLARK
CASE NUMBER:  05CR80810-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
**COUNT 4: 600 MONTHS; COUNTS 5, 7, 11, 13 & 33: 48 MONTHS AS TO EACH COUNT; COUNTS 41 & 42: 120 MONTHS.  ALL COUNTS TO RUN CONCURRENT.**

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a
_____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy United States Marshal

Judgment-Page 4 of 7

DEFENDANT:  MICHAEL ANTHONY CLARK
CASE NUMBER:  05CR80810-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  **FIVE YEARS, all counts to run concurrent.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.  Revocation of supervised release is mandatory for possession of a controlled substance.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

**1)**  the defendant shall not leave the judicial district without the permission of the court or probation officer;

**2)**  the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

**3)**  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

**4)**  the defendant shall support his or her dependents and meet other family responsibilities;

**5)**  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

**6)**  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

**7)**  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

**8)**  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

**9)**  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

**10)**  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

**11)**  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

**12)**  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**13)**  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

**14)**  the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  Revocation of supervised release is mandatory for possession of a firearm.

APPENDIX, p. 088

DEFENDANT:  MICHAEL ANTHONY CLARK
CASE NUMBER:  05CR80810-1

## SPECIAL CONDITIONS OF SUPERVISION

**The Defendant is ordered to pay the Friend of the Court arrearages upon release from imprisonment.**

DEFENDANT: MICHAEL ANTHONY CLARK
CASE NUMBER: 05CR80810-1

# CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 800.00 | $ 30,000.00 | $ 0.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS:** | $ 0.00 | $ 0.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Ti[...] [...]n or after September 13, 1994, but before April 23, 1996.

Judgment-Page 7 of 7

DEFENDANT:  MICHAEL ANTHONY CLARK
CASE NUMBER:  05CR80810-1

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Pursuant to Title 21, United States Code, Section 853, and incorporating docket #s 414, 495, and 514 by reference, defendant shall forfeit:

(1) The real property commonly known as 14440 Plymouth Road, Detroit, Michigan, dba "Mike's Detailing II," with a leg description as follows:
LOTS 59, 60 and 61, NEW PLYMOUTH ROAD SUBDIVISION OF LOTS 7, 8, 9, 10, 11, 12, 25, 26, 27, 28, 29 AND 30 OF FRISCHKORN'S GRAND RIVER FARMS SUBDIVISION, ACCORDING TO THE PLAT RECORDED IN LIBER 46, PAGE 93 OF PLATS, WAYNE COUNTY RECORDS.

(2) The real property commonly known as 17026 Plymouth Road, Detroit, Michigan, dba "Mike's Detailing III," with a le description as follows:
N. PLYMOUTH 398 & 399 FRISCHKORNS GRAND RIVER VIEW SUB L48 P72 PLATS W C R 22/207 40 x 110.

(3) 1996 Chevrolet Impala, VIN: 1G1BL52P0TR126021;

(4) 1997 BMW M3, VIN: WBSBG9329VEY75151; and

(5) 1969 Buick Convertible, VIN: 484679H322299.

APPENDIX, p. 091

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JAN 1 5 2014

CLERK'S OFFICE

### MOTION UNDER 28 U..S.C §2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| Name of Movant<br>Michael Anthony Clark | Inmate Number:<br>28321-039 | Criminal Docket No.<br>2:05CR80810 |
|---|---|---|

| Place of Confinement: (Name, Street or P.O. Box, City, State And Zip Code)<br>United States Penitentiary-Tucson<br>Post Office Box 24450/ Tucson, Arizonia 85734-4550 |
|---|

|  |  |
|---|---|
| **United States of America** | Include Name upon which Convicted<br><br>**vs.**    Michael Anthony Clark<br><br>(full name of Movant) |

## MOTION

1.  Name and location of court which entered the judgment of conviction under attack:

    UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

2.  Date of judgment of conviction:

    November 3, 2006

3.  Length of sentence:

    600 months

4.  Nature of offense involved (include all counts):

    SEE ATTACHMENT #1

    _____

    _____

    _____

5.  Was your plea (check one):

    a)    Not Guilty        ☒
    b)    Guilty            ☐
    c)    Nolo contendere   ☐

AO 243

APPENDIX, p. 092

If you entered a guilty plea to one count or indictment and a not guilty plea to another count or indictment, give details:

_____

_____

_____

_____

6. Kind of trial (check one):

a)  Jury        XX ☒
b)  Judge only  ☐

7. Did you testify at the trial?

Yes ☐       No XX ☒

8. Did you appeal from the judgment of conviction?

Yes XX ☒      No ☐

9. If you did appeal, answer the following:

(a) Name of court: UNITED STATES COURT OF APPEALS OF THE SIXTH CIRCUIT

(b) Result: Affirmed On All But Two Issues

(c) Date of Result: December 29, 2011

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?

