**V. APPELLATE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE WHEN COUNSEL FAILED TO RAISE THE ISSUE OF HIS FEDERAL SPEEDY TRIAL RIGHTS HAVING BEEN VIOLATED REQUIRING DISMISSAL OF THE CHARGES AGAINST HIM.**

V. A. Summary Of The Relevant Facts:

On October 6, 2005, an indictment was handed down by a Grand Jury charging defendant therein 18 of 44 counts related to a drug trafficking conspiracy. An arrest warrant issued the same date, and the aforementioned indictment was unsealed this same date. (DK##'s 1,2, and 3).

Defendant was arrested October 12, 2005, and appeared before a judicial officer October 13, 2005, and was temporarily ordered detained without bond pending a pretrial detention hearing and formal arraignment, (DK##'s 4, 50). Defendant was arraigned October 17, 2005, and was ordered held without bond pending trial. (DK##'s 51, 52 and 53).

On May 2, 2006, Mr. John F. Royal , Esquire, entered his appearance as counsel for defendant. (DK# 103). Defendant's former counsel, Ms. Suzanne Kostovski, Esquire, was ordered terminated as counsel; the court then made an express finding that the "ends of justice" found a continuance necessary and excluded the time period between May 2, 2006 through June 2, 2006, when the court entered its order. (DK# 145).

Thereafter, on June 2, 2006, defendant's counsel filed his first motion [to suppress physical evidence purposely seized pursuant to a search warrant for 7559 Prairie Street]. (DK# 149). On June 5, 2006, defendant's counsel filed a motion to dismiss for violation of the Speedy Trial Act. (DK# 162). On June 26, 2006, the government submitted a respon

motion. (DK# 184). Defendant filed a reply, on July 4, 2006.
(DK# 196). On July 12, 2006, the court denied the motion. (DK#
203).

Only once between the time of defendant's October 17,
2005, arraignment and ordered pretrial detention and the June
5, 2006, date that defendant' submitted a motion to dismiss
for violation of the Speedy Trial Act, did the court make an
express finding that the "ends of justice" justified a
continuance of the proceedings. (DK# 145).

Asides from the aforementioned single "ends of
justice" finding excusing a thirty day time period, the
remaining nearly eight months between October 17, 2005, and
the June 5, 2006, filing of the motion to dismiss is
unexplained and an unjustified delay of defendant's rights to
a speedy trial.

Given these obvious idiosyncrasies as they appeared in
the trial court record. Defendant's appellate counsel provided
unreasonably ineffective assistance when counsel failed to
raise this meritorious issue on direct appeal.

V.B. The Defendant's Rights To A Speedy

   Trial Were Violated:

      The Federal Speedy Trial Act, 18 U.S.C. §§ 3161-3174, specify time limits between arrest, indictment, and trial and permissible delays within each of these periods.

      The court may not grant a continuance pursuant to the Act unless the court makes express findings that the "ends of justice" justify it. 18 U.S.C. § 3161 (h)(7)(C). Zender v. United States, 547 U.S. 489, 503 (2006). The court's congested trial calendar for example does not meet the "ends of justice" requirements. United States v. Crane, 776 F.2d 600, 603-606 (6 th Cir. 1985).

      A defendant may not prospectively waive his speedy trial rights under the Act by agreeing to a continuance without an express finding by the court that the "ends of justice" justifies the same, and that the continuance falls within one of the specified exclusions of 18 U.S.C. § 3161 (h), as the Act does not expressly provide for such waivers. Zender, 547 U.S. at 503, 506.

      The nearly eight and a half months between October 17, 2005 and June 2, 2006, when defendant's counsel submitted his first motion, as reflected by the trial court record, asides from the court's order that day excluding the period between May 2, 2006 and June 2, 2006, pursuant to the "ends of justice" justifying a continuance. The record is devoid of any further "ends of justice" findings excluding any time periods from October 17, 2005 through June 2, 2006.

      The 70 day Speedy Trial Clock began running on or about October 12, 2005, when defendant made his in

-20-

APPENDIX, p. 125

appearance before a judicial officer, as he had already been indicted. 18 U.S.C. § 3161 (c)(1). United States v. Nabors, 901 F.2d 1351, 1355-1356 (6th Cir. 1990) (70 day time limit began on date of first appearance before a judicial officer, which occurred after indictment).

However, 18 U.S.C. § 3161 (h)(1) provides: "Any period of delay resulting from other proceedings concerning the defendant, including but not limited to..." Other proceedings include initial appearance and detention hearing. United States v. Salgado, 250 F.3d 438, 454 (6th Cir. 2001). Even excluding the period between defendant's October 13, 2005 initial appearance through his October 17, 2005, does not justify the nearly "70 days X 4" total days that had lapsed to justify a violation of the Act, before making the sole "ends of justice" finding excluding a mere thirty days therefrom the remaining, unexplained, period. United States v. Cope, 312 F.3d 757, 777 (6th Cir. 2002).

The issue was preserved for appellate review, as defendant moved for dismissal for violating the Act as required by 18 U.S.C. § 3162 (a)(2). United States v. Brown, 498 F.3d 523, 528 (6th Cir. 2007) (See DK##'s 162, 184, 196 and 203). Defendant's rights under the Speedy Trial Act were violated and the record supports defendant's contentions as to this issue.

V.C. Defendant's Appellate Counsel Provided
     Ineffective Assistance When Counsel
     Failed To Raise This Meritorious Issue
     On Direct Appeal:

          Defendant incorporates sections V.A. and V

APPENDIX, p. 126

-21-

reference as if rewritten herein. While counsel had an obligation to "winnow out weaker arguments on appeal and focusing on those more likely to prevail." Smith v. Murray, 477 U.S. 527, 536 (1985). Nonetheless, defendant was entitled to effective assistance of counsel during a first appeal of right. Evitts v. Lucey, 469 U.S. 387, 396 (1985).

Here, the trial court records supports defendant's contentions that he was denied his rights to a Speedy Trial under the Act, and his appellate counsel provided ineffective assistance for failing to raise the issue on direct appeal. (See Exhibit No. 6)

APPENDIX, p. 127

## VI. DEFENDANT'S TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE WHEN HE FAILED TO INTERVIEW AND TO CALL EXCULPATORY DEFENSE WITNESSES TO TESTIFY DURING DEFENDANT'S TRIAL PROCEEDINGS:

VIA. Summary Of The Relevant Facts:

Defendant's trial counsel provided ineffective assistance when he failed to interview and call the foregoing exculpatory witnesses to testify during his trial proceedings. As noted herein infra, pursuant to a summary of their anticipated trial testimony would have rebutted and/or refuted many of the government's allegations which were sine qua non to their quantum of proof adduced during the presentation of their case-in-chief as follows:

1. Kenny Moore:

Mr. Kenny Moore, has a Wife whom is commonly known as "C.C.". During the government's case-in-chief a reference to "C.C." was made. In lieu of it being a reference to Mr. Moore's Wife. The government alluded that this was a coded reference to cocaine.

Defendant requested that counsel subpoena Mr. Moore and have him testify that the "C.C." that the government was referring thereto was in fact his Wife's moniker of "C.C.." Counsel did not do so.

2. References to DVD's:

During the government's case-in-chief, there were references to DVD's and they likewise were referenced as code words for illicit substances. However, defendant requested his trial counsel, subpoena Mr. Eddie Kendricks and several of his Sons, the proprietors of Kendricks Record Shop, wh

-23-

APPENDIX, p. 128

defendant has made several wholesale purchases of DVD's which he sold through some of various businesses throughout the metropolitan Detroit area. Moreover, defendant requested that counsel, interview and Call DEA Special Agent, Patrick Caldwell, whom was apprised of the fact, during the execution of search warrants of defendant's residence and several of his businesses that DVD's were recovered.

    3. Jeff Riley:

    According to the testimony of DEA Special Agent Caldwell, Jeff Riley is to have purportedly told him that defendant had provided him an opportunity to sell drugs and that he had personally seen some $600,000.00 in cash in a "Stash Compartment" located in defendant's Chevrolet Impala. Defendant requested that counsel interview and call Mr. Riley to testify, again he did not do so.

    Herein each instance, defendant requested that trial counsel, interview and call each of these witnesses. Counsel refused to do so. It was neither reasonable or sound trial strategy to forego interviewing and calling these exculpatory trial witnesses for defendant's defense.

    VI.B. Defendant's Counsel Provided Ineffective Assistance When He Failed To Interview And Call Exculpatory Witnesses To Testify During Defendant's Trial Proceedings:

    Defendant incorporates Section II.B. (ii), supra, of this memorandum by reference as if rewritten herein.

    Here, defendant's counsel failed to interview and call critically exculpatory witnesses to testify during his trial to rebut and/or refute the government's evidence adduced during their case-in-chief against him.

-24-

APPENDIX, p. 129

## VII. DEFENDANT'S COUNSEL LABORED UNDER AN ACTUAL CONFLICT OF INTEREST REQUIRING HIS CONVICTIONS AND SENTENCES BE ORDERED VACATED.

VII. A. Summary Of The Relevant Facts:

Defendant incorporates his prior ineffective assistance of counsel claims presented therein his original § 2255 motion, as well as Sections I, II and IV, supra, of this memorandum by reference as if rewritten herein.

Defendant was represented by Mr. David S. Steingold, Esquire, as principal counsel during defendant's trial proceedings. Prior to trial, and throughout the trial proceedings, defendant engaged in numerous disputes and arguments with his counsel. The bulk of which were with respect to the funds paid, which reflected only partial payment made by a third party to retain his services. (Exhibit No. 7).

Prior to trial, counsel kept insisting that defendant tell him about "the murders" the government alleged defendant had ordered. Pursuant to defendant's verified declaration herein infra, he informed counsel that he had no knowledge of any murders, or drug trafficking activities or money laundering. Moreover, defendant could prove how he raised the capital to start his business ventures.

This led to a serious of heated arguments and conflicts prior to, during, and post, trial proceedings. These conflicts were, and remain, actual conflicts of interest between defendant and his counsel and adversely affected counsel's performance at trial. Thus, defendant's convictions and sentences should be ordered vacated.

APPENDIX, p. 130

-25-

B. Defendant's Trial Counsel Labored Under A

Conflict Of Interest:

Defendant's trial counsel was retained. "We may assume with confidence that most counsel, whether retained or appointed, will protect the rights of the accused." Cuyler v. Sullivan, 446 U.S. 335, 344 (1980).

In a conflict of interest context, the Strickland [v. Washington, 466 U.S. 668 (1984)] test is modified to require showing of specific instances to suggest an actual and significant conflict or impairment of interest; from this, "prejudice will be presumed if counsel 'actively represented' the conflicting interest which some how adversely affected the attorney's performance." Moss v. United States, 323 F.3d 445, 455 (6th Cir. 2002)(citation omitted). See Also Mickens v. Taylor, 535 U.S. 162, 168-170, 122 S.Ct. 1237 (2002).

Exhibit No. 7, attached herewith is prima facie evidence of counsel having labored under an actual conflict of interest. Thus, "a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice." Cuyler v. Sullivan, 446 U.S. at 349.

Here, defendant has presented prima facie evidence that his counsel labored under a conflict of interest and therefore his conviction and sentences must be ordered vacated.

-26-

**VIII. APPELLATE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE WHEN COUNSEL FAILED TO RAISE INSUFFICIENT EVIDENCE OF THE DEFENDANT HAVING COMMITTED ANY CCE VIOLATIONS AS THE JURY FAILED TO SPECIFY THE THREE "SPECIFIC" ACTS THAT MAKE UP THE SERIES OF ACT AS REQUIRED THEREON DIRECT APPEAL OF DEFENDANT'S CONVICTION.**

Defendant was charged with, and convicted of, Engaging In A Continuing Criminal Enterprise (CCE) in violation of 21 U.S.C. § 848. The elements of CCE which must be proven by the government as defined in § 848 (c) "Continuing criminal enterprise" defined:

"For purposes of subsection (a), a person is engaged in a continuing criminal enterprise if--

(1) he violates any provisions of this title or title III the punishment for which is a felony, and

(2) such violation is part of a continuing series of violations of this title or title III--

(A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

(B) from which such person obtains substantial income or resources.

The government is required to prove at least three, specific, federal narcotics offenses to have been committed by the defendant to meet the "series" element defined in § 848 (c)(2), to which the jury unanimously finds that such transactions to have occurred within the ambit of defendant's CCE activities. Richardson v. United States, 526 U.S. 813, 818 (1999).

The government was required to provide each of these "elements" therein order to convict defendant. They did not specifically note any three offenses therein the r

-27-

APPENDIX, p. 132

"series" elements of § 848 (c)(2). Calling a particular kind of fact an "element" carries certain legal consequences. Almendarez-Torres v. United States, 523 U.S. 224, 239 (1998).

The consequences that matter for this case is that a jury in a federal criminal case cannot convict unless it unanimously finds that the government proved each element of the offense[s] charged. Richardson v. United States, 526 U.S. at 817 (citations omitted).

The government had initially charged defendant had ordered the murders of others therein furtherance of his CCE activities. That evidence was never adduced at trial during the government's presentation of its case-in-chief. Moreover, it was later proven that defendant neither ordered or otherwise had anything to do with any murders by virtue of the conviction of others for which defendant had absolutely no connection or relationship with those defendants whatsoever. [Please take judicial notice pursuant to Fed. R. Evid. § 201 (b)(2), and see. United States v. Herman Norman Johnson, USDC-E.D. of Mich. Southern Division, Case No. 05-CR-80337].

The jury did not specifically find a series of at least three narcotic trafficking violations to have been committed by defendant or were otherwise for his benefit. This sort of insufficient evidence is the type of meritorious issue that was required by appellate counsel to be raised on direct appeal, save for counsel's ineffective assistance. Evitts v. Lucey, 469 U.S. 387, 396 (1985). Appellate counsel provided ineffective assistance.

-28-

APPENDIX, p. 133

## IX. DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING ON THE MERITS OF THE ISSUES PRESENTED HEREIN THE FOREGOING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255.

Defendant incorporates sections I, II, III, IV, V, and VI, supra of this memorandum by reference as if rewritten herein.

The multitude of issues presented herein defendant's § 2255 motion all address the ineffective assistance of **pretrial,** trial and appellate counsels.

Because these issues present mixed questions of law and fact, in particular counsel's acts and omissions relevant to his or her unprofessional conduct and resulting prejudice to defendant and his related proceedings. Requires an evidentiary hearing be convened. Strickland v. Washington, 466 U.S. 668, 698 (1984).

An evidentiary hearing is necessary where the "court may take testimony from witnesses for the defendant and the prosecution and from the counsel alleged to have rendered the deficient performance." Massaro v. United States, 538 U.S. 500, 505 (2003). See Also Corral v. United States, 562 Fed. Appx. 399, 406-409 (6th Cir. 2014).

Given the multitude of idiosyncrasies alleged by defendant. The defendant should be granted an evidentiary hearing at this time.

WHEREFORE, defendant request that this court grant his § 2255 motion, vacate and set aside his sentence and grant him a new trial, or in the alternative issue an order effecting his forthwith appearance for an evidentiary hearing.

DATED: This 26 day of _August_, 2015.

-29-

APPENDIX, p. 134

The failure to call favorable witnesses can amount to ineffective assistance where it results in prejudice to the defense. Pillette v. Berghuis, 408 Fed. Appx. 873, 884 (6th Cir. 2010)(citation omitted). See, e.g., Towns v. Smith, 395 F.3d 251, 258-260 (6th Cir. 2005)(Counsel ineffective for failing to call a witness who could have created an alternative theory of the case).

However, defense counsel has no obligation to call or even interview witnesses whose testimony would not have exculpulated defendant. Millender v. Adams, 376 F.3d 520, 527 (6th Cir. 2004)(quotation marks and citations omitted).

