UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL ANTHONY CLARK
    Petitioner

v.

FREDERICK ENTZEL, WARDEN
    RESPONDENT

Case No.: 19-cv-1305-JES

FILED
DEC 23 2019
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

REPLY BRIEF IN SUPPORT TO GOVERNMENT RESPONSE TO
PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO
28 U.S.C. §2241

**Comes Now,** Michael Anthony Clark, Pro Se, (hereinafter Petitioner) hereby respectfully files his reply to Government's response to Petitioner's petition for writ of Habeas Corpus under 28 U.S.C. §2241 and the "Saving Clause" of 28 U.S.C. §2255(e) states:

## MOTION FOR THE COURT PROTECTION UNDER THE LIBERAL CONSTRUCTION OF PLEADING BY A PRISONER

**Petitioner,** Michael Anthony Clark, invokes the Court's protection under **Haines v Kerner,** 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

As petitioner is a layman who has absolutely no experise in legal matters, which his legal pleadings must be construed liberally by the Court.

Petitioner Clark, is a Pro Se Litigant, and in support would respectfully submit the following for the Court's consideration:

### I. JURISDICTION

This Honorable Court has jurisdiction to entertain the present Petition for a Writ Of Habeas Corpus pursuant to 28 U.S.C. §2241 and the "saving clause" of 28 U.S.C. §2255(e).

This Court has the power of jurisdiction to adjudicate the claim of a federal prisoner, like Petitioner Clark, when the remedy afforded under §2255 is "inadequate" or "ineffective" to test the legality of the detention under the "escape hatch" of §2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence

because the law changed after his first §2255 motion. **In re Davenport,** 147 F. 3d 605, 611 (7th Cir. 1998). **Thus,** the Seventh Circuit has held that "alternative relief under §2241 is available only in limited circumstances: Specifically, only upon showing "**(1)** that he relies on 'not a constitutional interpretation case, but one of a statutory-interpretational case, so [that he]could not have invoked it by means of a second or successive section §2255 motion,' **(2)** that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceedings, and **(3)** that the error is 'grave enough... ....to be deemed a miscarriage of justice corrigible therefore in habeas corpus proceeding, 'such as one resulting in **'a conviction for a crime of which he was innocent'** "**Montana v. Cross,** 829 F. 3d 775, 783 (7th Cir. 2016), cert. denied sub nom. **Montana v. Werlich,** 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017)(citing **Brown v Rios,** 696 F. 3d. 638, 64 (7th Cir. 2012)).

Also, "a rule is said to be new when it was not dictated by precedent existing at the time the defendant's conviction became final.'" see **Chaidez v. United States,** 655 F. 3d 684, 688 (7th Cir. 2011)(quoting **Teague,** 489 U.S. at 301 (emphasis in original)). A rule dictated by precedent when the outcome was not susceptible to debate among reasonable minds. Id. (citing **Butler v McKellar,** 494 U.S. 407, 415, 110 S.Ct. 1212 108 L. Ed. 2d 347 (1990)).

## REPLY TO GOVERNMENT RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

I. Clark's Claim is Cognizable in a §2241 Petiton

    a. Rehaif does apply to Petitoner's Clark claim

In the Government first arguement in concerns of Rehaif v. United States, 139 S.Ct. 2191 (2019), of The Supreme Court examination of the elements to be convicted under 18 U.S.C. §§ 922(g) and 924(a)(2). The Government contends in its response to convict a defendant under §922(g)(1) after Rehaif, the Government must not only prove that he was previously convicted of a felony, but also prove that he knew he was previously convicted of a felony.

Petitioner Clark is not an attorney but believes the Government is not being truthful with how the statute is being read in the Rehaif case. Rehaif is indisputably a new, retroactive rule. Rehaif interpreted the federal statute that criminalizes knowing possession of a firearm by certain classes of people, 18 U.S.C. §§ 922(g), 924(a). 139 S. Ct. at 2194.

Before Rehaif, all the circuits to address the question held that a person violated the statute by merely knowingly possessing a firearm. Id. at 2201. Rehaif held that in order to violate the statute, a person must also know they were a person prohibited from possessing a firearm. Id at 2196-97. Clearly the rule announced in Rehaif was not apparent

(02)

to all reasonable jurists, since every circuit had decided the question the other way. See Id. at 2201, and the rule announced plainly narrowed the scope of the criminal statute. Before Rehaif, a prosecutor only had to prove a person knowingly possessed a firearm; after Rehaif, the prosecutor must further prove the person knew he/she wasn't supposed to have it.

This ruling narrowed the class of people who could be prosecuted under the statute, quintessential substantive, and thus retroactive, rule under new statutory interpretation.

