**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| MICHAEL ANTHONY CLARK, | ) |
| Petitioner, | ) |
| v. | ) Case No. 19-cv-1305-JES |
| FREDERICK ENTZEL, Warden of FCI Pekin, | ) |
| Respondent. | ) |

# ORDER

Before the Court is Petitioner Michael Anthony Clark's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). Petitioner alleges that he is actually innocent of his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in light of the Supreme Court's recent decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019). For the reasons explained below, Petitioner's Petition is DISMISSED pursuant to 28 U.S.C. § 2255(e).

## I. BACKGROUND

In 2005, in the District Court for the Eastern District of Michigan, Clark was charged with conspiracy to distribute marijuana, cocaine, and cocaine base, as well as running a continuing criminal enterprise with respect to the marijuana and cocaine conspiracies, being a felon in possession of a firearm, money laundering, a money laundering conspiracy, and several counts of unlawful use of a communication facility. *United States v. Clark*, Case No. 05-cr-80810 (E.D.Mi.) (hereinafter, Crim.), Superseding Indictment (d/e 259-2). Before trial, Clark moved to dismiss the felon in possession of a firearm count under 18 U.S.C. § 922(g)(1). Crim.,

Motion (d/e 156). Clark's only prior felony was a 1984 Michigan conviction for robbery. He argued this conviction could not be the predicate offense for the § 922(g)(1) felon in possession charge because his civil rights, including his right to possess firearms, were fully restored on April 27, 1990. *Id.* at 5. Clark further argued that, while he conceded for the purposes of the motion that his rights were not restored under a new Michigan procedure that came into effect in 1992, the new law could not strip him of his rights when they were already fully restored or it would be an *Ex Post Facto* clause violation. *Id.* at 7. The district court denied Clark's motion, finding that the *Ex Post Facto* clauses of both the United States and Michigan constitutions were not violated by Michigan's 1992 law. Crim., Order at 3-5 (d/e 210).

Clark proceeded to trial and a jury convicted him on the drug and the felon in possession counts. Crim., Verdict Form (d/e 351). The district court judge sentenced Clark to a total sentence of 600 months' imprisonment, consisting of 600 months' for continuing a criminal enterprise, 600 months for conspiracy to distribute cocaine, 480 months for conspiracy to distribute marijuana, 120 months for felon in possession counts, and 48 months for several unlawful uses of a communication facility, all to run concurrently. Crim., Original Judgment (d/e 455). Clark appealed and the Sixth Circuit affirmed Clark's convictions, except the marijuana and cocaine conspiracy counts, which the Sixth Circuit held were lesser-included offenses of the continuing criminal enterprise conviction and, therefore, violated the Double Jeopardy Clause). *United States v. Clark*, 454 Fed. Appx. 435 (6th Cir. 2011). The Sixth Circuit agreed with the district court that the 1992 Michigan law's additional restrictions on firearms were not unconstitutional as applied to Clark. *Id.* at 445. Accordingly, Clark's underlying conviction could still serve as a basis for his § 922(g)(1) conviction pursuant to § 921(a)(20). *Id.* On remand, on January 15, 2013, the district judge resentenced Clark to the same total sentence

of 600 months' imprisonment, but without the consecutive marijuana and cocaine conspiracy sentences. Crim., Amended Judgment (d/e 601).

On January 15, 2014, Clark filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Crim., d/e 627. He alleged various ineffective assistance of counsel claims, including a claim that counsel failed to completely litigate his claim for actual innocence of the felon in possession charge. Clark presented evidence that four separate firearms charges previously brought against him had been dismissed, a copy of a letter to which an Application to the Oakland County Concealed Weapon Licensing Board for restoration of his firearms rights was purportedly attached in 2001, and a copy of a certificate generated by the National Rifle Association (NRA), which was awarded to Clark on September 21, 2001, for the successful completion of an NRA home protection course. Crim., d/e 683, Report and Recommendation at 11-12. However, the magistrate judge found that none of the documents he submitted showed that the dismissals were because his right to possess firearms had been restored. *Id.* Moreover, the judge found that none of the documents established that his rights to possess firearms were restored, or that his application for restoration of his firearms rights was granted. *Id.* Accordingly, the judge found that Clark's counsel was not ineffective for failing to conduct a reasonable investigation or that a different result would have occurred absent the alleged error. *Id.* The district court judge accepted the report and recommendation of the magistrate judge. Crim., d/e 692. Clark appealed, but the Sixth Circuit declined to issue a Certificate of Appealability and agreed that neither of the documents Clark submitted showed that "his right to own a firearm had, in fact, been restored in compliance with the 1992 law." Crim., d/e 699.

Clark filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on September 16, 2019 (Doc. 1). He argues that he is actually innocent of his conviction for being a felon in

possession of a firearm under § 922(g)(1) in light of the Supreme Court's recent decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019). Respondent filed a response on December 2, 2019 (Doc. 11). Clark filed a reply on December 23, 2019 (Doc. 12). This Order follows.

## II. LEGAL STANDARD[1]

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Under Seventh Circuit case law, "[t]o pursue relief under § 2241, a petitioner must establish that '(1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice.'" *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) (citing *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)).

---

[1] The Court notes that Respondent has reserved for further review its position that the motion remedy under § 2255 is inadequate or ineffective to test the legality of a prisoner's detention only if a class of argument is categorically excluded under the statute. Resp. at 15 (Doc. 11). However, as Respondent acknowledges, this Court is required to follow circuit precedent.