Yes XX ☒      No ☐

11. If your answer to 10 was "yes", give the following information:

1. (1) Name of court: UNITED STATES COURT OF APPEALS OF THE SIXTH CIRCUIT

(2) Nature of proceeding: Petition For Rehearing And Rehearing En Banc

_____

_____

(3) Grounds Raised: Fourth Amendment, Ex Post Facto and Prosecutorial Misconduct, Suppression Motions, Motion For Mistial, Insufficient Evidence To Support Continuing-Criminal-Enterprise(CCE), Due Process violations, Unreasonable Sentence Procedurally and Substantively

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐       No XXX ☒

(5) Result: _____

(6) Date of Result: _____

AO 243

(b)     As to any second petition, application or motion give the same information:

(1) Name of court: SUPREME COURT OF THE UNITED STATES

(2) Nature of proceeding:
WRIT OF CERTIORARI

(3) Grounds Raised: Ex Post Facto, Prosecutorial Misconduct, Fourth
Amendment Violations, Insufficient Evidence to Sustain conviction
Continuing-Criminal-Enterprise(CCE)

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐          No XX

(5) Result: _____

(6) Date of Result: _____

3.     As to any third petition, application or motion give the same information:

(1) Name of court: UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
OF MICHIGAN, SOUTHERN DIVISION
(2) Nature of proceeding: Resentencing Remand

(3) Grounds Raised: Procedurally and Substantively Unreasonable
Sentence, Double Jeopardy Violations

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐          No XX

(5) Result: _____

(6) Date of Result: _____

APPENDIX, p. 094

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

**CAUTION**: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based you allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds:

1. Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
2. Conviction obtained by the use of coerced confession.
3. Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
4. Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
5. Conviction obtained by a violation of the privilege against self-incrimination.
6. Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
7. Conviction obtained by a violation of the protection against double jeopardy.
8. Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
9. Denial of effective assistance of counsel.
10. Denial of right of appeal.

1. Ground one:
   SEE ATTACHMENT #2 _____

   _____

   _____

   _____

   Supporting FACTS (tell your story *briefly* without citing cases or law: _____

   _____

   _____

   _____

   _____

B. Ground two: _____ SEE ATTACHMENT #2 _____

   Supporting FACTS (tell your story *briefly* without citing cases or law: _____

   _____

   _____

   _____

   _____

AO 243

APPENDIX, p. 095

C. Ground three: __SEE ATTACHMENT #2__

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____

_____

_____

_____

D. Ground four: __SEE ATTACHMENT #2__

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____

_____

_____

_____

(13) If any of the grounds listed in 12 A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: __Ineffective Assistance Of Counsel because the procedural bar is inapplicable to claims that could not have been raised on direct appeal, such as ineffective assistance of counsel because they require the Developement of a factual record.__

(14) Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☒     No ☐

(15) Give the name and address, if known, of each attorney who represented you in the following states of the judgment attacked herein:

(1) At preliminary hearing: Suzanna Kostovski (P      )
1249 Washington Street, STE.1512/ Detroit, Michigan 48226

(2) At arraignment and plea: John F. Royal (27800) The Ford Building
615 Griswold Street,Ste. 1724/Detroit, Mi 48226
Corbett Edge O'Meara (54716) 93 Kercheval Street, Ste. 3
Grosse Pointe Farms, Mi 48236

(3) At trial: David S. Steingold(P29752)
500 Griswold Street, Ste. 1630/Detroit, Michigan 48226

(4) At sentencing: Margaret Sind Raben (P39243)
333 West Fort Street, Ste.1100/Detroit, Michigan 48226

(5) On appeal: Margaret Sind Raben (P39243) & Mark Joseph Wettle(P75914)
333 West Fort Street, Ste. 1100/ Detroit, Michigan 48226

(6) In any post-conviction proceeding: _____

_____

(7) On appeal from any adverse ruling in a post-conviction proceeding: _____

_____

(16) Were you sentenced on more than one count of an indictment, or on more tha

same court and at approximately the same time?