Here, there is a reasonable probability that, but for counsel's unprofessional errors therein not interviewing and calling each of these aforementioned exculpatory witnesses to testify that there is a reasonable probability that the outcome of the trial proceedings would have been different. Williams v. Taylor, 529 U.S. 362, 398 (2000)(citations omitted).

Here, defendant's trial counsel provided ineffective assistance when he failed to interview and call to testify during defendant's trial proceedings his exculpatory witnesses.

By

**Michael Anthony Clark**
Fed. Reg. No. 28321-039
Federal Correctional Institution
Tucson
P.O. Box 23811
Tucson, Arizona 85734

# D E C L A R A T I O N

I, Michael Anthony Clark, in accordance with the provisions of 28 U.S.C. § 1746, on this _21_ day of _August_ , 2015, hereby declare and affirm under penalty of perjury that the statements and representations made herein are true and correct to the best of my knowledge and belief.

By

**Michael Anthony Clark**
Fed. Reg. No. 28321-039
Federal Correctional Institution
Tucson
P.O. Box 23811
Tucson, Arizona 85734

## CERTIFICATE OF SERVICE

I, Michael Anthony Clark, hereby certify that a copy
of foregoing pleading was sent by first class mail postage
prepaid on this 26 day of _August_ , 2015, to: Office of the
United States Attorney for the Eastern District of Michigan
at: United States Courthouse & Federal Building, 231 West
Lafayette Boulevard, Detroit, Michigan 48226-2714.

By

**Michael Anthony Clark**
Fed. Reg. No. 28321-039
Federal Correctional Institution
Tucson
P.O. Box 23811
Tucson, Arizona 85734

–33–

E X H I B I T   N O. 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

-vs-                    CRIMINAL NO.  00-80524

MICHAEL ANTHONY CLARK,

        Defendant.

_____/

## MOTION FOR DISMISSAL OF COMPLAINT AND WARRANT

    Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure
and 18 U.S.C. § 3161(d) by leave of court endorsed hereon the United
States Attorney for the Eastern District of Michigan hereby moves for
dismissal without prejudice the complaint against **MICHAEL ANTHONY CLARK,**
defendant herein.

    The reasons for dismissal without prejudice are as follows:

    1.    That the government requires additional time to develop
        and acquire sufficient evidence.

    2.    That the government requires additional time to investigate
        the extent of the criminal act alleged and the participants
        in it.

    3.    That the government requires additional time to ascertain if
        formal prosecution of the defendant for the criminal act
        alleged is in the public interest.

    4.    That proceeding to indictment or information within the time
        limits of § 3161(b) as extended by § 3161(h) would substan-
        tially impair the government's ability to accomplish the
        objectives of paragraph 1-3 above. See United States v.
        Lovasco, 431 U.S. 783, 792-796 (1977).

                            SAUL A. GREEN
                            United States Attorney

By: _____
         DANIEL L. LEMISCH
         Assistant United States Attorney
         211 W. Fort Street, Ste. 2001
         Detroit, MI 48226

DATED: 8/09/00

E X H I B I T   N O. 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



FILE

AUG 09 2000

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

-vs

MICHAEL ANTHONY CLARK,

        Defendant.

_____/

CRIMINAL NO. 00-80524

### ORDER GRANTING LEAVE TO DISMISS COMPLAINT AND WARRANT

Upon motion of the United States Attorney with notice to counsel for the defendant, and the court being duly advised in the premises;

IT IS HEREBY ORDERED that leave to dismiss the complaint against **MICHAEL ANTHONY CLARK,** defendant herein, be and is granted; and

IT IS FURTHER ORDERED that the complaint and warrant against **MICHAEL ANTHONY CLARK,** defendant herein, be and is dismissed without prejudice and that the appearance bond issued thereunder is cancelled.

_____
UNITED STATES MAGISTRATE JUDGE

MARC L GOLDMAN

DATED: **AUG 09 2000**

APPENDIX, p. 142

E X H I B I T   N O. 3

Approved, SCAO

| Original – Court<br>1st copy – Prosecutor<br>2nd copy – Defendant/Juvenile | 3rd copy – Defendant/Juvenile attorney<br>4th copy – Arresting agency |
|---|---|

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | ORDER OF<br>ACQUITTAL/DISMISSAL<br>OR REMAND | CASE NO.<br>96-004896-01-FH |
|---|---|---|

| ORI MI- 82109SJ | Court address | 1441 St. Antoine – Detroit, MI 48226 | Courtroom 304 | Court telephone no. 313-224-2477 |

Police Report No.

| THE PEOPLE OF | ☒ The State of Michigan<br><br>☐ _____ | v | Defendant/Juvenile name, address, and telephone no.<br>Michael A Clark |
|---|---|---|---|

| | CTN/TCN<br>96614490-01 | SID<br><br>MI-1295248A | DOB<br><br>08/05/1965 |
|---|---|---|---|

☐ Juvenile In the matter of _____

| Count | CRIME | CHARGE CODE(S)<br>MCL citation/PACC Code |
|---|---|---|
| 1 | Carrying Concealed Weapon | 750.227 |
| | | |
| | | |

**IT IS ORDERED:**

☐ 1. The case is dismissed on the motion of the court ☐ with ☐ without prejudice.

☐ 2. Defendant's/Juvenile's motion for dismissal is granted ☐ with ☐ without prejudice and the case is dismissed.

☐ 3. Defendant's/Juvenile's motion for dismissal is granted in part ☐ with ☐ without prejudice and the following charge(s)

is/are dismissed: _____

_____

☒ 4. Defendant/Juvenile is acquitted on all charge(s) in this case after trial by ☐ judge ☒ jury.

☐ 5. Defendant/Juvenile is acquitted after trial by ☐ judge ☐ jury only on the following charge(s):

_____

_____

☐ 6. Defendant/Juvenile shall be immediately discharged from confinement in this case.

☐ 7. Bond is canceled and shall be returned after costs are deducted.

☐ 8. Bond/bail is continued on the remaining charge(s).

☐ 9. The case is remanded to the _____ district court for further proceedings for the following reasons:

☐ 10. If item 4 is checked, the arresting agency shall destroy the fingerprints and arrest card according to law.

| 21 October 1996 | | 37284 |
|---|---|---|
| Date | Judge  Margie R. Braxton | Bar no. |

If item 1, 2, or 4 is checked, the clerk of the court shall advise the Michigan State Police Criminal Justice Information Center of the disposition as required under MCL 769.16a.

**TO THE DEFENDANT:** Your fingerprints and arrest card will be destroyed by the Michigan State Police within 60 days of the date of this order when permitted by MCL 28.243.

MC 262 (3/09) ORDER OF ACQUITTAL/DISMISSAL OR REMAND
7.101(M)

APPENDIX, p. 144

STATE OF MICHIGAN

## **DOCUMENT CERTIFICATION**

STATE OF MICHIGAN
COUNTY OF WAYNE, } §
CITY OF DETROIT

I, ___CATHY M. GARRETT___, Clerk of the Third Judicial Circuit Court do herby certify that the foregoing is currently taken and copied from the original record in the case of:

**People** vs_____ Michael A. Clark _____ Case # __96-004896-01 FH_____

remaining in my office and of record in said Court, and that the same has been examined and compared by me with the original of said record in said cause, and that it is a correct transcript there from, and of the whole of such original record.

**In Testimony Whereof,** I have hereunto set my hand and affixed

the seal of said Court, this___**05th**__day of__**November**__

in the year two thousand and_____**THIRTEEN**_____.

**Cathy M. Garrett,** Clerk

Per _____.

**Dianne Gaffney, Deputy Clerk**

E X H I B I T   N O. 4

Target Information Management, Inc
(517) 337-1811
Approved, SCAO

Original - Court
1st copy - Prosecutor

2nd copy - Defendant
3rd copy - Defendant attorney

| STATE OF MICHIGAN JUDICIAL DISTRICT JUDICIAL CIRCUIT | ORDER OF ACQUITTAL/DISMISSAL OR REMAND | CASE NO. 97-1308 |

ORI
MI-
Court address
Court telephone no.

THE PEOPLE OF
□ The State of Michigan
□ _____

v   Michael Clark

CTN 82-9770205   SID   DOB

| Count | CRIME | CHARGE CODE(S) MCL citation/PACC Code |
|---|---|---|
| I | CCW | 750-227 |
| | | |
| | | |

**IT IS ORDERED:**

□ 1. The case is dismissed on the motion of the court □ with □ without   prejudice.

□ 2. The defendant's motion for dismissal is granted  □ with □ without   prejudice and the case is dismissed.

□ 3. The defendant's motion for dismissal is granted in part   □ with □ without   prejudice and the following charge(s) is/are dismissed: _____

_____

□ 4. Defendant is acquitted on all charge(s) in this case after trial by   □ judge. □ jury.

☒ 5. Defendant is acquitted after trial by   ☒ judge □ jury   only on the following charge(s):

_____

□ 6. Defendant shall be immediately discharged from confinement in this case.

□ 7. Bond is cancelled and shall be returned after costs are deducted.

□ 8. Bond/bail is continued on the remaining charge(s).

□ 9. The case is remanded to the _____ district court for further proceedings for the following reasons:

5-7-97
Date

Judge
Bar no.

If item 1, 2, or 4 is checked, the clerk of the court shall send a photocopy of this order to the Michigan State Police Central Records Division to create a criminal history record as required under MCL 769.16a.

MC 262  (4/89)  ORDER OF ACQUITTAL/DISMISSAL OR REMAND

APPENDIX, p. 147

STATE OF MICHIGAN

# DOCUMENT CERTIFICATION

STATE OF MICHIGAN
COUNTY OF WAYNE, ⎱ §
CITY OF DETROIT

I, ___CATHY M. GARRETT___, Clerk of the Third Judicial Circuit Court do herby certify that the foregoing is currently taken and copied from the original record in the case of:

**People** vs _____Michael Clark_____ Case # __97-001308-01 FH_____

remaining in my office and of record in said Court, and that the same has been examined and compared by me with the original of said record in said cause, and that it is a correct transcript there from, and of the whole of such original record.



**In Testimony Whereof**, I have hereunto set my hand and affixed

the seal of said Court, this___**29th**_day of__**October**_

in the year two thousand and_____**THIRTEEN**_____.

**Cathy M. Garrett,** Clerk

Per _____.

**Dianne Gaffney,** Deputy Clerk

APPENDIX, p. 148

E X H I B I T   N O. 5

Approved SCAO

Original – Court
1st copy – Prosecutor
2nd copy – Defendant/Juvenile

3rd copy – Police agency
4th copy – Arresting agency
PROBATE JIS CODE: NOL

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | MOTION/ORDER OF NOLLE PROSEQUI | CASE NO. 05-005322-01-FH |
|---|---|---|

**ORI** MI- 821095J   **Court address**   1441 St. Antoine – Detroit, MI 48226   **Courtroom**   **Court telephone no.**   313-224-5170

Police Report No.

| THE PEOPLE OF | ☒ The State of Michigan ☐ _____ | V | Defendant/Juvenile name, address, and telephone no. Michael A Clark |
|---|---|---|---|

| | | CTN/TCN 05509877-01 | SID MI-1295248A | DOB |
|---|---|---|---|---|

☐ Juvenile    In the matter of _____

| Count | CRIME | CHARGE CODE(S) MCL citation/PACC Code |
|---|---|---|
| 1 | Weapons - Firearms - Possession By Felon | 750224F |
| 2 | Weapons Felony Firearm | 750227B-A |
| 3 | | |

## MOTION

~~Dominic James Degrazia~~ Melissa Seaman _____ , prosecuting official, moves for a nolle prosequi in this case

Name (type or print)

for the following reason(s):

2-1-13
Date

Prosecuting official                                    Bar no.

## ORDER

**IT IS ORDERED:**

☒ 1. Motion for nolle prosequi is granted and the case is dismissed without prejudice.
☐ 2. Motion for nolle prosequi is granted as to the following charge(s) which are dismissed without prejudice:

_____

_____

☐ 3. Motion for nolle prosequi is denied.
☐ 4. Defendant/Juvenile shall be immediately discharged from confinement in this case.
☐ 5. Bond is canceled and shall be returned after costs are deducted.
☐ 6. Bond is continued on the remaining charge(s).

2/1/13
Date

Judge/Magistrate    Timothy M. Kenny    Bar no.

If item 1 is checked the clerk of the court shall advise the Michigan State Police Criminal Justice Information Center of the disposition as required under MCL 769.16a.

MC 263  (03/09) **MOTION/ORDER OF NOLLE PROSEQUI**         MCL 28.243, MCL 767.29, MCL 769.16a. MCR 5.936(D)

APPENDIX, p. 150

STATE OF MICHIGAN

## DOCUMENT CERTIFICATION

STATE OF MICHIGAN
COUNTY OF WAYNE, } §
CITY OF DETROIT

I, ___CATHY M. GARRETT___, Clerk of the Third Judicial Circuit Court do herby certify that the foregoing is currently taken and copied from the original record in the case of:

**People** vs_____ Michael Clark _____ Case # __05-005322-01 FH_____

remaining in my office and of record in said Court, and that the same has been examined and compared by me with the original of said record in said cause, and that it is a correct transcript there from, and of the whole of such original record.



**In Testimony Whereof**, I have hereunto set my hand and affixed the seal of said Court, this___**29th**__ day of__**October**__ in the year two thousand and_____**THIRTEEN**_____.

**Cathy M. Garrett,** Clerk

Per _____.
      **Dianne Gaffney, Deputy Clerk**

APPENDIX, p. 151

E X H I B I T   N O. 6

APPENDIX, p. 152

Law Offices
**SUZANNA KOSTOVSKI**
Suite 1512
1249 Washington Boulevard
Detroit, Michigan 48226-1874

(313) 965-6050
(313) 965-6051 FAX
SKOSTOVSKI1512@MSN.COM

January 19, 2006

**SUBJECT TO ATTORNEY/CLIENT PRIVILEGE**

Mr. Michael Clark
Sanilac County Jail
65 N. Elk
Sandusky, MI 48471

     Re:   USA v. Clark

Dear Mr. Clark:

     Enclosed please find the scheduling order for your case. Also, Fred Walker, the attorney who contacted me about ten days ago has not yet come in to pick up your file. I need to know what you plan on doing regarding a change in attorneys. Please let me know as soon as possible.

                 Very truly yours,

                 Suzanna Kostovski

sk
Enc:

APPENDIX, p. 153

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,              **CRIMINAL NO.  80810**

vs.

                            **HON. LAWRENCE P. ZATKOFF**

D-1  MICHAEL ANTHONY CLARK,
     a.k.a. "Mike Nitty," a.k.a. "Mike,"
D-2  KEVIN LENARD YOUNGBLOOD,  a.k.a."Kev"
D-3  CHARLES RILEY GADSON. a.k.a. "Chuck,"
D-4  JAMES JACKSON, a.k.a. "Ziggy,"
D-5  FNU LNU, a.k.a. "Tio,"
D-6  TODD DUANE BENALLY, a.k.a. "T," a.k.a. "Roberto Jose Garcia," a.k.a. "Rojo,"
D-7  TREYVAN AGEE, a.k.a. "James Clark," a.k.a. "C-Pebble,"
D-8  BESSIE BLOUNT HOWARD,
D-9  ALISSA CANTY,
D-10 STEPHANIE HELENE BAXTER,
D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut,"
D-12 JERRY L. SEXTON, a.k.a. "J,"
D-13 LEE H. GILMORE, a.k.a. "Crazy Lee,"
D-14 LEON JOHNSON, Jr., a.k.a. "Nick,"
D-15 FELIX PEDRO BETANCO,

                         **Defendants.**

_____/

## SCHEDULING ORDER

    **IT IS HEREBY ORDERED** that the following deadlines are established in accordance

with those set and agreed to by the parties during the December 5, 2005 Status Conference:

| | |
|---|---|
| Discovery Deadline: | January 31, 2006 |
| Pretrial Motions Deadline: | May 15, 2006 |
| Plea Cut-Off: | July 17, 2006 |

APPENDIX, p. 154

**IT IS ALSO ORDERED,** pursuant to 18 U.S.C. §3161 *et. seq.* that this order shall not affect the calculation of time under the Speedy Trial Act, and that the ends of justice will be served by it.