Petitioner Clark, is not contesting that when he possessed guns he did not know of his previous felony conviction, of course he knew. Petitioner Clark, argues that by showing his actions of going to be advised by attorneys and going to Police and Law Enforcement stations to take courses in their shooting ranges to get certified shows the mind set of an person who didn't know he was in a certain class of people prohibited from possessing firearms, clearly. Again Petitioner Clark, goes further to say that he was led to believe he was not in certain category class of persons because he was never put on notice by any one that he did belong to the relevant category of persons barred from possessing a firearms.

Petitioner Clark, has argued in his "Memorandum Of Law" that the Circuit Judge in the 3rd Circuit Court in Detroit, Michigan said I was not in violation of having firearms in my home or businesses. See State Of Michigan v. Michael Anthony Clark, case no.: 0000110501 3rd Circuit Court in Detroit, Michigan. see "Memorandum Of Law". Petitioner Clark also argues that in his previous appeals he argued his rights were restored to satisfy 18 U.S.C. § 921(a)(20) as his right to vote, hold public office and to sit on a jury was all recognized and restored to Petitioner Clark. Infact the Government seized Petitioner Clark, voter registration card and pass-port as they too knew Petitioner rights were restored, along with the Department Of The Treasury Bureau Of Alcohol, Tobacco and Firearms, which you can see from their "Management Log Sheet" that Petitioner rights wasn't restricted. Petitioner Clark, argues that should support his arguement that he did not know that he was in a certain class of persons just because he acknowledges that he did have a felon conviction, does not mean he knew that he was in that certain category of persons prohibited from possessing a firearm. For the record everybody that has had their Civil Rights Restored has had a felony conviction. Petitioner Clark, goes on to argue that the retaining of attorneys, and paying for training at the shooting range to secure certification for Personal Protection In The Home Course was all done to procure a license to carry a concealed weapon permit; not to learn if my rights were restored as the 3rd Circuit Court Judge has already informed me that my Second Amendment right restored. I never received any type of form stating my license were denied which they are supposed to do so within (45) days of submittance of application. But again the Petitioner was never carrying an concealed weapon either which is against the law to do so. Petitioner argues that this is being said to show that the Petitioner had no knowledge that he was in a certain category of prohibited person from possessing a firearm. Rehaif, Id. at 2196-97. Petitioner Clark, argues that there has

been a error 'grave enough......to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding, such as one resulting in 'a conviction for a crime of which he was actually innocent'. Petitioner Clark, had no reasonable opportunity, either when he was convicted and appealed or later when he filed a motion for postconviction relief under §2255, to challenge the legality of his conviction for felon-possession of firearms. see <u>Narvaez v United States</u>, 674 F. 3d 621, **627-28** (7th Cir. 2011).

## II. Petitioner Clark, Knowledge Of his Prohibition From Possessing a firearm at the time of his gun convictions

The Government contends that Petitioner Clark, knew that his Civil Rights were not restored prior to possessing the guns at the time of his convictions, and that the attachments to Petitioner Clark, §2241 Petition contradicts his arguement. Petitioner Clark, contends that if his rights were restricted the State Of Michigan, 3rd Circuit Court of Detroit, would of charged and convicted Petitioner as they are the convicting jurisdiction in the matter. see <u>Beecham v. United States</u>, 511 U.S. 368, 372, 114 S. Ct. 1669, 128 L. Ed 2d 383 (1994). Government contends that Petitioner Clark, knew that his Civil Rights had not been restored because Petitioner had reviewed those notes before 2005. Petitioner Clark, contends that the first time he ever laid eyes on that document was after an filing for F.O.I.A. Freedom Of Information Act some three years after his conviction. Petitioner was never in a position to see an document like that at the time Bureau Of Alcohol, Tobacco and Firearms charged petitioner all was ever told to Petitioner Clark, by his attorney Paul Daniel Curtis, was that the case was being dropped cause the Circuit Judge said I had a right to have them in my home and businesses. Petitioner Clark, also argues that not the Circuit Court or The Federal District Court put Petitioner on notice that he belonged to category of prohibited persons from possessing firearms, and Petitioner would of never knew that he belonged to that category unless he had been convicted by the Federal District Courts and been on supervised release, so there is no way petitioner would had known of his status other than being a person that had been convicted of a felony, some twenty years ago previous to the current charges. Now that the New Supreme Court decision in <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019), as to the "knowing" provision it is plain to see that Petitioner did not know that he was in that category when he legally purchased firearms for his businesses and home, and nor did any law enforcement agency or the Courts put Petitioner on notice that he was in that "selected persons" prohibited to from possessing firearms.