## III. DISCUSSION

Clark argues that he is actually innocent of his conviction for being a felon in possession of a firearm in violation 18 U.S.C. § 922(g)(1) in light of the Supreme Court's recent decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019). Under 18 U.S.C. § 922(g), it is unlawful for any person in one of nine relevant categories "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." *Id.* Under § 924(a)(2), "whoever knowingly violates" § 922(g) "shall be fined as provided in this title, imprisoned not more than 10 years, or both." In *Rehaif v. United States,* 139 S. Ct. 2191 (2019), the defendant had been convicted by a jury of possessing a firearm while being an alien illegally in the country under 18 U.S.C. § 922(g)(5)(A). 139 S. Ct. at 2194. The jury had been instructed that the Government did not have to prove that the defendant knew he was in the country illegally. *Id.* The Supreme Court held that instruction was in error and that to be guilty under § 922(g) an individual must know not only that he possessed the firearm or ammunition, but also that he belonged to the relevant category of people barred from possessing a firearm. *Id.* at 2196. This is because the "knowingly" mens rea under § 924(a)(2) extends to both the element of possession of the firearm or ammunition *and* the element of the defendant's status in the relevant category. *Id.*

Here, the relevant category that Clark was convicted under was a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." *See* 18 U.S.C. § 922(g)(1). Under 18 U.S.C. § 921(a)(20), a "crime punishable by imprisonment for a term exceeding one year" does not include:

> Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction

> for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20). The Supreme Court in *Rehaif* noted, as an example, that a person should not be deemed to have committed a § 922(g)(1) offense "who was convicted of a prior crime but sentenced only to probation, who does not know that the crime is '*punishable* by imprisonment for a term exceeding one year.'" *Rehaif*, 139 S. Ct. at 2198; *see also, United States v. Davies*, 942 F.3d 871, 874 (8th Cir. 2019) (remanding for a new trial in light of *Rehaif* because, while the defendant had pled guilty to a prior felony offense and had a prior felony conviction, he had not yet been sentenced at the time he possessed firearms, so there was a reasonable probability that the defendant might not have known he had a prior felony *conviction* at that time).

In his Petition, Clark argues that, after *Rehaif,* he is actually innocent of his conviction under § 922(g)(1) because the Government did not prove that Clark knew he belonged to the relevant category of persons banned from possessing firearms as *Rehaif* now requires. Clark, however, is not arguing that he was not aware that he had a previous felony conviction, of which he concedes that he was aware. *See* Reply at 3 (Doc. 12) ("Petitioner Clark is not contesting that when he possessed guns he did not know of his previous felony conviction, of course he knew."). Rather, Clark argues that he did not know his previous felony conviction still qualified him as a person barred from possessing firearms because he believed his civil rights had been restored. And, Clark argues, after *Rehaif* the Government is required to prove he knew his rights had not been restored.

The Court agrees with Respondent, as well as other courts in this district, and finds that *Rehaif* does not require the Government to show that a defendant knew his rights had not been restored under the exception in § 921(a)(20). *See Guardiola v. Entzel,* No. 2:19-CV-2287, 2020

WL 68584, at *2 (C.D. Ill. Jan. 7, 2020) (finding that *Rehaif* does not require the Government to show that a petitioner knew his rights were not restored); *Benson v. Marske*, No. 19-CV-644-BBC, 2019 WL 6683508, at *2 (W.D. Wis. Dec. 6, 2019) (same). Under § 922(g)(1), as an element of the offense, the Government must show that a defendant has a felony conviction and, after *Rehaif,* it is clear that the Government must show a defendant's knowledge of the felony conviction as well. However, it is a defendant's burden to show that his civil rights have been restored under § 921(a)(20); it is not an element of the offense that the Government must affirmatively disprove. *See, e.g., United States v. Foster*, 652 F.3d 776, 791 (7th Cir. 2011) (holding that "a defendant's claim that his civil rights have been restored is essentially an affirmative defense to a criminal charge under 18 U.S.C. § 922(g)(1)," and noting the agreement on this issue among other circuits) (citing *United States v. Bartelho,* 71 F.3d 436, 440 (1st Cir. 1995); *United States v. Jackson,* 57 F.3d 1012, 1016–17 (11th Cir. 1995); *United States v. Flower,* 29 F.3d 530, 535 (10th Cir. 1994)). *See also United States v. Smith*, 981 F.2d 887, 891–92 (6th Cir. 1992) (requiring a defendant to raise the "antique firearm[]" exception under § 921 with "sufficient evidence" before "the burden shifts to the government to disprove its applicability"). Accordingly, the Government is not required to *disprove* the existence of exceptions to § 922(g)(1) under § 921(a)(20) because these are not elements of the offense. *Rehaif* only held that § 924(a)(2)'s knowingly mens rea requirement applied to certain elements of the offense as found under § 922(g), it did not extend this mens rea to defenses under § 921 or change the defenses under § 921 into elements. Nothing in *Rehaif,* nor in the statutory language, allows a defendant to avoid a § 922(g) conviction by arguing he did not know his civil rights were not restored. Accordingly, the Court finds that *Rehaif* only requires the Government to

show that a defendant knew he was a felon at the time he possessed a gun, which Clark unequivocally concedes, not that he knew his civil rights were not restored.

As the Court finds that *Rehaif* does not apply to Clark's claim, making him unable to meet the requirements of § 2255(e), the Court declines to address Respondent's argument that the record sufficiency shows that Clark did know his civil rights were not restored and that Clark's claim is barred by the concurrent sentence doctrine.

### IV.  CONCLUSION

For the reasons stated above, Michael Anthony Clark's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is DISMISSED pursuant to 28 U.S.C. § 2255(e).  This case is CLOSED.  The Clerk is DIRECTED to prepare the Judgment.

Signed on this 13th day of January 2020.

*/s/ James E. Shadid*
James E. Shadid
United States District Judge