Yes ☒    No ☐

(17)   Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐    No ☒

(1)    If yes, give name and location of court which imposed sentence to be served in the future:

_____

_____

(2)    Give date and length of the above sentence:

_____

_____

(3)    Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐    No ☐

Wherefore, Movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (in any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

*January 07, 2014*
Date

_____
Signature of Movant

AO 243

ATTACHMENT #1

APPENDIX, p. 098

4.          NATURE OF OFFENSES INVOLVED (16 Counts)

1. 21 U.S.C.S. 846 and 841 (a) (1) Conspiracy to possess with
   intent to distribute and to distribute marijuana

2. 21 U.S.C.S. 846 and 841 (a) (1) Conspiracy to possess with
   intent to distribute and to distribute cocaine

3. 21 U.S.C.S. 848 Continuing criminal enterprise

4. 21 U.S.C.S. 843 (b) Unlawfull use of a communication Facilities
   to conspire to possess with intent to distribute controlled
   substances

5. 21 U.S.C.S. 843 (b) Unlawfull use of a communication facilities
   to conspire to possess with intent to distribute controlled
   substances

6. 21 U.S.C.S. 843 (b) Unlawfull use of a communication facilities
   to conspire to possess with intent to distribute controlled
   substances

7. 21 U.S.C.S. 843 (b) Unlawfull use of a communication facilities
   to conspire to possess with intent to distribute controlled
   substances

8. 21 U.S.C.S. 843 (b) Unlawfull use of a communication facilities
   to conspire to possess with intent to distribute controlled
   substances

9. 21 U.S.C.S. 843 (b) Unlawfull use of a communication facilities
   to conspire to possess with intent to distribute controlled
   substances

10. 21 U.S.C.S. 843 (b) Unlawfull use of a communication facilities
    to conspire to possess with intent to distribute controlled
    substances

11. 18 U.S.C.S. 1956 (a) (1) (A) (i); (a) (1) (B) and (ii) and(h)
    (6) Conspiracy to lauder monetary instruments

12. 18 U.S.C.S. 1956 (a) (1) (A) (i); (a) (1) (B) and 1957 (a)
    Laundering monetary instruments

13. 18 U.S.C.S. 924 Felon in possession of a firearm

14. 18 U.S.C.S. 924 Felon in possession of a firearm

15. 21 U.S.C.S 853 (a) Criminal forfeiture

16. 21 U.S.C.S 853 (a) Criminal forfeiture

APPENDIX, p. 099

ATTACHMENT #2

12.        Grounds For Relief

    A.    <u>Ground One</u>

            Mr. Clark was denied effective assistance of counsel
due to counsel failing to file for or pursue a <u>**Franks**</u> Hearing.

            <u>Supporting FACTS:</u>

            Counsel was ineffective due to the fact that they
failed to investigate and protect the petitioner's Fourth and
Fourteenth Amendment Rights and failed to raise the arguement
that the Title III application submitted had false and misleading
statements to obtain a warrant for a wiretap. Counsel also failed
to move to challenge material statements concerning petitioner's
alleged involvement in murders and about large sums of cash and
uncorroborated information in the affidavits for a wiretap.
This, along with counsel's failure to file to suppress for
minimization, should have entitled petitioner to a <u>**Franks**</u> Hearing.

    B.    <u>Ground Two</u>

            Ineffective assistance of counsel for failing to
ensure protection of petitioner's Speedy Trial Rights an failure
to adequately seek severance from codefendants.

            <u>Supporting FACTS:</u>

            Counsel was ineffective for failing to protect Mr.
Clark's due process rights under the Fifth Amendment that entitles
Mr. Clark to a prompt and speedy trial by judge or jury within
70 days under the United States Constitution without delay, unless
the government presents evidence to the Court that an express
finding that the "ends of justice" require that there be a delay and
puts such findings on record.

            Both the denial of a speedy trial by indicting

APPENDIX, p. 101

unavailable persons, and the existence of co-defendant's incriminating statements presented problems and should have entitled petitioner to severance. Counsel failed to bring the trial judge's refusal to grant severance under the abuse-of-discretion standard to the appealate court for review.

### C. Ground Three

Mr. Clark was denied effective assistance of counsel for failing to protect petitioner's Fourth Amendment Rights and failing to move to suppress evidence obtained through an unconstitutional means of search and seizure.

#### SUPPORTING FACTS:

Failure to litigate a Fourth Amendment claim is the principle allegation of ineffective assistacne of counsel claim in this petition. Counsel failed to challenge the search warrant affidavit for unsubstantiated and uncorroborated information concerning petitioner, and the use of past charges, including homicide and firearms offenses, which had either been exonerated by a jury or dismissed by the prosecution for lack of want of prosecution, and the use of which was prejudicial against Mr. Clark.

### D. Ground Four

Ineffective assistance of counsel for failing to file a motion to suppress evidence obtained from a tractor-trailer search and seizure.

#### SUPPORTING FACTS:

The evidence was seized in violation of the Forth Amendment due to no probable cause for a search and seizure of the vehicle and the information gained from that search was in violation of an unlawfully obtained warrant from a wiretap. Counsel failed

APPENDIX, p. 102

to file any motion to suppress this evidence.

     E.    Ground Five

Ineffective assistance of counsel for failing to pursue the receipt of all **Brady** materials withheld by the Government.