**IT IS SO ORDERED.**

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
Entered:  January 18, 2006              United States Federal District Judge

**E X H I B I T   N O.   7**

LAW OFFICES
## DAVID S. STEINGOLD, P.C.

DAVID S. STEINGOLD*
TRACIE D. PALMER
JULIANNE I. O'HARA OF COUNSEL

*ALSO MEMBER OF ARIZONA BAR

1630 GUARDIAN BUILDING
500 GRISWOLD STREET
DETROIT, MICHIGAN 48226
TELEPHONE (313) 962-0000
FACSIMILE (313) 962-0766
E-MAIL: DETROITDEFENDER@YAHOO.COM

DEARBORN OFFICE
5641 SCHAEFER ROAD
DEARBORN, MICHIGAN 48126
TELEPHONE (313) 943-2724
FACSIMILE (313) 945-5618

November 21, 2006

## ATTORNEY/CLIENT CORRESPONDENCE
## OPEN ONLY IN PRESENCE OF INMATE

Mr. Michael Clark INMATE #062833
St. Clair County Jail
1170 Michigan Rd.
Port Huron, MI 48060

Re:   *USA v Michael Clark*
Case No. 2005-cr-80810

Dear Mr. Clark,

This letter is in response to your refusal to meet with me following the interview with the probation officer on November 15, 2006. We had a similar problem before trial when I needed to talk to you in order to properly prepare for trial. By now you should have received my last letter regarding the trial and let me again express how sorry I am about the results. Without belaboring the point, I wish that you had allowed me to follow the strategy I suggested, which also would have provided me with the means to have obtained the information which I believe would have made a difference, at least on the cocaine and the CCE charges.

Whatever you feel about the verdict, I have no understanding of why you will not discuss your case with me. I am trying to prepare for sentence and to discuss your legal options at this point. We can not do that if you will not see me.

Additionally, I am still owed $17,500.00 (Seventeen Thousand Five Hundred Dollars) of the $25,000.00 (Twenty-Five Thousand Dollar) trial fee. I would think that my willingness to work as hard as I did on your case, as hard as I would have worked if I had been paid twice the fee in advance, would have convinced you of my dedication to your cause. Whether you think that or not, I have always regarded you as a man of your word and I am hoping and expecting that you will see to it that I am paid.

APPENDIX, p. 157

Mr. Michael Clark #62833
November 21, 2006
Page 2 of 2

A more important concern at this point is whether or not I can continue to represent you if you refuse to talk to me about your situation and about the sentencing. Accordingly, unless I have heard from you in some form within 10 (ten) days of this letter, I intend on filing a motion to withdraw from further representation of you in this case. I can not recall having done so in the past before sentencing, but I will not be responsible for your sentence if you are not willing to discuss the situation with me.

Further, unless arrangements are made to pay the balance of my fee, you are leaving me with no alternative but to seek collection. It is hard for me to phantom that you would require me to do this, having saved hundreds of thousands of dollars of assets belonging to you and Linda. Until that time, I still believe you are a man of your word and that payment will be received before the deadline.

Very truly yours,

David S. Steingold

DSS/ar



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION


UNITED STATES OF AMERICA,

Plaintiff-Respondent,

-vs-

MICHAEL ANTHONY CLARK,

Defendant-Petitioner.

_____/

Criminal Case No. 05-cr-80810-1
Civil Action No. 14-CV-10183



## DEFENDANT'S SUPPLEMENTAL MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

COMES NOW defendant, Michael Anthony Clark, pursuant

to Rule 12, governing motions under § 2255, therein

conjunction with Fed. R. Civ. P. 15 (d) and hereby submits the

foregoing supplement to defendant's [first] amended motion to

vacate, set aside or correct sentence pursuant to 28 U.S.C. §

2255 and states as follows:

**I. DEFENDANT'S COUNSEL PROVIDED INEFFECTIVE ASSISTANCE WHEN HE FAILED TO OBJECT TO THE GOVERNMENT'S FAILURE TO ADDUCE SUFFICIENT EVIDENCE DURING ITS CASE-IN-CHIEF THAT DEFENDANT ACTED "IN CONCERT WITH FIVE OR PERSONS" WHILE ENGAGING IN A "SERIES" OF AT LEAST THREE "DRUG TRANSACTIONS" WHEREBY DEFENDANT DERIVED "SUBSTANTIAL INCOME OR RESOURCES" THEREFROM THE SAME AND THAT THERE EXISTED SOME "RELATION" BETWEEN THE CHARGED ACTIVITIES THERETO DEFENDANT.**


A. Defendant's Right To Effective Assistance Of Counsel:

The right to counsel encompasses the right to

effective assistance of counsel. McMann v. Richardson, 397

U.S. 759, 771 (1970). See Also Strickland v. Washi

APPENDIX, p. 159

U.S. 668, 686-688, 694 (1984).

Here, it is established that defendant enjoyed the right to effective assistance of his trial counsel.

B. Defendant's Trial Counsel Provided Ineffective Assistance When Counsel Failed To Object To Government's Failure To Prove That Five Or More Persons Acted "In Concert" Therein Proving They Committed A Violation Involving At Least Three Acts Comprising The Necessary "Series" In Order To Sustain Proof That Defendant Violated The Engaging In A Continuing Criminal Enterprise Statue He Was Charged Therein The Indictment With Having Violated:

The Due Process Clause of the Constitution requires that the government must prove beyond a reasonable doubt "every fact necessary to constitute the crime with which [the defendant] is charged." In re Winship, 397 U.S. 358, 364 (1970).

Engaging In A Continuing Criminal Enterprise (CCE) as defined in 21 U.S.C. § 848 (c) as: (1) he violates any provision of Title III the punishment for which is a felony, and

(2) Such violation is part of a "continuing series" of violations of this title or title III--

(A) which are undertaken by such person "in concert with five or more persons" with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

(B) from which such person obtains substantial income or resources.

-2-

APPENDIX, p. 160

Defendant incorporates his summary and arguments presented therein Section VIII, of the [first] amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 255, by reference as if rewritten herein.

Acting "in concert with five or more persons," although not their particular identities, is one of the elements of "fact" a jury must unanimously find defendant to have committed in order to convict him of violating § 848. Richardson v. United States, 526 813, 824 (1999).

Defendant's counsel failed to particularly object to the government's failure during its presentation of its case-in-chief to prove that defendant acted "in concert with five or more persons" therein any "continuing series" of at least "three or more drug offenses" were in "relation" to any activities whereupon "substantial income or resources" derived therefrom the same.

Here, defendant's counsel should have made particular objections therein the government's failure to prove these aforementioned elements of the CCE charged under § 848; and had counsel objected would have resulted in a directed verdict of acquittal or dismissal of the CCE charge. Defendant was prejudiced by counsel's acts and omissions therein his failure to object to the government's insufficient evidence adduced at trial. Strickland v. Washington, 466 U.S. at 694.

Given these facts, defendant's CCE conviction and sentence must be ordered vacated at this time.

DATED: This 30th day of September 2015.

**-3-**

By

**Michael Anthony Clark**
Fed. Reg. No. 28321-039
Federal Correctional Institution
Tucson
P.O. Box 23811
Tucson, Arizona 85734

-4-

# D E C L A R A T I O N

I, Michael Anthony Clark, in accordance with 28 U.S.C. § 1746, on this 27th day of September 2015, hereby declare and affirm under penalty of perjury that the statements and representations made herein are true and correct to the best of my knowledge and belief.

By:

Michael Anthony Clark
Fed. Reg. No. 28321-039
Federal Correctional Institution
Tucson
P.O. Box 23811
Tucson, Arizona 85734

APPENDIX, p. 163

## CERTIFICATE OF SERVICE

I, Michael Anthony Clark, hereby certify that a copy
of the foregoing pleading was sent by first class mail postage
prepaid on this 3rd day of September 2015, to: Office of the
United States Attorney for the Eastern District of Michigan,
at: United States Courthouse & Federal Building, 231 West
Lafayette Boulevard, Detroit, Michigan 48226-2714.

By
    **Michael Anthony Clark**
    Fed. Reg. No. 28321-039
    Federal Correctional Institution
    Tucson
    P.O. Box 23811
    Tucson, Arizona 85734

APPENDIX, p. 164

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

               Plaintiff-Respondent,       Hon. SEAN F. COX
                                    Hon. MONA K. MAJZOUB

    -vs-
                                   CRIMINAL NO. 05-80810
                                   CIVIL NO. 14-10183

D-1 MICHAEL ANTHONY CLARK,

               Defendant-Petitioner.

_____/


## THE UNITED STATES' COMBINED BRIEF AND RESPONSE IN OPPOSITION TO DEFENDANT'S SECTION 2255 MOTION

### Procedural History

Defendant-Petitioner Michael Anthony Clark was charged with conspiracies to distribute marijuana, cocaine and cocaine base as well as a continuing criminal enterprise (CCE) with respect to the marijuana and cocaine conspiracies, felon in possession of a firearm, money laundering, money laundering conspiracy, and several counts of unlawful use of a communication facility.  (R. 259-2: Superseding Indictment, Pg ID 1623-61)   Clark proceeded to trial, and the jury convicted him on all

APPENDIX, p. 165

of the drug counts and felon in possession counts, but acquitted him of money laundering, money laundering conspiracy, and some of the communication facility counts.   (R. 351: Verdict Form, Pg ID 2477-84)   On February 22, 2007, the trial judge, the Honorable Lawrence P. Zatkoff, sentenced Clark to concurrent sentences of 600 months, 480 months, 120 months and 48 months.   (R. 455: Judgment, Pg ID 2832-37)   Clark appealed, raising the following issues:   the trial court erred in not granting motions to suppress the wiretap and search warrants; the trial court should have granted a mistrial due to prosecutorial misconduct; there was insufficient evidence to support the CCE count; the convictions for felon in possession violated the Ex Post Facto clause; entry of judgment for both CCE and the underlying drug conspiracies violated the protection against double jeopardy; and failure to discuss statutory sentencing factors rendered sentences procedurally unreasonable.

The Sixth Circuit affirmed Clark's convictions, except the marijuana and cocaine conspiracies which the court found to be double jeopardy in relation to the CCE conviction.   The court also found that the trial court did not properly reference the sentencing factors of 18 U.S.C. § 3553(a) and remanded for resentencing.   *United*

2

APPENDIX, p. 166

*States v. Clark,* 454 Fed. Appx. 435, 2011 WL 6881788 (6th Cir. 2011)(unpublished).

Clark appealed to the Supreme Court, but certiorari was denied on October 1, 2012.

(R. 590: Letter from Supreme Court)    On January 15, 2013, Judge Zatkoff

re-sentenced Clark to essentially the same sentence he received originally, but omitting

a concurrent 480 months.    (R. 601: Amended Judgment, Pg ID 7407-13)    On January

15, 2014, Clark filed a motion to vacate his sentence under 28 U.S.C. § 2255.    (R.

627: Motion to Vacate, Pg ID 7580-95)    On July 8, 2014, Clark filed a brief in support

of his 2255 motion.    (R. 651: Brief in Support of Motion to Vacate, Pg ID 7717-96)

On August 28, 2015, Clark filed an amended motion to vacate.    (R. 655: Amended

Motion, Pg ID 7800-54)    He filed another supplemental motion to vacate on October

5, 2015.    (R. 663: Supplemental Motion, Pg ID 7885-92)    His motion should be

denied for the following reasons.

## Argument

Title 28, United States Code, Section 2255 provides a remedy only when:

> the sentence was imposed in violation of the Constitution or
> laws of the United States, or that the court was without
> jurisdiction to impose such sentence, or that the sentence

was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

Section 2255, however, "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1978). An error of law in sentencing must rise to the level of a "fundamental defect which inherently results in a complete miscarriage of justice" before section 2255 relief is appropriate. *Id*.; *Hill v. United States*, 368 U.S. 424, 428 (1961); *Mars v. United States*, 615 F.2d 704, 706 (6th Cir. 1980).

Clark claims that his trial and appellate counsel were constitutionally ineffective. To succeed on a true ineffective assistance of counsel claim, a defendant must show that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that this worked "to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to establish that he was prejudiced within the meaning of *Strickland*, Clark must demonstrate "that the decision reached would reasonably likely have been different absent the [alleged] errors." *Id.* at 696; *Chandler v. Jones*, 813 F.2d 773, 781 (6th Cir. 1987). He has not even begun to make such a showing.

4

APPENDIX, p. 168

Clark merely asserts, in a conclusory fashion, that he was prejudiced when his attorneys failed to do the following:

1.  Litigate claim of actual innocence on FIP counts;
2.  Appeal sufficiency of 924(c) conviction;
3.  Challenge CCE charge;
4.  Appeal sufficiency of CCE conviction;
5.  Move to suppress evidence;
6.  Pursue receipt of *Brady* information;
7.  Move for a *Franks* hearing;
8.  Move for mistrial at jury selection;
9.  Ensure Speedy Trial rights;
10.  Appeal denial of Speedy Trial motion;
11.  Seek severance from other defendants;
12.  Withdraw due to a conflict of interest.
13.  Challenge government use of perjured statements;
14.  Conduct pretrial investigation;
15.  Appeal admission of 404(b) evidence.

(R. 627, 651, 655 & 663: Motion to Vacate, Brief, Amended, and Supplemental) Clark's shotgun approach to claiming ineffective assistance of counsel is not appropriate and should not be countenanced by this Court. The fact is that Clark has not established, through citations to the record or otherwise, that any of the above alleged actions and choices of his attorneys was an error, let alone that the result of his trial would reasonably likely have been different absent the error.

5

APPENDIX, p. 169

While the government is not in a position to prove a negative with respect to every random and unsubstantiated argument Clark makes, quite a number of Clark's claims are patently false, based upon incorrect assumptions and/or meritless on their face. A review of the record reveals that Clark's attorneys vigorously represented him and many of the things he says his attorneys did not do, they actually did do.

### 1. Motion to Dismiss FIP Counts

Clark argues that his attorney failed to competently litigate his innocence relative to the felon in possession counts because his rights had been restored at the time of his firearm possession. (R. 627: Motion to Vacate, Pg ID 7591; R. 651: Brief in Support of Motion to Vacate, Pg ID 7728) He also complains that his attorney failed to competently investigate the facts and law pertaining to his FIP counts. (R. 655: Amended Motion to Vacate, Pg ID 7801-06) In fact, however, his attorney did move to dismiss these counts, (R. 156: Motion to Dismiss Counts 41 and 42), and his appellate counsel continued to argue the issue on appeal. However, the Sixth Circuit considered and rejected this argument. *United States v. Clark,* 454 Fed. Appx. at 444-45. "'It is well settled that a § 2255 motion may not be employed to re-litigate an

6

APPENDIX, p. 170

issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law.'" *DuPont v. United States*, 76 F.3d 108, 110 (6ᵗʰ Cir. 1996)(quoting *Giraldo v. United States*, 54 F.3d 776 (6ᵗʰ Cir. 1995)(unpublished)). No intervening change in the law has occurred relative to Clark's arguments.

### 2. Clark Was Not Charged With 18 U.S.C. § 924(c)

Clark also bizarrely claims that his appellate counsel was deficient in not raising the issue of the sufficiency of the evidence to sustain his 924(c) convictions. (R. 655: Amended Motion, Pg ID 7811-13) However, he was never charged with or convicted of section 924(c).