The Petitioner, petition pursuant to 28 U.S.C. §2241 should be GRANTED.

## III. The Government Contends A Concurrent Sentence Doctrine should be applied

Petitioner Clarks, contends that the "concurrent sentence doctrine" should not be

applied in the instant case as the firearm offense's were essential to the Grand Jury Indicting Petitioner and the Jury convicting him which was argue by the Government case-in-cheif, which was prejudical to Petitioner complete prosecution and trial which is a violation of Petitioner Clark, Due Process Rights. see Greg McQuiggin, Warden, Petitioner v. FLOYD PERKINS, 569 US___,133 S. Ct. 1924, 185 L Ed 2d 1019, 2013 US LEXIS 4068, state that a credible showing of actual innocence may allow a prisoner to pursue his/her claims on the merits notwithstanding the existence of a procedural bar to relief. This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons. Due to the jury was wrongly instructed to plain instructional error obvious in light of Rehaif means the jury instruction "constituted error" that was clear, and a jury verdict based on the strength of 'evidence' that was never presented to the jury like the analysis in Rehaif which this "error affected Petitioner Clark, 'substantial rights' and the 'fairness, integrity or public reputation of judicial proceedings'" would be tarnished by denying relief. The Seventh Circuit has held in generally, a federal prisoner who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." Camacho v. English, 872 F. 3d 811, 2017 WL 4330368, at *1 (7th Cir. 2018) (quoting Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in §2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape" hatch" of § 2255 (e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re Davenport, 147 F. 3d 605, 611 (7th Cir. 1998). Therefore, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circumstances: specifically, only upon showing "(1) that he relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive 2255 motion, '(2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3)that the error is 'grave enough....to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding, ' such as one resulting in 'a conviction for a crime of which he was innocent.'" Montana v Cross, 829 F. 3d 775, 783 (7th Cir. 2016), cert. denied sub nom. Montana v. Werlich, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017) (citing Brown v. Rios, 696

F. 3d 638, 640 (7th Cir. 2012)). Petitioner Clark, contends that the firearm evidence presented to the Grand Jury and given to the jury in the jury instruction was prejudicial in convicting him of all the charges. Without the firearms charges Petitoner Clark, claims the jury verdict would have been different, cause the firearms were essential to convicting Petitioner Clark. Now for the Government to contend that the innocent conduct of the firearms would not affect the other conviction is just not true, cause it had everything to do with the finding of guilt. Now with the New Statutory-Interpretation in <u>Rehaif</u>, the jury verdict was based on the strength of 'evidence' that was never presented to jury of how the statute was supposed to be interpreted which Petitioner Clark, contends is a error grave enough......to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding,' such as one resulting in 'a conviction for an crime of which he was innocent.'" Petitioner Clark, would like to also submit to court some of the numerous request for records to show that he did try to show his Civil Rights were restored as to the Second Amendment Right to do so under the law and this was done before the decision Rehaif came down as being new law. see attachments to Department Of Correction, Wayne County Clerk office, Office Of The Sheriff, and to the Private Investigator.

    **WHEREFORE,** for all of the above reasons, and for all the reasons stated in Petitioner Petitioner Clark, petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and his Memorandum of Law in Support, Mr. Clark requests that this Honorable Court enter an Order GRANTING HIS PETITIONER.

Respectfully Submitted,

*Michael Anthony Clark*
Michael Anthony Clark #28321-039

Dated: 12/19/19
cc: attachments

## CONCLUSION

For the reasons presented, Documents attached, this Court should **GRANT** Petitioner Clark's petition for a writ of habeas corpus.

Respectfully submitted,

Michael Anthony Clark, #28321-039
FCI Pekin
P.O. BOX 5000
Pekin, Illinois 61555

## CERTIFICATE OF SERVICE

I cerify that on December 19, 2019, I, **Michael Anthony Clark**, did send a true and correct copy of the foregoing, **REPLY TO GOVERNMENT RESPONSE TO PETITIONER PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241**, VIA First Class U.S. Postal Mail, with pre-paid postage affixed thereon, and properly addressed to:

U.S. DISTRICT COURT FOR

THE CENTRAL DISTRICT OF ILLINOIS

Office Of The Clerk

Room 305

Federal Building

100 N.E. Monroe Street

Peoria, Illinois 61602

Date this _10th_ Day Of _December_ , 2019.

Sincerely Submitted,

Michael Anthony Clark, #28321-039
FCI Pekin
P.O. Box 5000
Pekin, Illinois 61555

cc:  Attachments:
FEDERAL GRAND JURY MINUTES
TRIAL TRANSCRIPTS

(07)