     Supporting FACTS:

Counsel was ineffective due to insufficient diligence in investigating the basis of a **Brady** violation claim which included the prosecutor withholding materials concerning Herman Norman Johnson, and his attorney, S. Allen Early, which could have been benificial to the defense. And of materials relating to Agents Patrick Caldwell and Nathaniel Fountain and thier known involvment in criminal activities, plus all of the intercepted wiretap communications from February 12-14, 2005, and June 27-29, 2005.

     F.    Ground Six

Ineffective assistance of counsel for failure to competently litigate a claim of actual innocense.

     Supporting FACTS:

Petitioner's rights to own a firearm had been restored under both Michigan's and Federal law.

     G.    Ground Seven

Ineffective assistance of counsel for failing to challenge Continuing Criminal Enterprise (CCE).

**Supporting FACTS:**

Counsel failed to show that the petitioner did not meet the requirements of having a Continuing Criminal Enterprise such as the prosecution's failure to show the petitioner was part of a "continuing series" of "three or more specific drug offenses" "in concert" with five or more persons in some way relating to each other, and it was not shown that the petitioner obtained substantial income and resources from this alleged series of violations. Nor did the jury decide the three violations were in relation to one another to make the continuing series that are alleged in the indictment that are in some way related to each other.

### H. Ground Eight

Ineffective assistance of counsel claim for failing to challenge the prosecution's and Government's use of false and misleading statements, and perjured testimony about petitioner's alleged involvement in numerous murders and drug dealing, that was prejudicial to Mr. Clark and made for an unfair trial practice.

**Supporting FACTS:**

Counsel should have challenged false statements presented before the Grand Jury and at petitioner's sentencing. Counsel should have further challenged perjured testimony presented by Kevin Youngblood during his time on the stand.

### I. Ground Nine

Mr. Clark was denied effective assistance of counsel concerning his counselor's failure to protect his Due Process Rights.

APPENDIX, p. 104

### Supporting FACTS:

Mr. Clark was denied effective assistance of counsel due to the counsel's failure to properly investigate claims that were presented to the Magistrate Judge and Grand Jury, that Mr. Clark was known to have murdered several individuals, which was uncorroborated information and material misstatements of facts, which violated Mr. Clark's Due Process Rights.

10. <u>Ground Ten</u>

Ineffective assistance of counsel due to counsel failing to file for a mistrial concerning statements made before the jury.

### Supporting FACTS:

Counsel failed to move for a mistrial during both when the Judge brought up previous charges concerning Mr. Clark, and when a potential juror spoke in front of the jury pool about a family member that had been killed by someone with the same name as the petitioner, Michael Anthony Clark. Both of these instances were prejudicial to Mr. Clark and could have tainted the jury.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff-Respondent,

    Criminal Case No. 05-cr-80810-1
    Civil Action No. 14-CV-10183

-vs-



MICHAEL ANTHONY CLARK,

  Defendant-Petitioner.

_____/

## DEFENDANT'S AMENDED MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

      COMES NOW defendant, Michael Anthony Clark, pursuant

to Rule 12, governing motions under § 2255, therein

conjunction with Fed. R. Civ. P. 15 (c)(1), and hereby submits

the foregoing amended motion to vacate, set aside or correct

sentence and states as follows:

**I. DEFENDANT'S COUNSELS' PROVIDED INEFFECTIVE ASSISTANCE WHEN THEY FAILED TO COMPETENTLY CHALLENGE DEFENDANT'S "USE" OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING OFFENSE AS DEFENDANT'S RIGHT TO POSSESS AND/OR OWN FIREARMS HAD BEEN RESTORED BY OPERATION OF STATE LAW.**

A. Defendant's Rights to Effective Assistance Of Counsel:

      To begin with, the Sixth Amendment of the Constitution

provides: "In all criminal prosecutions, the accused shall

enjoy the right....to have the Assistance of Counsel for his

defence." Id. The Fifth Amendment of the Constitut APPENDIX, p. 106

provides that the government must prove beyond a reasonable
doubt "every fact necessary to constitute the crime with which
[the defendant] is charged." In re Winship, 397 U.S. 358, 364
(1970).

The right to counsel, encompasses the right to
effective assistance of counsel. McMann v. Richardson, 397
U.S. 759, 771 (1970). See Also Strickland v. Washington, 466
U.S. 668, 686 (1984) (citations omitted). Here, it is
established that defendant enjoyed the right to reasonably
competent and effective assistance of his counsels' during his
trial proceedings.