### 3. Motion for Judgment of Acquittal on CCE Charge

Clark next falsely accuses his counsel of not properly challenging his conviction for carrying on a Continuing Criminal Enterprise (CCE). (R. 627: Motion to Vacate, Pg ID 7591-92; R. 651: Brief in Support of Motion to Vacate, Pg ID 7728-29; R. 663: Supplemental Motion, Pg ID 7885-92) The truth is that his attorney did file a motion challenging the sufficiency of the evidence on the CCE charge. The motion was

APPENDIX, p. 171

rejected in a well-reasoned opinion by Judge Zatkoff, *United States v. Clark*, 2006 WL

3253232 (E.D. Mich. 2006)(unpublished), and this ruling was affirmed on appeal.

*Clark,* 454 Fed. Appx. at 443-44.

### 4.  Motions to Suppress Evidence

Clark's contention that his counsel failed to protect his Fourth Amendment rights

by challenging searches and seizures made by the police is also unfounded.    In fact,

his attorneys moved to suppress evidence from search warrants executed at 8843

Livernois (R. 169: Motion to Suppress, Pg ID 764-86), and at 7559 Prairie (R. 149:

Motion to Suppress, Pg ID 524-56), in addition to two suppression motions targeting

the wiretap intercepts.    (R. 157: Motion to Suppress, Pg ID 610-32; R. 159: Motion to

Suppress, Pg ID 635-46)    Judge Zatkoff denied these motions in two detailed opinions.

*United States v. Clark*, 2006 WL 1983220 (E.D. Mich. 2006)(unpublished); *United*

*States v. Clark*, 2006 WL 2008511 (E.D. Mich. 2006)(unpublished).

### 5.  Pursuit of *Brady* and Impeachment Material

Clark is similarly factually wrong when he states that his counsel failed to pursue

the receipt of all *Brady* (exculpatory) and impeachment material from the government.

To the contrary, Clark's attorneys repeatedly and vigorously sought all discoverable information as well as information which was not discoverable.   On June 6, 2006, counsel filed a request for all discoverable information required by the Federal Rules of Criminal Procedure, the Jencks Act and *Brady*.   (R. 155: Discovery Request, Pg ID 595-96)   Counsel also moved for law enforcement officers to retain their rough notes (R. 150: Motion to Retain Notes, Pg ID 557-63), for disclosure of impeaching information (R. 152: Motion for Disclosure, Pg ID 571-80), for disclosure of Federal Rules of Evidence 404(b) and 609 evidence (R. 151: Motion for 404(b) and 609 Disclosure, Pg ID 564-70) and for un-redacted copies of wiretap and search warrant affidavits, which might have revealed the identity of confidential informants.   (R. 167: Motion for Discovery, Pg ID 739-46)   Judge Zatkoff denied the motions in docket numbers 151 and 152, relying upon the fact that the government had already provided all discoverable information.   (R. 211: Opinion and Order, Pg ID 1285-86) Similarly, in the same opinion in which he overruled Clark's challenge to the wiretap, Judge Zatkoff denied Clark access to un-redacted affidavits, reasoning that "[d]efendants have failed in their burden to show a sufficient need for this information

APPENDIX, p. 173

and the Court believes that the release of such information may compromise the identity of the confidential informants in this case." *United States v. Clark*, 2006 WL 2008511, at 3-4 (E.D. Mich. 2006)(unpublished)("Criminal defendants do not have a broad constitutional right to discovery.").

### 6.   *Franks* Hearing

In a related complaint, Clark argues that his attorneys should have sought a *Franks* hearing to uncover false statements made in the Title III wiretap affidavit, and in the search warrant affidavits justifying the searches of 8843 Livernois and 7559 Prairie. But Clark misapprehends what is necessary to obtain a *Franks* hearing.   It is far from automatic.   In order to be entitled to a *Franks* hearing, a defendant must "make[] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).   *See also United States v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008)(quoting *United States v. Graham*, 275 F.3d 490, 505 (6th Cir. 2001)).   Clark makes conclusory allegations of falsehood in his

APPENDIX, p. 174

2255 motion and does not specify what statements are allegedly false or whether he related the falsehoods to his attorney.   Nor does Clark even begin to show how the removal of those statements would undercut the court's finding of probable cause – the second prerequisite to a *Franks* hearing.   At one point Clark argues that references to him committing murders within the affidavits were included to "excite prejudice" against him without "due process."   Assuming that Clark denied committing murders to his attorney, his counsel reasonably could have concluded that it would not be in Clark's best interest to testify and be subject to cross-examination by the government about uncharged murders, without a grant of immunity, in an effort to make a preliminary showing.   This is particularly true given that, whether or not Clark committed uncharged murders, this information was superfluous to establishing probable cause that Clark was engaged in drug trafficking utilizing a particular telephone.   *Strickland* counsels courts to be highly deferential in assessing the reasonableness of an attorney's strategy and performance:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. . . . [A] court must indulge

APPENDIX, p. 175

in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . . A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.

*Strickland*, 466 U.S. at 689-90.

### 7.   Jury Selection

Clark also claims that his counsel should have moved for a mistrial when a juror stated during *voir dire* that a family member had been killed by someone with the name of Michael Anthony Clark and the judge (the Honorable Paul V. Komives) brought up previous charges against Clark in front of the jury pool.   Once again, Clark cites no record references to substantiate his contention.   Government counsel has reviewed 378 pages of transcript encompassing the entire jury selection process and was unable to find the statements alleged by Clark.   To the contrary, the transcript reflects an ordinary and proper jury selection with nothing unusual or untoward occurring.   (Voir Dire Transcript, Vol. 1, October 6, 2006; Voir Dire Transcript, Vol. 2, October 10, 2006).   Government counsel also telephoned Clark's attorney, David Steingold, to inquire whether he remembered any of the alleged statements occurring during *voir*

APPENDIX, p. 176

*dire*.   Mr. Steingold did not remember those statements occurring during jury selection.

## 8.   Speedy Trial

Clark also contends that he was denied his right to a speedy trial because of the ineffective assistance of his trial and appellate counsel.   Specifically, Clark argues that the time period from his arraignment on October 17, 2005 (R. 52: Acknowledgment of Indictment, Pg ID 132) until his counsel moved for a dismissal of the case based upon speedy trial (R. 162: Motion to Dismiss, Pg ID 657-63) on June 5, 2006 were not excludable delay under the STA.   (R. 655: Amended Motion to Vacate, Pg ID 7818)

But Clark fails to appreciate that the motion filed by his counsel was frivolous. Defendant was the lead defendant in a 15-defendant, 45-count drug conspiracy indictment.   The Speedy Trial Act clearly provided for excludable delay "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."   18 U.S.C. § 3161(h)(6).   The Sixth Circuit has interpreted this provision as meaning "where [] multiple defendants are charged together and no severance has been granted, one speedy trial clock governs."

13

APPENDIX, p. 177

*United States v. Cope*, 312 F.3d 757, 776 (6ᵗʰ Cir. 2002). In this case, until May 25, 2006, three of Clark's co-defendants were fugitives and had not yet been arraigned. Co-defendant Treyvan Agee was arraigned on May 25, 2006, ten days before Clark's motion to dismiss. (R. 137: Acknowledgment of Indictment, Pg ID 453) Judge Zatkoff denied the motion on this very basis. (R. 203: Opinion and Order, Pg ID 1244-47) It is thus not surprising that Clark's appellate counsel did not waste her time on this meritless argument.

## 9. Severance

In a related issue, Clark next complains that his counsel should have sought a severance from the other defendants. But this also would have failed. As it turned out, only two defendants proceeded to trial: Clark and James Jackson. Under Federal Rule of Criminal Procedure 8(b), co-defendants Clark and Jackson were charged in a single indictment because they are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." (R. 3: Indictment, Pg ID 5-44) When defendants are joined in an indictment, the Supreme Court has noted:

> There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials "play a vital role in the criminal justice system." *Richardson v. Marsh*, 481 U.S. 200, 209 (1987). They promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.* at 210.

*Zafiro v. United States*, 506 U.S. 534, 537 (1993). When defendants are properly joined under Rule 8(b), they should be severed for trial "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. Indeed, defendants carry a "heavy burden of showing specific and compelling prejudice from having a joint trial." *United States v. Tocco*, 200 F.3d 401, 413 (6th Cir. 2000) (internal citation omitted).

Even when there is a risk of prejudice from a joint trial, a severance is not mandated; rather, "less drastic measures, such as limiting instruction, will often suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 537. Even mutually antagonistic defenses do not automatically require severance. *Id.* at 538.

In *United States v. Mahar*, 801 F.2d 1477, 1502 (6th Cir. 1986), the Sixth Circuit

reiterated the heavy burden that a defendant claiming prejudicial joinder must bear:

> In order to establish that the trial court abused its discretion, a defendant "must make a strong showing of prejudice" and "must demonstrate an inability by the jury to separate and treat distinctively evidence that is relevant to each particular defendant on trial."

The Sixth Circuit has found joinder not to be prejudicial where the jury is "properly instructed to give separate, personal consideration to the case of each individual defendant," *United States v. Stull*, 743 F.2d 439, 447 (6th Cir. 1984), and is cautioned not to use evidence admitted solely against other defendants. *United States v. Swift*, 809 F.2d 320, 323 (6th Cir. 1987). That is exactly what occurred in this case.

## 10. Conflict of Interest

Clark also argues that he received ineffective assistance of counsel at trial because his attorney was laboring under an actual conflict of interest. Specifically, Clark attached a letter his attorney, David Steingold, wrote to him after the trial asking that his legal fee be paid. That is the entirety of Clark's evidence of a conflict.

To establish ineffective assistance based upon a conflict of interests, Clark must "demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). As the Sixth Circuit

APPENDIX, p. 180

has further explained:

> We will not find an actual conflict unless appellants can point to *specific instances* in the record to suggest an actual conflict or impairment of their interests. . . . *Appellants must make a factual showing of inconsistent interests and must demonstrate that the attorney made a choice between possible alternative courses of action,* such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other.   If he did not make such a choice, the conflict remained hypothetical. . . . *There is no violation where the conflict is irrelevant or merely hypothetical*; there must be an actual significant conflict.

*United States v. Hall*, 200 F.3d 962, 965-66 (6th Cir. 2000)(emphasis added).   Unless Clark shows "that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Sullivan*, 446 U.S. at 350.

With respect to the nonpayment of legal fees, the circuit courts of appeal have uniformly held that this merely creates the possibility of a conflict rather than an actual conflict.   "Although a `defendant's failure to pay fees may cause some divisiveness between attorney and client,' courts generally presume that counsel will subordinate his or her pecuniary interests and honor his or her professional responsibility to a client.'" *United States v. Taylor*, 139 F.3d 924, 932 (D.C. Cir. 1998)(quoting *United States v. O'Neil*, 118 F.3d 65, 71 (2d Cir. 1997)("we never have held that failure to pay fees or

APPENDIX, p. 181

an attorney's motion to withdraw for his client's failure to pay, without more, gives rise to a conflict of interest").   *See also Caderno v. United States*, 256 F.3d 1213, 1218-19 (11th Cir. 2001)(attorney's post-trial letter expressing frustration over not being paid did not indicate an actual conflict of interest); *United States v. Wright*, 845 F. Supp. 1041, 1073 n.35 (D.N.J.)("[N]onpayment of legal fees . . . does not establish a conflict of interest of the type which would establish ineffective assistance; lawyers are required to provide zealous advocacy regardless of a criminal defendant's failure to a pay legal fees."), *aff'd*, 46 F.3d 1120 (3d Cir. 1994)(table).

## 11.  False Statements Before Grand Jury and at Sentencing

Clark also argues that his counsel was ineffective for failing to challenge false statements allegedly made before the magistrate judge, before the grand jury and at his sentencing.   These allegations, like Clark's other complaints, are specious.

First of all, anything occurring before a magistrate judge must have involved pretrial bond and detention issues and would have had no effect upon Clark's trial. Second, because Clark's case was remanded by the Sixth Circuit for re-sentencing, his original sentence was vacated.   At Clark's re-sentencing, no testimony of any kind was presented.   (Sentencing Transcript, January 15, 2013)   Accordingly, no false

18

testimony could have been presented.   Finally, even assuming *arguendo* that some of

the testimony before the grand jury was inaccurate, the Supreme Court has made clear

that a guilty verdict after a trial free from reversible error makes irregularities occurring

before the grand jury harmless.   *United States v. Mechanik*, 475 U.S. 66, 70-72

(1986)("Measured by the petit jury's verdict, then, any error in the grand jury

proceeding connected with the charging decision was harmless beyond a reasonable

doubt."); *see also United States v. Oguaju*, 234 F.3d 1270, op. at 5 (6th Cir.

2000)(unpublished)(applying *Mechanik* harmless error analysis to false testimony).

### 12.   Other Issues

Clark raises several other complaints which are so vague that the government

cannot intelligently respond.   First, Clark argues that a tractor-trailer was unlawfully

searched and that his attorney failed to challenge the search and the admission of

evidence from it.   He is apparently referencing a tractor-trailer seized on May 30,

2005, containing frozen broccoli surrounding 1156 pounds of marijuana.   (R. 477:

Caldwell, October 12, 2006, at 19-20)   The tractor-trailer was searched based upon

intercepted conversations between Clark and co-defendant Penuales.   Clark was not in

possession of the tractor-trailer when it was searched and the government is unaware of

APPENDIX, p. 183

what standing he could have established to challenge the search.

Second, Clark contends that his appellate counsel failed to appeal the admission of FRE 404(b) evidence.   It is true that Clark's trial counsel moved to preclude the use of 404(b) evidence after requesting and receiving notice of possible 404(b) evidence from the government.   (R. 273: Motion to Prevent Admission of 404(b) Evidence, Pg ID 1827-33)   Judge Zatkoff declined to make a blanket prohibition on the use of 404(b) evidence, preferring to rule in the context of the trial as the evidence was offered.   It is unclear what specific evidence Clark complains should not have been admitted.   If it was Kevin Youngblood's testimony that Clark had a murder contract out on him and two other individuals or the government's identification of his prior felony, this was the subject of a motion for mistrial and was fully litigated before the Sixth Circuit by Clark's appellate counsel.   *See Clark*, 454 Fed. Appx. at 441-42.

Clark has failed to establish any errors by his trial or appellate counsel, let alone the type of serious error which reasonably likely would have changed the result of his trial or appeal.   As the Sixth Circuit observed in ruling upon his appeal:

> [T]he evidence against Clark stands as quite strong.   For example, multiple witnesses, including co-defendants, testified that Clark supervised and participated in a multi-person drug network that brought marijuana and cocaine into Detroit using tractor-trailers, distributed the

drugs, and collected money. The wiretaps turned up conversations specifically documenting Clark's activities with and in this organization. Officers intercepted one shipment of over 1000 pounds of marijuana and overheard Clark, in an intercepted call just after the interception, lamenting that "all [his] weed" had been in the truck.

*Clark*, 454 Fed. Appx. at 442-43. His arm chair critique of his trial and appellate

counsel, each of whom fought quite vigorously for him at every stage, cannot alter this

conclusion.