**B. COUNSELS' REASONABLE INVESTIGATION AS TO THE FACTS AND LAW REGARDING DEFENDANT'S RIGHT TO POSSESS AND /OR OWN FIREARMS WOULD HAVE RESULTED IN THE DISMISSAL OF COUNTS 41 AND 42 OF THE INDICTMENT WHICH CHARGED "USE" OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING OFFENSE.**

B(i). Summary Of The Relevant Facts:

Although defendant's counsels' submitted a motion to
dismiss counts 41 and 42, of the indictment charging use of a
firearm in the furtherance of a drug trafficking crime, in
violation of 18 U.S.C. § 924 (c)(1), in United States v.
Michael Anthony Clark, USDC-E.D. of Mich. Case No. 05-80818,
which was denied. (DK#'s 156, 158). The motion was not
competently submitted by counsels.

B(ii). Counsels Provided Ineffective Assistance When They
Failed To Competently Investigate The Facts And La
Defendant's Rights To Possess And/Or Own Firearms

APPENDIX, p. 107

-2-

Defendant's Restoration Of Those Rights Under Applicable State Law:

As aforementioned, Section A, supra, the Sixth Amendment to the Constitution guarantees the effective assistance of counsel to criminal defendants. McMann v. Richardson, 397 U.S. at 771. Nonetheless, ineffective assistance claims are evaluated pursuant to the two-prong test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel was constitutionally ineffective, a defendant must show: (i) counsel's performance was deficient and fell below an objective professional norm; and (ii) counsel's deficient performance reasonably affected the outcome of the proceedings. Id.

Under Strickland, "strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigations are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make a reasonable decision that makes particular investigations unnecessary." Id. Strickland, 466 U.S. at 690-691.

Here, in the case sub judice, it is the operation of state law applicable to defendant that determines whether he, as having been previously convicted of a felony, had his civil rights restored whereupon he could lawfully possess and/or own firearms? The answer to both of these questions are in the affirmative.

The relevant part of 18 U.S.C. § 921 (a)(2

APPENDIX, p. 108

-3-

provides that "any conviction...for which a person..has had his civil rights restored shall not be considered a conviction for purposes of this chapter, unless such...restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." Id. The statute refers to the restoration of "rights" in the plural, this means a felon must have more than one right restored to lawfully possess a firearm. That is, § 921 (a)(20) concludes that those rights encompasses the right to vote, serve on a jury and to hold public office.

The relevant sections of 921 (a)(2), as with the rest of the statute, accords state law governing an individual's ability to possess, transport, receive and/or own firearms. Thus, therein accordance with the "Full Faith and Credit" Clause of the United States Constitution, Article IV, § 1; 28 U.S.C> § 1738; Hamilton's Bogarts, Inc. v. Michigan, 501 F.3d 644, 650 (6th Cir. 2007), the applicable [State] law at issue, Michigan Comp. Laws Ann. § 28.422, as it existed at the time of defendant's 1983 [felony] offense governs defendant's rights to "ship, transport, possess or receive firearms."

Michigan Comp. Laws Ann. §28.422, expressly restores a felon's rights to vote, does not prohibit him from holding public office or serve on a jury, although the latter may be cause for challenge pursuant to M.C.L.A. § 600.1307 (a)(1)(e).

"An attorney's ignorance of a point of law is fundamental to his case combined with his failure to perform

-4-

basic research on that point is a quintessential example of unreasonable performance under Strickland." Williams v. Taylor, 529 U.S. 362, 395 (2000) (finding deficient performance where counsel "failed to conduct an investigation that would have uncovered extensive records [that could have been used for death penalty mitigation purposes], not because of any strategic calculation but because they incorrectly thought state law barred access to such records.").

Here, counsels' apparently believed, contrary to Mich. Comp. Laws Ann. §28-422, applicable to defendant, that defendant was prohibited from possessing and/or owning any firearms. "[D]efendants are entitled to be represented by an attorney that meets at least a minimal standard of competence." Id. Strickland, 466 U.S. at 685-687. In order to meet the minimal standards of competence required by his counsels' "to make a reasonable decision that makes particular investigations unnecessary." Id. 466 U.S. at 690-691.

Here, in the case at bar, counts 41 and 42, in addition to charging defendant's "use" of firearms in furtherance of drug trafficking offenses, also incorporated a violation of 18 U.S.C. § 922 (g)(1) [i.e. Felon In Possession Of A Firearm] therein both counts 41 and 42 of defendant's indictment.

Counsels' were deficient in their performance therein their failure to competently investigate and present competently prepared pleadings to seek, and obtain, a dismissal of counts 41 and 42, of defendant's indictment. These acts and omissions of counsels' satisfy the first, or "performance prong," of the two-part Strickland te

-5-

To satisfy Strickland's second, or "prejudice prong," having as aforementioned established counsels' deficient performance, must also show that "there is a reasonable probability" that, but for counsels' unprofessional errors the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. 466 U.S. at 694.