## Conclusion

For all of the foregoing reasons, Michael Clark's section 2255 petition should be

**DENIED.**

Respectfully submitted,

BARBARA L. MCQUADE
United States Attorney

KENNETH R. CHADWELL
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI   48226
(313) 226-9698

Dated: December 21, 2015

APPENDIX, p. 185

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2015, I served a copy of the foregoing

brief and motion by mailing a copy addressed to:

> Michael Anthony Clark
> Inmate No. 28321-039
> FCI Tucson
> Federal Correctional Institution
> P.O. Box 23811
> Tucson, Arizona 85734

> *s/ Kenneth R. Chadwell*
> KENNETH R. CHADWELL
> Assistant United States Attorney
> 211 West Fort Street, Suite 2001
> Detroit, Michigan    48226
> 313-226-9698
> ken.chadwell@usdoj.gov

22

APPENDIX, p. 186

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,          CRIMINAL CASE NO. 05-cr-80810-1

    v.                            CIVIL ACTION NO. 14-cv-10183

MICHAEL ANTHONY CLARK,      DISTRICT JUDGE SEAN F. COX

    Defendant/Petitioner.        MAGISTRATE JUDGE MONA K. MAJZOUB

_____/

## REPORT AND RECOMMENDATION

Petitioner Michael Anthony Clark is currently incarcerated at the Federal Correctional Institution in Tucson, Arizona. Before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 and his Brief in Support. (Docket nos. 627 and 651.) Petitioner has also filed an Amended Motion to Vacate (docket no. 655), a Second Amended Motion to Vacate (docket no. 659 at 2-11), and a Supplemental Motion to Vacate (docket no. 663), all of which appear to be supplements to Petitioner's original Motion. Respondent United States of America filed a Response to Petitioner's Motion and Brief, in which it also addressed Petitioner's Amended Motion and Supplemental Motion (docket no. 669), and Petitioner replied to Respondent's Response (docket no. 673). Petitioner has also filed a Motion for Evidentiary Hearing (docket no. 649), three Motions for Discovery and Inspection (docket nos. 650, 672, and 681), a Motion for Appointment of Counsel (docket no. 658), and two Motions for the Liberal Construction of Pleading (docket nos. 659 at 1 and 674). The motions have been referred to the undersigned for determination. (Docket nos. 630, 654, 657, 661, 664,

APPENDIX, p. 187

675, and 682.)  Because the record in this case conclusively shows that Petitioner is not entitled to relief under 28 U.S.C. § 2255, an evidentiary hearing is not required to resolve the merits of this action.  28 U.S.C. § 2255(b).  Therefore, the undersigned issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(b).

## I.     RECOMMENDATION

For the reasons stated herein, it is recommended that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket no. 627), Amended Motion to Vacate (docket no. 655), Second Amended Motion to Vacate (docket no. 659 at 2-11), Supplemental Motion to Vacate (docket no. 663), Motion for Evidentiary Hearing (docket no. 649), and Motions for Discovery and Inspection (docket nos. 650, 672, and 681) be **DENIED**.  It is also recommended that Petitioner's Motion for Appointment of Counsel (docket no. 658), and Motions for the Liberal Construction of Pleading[1] (docket nos. 659 at 1 and 674) be **DENIED** as moot.

## II.    REPORT

### A.     Facts and Procedural History

On September 8, 2005, Petitioner and fourteen others were named in an indictment, in which the government alleged that Petitioner directed a large-scale drug distribution and money laundering conspiracy from 1996 to 2005, and brought charges against Petitioner related to that conduct; Petitioner was subsequently arrested in October of 2005.  (Docket nos. 3 and 4.)  In the Superseding Indictment, Petitioner was ultimately charged with Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana under 21 U.S.C. §§ 846 and 841(a)(1); Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine under 21 U.S.C. §§ 846

---

[1] The Court is fully aware of its responsibility to liberally construe the pleadings of *pro se* parties and hold them to a less stringent standard than similar pleadings drafted by attorneys, and it has done so here.  *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999).

APPENDIX, p. 188

and 841(a)(1); Continuing Criminal Enterprise (CCE) under 21 U.S.C. § 848; seven counts of Unlawful Use of a Communication Facility to Conspire to Possess with Intent to Distribute Controlled Substances under 21 U.S.C. § 843(b); two counts of Conspiracy to Launder Monetary Instruments under 18 U.S.C. §§ 1956(a)(1)(A)(I) and (a)(1)(B)(I) and 1957(a) and (h)(6); two counts of Felon in Possession of a Firearm under 18 U.S.C. § 924; Criminal Forfeiture under 21 U.S.C. § 853(a); and Criminal Forfeiture under 18 U.S.C. § 982(a)(1).  (Docket no. 259-2; docket no. 271-2.)  Petitioner and one other defendant proceeded to trial on the charges filed against them; the other thirteen defendants elected to plead guilty.  On November 2, 2006, a jury convicted Petitioner on the drug charges, the felon-in-possession charges, and five of the communication facility charges, but acquitted him on the money laundering charges and two of the communication facility charges.  (Docket no. 351.)  District Judge Lawrence P. Zatkoff subsequently sentenced Petitioner to 480 months of incarceration on the marijuana charge, 600 months on the cocaine charge, 600 months on the CCE charge, 48 months on the communication facility charges, and 120 months on the felon-in-possession charges, all to run concurrently. (Docket no. 447.)

Petitioner appealed his conviction and sentence to the Sixth Circuit Court of Appeals alleging that (1) the district court erred in denying his motion to suppress evidence obtained from a Title III wiretap; (2) the district court erred in denying his motion to suppress evidence seized from his residence and vehicles; (3) the district court abused its discretion by denying his motion for a mistrial; (4) the evidence failed to sufficiently establish Petitioner's supervision of five or more criminally involved persons, which was necessary to convict him on the CCE charge; (5) the entry of judgment against him for both the CCE charge and the underlying drug conspiracy charges violated the protection against double jeopardy; (6) his felon-in-possession convictions

3

APPENDIX, p. 189

violate the Ex Post Facto Clause; (7) the district court imposed a procedurally and substantively unreasonable sentence; and (8) his sentence violates due process. *United States of America v. Michael Anthony Clark*, Case No. 07-1310, ECF no. 123-1 (6th Cir. Dec. 29, 2011).[2] The Sixth Circuit found that the entry of judgment against Petitioner for both the CCE charge and the drug conspiracy charges violated the protection against double jeopardy and vacated Petitioner's drug conspiracy convictions. *Id*. at 14. It also vacated Petitioner's sentence and remanded for resentencing, as the parties agreed that the district court sentenced Petitioner in a procedurally unreasonable manner by failing to discuss the 18 U.S.C. § 3553(a) factors at the sentencing hearing. *Id*. at 17. The Sixth Circuit affirmed Petitioner's conviction on all other counts. *Id*. at 23. Based on the Sixth Circuit's mandate, Judge Zatkoff resentenced Petitioner to 600 months on the CCE charge, 48 months on the communication facility charges, and 120 months on the felon-in-possession charges. (Docket no. 601.)

### B.     Petitioner's Motions for Discovery and Inspection

Pending before the court are Petitioner's three Motions for Discovery and Inspection (docket nos. 650, 672, and 681). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Davis v. United States*, No. 2:07-cr-20042-STA, 2015 WL 1467071, at *5 (W.D. Tenn. Mar. 30, 2015), *certificate of appealability denied* (Oct. 20, 2015) (quoting and applying *Bracy v. Gramley,* 520 U.S. 899, 904 (1997) in the context of a § 2255 motion). Rule 6(a) of the Section 2255 Rules provides, in pertinent part, that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices

---

[2] The Court takes judicial notice of the proceedings in *United States of America v. Michael Anthony Clark*, Case No. 07-1310, conducted in the Sixth Circuit Court of Appeals. ("[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) (citations and internal quotation marks omitted).)

APPENDIX, p. 190

and principles of law." Rules Governing § 2255 Proceedings, Rule 6, 28 U.S.C. foll. § 2255. But a party requesting discovery must provide reasons for the request and include any proposed interrogatories, requests for admission, or requests for production of documents with the request. *Id*. While Petitioner's Motions for Discovery include proposed document requests, they do not include reasons for those requests. Thus, Petitioner's Motions for Discovery and Inspection should be denied.

### C. Petitioner's § 2255 Claims

Petitioner filed his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on January 15, 2014, claiming that he is entitled to relief because he received ineffective assistance of counsel where:

1. Counsel failed to file for or pursue a *Franks* hearing;
2. Counsel failed to ensure protection of Petitioner's speedy trial rights and failed to adequately seek severance from Petitioner's codefendants;
3. Counsel failed to protect Petitioner's Fourth Amendment rights and failed to move to suppress evidence obtained through an unconstitutional search and seizure;
4. Counsel failed to file a motion to suppress evidence obtained from the search and seizure of a tractor-trailer;
5. Counsel failed to pursue the receipt of all *Brady* materials withheld by the government;
6. Counsel failed to competently litigate a claim of actual innocence;
7. Counsel failed to challenge the CCE charge;
8. Counsel failed to challenge the prosecution's use of false and misleading statements and perjured testimony about Petitioner's alleged involvement in numerous murders and drug dealing;
9. Counsel failed to protect Petitioner's due process rights; and
10. Counsel failed to move for a mistrial concerning statements made before the jury.

(Docket no. 627.) Respondent asserts that Petitioner has not established, through citations to the record or otherwise, that his attorneys acted erroneously, or that the result of his trial would have been different absent the alleged errors. (Docket no. 669 at 5.)

APPENDIX, p. 191

## D.     Standard

A petitioner who files a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 must demonstrate that there was an error of constitutional magnitude, the sentence was imposed outside the statutory limits, or there was an error of fact or law so fundamental as to render the entire proceeding invalid.  *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citation omitted).  To prevail on a motion to vacate, set aside, or correct sentence alleging constitutional error, the petitioner must show that the error had a substantial and injurious effect or influence on the proceedings.  *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993).

## E.     Analysis

The Sixth Amendment right to counsel and the corollary right to effective assistance of counsel protect the fundamental right to a fair trial.  *See Strickland v. Washington*, 466 U.S. 668, 64-86 (1984).  To establish ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defense.  *Id.* at 687.  These two components are mixed questions of law and fact.  *Id.* at 698. Further "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."  *Id.* at 697.  That is, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."  *Id.*

With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance.  *See id.* at 689; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).  "[Petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Strickland*, 466 U.S. at 689 (citations and internal quotation marks omitted).  "[T]he

APPENDIX, p. 192

court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id.* at 690.  With respect to the prejudice prong of the *Strickland* test, the ultimate inquiry is "whether there is a reasonable probability that, absent [counsel's] errors, the factfinder would have had a reasonable doubt respecting guilt."  *Id.* at 695.  Stated differently, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result . . . would have been different."  *Id.* at 694.

       1.     *Claims 1, 2, 3, 5, and 7*

Petitioner alleges that counsel was ineffective for failing to challenge the information contained in the wiretap and search warrant affidavits, failing to ensure protection of Petitioner's right to a speedy trial, failing to seek Petitioner's severance from his co-defendant, failing to pursue the receipt of all *Brady* materials held by the government, and failing to challenge the sufficiency of the evidence necessary to prove the CCE charge.  (Docket no. 627 at 10-11, 12, 12-13; docket no. 655 at 18-22, 27-28; docket no. 659 at 8-11; docket no. 663.)

In fact, Petitioner's attorneys filed two motions to suppress the wiretap evidence (docket nos. 157 and 159) and two motions to suppress the evidence obtained through the search warrants executed at 8843 Livernois Avenue and 7559 Prairie Street in Detroit (docket nos. 149 and 169).  Petitioner's attorneys also moved to dismiss the case against Petitioner for violation of the Speedy Trial Act (docket no. 162), and filed oral and written motions for severance from Petitioner's co-defendant (docket no. 342).  Additionally, Petitioner's attorneys moved for the disclosure of information within the meaning of Federal Rule of Criminal Procedure 16(a)(1) and any exculpatory evidence within the meaning of *Brady* (docket no. 155); for an order compelling the government agents and law enforcement officers involved in the matter to retain their rough

APPENDIX, p. 193

2:05-cr-80810-SFC-MKM Doc # 683 Filed 02/21/17 Pg 8 of 22 Pg ID 7990

notes (docket no. 150); for the disclosure of any evidence that the government intended to introduce pursuant to Federal Rules of Evidence 404(b) and 609 (docket no. 151); for the disclosure of impeaching information (docket no. 152); and for unredacted copies of the wiretap and search warrant affidavits (docket no. 167). Moreover, Petitioner's counsel moved for an acquittal based, in part, on the government's failure to establish the elements of the CCE charge, and his appellate counsel also argued the issue on appeal. (Docket no. 343 at 4-5; *United States of America v. Michael Anthony Clark*, Case No. 07-1310, ECF no. 123-1 at 12-14.)

Petitioner does not acknowledge or address the motions filed by counsel in any meaningful manner, if at all. Notably, Petitioner does not make any argument regarding if, how, or why the motions were deficient. Although Judge Zatkoff denied these motions on various grounds, the fact that Petitioner's attorneys did not prevail on the motions does not mean that they rendered ineffective assistance. *See Kittka v. Franks*, No. 10-11582, 2012 WL 2367162, at *9 (E.D. Mich. June 21, 2012), *aff'd*, 539 F. App'x 668 (6th Cir. 2013) (citation omitted) ("[T]he term 'effective' assistance of counsel does not necessarily mean the same as 'successful.'").

And to the extent that Petitioner believes that his attorney should have continued to argue on appeal that his right to a speedy trial was violated or that his case should have been severed from that of his co-defendant, Petitioner has not met his burden under *Strickland.* It is well settled that an "attorney is not required to raise a non-meritorious claim." *Jalowiec v. Bradshaw,* 657 F.3d 293, 321–22 (6th Cir. 2011) (citing *Wilson v. Mitchell,* 498 F.3d 491, 514–15 (6th Cir. 2007)). Moreover, a criminal defendant "does not have a constitutional right to have his counsel press nonfrivolous points if counsel decides as a matter of professional judgment not to press those points." *Coleman v. Mitchell*, 244 F.3d 533, 541 (6th Cir. 2001) (citing *Jones v. Barnes,* 463 U.S. 745, 750–51 (1983)); *see also Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009)

8

APPENDIX, p. 194

(explaining that the "[Supreme] Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success" to avoid a finding of deficient performance under *Strickland*).

Petitioner also alleges that counsel was ineffective in failing to file for or pursue a *Franks* hearing with regard to the wiretap and search warrant affidavits. (Docket no. 627 at 10; docket no. 651 at 36.) "Under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), a defendant is entitled to an evidentiary hearing on the veracity of the statements in the affidavit only if 1) there is a substantial preliminary showing that specified portions of the affiant's averments are deliberately or recklessly false and 2) a finding of probable cause would not be supported by the remaining content of the affidavit when the allegedly false material is set aside." *United States v. Frazier*, 423 F.3d 526, 538 (6th Cir. 2005). "Warrant affidavits carry with them 'a presumption of validity,' and 'the challenger's attack must be more than conclusory' and must allege 'deliberate falsity or reckless disregard [on the part] *of the affiant,* not of any nongovernmental informant.'" *United States v. Stuart*, 507 F.3d 391, 396 (6th Cir. 2007) (quoting *Franks,* 438 U.S. at 171) (emphasis added in *Stuart*). The allegations of deliberate falsity and reckless disregard "must be accompanied by an offer of proof[,] [t]hey should point out specifically the portion of the warrant affidavit that is claimed to be false[,] and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Franks*, 438 U.S. at 171.

Petitioner's allegations in this regard are wholly conclusory. In the brief filed in support of his Motion to Vacate, Petitioner summarizes the substance of the affidavits, namely the statements made by the affiants and the confidential sources, and then he generally states that

9

APPENDIX, p. 195

those statements were uncorroborated, made with a reckless disregard for the truth, and "were knowingly and intentionally made with the intent to excite prejudice against [Petitioner] without due process."  (Docket no. 651 at 25-36.)  Petitioner does not specify whether he is challenging the statements made by the affiants, by the confidential sources, or both.  And Petitioner's allegations are not accompanied by any offer of proof or statement of reasons regarding the material falsity of the statements.  Petitioner has failed to show that he was entitled to a *Franks* hearing.  Consequently, Petitioner has failed to show that counsel's failure to request a *Franks* hearing was erroneous or that he suffered prejudice as a result.