"When a defendant challenges a conviction the question is whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt. " Id. 466 U.S. at 695.

Defendant request that this court take judicial notice pursuant to Fed. R. Evid. § 201 (b)(2), of Exhibit No.'s 1 and 2, where defendant was previously charged with felon in possession of firearms in violation of § 922 (g)(1), in the case of United States v. Michael Anthony Clark, Case No. 00-80524 USDC-E.D. of Mich. (Southern Division); where the government moved for, and was granted, dismissal of defendant's felon in possession of a firearm charges because defendant's rights to possess firearms had been restored pursuant to operation of state law.

Finally, Exhibit No. 3, 4, and 5, in which defendant, again, ask that this court take Judicial Notice pursuant to Fed. R. Evid. § 201 (b)(2), of state charges of defendant being a felon in possession of firearms having likewise been dismissed because it was established that defendant's rights to ship, transport, possess, own and/or receive firearms had been restored pursuant to operation of state law applicable to defendant.

-6-

Counsel's deficient performance therein their failure to conduct a reasonably competent investigation of the defendant's rights, under operation of state law, having been restored, to lawfully possess and/or own firearms prejudiced defendant.

Had defendant's counsels' performed any reasonable competent investigation would have resulted in dismissal of counts 41 and 42 of the indictment, thereby reasonably prejudicing the outcome of the proceedings. Strickland, 466 U.S. at 694.

Defendant's counsels' provided ineffective assistance in this regard, as illustrated by the accompanying Exhibits, defendant has more than five times had charges whereupon he was accused of being a felon in possession of a firearm, including this very court, only to be dismissed when it was discovered that defendant's rights to ship, transport, possess, receive and own firearms had been in fact restored by operation of state law. Defendant's counsels' provided ineffective assistance.

-7-

## II. DEFENDANT'S COUNSELS' PROVIDED INEFFECTIVE ASSISTANCE WHEN THEY FAILED TO CONDUCT A REASONABLE PRETRIAL INVESTIGATION OF ALL RELEVANT FACTS AND EVIDENCE TO THE CHARGES AGAINST DEFENDANT.

A. Defendant's Rights To Effective Assistance Of Counsels' To Conduct A Reasonable Pretrial Investigation:

Defendant incorporates Section I.A. and I.B (iii), supra, of this memorandum by reference as if rewritten herein.

B. Defendant's Counsels' Failed To Conduct A Reasonable Pretrial Investigation As To All Relevant Exculpatory Facts And Evidence In Relation To The Government's Charges Against Defendant:

B.(i). Statement Of The Relevant Facts:

Defendant, was the lead defendant in a 15 defendant and 45-count drug conspiracy. On September 8, 2005, a Grand Jury returned a 45 count indictment which inter alia, charged one count of conspiracy to possess with intent to distribute and to distribute 1,000 kilograms of marijuana and one count of conspiracy to possess with intent to distribute five or more kilograms of cocaine. Defendant was also charged with one count of Continuing Criminal Enterprise, one count of conspiracy to launder monetary instruments, and one count of laundering monetary instruments.

Defendant was also charged with eight counts of unlawful use of a Communications Facility, two counts of possession of a firearm by a felon, and two counts

-8-

APPENDIX, p. 113

defendant's assets and property being subject to criminal forfeiture.

Here, in the case sub judice, defendant was the owner of several businesses in the metropolitan Detroit area. Moreover, his rights to own and possess firearms had been restored by operation of state law, as defendant had previously suffered a felony conviction.

The government's case-in-chief, largely consisted of uncorroborated statements of purported informants wherein: (1) no controlled drugs deliveries or purchases occurred; (2) no drugs were ever seized from defendant or his residence or any of his business locations; (3) the government failed to prove, by even under the low bar of a "preponderance of the evidence" threshold that allegations made by some informants that defendant had ordered the murders of numerous individuals had ever occurred; (4) no monies seized therefrom defendant or business locations were ever proven to have been proceeds therefrom illicit drug sales or any other unlawful activities; and (5) nor any real or personal property seized from defendant was ever proven to have been assets obtained by defendant pursuant to illicit drug proceeds or any other criminal activities.

Defendant's counsels' were ineffective when they failed to conduct a reasonable pretrial investigation of these relevant facts therein preparing their defense(s) against the government's aforementioned charges against defendant.

B.(ii). Defendant's Counsels' Failed To Conduct A Reasonable Pretrial Investigation Therein Preparing For Defen

APPENDIX, p. 114

Trial:

"[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" Crane v. Kentucky, 476 U.S. 683, 690 (1986) (citation omitted). Here, defendant's ability to present a "complete defense" hinged upon the reasonable competence and diligence of his counsels' affirmative duty to conduct a reasonable investigation. Strickland v. Washington, 466 U.S. 668, 690-691 (1984).