       *2.*     *Claim 4*

Petitioner alleges that counsel was ineffective for failing to file a motion to suppress the evidence obtained from the search and seizure of a tractor-trailer.  (Docket no. 627 at 11.)  According to Petitioner, the evidence seized from the tractor-trailer was obtained in violation of the Fourth Amendment because there was no probable cause to search the vehicle, and "the information gained from that search was in violation of an unlawfully obtained warrant from a wiretap."  (*Id*.)  Respondent argues that Petitioner's claim in this regard is vague, but after a review of the trial transcript, Respondent presumes that Petitioner is referring to a tractor-trailer containing 1156 pounds of marijuana surrounded by broccoli that was searched and seized on May 30, 2005.  (Docket no. 669 at 19 (citing docket no. 477 at 19-20).)  Respondent argues that Petitioner was not in possession of the tractor-trailer at the time of the search, thus, it is unaware of what standing Petitioner has to challenge the search.  (*Id*. at 19-20.)  Indeed, Petitioner fails to establish that he has standing to challenge the search and has therefore failed to demonstrate that counsel erred in failing to file a motion to suppress the evidence obtained from that search.

APPENDIX, p. 196

### 3.   Claim 6

Petitioner argues that his counsel was ineffective because he failed to competently litigate a claim for actual innocence, presumably with regard to the felon-in-possession charges, because his right to own a firearm had been restored under Michigan and federal law.  (Docket no. 627 at 12.)  As Respondent points out and Petitioner seemingly concedes, however, Petitioner's trial counsel moved to dismiss the felon-in-possession charges on the basis that Petitioner's right to possess firearms had been restored under Michigan law (docket no. 156), and his appellate counsel continued to argue the matter on appeal, which argument was ultimately rejected by the Sixth Circuit.  But Petitioner argues that his counsel failed to competently investigate and present all of the facts surrounding the restoration of his firearm rights, and had they done so, the felon-in-possession counts would have been dismissed.  (Docket no. 655 at 2-7; docket no. 673 at 1-2.)

Specifically, Petitioner argues that had counsel completed a proper investigation, they would have learned and been able to present evidence that (1) four separate firearms charges previously brought against Petitioner in both federal and state court had been dismissed because Petitioner's right to possess firearms had been restored; and (2) Petitioner applied to the Oakland County Concealed Weapon Licensing Board for restoration of his firearms rights on October 12, 2001.  (*Id.*)  To support his argument in this regard, Petitioner submitted copies of court documents which demonstrate that either the previous firearms charges had been dismissed without prejudice or that he had been acquitted of the charges at trial.  (Docket no. 655 at 34-46.)  Not one of these documents, however, provides any reason for the dismissals or acquittals, thus, they do not establish that the dismissals or acquittals were based on Petitioner's asserted fact that his right to possess firearms had been restored.  Petitioner also submitted a copy of an October 12, 2001 letter sent to the Oakland County Concealed Weapon Licensing Board by attorney S.

11

APPENDIX, p. 197

Allen Early on behalf of Petitioner, to which letter Petitioner's Application for Restoration of Firearms Rights was purportedly attached, as well as a copy of a certificate generated by the National Rifle Association (NRA), which was awarded to Petitioner on September 21, 2001 for the successful completion of an NRA home protection course.  (Docket no. 651-1 at 26-27.) Again, neither of these documents establishes that Petitioner's right to possess firearms had been restored.  And Petitioner has not produced any evidence that his Application for Restoration of Firearms Rights was ever granted.  Accordingly, Petitioner has not demonstrated that counsel failed to conduct a reasonable investigation into the restoration of his firearms rights, or that a different result would have occurred absent the alleged error.

Petitioner also asserts that his appellate counsel failed to argue that the evidence was insufficient to convict Petitioner on the felon-in-possession charges under 18 U.S.C. § 924(c)(1). (Docket no. 655 at 12-14.)  Petitioner continues that while weapons were seized from his business and residences pursuant to search warrants, "the entire trial court record is completely devoid of any evidence adduced during the prosecution's case-in-chief of any instances of [Petitioner's] actual 'use' or 'active employment' within the meaning of 18 U.S.C. § 924(c)(1) in relation to any drug trafficking activities."  (*Id*. at 12.)  Petitioner misconstrues the requirements of 18 U.S.C. § 924(c)(1).  In fact, 18 U.S.C. § 924(c)(1) provides that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . *uses* or *carries* a firearm, or who, in furtherance of any such crime, *possesses* a firearm" will be sentenced to an additional term of years in addition to the punishment for the underlying crime.  18 U.S.C. § 924(c)(1) (emphasis added).  Petitioner does not dispute that he was in possession of multiple firearms. Petitioner's argument fails.

APPENDIX, p. 198

4.      *Claims 8 and 10*

Petitioner alleges that counsel rendered ineffective assistance when he failed to challenge the prosecution's use of false and misleading statements before the grand jury and at Petitioner's sentencing hearing.  (Docket no. 627 at 13.)  Petitioner, however, does not identify the alleged false and misleading statements used against him, and has therefore provided no basis on which the court may analyze this claim.

Petitioner also asserts that counsel was ineffective because he failed to challenge perjured testimony given by Kevin Youngblood regarding Petitioner's alleged involvement in numerous murders and drug dealing.  (*Id*.)  Petitioner fails to identify with any specificity the portion of Mr. Youngblood's testimony that was allegedly perjured.  Nevertheless, the Court has conducted its own review of Mr. Youngblood's direct examination and presumes that Petitioner is referring to Mr. Youngblood's testimony that Petitioner had entered into contracts to have Mr. Youngblood and two others killed.  (Docket no. 485 at 141.)  Contrary to Petitioner's allegations, Petitioner's counsel immediately objected to the prosecution's line of questioning, argued that it violated Federal Rules of Evidence 403, 404(b), and 405, and moved to strike Mr. Youngblood's testimony.  (*Id*. at 142-154.)  Judge Zatkoff sustained counsel's objection and advised that he would not permit any further questioning of Mr. Youngblood regarding Petitioner's propensity for violence, but he declined to give a curative instruction to the jury because the jury had been out to lunch for an hour, and he did not believe that the jury would remember the question and answer.  (*Id*. at 155.)  Judge Zatkoff also advised Petitioner's counsel that he could propose a jury instruction if he so desired.  (*Id*.)  Petitioner's counsel subsequently moved for a mistrial on the bases that the prosecution improperly elicited 404(b) testimony from a government agent and from Mr. Youngblood, that the testimony was highly prejudicial to Petitioner, and that no

APPENDIX, p. 199

limiting jury instruction could cure the harm caused. (Docket no. 341.) The motion was subsequently denied; however, the record evidence shows that Petitioner's counsel aptly challenged the prosecution's elicitation of Mr. Youngblood's testimony. Petitioner does not explain what else trial counsel should or could have done, and he has failed to demonstrate that counsel's performance was deficient in this regard.

Petitioner alleges that his appellate counsel's performance was ineffective because she failed to raise this issue on direct appeal. (Docket no. 655 at 15-17.) Petitioner is incorrect. On appeal, appellate counsel argued that the trial court abused its discretion by denying Petitioner's motion for a mistrial. Petitioner's argument here fails.

Petitioner also alleges that counsel failed to move for a mistrial when the trial judge brought up previous charges concerning Petitioner. (Docket no. 627 at 14.) Petitioner does not cite to any point in the record at which Judge Zatkoff brought up previous charges. Thus, Petitioner's claim fails on this basis alone. To the extent that Petitioner is referring to the testimony that Petitioner had previously been convicted of armed robbery, which the government elicited from a government agent at trial, Petitioner's claim fails. As stated above, the agent's testimony was a subject of counsel's aforementioned motion for a mistrial. (*See* docket no. 341.)

Next, Petitioner alleges that counsel should have moved for a mistrial because a potential juror spoke in front of the jury pool about a family member who had been killed by someone with the same name of Petitioner. (Docket no. 627 at 14.) Petitioner continues this argument in his Reply brief by arguing that there were only three African-American jurors in the entire jury pool, that he would not have challenged the last two African-American jurors for cause unless it was something outrageous, and that just because a juror says that a tragedy happens in their family isn't a reason to challenge a reasonably good juror of the pool. (Docket no. 673 at 13.)

APPENDIX, p. 200

Petitioner's claim is ambiguous and internally contradictory. Petitioner's purported basis for a mistrial is not readily apparent; it is not clear whether Petitioner alleges that the juror should have been seated, should not have been seated, or if Petitioner alleges something else entirely. Furthermore, as Respondent asserts, a review of the *voir dire* transcript reveals that there is nothing in the record to indicate that such a statement was ever made. (*See* docket no. 669 at 12-13.) Petitioner has failed to show that counsel was deficient and has failed to demonstrate any prejudice in this regard.

                5.    *Claim 9*

Petitioner claims that counsel failed to protect his Due Process rights by failing to properly investigate uncorroborated information and material misstatements that Petitioner was known to have murdered several individuals, which information was presented to the magistrate judge and the grand jury and was used in the government's case-in-chief and at sentencing. (Docket no. 627 at 13-14; docket no. 651 at 37.) Petitioner's claim in this regard is disjointed; however, from what the Court can discern, Petitioner is challenging the statements made by the confidential informants in the wiretap affidavit. (*See* docket no. 651 at 37-38; docket no. 655 at 8-11.) Petitioner's argument lacks merit. As discussed above, Petitioner's attorneys filed two motions to suppress the wiretap evidence, in which they challenged the credibility of the confidential informants. (Docket nos. 157 and 159.) They also sought unredacted copies of the wiretap and search warrant affidavits, which would have revealed the identities of the confidential informants and enabled counsel to conduct further investigation into the confidential informants' statements. (Docket no. 167.) As previously stated, the fact that counsel's motions were denied does equate to a finding of ineffective assistance. *See Kittka, supra.*

APPENDIX, p. 201

6.      *Petitioner's Other Claims*

Petitioner makes additional claims in his supplemental motions and briefs. First, Petitioner argues that trial counsel rendered ineffective assistance when he failed to interview and call exculpatory witnesses Kenny Moore, Eddie Kendricks, and Jeff Riley at trial. (Docket no. 655 at 23-24, 30.) "A defense counsel has no obligation to call or even interview a witness whose testimony would not have exculpated the defendant." *Millender v. Adams*, 376 F.3d 520, 527 (6th Cir. 2004) (citation omitted). Petitioner argues that counsel should have called Mr. Moore and Mr. Kendricks to rebut testimony elicited during the government's case-in-chief that the terms "C.C." and "DVD" are code words for illicit substances. (Docket no. 655 at 23-24.)

A review of the jury transcripts revealed the following testimony regarding the content of the wiretap evidence, which Petitioner's trial counsel elicited from a government agent on cross-examination:

> **Q.** And when you hear things that are called something else, for instance, DVDs or whatever items they choose to be talking about, often times you assume that these are code words for drugs, correct?
>
> **A.** Correct.
>
> **Q.** There was, in fact, a call where there was a discussion about DVDs, correct?
>
> **A.** Correct.
>
> **Q.** And you assumed that they were referencing an amount of drugs, correct?
>
> **A.** I believe at that time, yes.
>
> **Q.** Sometimes, though, DVDs, for instance, being discussed might mean DVDs, right?
>
> **A.** Correct.
>
> **Q.** In fact, when you searched Mr., that house, that house on Prairie where Mr. clerk [sic] was at you saw DVDs on the table, didn't you?

16

APPENDIX, p. 202

**A.** I don't remember.

**Q.** You got all of the pictures we saw from the search. You don't remember the bootleg DVDs on the table?

**A.** No, sir. But they are in the pictures.

**Q.** And sometimes you will hear something, do you remember hearing a reference to CC?

**A.** Yes.

**Q.** Did you put in some affidavit that CC was code for cocaine, C, and then you skipped an O and then C again. That means cocaine, correct?

**A.** Correct.

**Q.** But you since learned there is a person named CC, correct?

**A.** Yes.

**Q.** Sometimes CC might be CC, not cocaine, correct?

**A.** Correct.

(Docket no. 477 at 91-92.) Counsel's decision to not call Mr. Moore and Mr. Kendricks to testify to alternate meanings of the terms "C.C." and "DVD" does not constitute ineffective assistance where counsel elicited testimony on the matter from the government agent. *See Strickland,* 466 U.S. at 690. ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.")

Mr. Riley was purportedly a confidential informant who stated that he had seen a large amount of cash in a secret compartment of Petitioner's vehicle, which statement was included in the wiretap affidavit. (*See* docket no. 655 at 24, docket no. 651 at 44, docket no. 479 at 63.) In cross-examining the government's agents, Petitioner's trial counsel elicited testimony that called Mr. Riley's credibility into question. (Docket no. 477 at 124-26; docket no. 479 at 63-64.) In

*Strickland*, the Supreme Court stated that "scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. Petitioner must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. Here, Petitioner has failed to overcome the presumption that his trial attorney's decision to challenge Mr. Riley's credibility through a cross-examination of the government's agents rather than by calling Mr. Riley to testify was sound trial strategy. Petitioner has not carried his burden of establishing that his trial attorney was ineffective in this regard.

Next, Petitioner argues that his trial counsel labored under an actual conflict of interest because he engaged in numerous disputes and arguments with his counsel throughout the trial proceedings, including disputes about attorney fees. (Docket no. 655 at 25-26.) "An 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance." *McElrath v. Simpson*, 595 F.3d 624, 631 (6th Cir. 2010) (quoting *Mickens v. Taylor*, 535 U.S. 162, 172 n.5 (2002)). To establish an "actual conflict," Petitioner must "'point to specific instances in the record to suggest an actual conflict or impairment of [his] interests' and 'demonstrate that the attorney made a choice between plausible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other.'" *McElrath v. Simpson*, 595 F.3d 624, 631 (6th Cir. 2010) (quoting *United States v. Hall*, 200 F.3d 962, 965-66 (6th Cir. 2000)); *see also United States v. Stotts*, Nos. CV. 01-1001, CR. 96-10015, 2002 WL 1477214, at *13 (W.D. Tenn. July 2, 2002) ("To establish an actual conflict of interest, the defendant must show that (1) the attorney could have pursued a plausible alternative defense strategy, and (2) the alternative strategy was inherently in conflict with or not undertaken due to the attorney's other interest or loyalties.") (citing *United States v. Soldevila-Lopez*, 17 F.3d 480, 486 (1st Cir. 1994)). Petitioner's sole allegation in this regard is that the conflict "adversely

APPENDIX, p. 204

affected counsel's performance at trial." (Docket no. 655 at 25.) This conclusory allegation is insufficient to establish an actual conflict under the legal principles cited above.

Moreover, the "*prima facie* evidence" that Petitioner submitted to support this argument belies his assertion of a conflict. The evidence submitted is a post-trial letter from Petitioner's trial counsel in which he implores Petitioner to respond to his communication attempts; is apologetic for the result of the trial; expresses his wish that Petitioner would have allowed him to follow his suggested trial strategy, which would have enabled him to obtain the information that he believes would have made a difference in the result on the cocaine and CCE charges; reminds Petitioner of the unpaid legal fee balance; and sets forth his "more important concern" that he may have to withdraw from further representation of Petitioner if Petitioner continued to refuse to talk to him about sentencing and Petitioner's legal options going forward. (Docket no. 655-1 at 2-3.)

Furthermore, as Respondent points out, circuit court precedent does not support Petitioner's assertion of an actual conflict. (*See* docket no. 669 at 17-18 (citing *United States v. Taylor*, 139 F.3d 924, 932 (D.C. Cir. 1998) ("Although a 'defendant's failure to pay fees may cause some divisiveness between attorney and client,' courts generally presume that counsel will subordinate his or her pecuniary interests and honor his or her professional responsibility to a client." (quoting *United States v. O'Neil*, 118 F.3d 65, 71 (2d Cir. 1997) ("we never have held that failure to pay fees or an attorney's motion to withdraw for his client's failure to pay, without more, gives rise to a conflict of interest"); *Caderno v. United States*, 256 F.3d 1213, 1218-19 (11th Cir. 2001) (attorney's post-trial letter expressing frustration over not being paid did not indicate an actual conflict of interest); and *United States v. Wright*, 845 F. Supp. 1041, 1073 n.35 (D.N.J.) ("[N]onpayment of legal fees . . . does not establish a conflict of interest of the type

APPENDIX, p. 205

which would establish ineffective assistance; lawyers are required to provide zealous advocacy regardless of a criminal defendant's failure to pay legal fees."), *aff'd*, 46 F.3d 1120 (3d Cir. 1994) (table)).)