The defendant's right to present a defense, is "the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies." Taylor v. Illinois, 484 U.S. 400, 423 (1988) (citation omitted). However, defendant's right to present a "meaningful" defense is derailed when counsels' breach their affirmative duty to conduct reasonable investigation of the relevant facts of the case. Strickland, Supra Id.

Counsels' apparent decision not to conduct a reasonable pretrial investigation was objectively unreasonable leading to an uninformed basis to set forth viable defense(s) for trial. Ramonez v. Berghuis, 490 F.3d 482, 487 (6th Cir. 2007)(citations omitted).

Had counsels' conducted any reasonable pretrial investigation, counsels' would have been able to refute many of the damming allegations of the government during its presentation of its case-in-chief, namely that defendant had ordered the "murders" and "assassinations" of numerous individuals. (As to this point, defendant incorporates pp. 10-through-17, of his originally submitted § 2255 mot

**-10-**

APPENDIX, p. 115

reference as if rewritten herein).

Even if counsels' performance at trial is "generally creditable," cannot excuse an "apparent and pervasive failure to 'make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Smith v. Lafler, 175 Fed. Appx. 1, 4 (6th Cir. 2006)(citations omitted).

Because counsels' deficient performance, and defendant's prejudice, present mixed questions of law and facts to be determined by the court during an evidentiary hearing. Strickland, 466 U.S. at 698. Defendant defers to this court convening an evidentiary hearing as to this issue and determining its merits.

III. DEFENDANT'S APPELLATE COUNSEL PROVIDED INEFFECTIVE
ASSISTANCE WHEN COUNSEL FAILED TO RIASE THE ISSUE
THAT THE EVIDENCE PRESENTED THEREIN THE GOVERNMENT'S
CASE-IN-CHIEF WAS INSUFFICIENT TO SUSTAIN DEFENDANT'S
CONVICTION FOR "USE" OF A FIREARM [COUNTS 41 AND 42]
IN RELATION TO A DRUG TRAFFICKING OFFENSE IN VIOLATION
of 18 U.S.C. § 924 (c)(1).

A. Statement Of The Relevant Facts:

While weapons were seized from defendant's business

locations, and a residence, pursuant to the execution of

search warrants. Nonetheless, the entire trial court record is

completely devoid of any evidence adduced during the

prosecution's case-in-chief of any instances of defendant's

actual "use" or "active employment" within the meaning of 18

U.S.C. § 924 (c)(1) in relation to any drug trafficking

activities.

Inspite of the issue being a virtual "winner."

Appellate Counsel failed to raise the issue during the

adjudication of defendant's direct appeal. Effective

representation of appellate counsel required this issue be

raised during defendant's direct appeal.

-12-

APPENDIX, p. 117

**B. Defendant's Appellate Counsel Provided Ineffective Assistance When Counsel Failed To Raise The Meritorious Issue Of Insufficiency Of Evidence Adduced At Defendant's Trial To Sustain Defendant's Convictions For Violations Of 18 U.S.C. § 924 (c)(1):**

To begin with, "the right to appeal as we presently know it in criminal cases, is purely a creature of statute." Martinez v. Court of Appeal of California Fourth Appellate District., 528 U.S. 152, 160 (2000). The right to appeal is grounded in the Due Process Clause of the Constitution. Id. 528 U.S. at 161.

Due Process requires effective assistance of appellate counsel during a first appeal of right. Evitts v. Lucey, 469 U.S. 387, 396 (1985). Appellate counsel is not required to raise every nonfrivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). Nonetheless, appellate counsel is expected to engage in the process of "winnowing out weaker arguments on appeal and focusing on those more likely to prevail." Smith v. Murray, 477 U.S. 527, 536 (1985).

Here, the trial court record is completely devoid of any instances where defendant engaged in any "use" or otherwise "active employment" of any firearms therein furtherance of any drug trafficking activities within the meaning of 18 U.S.C. § 924 (c)(1). See Also Bailey v. United States, 516 U.S. 137, 143 (1995).

Sufficiency of the evidence is an issue cognizable on both direct appeal and on collateral review. Jackson v. Virginia, 443 U.S. 307, 319 (1979). See Also Brown v. Palmer, 441 F.3d 347, 351 (6th Cir. 2006). While the elements of a crime must be charged in the indictment, and proven to a jury "beyond a reasonable doubt". United States v. O'Br

-13-

APPENDIX, p. 118

S.Ct. 2169, 2174 (2010).