Finally, Petitioner claims that counsel's performance was deficient because he failed to challenge the validity of the Superseding Indictment. (Docket no. 659 at 2-7.) According to Petitioner, the fact that the Superseding Indictment says that it was handed down by a grand jury does not mean that it actually was, because there is no record evidence that a grand jury was reconvened for such a purpose. Petitioner's argument in this regard is conclusory and it sounds in speculation. Petitioner cannot meet his burden under *Strickland* where his argument has no chance of success. *See United States v. Carter*, 355 F.3d 920, 924 (6th Cir. 2004) ("Failing to make a motion . . . that had no chance of success fails both prongs [of *Strickland*]. First, counsel cannot be said to be deficient for failing to take frivolous action, particularly since a frivolous effort takes attention away from non-frivolous issues. Second, it is evident that failing to make a motion with no chance of success could not possibly prejudice the outcome"). Petitioner has failed to demonstrate that he was deprived of the effective assistance of counsel.

### F.    Conclusion

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket no. 627), Amended Motion to Vacate (docket no. 655), Second Amended Motion to Vacate (docket no. 659 at 2-11), Supplemental Motion to Vacate (docket no. 663), Motion for Evidentiary Hearing (docket no. 649), and Motions for Discovery and Inspection (docket nos. 650, 672, and 681) should be **DENIED**. Petitioner's Motion for Appointment of Counsel (docket no. 658), and Motions for the Liberal Construction of Pleading (docket nos. 659 at 1 and 674) should also be **DENIED**, as moot. The court may, at

APPENDIX, p. 206

its discretion, determine whether an application for a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c).

## III.     NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated:  February 21, 2017          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

21

APPENDIX, p. 207

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Petitioner and counsel of record on this date.

Dated: February 21, 2017          <u>s/ Lisa C. Bartlett</u>
                                  Case Manager

APPENDIX, p. 208

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff/Respondent,

v.                                  Case No.  05-80810
                                        Honorable Sean F. Cox
Michael Anthony Clark,              Magistrate Judge Mona K. Majzoub

      Defendant/Petitioner.
_____/

## ORDER ACCEPTING & ADOPTING REPORT AND RECOMMENDATION

     Currently before the Court is Petitioner Michael Anthony Clark's ("Petitioner") Motion
to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 627), Amended
Motion to Vacate (Doc. # 655), Second Amended Motion to Vacate (Doc. # 659 at 2-11),
Supplemental Motion to Vacate (Doc. # 663), Motion for Evidentiary Hearing (Doc. # 649),
Motions for Discovery and Inspection (Doc. # 650, 672, and 681), Motion for Appointment of
Counsel (Doc. # 658), and Motions for Liberal Construction of Pleading (Doc. # 659 at 1, 674).
Petitioner's motions have subsequently been referred to Magistrate Judge Mona K. Majzoub.
(Doc. # 630, 654, 657, 661, 664, 675, and 682) pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).

     On February 21, 2017, Magistrate Judge Majzoub issued a Report and Recommendation
("R&R"), wherein she recommended that Petitioner's Motion to Vacate, Set Aside or Correct
Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 627), Amended Motion to Vacate (Doc. # 655),
Second Amended Motion to Vacate (Doc. # 659 at 2-11), Supplemental Motion to Vacate (Doc.
# 663), Motion for Evidentiary Hearing (Doc. # 649), and Motions for Discovery and Inspection

1

APPENDIX, p. 209

(Doc. # 650, 672, and 681) be **DENIED**.  (Doc. # 683, R&R at 2).  In light of Magistrate Judge

Majzoub's recommendations, she concluded that Petitioner's remaining motions–Motion for

Appointment of Counsel (Doc. # 658) and Motions for the Liberal Construction of Pleading

(Doc. # 659 at 1 and 674)–should be **DENIED as moot**.  (*Id.*).

Petitioner was permitted to file late objections to the Magistrate Judge's R&R, (Doc. #

688), which he did on May 5, 2017.  (Doc. # 690, Pet.'s Objs.).  The Government has not

responded to Petitioner's objections and the time to do so has passed.  The Court finds

Petitioner's objections to be improper and without merit.  Therefore, the Court shall **ACCEPT**

**AND ADOPT** the R&R in its entirety.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended

disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen

(14) days after being served with a copy of the R&R.  Fed. R. Civ. P. 72(b)(2).  Objections must

"(A) specify the part of the order, proposed findings, recommendations, or report to which a

person objects; and (B) state the basis for the objection."  E.D. Mich. LR 72.1(d).

Objections are not "a second opportunity to present the argument already considered by

the Magistrate Judge."  *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34

(D.P.R. 2004).  Moreover, the district court should not consider arguments that have not first

been presented to the magistrate judge.  *See Stonecrest Partners, LLC v. Bank of Hampton*

*Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011).

"The district judge must determine de novo any part of the magistrate judge's disposition

that has been properly objected to.  The district judge may accept, reject, or modify the

APPENDIX, p. 210

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

The Court notes that Petitioner's objections are difficult to discern and that they are not numbered in any logical order. Keeping that in mind, the Court will do its best to sort and address Petitioner's objections.

Petitioner's first objection relates to his motions for discovery and inspection. In his objection, Petitioner provides reasons for the requests. This objection is improper because Petitioner never presented these reasons to the Magistrate Judge. The Court will not consider arguments that were not previously made before, and considered by, the Magistrate Judge. Petitioner's first objection is overruled.

Petitioner's next objection relates to his underlying § 2255 motions. Petitioner argues that his § 2255 claims require an evidentiary hearing. Petitioner makes no mention of the Magistrate Judge's R&R. Nor does Petitioner point to any specific deficiency in Magistrate Judge Majzoub's reasoning as to this issue. As such, this objection is overruled.

In his third objection, Petitioner appears to reassert arguments made in his underlying § 2255 motions. Specifically, Petitioner argues that he was entitled to a *Franks* hearing with regard to wiretap and search warrant affidavits. (Pet.'s Objs. at p. 3). Magistrate Judge Mazjoub has already rejected this argument, noting that:

> Petitioner also alleges that counsel was ineffective in failing to file for or pursue a *Franks* hearing with regard to the wiretap and search warrant affidavits. (Docket no. 627 at 10; docket no. 651 at 36). "Under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), a defendant is entitled to an evidentiary hearing on the veracity of the statements in the affidavit only if 1) there is a substantial preliminary showing that specified portions of the affiant's averments

3

are deliberately or recklessly false and 2) a finding of probable cause would not be supported by the remaining content of the affidavit when the allegedly false material is set aside." *United States v. Frazier*, 423 F.3d 526, 538 (6th Cir. 2005). "Warrant affidavits carry with them 'a presumption of validity,' and 'the challenger's attack must be more than conclusory' and must allege 'deliberate falsity or reckless disregard [on the part] *of the affiant*, not of the any nongovernmental informant.'" *United States v. Stuart*, 507 F.3d 391, 396 (6th Cir. 2007) (quoting *Franks*, 438 U.S. at 171) (emphasis added in *Stuart*). The allegations of deliberate falsity and reckless disregard "must be accompanied by an offer of proof[,] [t]hey should point out specifically the portion of the warrant affidavit that is claimed to be false[,] and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Franks*, 438 U.S. at 171.

Petitioner's allegations in this regard are wholly conclusory. In the brief filed in support of his Motion to Vacate, Petitioner summarizes the substance of the affidavits, namely the statements made by the affiants and the confidential sources, and then he generally states that those statements were uncorroborated, made with a reckless disregard for the truth, and "were knowingly and intentionally made with the intent to excite prejudice against [Petitioner] without due process." (Docket no. 651 at 25-36). Petitioner does not specify whether he is challenging the statements made by the affiants, by the confidential sources, or both. And Petitioner's allegations are not accompanied by any offer of proof or statement of reasons regarding the material falsity of the statements. Petitioner has failed to show that he was entitled to a Franks hearing. Consequently, Petitioner has failed to show that counsel's failure to request a *Franks* hearing was erroneous or that he suffered prejudice as a result.

(R&R at pp. 9-10). To the extent that Petitioner objects to the R&R, he fails to point to any specific deficiency in the Magistrate Judge's reasoning. Moreover, the Court agrees with Magistrate Judge Mazjoub's resolution of this issue. Petitioner's objection is overruled.

Petitioner's next objection is titled "Claim No. 6 Felon In Possession of Firearms Issue." (Pet.'s Objs. at p. 3). Petitioner appears to be arguing that his trial attorney was ineffective for failing to provide the court with documentation that would have led to the dismissal of Petitioner's felon-in-possession charges. Petitioner concludes that the documents submitted by him to support his ineffective assistance claim were all he had access to at the time. (*Id*. at p. 4).

4

Petitioner's objection is conclusory and fails to point to any specific deficiency in the Magistrate Judge's R&R. Morever, Magistrate Judge Mazjoub has already addressed this argument and the Court agrees with her analysis:

> But Petitioner argues that his counsel failed to competently investigate and present all of the facts surrounding the restoration of his firearm rights, and had they done so, the felon-in-possession counts would have been dismissed. (Docket no. 655 at 2-7; docket no. 673 at 1-2).
>
> . . . .
>
> To support his argument in this regard, Petitioner submitted copies of court documents which demonstrate that either the previous firearms charges had been dismissed without prejudice or that he had been acquitted of the charges at trial. (Docket no. 655 at 34-46.). Not one of these documents, however, provides any reason for the dismissals or acquittals, thus, they do not establish that the dismissals or acquittals were based on Petitioner's asserted fact that his right to possess firearms had been restored. Petitioner also submitted a copy of an October 12, 2001 letter sent to the Oakland County Concealed Weapon Licensing Board by attorney S. Allen Earl on behalf of Petitioner, to which letter Petitioner's Application for Restoration of Firearms Rights was purportedly attached, as well as a copy of a certificate generated by the National Rifle Association (NRA), which was awarded to Petitioner on September 21, 2001 for the successful completion of an NRA home protection course. (Docket no. 651-1 at 26-27.) Again, neither of these documents establishes that Petitioner's rights to possess firearms had been restored. And petitioner has not produced any evidence that his Application for Restoration of Firearms Rights was ever granted. Accordingly, Petitioner has not demonstrated that counsel failed to conduct a reasonable investigation into the restoration of his firearms rights, or that a different result would have occurred absent the alleged error.

(R&R at pp. 11-12). To the extent that Petitioner argues now that the documents provided to the Magistrate Judge in support of his § 2255 were all that he had at the time, this does not save Petitioner's claim. Petitioner's fourth objection is overruled.

Petitioner's fifth objection is titled "Ineffective Assistance Claim regarding Counsel's Failure to Challenge the Warrant Affidavit for Search at 7559 Prairie street and Livernois Avenue in Detroit." (Pet.'s Objs. at p. 4). This objection is without merit. As Magistrate Judge

5

APPENDIX, p. 213

Mazjoub correctly notes, Petitioner's trial attorneys filed two motions to suppress evidence obtained through the search warrants executed at 8843 Livernois Avenue and 7559 Prairie Street in Detroit. (R&R at p. 7). Petitioner fails to acknowledge these motions and he makes no argument that the motions were deficient. As such, this objection is overruled.

In his next objection, Petitioner "contends that the motions were deficient in nature and that counsel's performance was deficient by his filing of a suppression motion before motions to challenge the warrant Affidavit first." (Pet.'s Objs. at p. 4). This objection is improper and without merit. Again, Petitioner fails to point to any deficiency in the Magistrate Judge's R&R. As such, this objection is overruled. Moreover, to the extent Petitioner's objection relates to the motions to suppress evidence obtained through search warrants, Petitioner's argument is misplaced. The motions to suppress filed by Petitioner's trial attorney necessarily attack the sufficiency of the affidavits.

Next, Petitioner argues that his trial attorney "never argued that Petitioner's right to Speedy Trial had been violated." (Pet.'s Objs. at p. 5). Petitioner appears to take issue with the Magistrate Judge's statement that attorneys are not required to raise non-meritorious claims. Petitioner argues that his right to speedy trial is a constitutional right and can "never" be viewed as non-meritorious. Petitioner's argument in this regard is misplaced and conclusory. Petitioner does not explain, for example, how the speedy trial argument would have been meritorious. As such, Petitioner cannot establish that he was prejudiced by his trial attorney's alleged failure to make it. Petitioner's objection is overruled.

Petitioner next objection relates to the sufficiency of the wiretap warrant affidavit. (Pl.'s Objs. at p. 5). Petitioner states that his trial attorney should have attacked the affidavit for the

APPENDIX, p. 214

warrant for wiretaps prior to a suppression motion. Again, this argument was already rejected by the Magistrate Judge. (*See* R&R at pp. 9-10). The Court agrees with the Magistrate Judge's reasoning. This objection is overruled.

Petitioner's next objection relates to evidence regarding a tractor trailer. (Pet.'s Objs. at p. 5). Petitioner claims his trial attorney was ineffective for failing to challenge the evidence because the tractor trailer was not in Petitioner's possession. This objection is improper and is without merit. Magistrate Judge Majzoub was aware that the tractor trailer was not in Petitioner's possession, which is why she correctly noted that Petitioner failed to establish that he has standing to challenge the search and had therefore failed to demonstrate that his trial attorney erred in failing to file a suppression motion. As such, this objection is overruled.

Next, Petitioner argues that he asked for information regarding Attorney S. Allen Early. (Pet.'s Objs. at p. 6). Petitioner's objection is vague, conclusory and fails to reference the R&R in any concrete manner. The Court overrules this objection.

Petitioner's next objection similarly fails to reference any deficiency in the R&R's reasoning. As such, this objection is overruled.

In his last objection, Petitioner argues that his attorneys were ineffective for failing to challenge the Government's use of false and misleading statements before the Grand Jury and at sentencing. Petitioner's argument fails for the reasons stated in the R&R: Petitioner does not specifically identify the alleged false and misleading statements and therefore has provided no basis on which the Court may analyze this claim. (R&R at p. 13). As such, this objection is overruled.

**CONCLUSION & ORDER**

APPENDIX, p. 215

For the foregoing reasons, the Court shall **ADOPT AND ACCEPT** the February 21,

2017 R&R. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant

to 28 U.S.C. § 2255 (Doc. # 627), Amended Motion to Vacate (Doc. # 655), Second Amended

Motion to Vacate (Doc. # 659 at 2-11), Supplemental Motion to Vacate (Doc. # 663), Motion for

Evidentiary Hearing (Doc. # 649), and Motions for Discovery and Inspection (Doc. # 650, 672,

and 681) are **DENIED**. Petitioner's remaining motions–Motions for Appointment of Counsel

(Doc. # 658, 691) and Motions for the Liberal Construction of Pleading (Doc. # 659 at 1 and

674)–are **DENIED as moot**. (*Id*.).