However, where the government fails to meet its burden of proof results in acquittal of defendant. In re Winship, 397 U.S. 358, 363 (1970); McKenzie v. Smith, 326 F.3d 721, 728 (6th Cir. 2003). The trial court record does not support defendant's convictions for violations of § 924 (c)(1), and reasonably competent appellate counsel providing reasonably effective assistance would have noted that the trial court record does not sustain the government's § 924 (c)(1) violations charged in counts 41 and 42 against defendant.

Defendant's appellate counsel provided ineffective assistance and requires defendant's convictions and sentences as to counts 41 and 42 of the indictment charging § 924 (c)(1) [and concurrent §922 (g)(1)] violations be ordered vacated at this time.

–14–

## IV. DEFENDANT'S APPELLATE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE WHEN COUNSEL FAILED TO PRESENT THE ISSUE OF THE TRIAL COURT'S ABUSE OF DISCRETION IN ALLOWING THE ADMISSION OF EVIDENCE PROFFERED BY THE GOVERNMENT UNDER THE AEGIS OF FEDERAL RULES OF EVIDENCE 404 (b).

Defendant incorporates section III. B., supra, of this memorandum by reference as if rewritten herein.

A. The Government's Admission Of 404 (b) Evidence:

The government, pursuant to Fed. R. Evid. § 404 (b) provided notice of its intent to present the following evidence:

(1) That defendant, before February 12, 2005 and before May 5, 2005, was a felon who consistently was in possession of multiple firearms, in violation of federal law;

(2) That defendant has a prior robbery conviction;

(3) That defendant has a reputation for violence, including threatening and assaulting individuals within his organization to force their compliance with his directions and submit to his leadership, within the organization; and

(4) That prior to the time charged in the indictment, defendant engaged in financial transactions, including the expenditure of exorbitant amount of cash to purchase extravagant items, such as expensive vehicle conveyances, residences throughout the Detroit Metropolitan area, as well as giving away large amounts of cash, in an effort to promote and conceal illegal acts, and to avoid federal reporting requirements.

**-15-**

APPENDIX, p. 120

B. The Trial Court Abused It's Discretion By Allowing The
Government's Use Of The Proffered 404 (b) Evidence And Such
Issue Was A Viable Issue To Have Been Raised On Direct Appeal
By Defendant's Appellate Counsel:

 Evidence Rule 104 (a) provides that preliminary
questions as to admissibility of evidence is to be determined
by the trial court. Fed. R. Evid. § 404 (b) generally
prohibits the introduction of extrinsic acts that might
reflect adversely on the actor's character, unless that
evidence has a bearing upon relevant issues in the case such
as motive, opportunity, or knowledge. The trial court must
determine whether the probative value of similar acts evidence
is substantially outweighed by unfair prejudice under Fed. R.
Evid. § 403. Huddleston v. United States, 485 U.S. 681, 687-
688 (1988).

 That standard of review as to the trial court's
admission or exclusion of 404 (b) evidence on appeal is that
whether the trial court abused its discretion. United States
v. Perry, 438 F.3d 642, 647 (6th Cir. 2006).

 Asides from the baseless inflammatory references, for
example, as to defendant being a convicted felon, albeit in
dispute is whether his rights to own and/or possess firearms
under state law had been restored. Nonetheless, there was no
evidence introduced whatsoever that defendant ever used, or
otherwise threatened anyone with, a firearm.

 Use of 404 (b) evidence is admissible to prove motive,
intent or knowledge. It is well established that evidence of
threats or intimidation is "admissible to show consciousness
of guilt." United States v. Leasure, 331 Fed. Appx

APPENDIX, p. 121

**-16-**

374 (6th Cir. 2009) (citation omitted).

Moreover, no witnesses testified that defendant threatened, intimidated or otherwise assaulted anyone. While the use of 404 (b) evidence is to be used to strengthen the government's case. Old Chief v. United States, 519 U.S. 172, 180-181 (1997).

The trial court :(1) made no determinations as to whether the "other acts" [asides defendant's prior felony conviction] ever occurred; (2) the court made no determinations as the necessity of the government's use of any of the proffered 404 (b) evidence it intended to use; and (3) an arguable claim that the court abused its discretion that the probative value of the 404 (b) evidence at issue, given the absence of any corresponding evidence [asides defendant's aforementioned prior felony conviction], in a preliminary scheme that the "other acts" ever occurred, probative value was not outweighed by its prejudicial effect. United States v. Perry, 438 F.3d at 647.

The admission of the 404 (b) evidence at issue, was a viable issue for appellate counsel to raise on direct appeal, and counsel, was ineffective for doing so, Evitts v. Lucey, 469 U.S. 387, 396 (1985). Appellate Counsel was ineffective for failing to raise this meritorious issue on direct appeal.

APPENDIX, p. 122