　　　　**IT IS SO ORDERED.**

Dated: August 9, 2017　　　　　　　　　　s/Sean F. Cox
　　　　　　　　　　　　　　　　　　　Sean F. Cox
　　　　　　　　　　　　　　　　　　　U. S. District Judge


I hereby certify that on August 9, 2017, the foregoing document was served on counsel of record
via electronic means and upon Michael Anthony Clark via First Class mail at the address below:

Michael Anthony Clark
28321039
Federal Correctional Institution
P.O. Box 23811
Tucson, AZ 85734-8111


　　　　　　　　　　　　　　　　　　　s/J. McCoy
　　　　　　　　　　　　　　　　　　　Case Manager

APPENDIX, p. 216

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
FOR THE SOUTHERN DIVISION

---

**Michael Anthony Clark.**
Defendant/Petitioner.

**v.**

Criminal No.: 05-80810
Civil No.: 14-10183

**United States Of America,**
Plaintiff/Respondent.

_____/

PERMISSION TO PETITION FOR

CERTIFICATE OF APPEALABILITY

AND NOTICE OF APPEAL

F I L E D

AUG 2 8 2017

CLERK'S OFFICE
U.S. DISTRICT COURT

---

TO THE HONORABLE JUDGE SEAN F. COX:

Comes Now **Michael Anthony Clark,** The Movant, Pro Se, and respectfully files this petition for a **Certificate Of Appealability,** and permission to also petition for **Notice Of Appeal,** from the order issued on August 09, 2017 Dismissing Petitioner 28 U.S.C. 2255 Motion to Vacate, Set Aside, Or Correct sentence.

Sincerely Submitted:

_____

Dated: August 21, 2017

Michael Anthony Clark
Register No.: 28321-039
FCI-Tucson
P.O. Box 23811
Tucson, Arizona 85734-81

CC:

## CERTIFICATE OF SERVICE

I hereby certify that I **Michael Anthony Clark,** did place in the First Class
Mail Postafe a copy of the foregoing Petition for **(COA)** and Notice Of Appeal,
Prepaid on this **21st,** Day Of August, 2017, to:  Office Of the United States
Attorney, For the Eastern District Of Michigan at: 211 West Fort Street, Suite
2001 Detroit, Michigan 48226.

Sincerely Submitted,

Michael Anthony CLark
28321-039
FCI-Tucson
P.O. Box 23811
Tucson, Arizona 85734-811

Dated:  August 21, 2017

cc:

No. 17-2048

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Mar 09, 2018

DEBORAH S. HUNT, Clerk

MICHAEL ANTHONY CLARK,          )
                                )
    Petitioner-Appellant,      )
                                )
v.                              )          O R D E R
                                )
UNITED STATES OF AMERICA,       )
                                )
    Respondent-Appellee.       )
                                )
                                )

      Michael Anthony Clark, a federal prisoner proceeding pro se, appeals the district court's order denying his motion to vacate his sentence, filed pursuant to 28 U.S.C. § 2255. Clark has filed an application for a certificate of appealability.

      In February 2007, a jury convicted Clark of conspiring to possess with intent to distribute and to distribute marijuana, conspiring to possess with intent to distribute and to distribute cocaine, engaging in a continuing criminal enterprise ("CCE"), five counts of unlawfully using communication facilities to conspire to possess with intent to distribute controlled substances, two counts of being a felon in possession of a firearm, and one criminal forfeiture count. The district court sentenced him to a total term of 600 months of imprisonment. We vacated the drug-conspiracy counts, affirmed Clark's remaining convictions, and remanded to the district court for resentencing. *United States v. Jackson*, 454 F. App'x 435, 449 (6th Cir. 2011). On remand, the district court again sentenced Clark to 600 months of imprisonment, and we affirmed. *United States v. Jackson*, Nos. 12-1722/13-1204 (6th Cir. May 28, 2014) (order).

      While his appeal was pending, Clark filed a § 2255 motion and several supplements, in which he raised numerous claims alleging that trial and appellate counsel performed ineffectively. A magistrate judge recommended denying § 2255 relief on the merits of Clark's

claims.  After considering Clark's late-filed objections, the district court adopted the magistrate judge's report and recommendation and denied § 2255 relief.  It denied Clark's request for a certificate of appealability.

Clark now requests a certificate of appealability on the following claims:  (1) trial counsel performed ineffectively by failing to request a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), to determine the veracity of statements made in a wiretap affidavit; (2) trial and appellate counsel performed ineffectively by failing to argue that he could not be convicted of possessing a firearm as a convicted felon because his right to possess firearms had been restored; (3) trial counsel performed ineffectively by failing to challenge search warrants for evidence seized from a residence at 7559 Prairie Street and a car wash and detail shop at 8843 Livernois Avenue; (4) appellate counsel performed ineffectively by failing to argue that he was deprived of his right to a speedy trial; (5) trial counsel performed ineffectively by failing to challenge false and misleading statements made during the grand jury proceeding; (6) appellate counsel performed ineffectively by failing to argue that there was insufficient evidence to support his CCE conviction; (7) trial counsel performed ineffectively by failing to challenge the superseding indictment; and (8) trial counsel performed ineffectively by failing to move for a severance.  He also argues that the district court erred by denying his motions for discovery and an evidentiary hearing and by denying as moot his motions to liberally construe his pleadings and to appoint counsel.  Clark has waived appellate review of his remaining § 2255 claims by failing to address them in his application for a certificate of appealability.  *See Jackson v. United States*, 45 F. App'x 382, 385 (6th Cir. 2002).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner may meet this standard by showing that reasonable jurists could debate whether the petition should have been determined in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

All of the substantive issues that Clark seeks to raise on appeal are ineffective-assistance-of-counsel claims. To establish ineffective assistance of counsel, a petitioner must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. The test for prejudice is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The *Strickland* standard applies to claims that appellate counsel performed ineffectively as well as claims that trial counsel performed ineffectively. *See Webb v. Mitchell*, 586 F.3d 383, 398 (6th Cir. 2009).

I.   Ineffective Assistance of Trial Counsel—*Franks* Hearing

Clark first argues that he is entitled to a certificate of appealability on his claim that trial counsel performed ineffectively by failing to request a *Franks* hearing and argue that the February 8, 2005, affidavit of Drug Enforcement Administration Special Agent Patrick Caldwell, which resulted in the authorization of a wiretap, contained false information. Reasonable jurists could not debate the district court's conclusion that Clark was not entitled to relief on this claim. Under *Franks*, a hearing is warranted if the defendant "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [] the allegedly false statement is necessary to the finding of probable cause." *United States v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008) (alteration in original) (quoting *Franks*, 438 U.S. at 155-56).

Here, Clark did not produce any evidence showing that the information provided by the four confidential informants cited by Caldwell was, in fact, false. The Supreme Court in *Franks* held that a hearing is not required unless the defendant supports his claim with "[a]ffidavits or sworn or otherwise reliable statements of witnesses" or explains the absence of such statements. *Franks*, 438 U.S. at 171. Clark failed to show that defense counsel could have obtained such evidence. Moreover, Clark's arguments challenged the veracity of the information provided by

APPENDIX, p. 221

the confidential informants and did not allege that Caldwell himself knowingly or recklessly included false information in the affidavit. In fact, Caldwell's affidavit disclosed all of the information that Clark cites as evidence of the confidential sources' untrustworthiness. This is important because a *Franks* hearing allows a defendant to challenge only "[t]he deliberate falsity or reckless disregard . . . of the affiant, not of any nongovernmental informant." *Franks*, 438 U.S. at 171; *see United States v. Giacalone*, 853 F.2d 470, 477 (6th Cir. 1988). Accordingly, reasonable jurists could not debate the district court's conclusions that trial counsel did not perform deficiently and that Clark could not make the requisite showing of prejudice. *See Strickland*, 466 U.S. at 693-94.

II. <u>Ineffective Assistance of Trial and Appellate Counsel—Felon In Possession of a Firearm Conviction</u>

Clark also argues that he is entitled to a certificate of appealability on his claims that trial counsel performed ineffectively by failing to argue that he could not be convicted of being a felon in possession of a firearm because his right to possess firearms had been restored and that appellate counsel performed ineffectively by failing to raise this argument on appeal. In support of his claim, Clark submitted a September 21, 2001, certificate from The National Rifle Association of America stating that Clark had completed a "Personal Protection in the Home" course and an October 12, 2001, letter from attorney S. Allen Early to the Oakland County Concealed Weapon Licensing Board, which stated that Early had mailed to the Board Clark's application to restore his right to possess firearms. Neither of these documents show that Clark's right to own a firearm had, in fact, been restored in compliance with the 1992 law. Reasonable jurists would, therefore, agree that Clark cannot make the requisite showing of prejudice. *See Strickland*, 466 U.S. at 693-94; *Webb*, 586 F.3d at 398.

III. <u>Ineffective Assistance of Trial Counsel—Search Warrants</u>

Clark argued in the district court that the search warrants for 7559 Prairie Street and 8843 Livernois Avenue were defective because the supporting affidavits contained information that was unreliable and, even if reliable, insufficient to support a finding of probable cause. But, as

the magistrate judge and district court pointed out, trial counsel made these arguments in motions to suppress evidence obtained during the searches of these premises. Clark appears to argue in his application for a certificate of appealability that counsel should have requested a *Franks* hearing to challenge the veracity of the statements in the affidavits supporting these search warrants. Reasonable jurists would agree that this claim does not deserve encouragement to proceed further because Clark failed to show that counsel could have obtained any "[a]ffidavits or sworn or otherwise reliable statements of witnesses" establishing that statements in the warrant affidavits were false. *Franks*, 438 U.S. at 171.

IV.    Ineffective Assistance of Appellate Counsel—Speedy Trial Claim

According to Clark, appellate counsel should have argued that the trial court erred in denying a motion to dismiss his case on speedy-trial grounds because between his October 17, 2005, arraignment and the June 5, 2006, filing of his motion to dismiss, the trial court made only one finding that the ends of justice justified a continuance of the speedy-trial period. But the district court denied Clark's motion to dismiss because it found that two of Clark's co-defendants remained fugitives and, therefore, "Clark's speedy trial clock ha[d] not yet been triggered."

The Speedy Trial Act provides that a defendant who pleads not guilty must be tried within 70 days of the filing of an indictment or the date that the defendant appears before the court, whichever is later. 18 U.S.C. § 3161(c)(1). But it also excludes various periods of delay when "computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h). One such excludable period is "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).

At the time that the district court ruled on the speedy trial motion, two of Clark's co-defendants, "Tio" and Felix Pedro Betanco, remained fugitives. Because "Tio" and Betanco had not yet "appeared before a judicial officer of the court," the district court properly found that the 70-day time period had not begun to run for those two co-defendants—or for Clark. 18 U.S.C. § 3161(c)(1), (h)(6). As a result, reasonable jurists could not debate the district court's

conclusion that any appellate challenge to the district court's ruling would have lacked arguable merit and that appellate counsel, therefore, did not perform deficiently by failing to raise the issue on appeal. *See Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999).

V.     Ineffective Assistance of Trial Counsel—False and Misleading Testimony

Clark also argues that he is entitled to a certificate of appealability on his claim that trial counsel performed ineffectively by failing to challenge the government's presentation of false and misleading evidence. He contends that the false and misleading statements that he sought to challenge in the district court were located in "the Grand Jury Minutes itself." Clark appears to be referring to statements contained in excerpts of the grand jury transcript, which he attached to his objections to the magistrate judge's report and recommendation. But Clark submitted no evidence to support his conclusory allegations that the challenged testimony was false. Moreover, because grand jury proceedings are ex parte investigations rather than adversarial proceedings, *see United States v. Powell*, 823 F.2d 996, 999 (6th Cir. 1987), defense counsel would have had no right to object to testimony presented at that proceeding. Reasonable jurists would, therefore, agree that this claim does not deserve encouragement to proceed further.

VI.     Ineffective Assistance of Trial and Appellate Counsel—CCE Charge

Next, Clark argues that he is entitled to a certificate of appealability on his claims that trial and appellate counsel failed to argue that there was insufficient evidence to support his CCE conviction solely because the government failed to address these claims in its response to his § 2255 motion. Reasonable jurists would agree that Clark is not entitled to a certificate of appealability on these claims for several reasons. First, Clark failed to object to the magistrate judge's findings with respect to these claims and, therefore, waived appellate review. *See Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). Second, the government addressed these claims in its response to Clark's § 2255 motion, arguing that Clark was not entitled to relief because the claims were conclusory and because both trial and appellate counsel challenged the sufficiency of the evidence supporting the CCE charge. Third, reasonable jurists could not debate the magistrate judge's conclusion

that both trial counsel and appellate counsel challenged the sufficiency of the evidence relating to the CCE charge. *See Jackson*, 454 F. App'x at 443.

VII.    Ineffective Assistance of Trial Counsel—Superseding Indictment and Severance

Next, Clark argues that this court should grant a certificate of appealability on his claims that trial counsel performed ineffectively by failing to challenge the superseding indictment and failing to request a severance because the district court failed to address these claims. Clark is mistaken. The magistrate judge found that Clark's allegation that the superseding indictment was not handed down by a grand jury—an allegation contradicted by the face of the superseding indictment—was speculative and conclusory and that counsel's performance could not be deemed deficient for failing to challenge the superseding indictment. The magistrate judge also found that defense counsel "filed oral and written motions for severance" and that appellate counsel did not perform deficiently by failing to pursue the issue on appeal.

Although the district court did not expressly address these claims—understandably, because Clark did not specifically object to them—it adopted the magistrate judge's report and recommendation, which adequately addressed the claims. Because the claims were adequately addressed, because Clark waived any challenge to the magistrate judge's findings by failing to file specific objections, *see Alspaugh*, 643 F.3d at 166; *Willis*, 931 F.2d at 401, and because Clark does not address the district court's findings in his application for a certificate of appealability, his claims regarding the superseding indictment and severance do not deserve encouragement to proceed further.

VIII.   Request for Discovery and Inspection

Clark also argues that the district court deprived him of due process when it denied his requests for discovery and inspection. Clark filed four motions for discovery and inspection, which the magistrate judge denied because the motions did not explain Clark's reasons for requesting the documents. Rule 6(b) of the Rules Governing § 2255 Cases states that "[a] party requesting discovery must provide reasons for the request," and Clark's four discovery requests did not do so. Clark set forth reasons for requesting the documents for the first time in his

APPENDIX, p. 225

objections to the magistrate judge's report and recommendation, but the district court was not required to consider these reasons because they were not presented to the magistrate judge. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Accordingly, this claim does not deserve encouragement to proceed further.

IX.    Request for an Evidentiary Hearing

Next, Clark contends that the district court erred by denying his § 2255 motion without holding an evidentiary hearing. A district court's failure to hold an evidentiary hearing is reviewed for an abuse of discretion. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003). A district court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Only two of the arguments raised on appeal could have been resolved differently if Clark had presented additional evidence—that counsel performed ineffectively by failing to request a *Franks* hearing on the wiretap and search warrants and failing to adequately challenge his felon-in-possession convictions. As discussed previously, reasonable jurists could not debate the district court's conclusion that Clark's claims challenging counsel's failure to request a *Franks* hearing were based solely on his conclusory allegations that the information contained in the warrant affidavits was false. "[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are . . . conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

With respect to the felon-in-possession charges, Clark submitted no evidence showing that his application to restore his right to possess firearms had been approved and that his rights were, in fact, restored. Clark could have requested this information from the Oakland County Concealed Weapon Licensing Board. Without evidence that his rights had been restored, Clark could not make the requisite showing of prejudice and questioning his attorney at an evidentiary hearing would have been futile.

X.    Motion to Liberally Construe Pleadings and to Appoint Counsel

Finally, Clark argues that the district court erred by denying as moot his motions to liberally construe his pleadings and to appoint counsel.  Although the motions arguably were not "moot" when they were filed, reasonable jurists would agree that the motions were properly denied.  Because courts are required by law to liberally construe pro se pleadings, *see United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016), a motion requesting such construction was unnecessary.  Furthermore, it is apparent from both the magistrate judge's report and recommendation and the district court's order that the court liberally construed Clark's pleadings.  Finally, this case did not involve any "exceptional circumstances" that would have warranted appointing counsel in a civil case.  *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

Accordingly, this court **DENIES** Clark's application for a certificate of appealability.


ENTERED BY ORDER OF THE COURT


Deborah S. Hunt, Clerk